In the United States Court of Appeals for the Third Circuit

No: 14-4106



---

Stephen G. Conklin, Pro Se

Appellant

vs

Yvette Kane

Appelee

---

## APPENDIX OF APPELLANT

---

Appeal from the September 5, 2014 Order of the Hon. Juan R. Sanchez, sitting by designation in the Middle District of Pennsylvania, dismissing Appellant's complaint(process) in Case # 1:13-CV-03058.

Submitted by:

Stephen G. Conklin pro se
22 Mairdale St.
Pittsburgh PA 15214

Appendix of Appellant
Table of Contents

1. Notices of Appeal  A1 - 4

2. Orders appealed from (both 13-03058 and 13-02618) A5 - 24

3. Docket entries (both 13-03058 and 13-02618)  A25 - 34

4. Complaint with exhibits MD case # 13-02618  A35 - 72

5. Transcript of "Conference" (08/26/14) MD #13-03058 A73 - 112

6. Motion to Recuse / Disqualify (13-03058 & 13-02618) A113 - 124

7. Plaintiff's Emergency Motion for Sanctions  A125 - 145

8. Smith's and Morrison's Statement of Material Facts A146 - 152

9. Plaintiff's Counterstatement of Material Facts  A153 - 157

10. Docket entries of MD Case 13-01531 (Savage J.)  A158 - 159

11. Order & Opinion in MD #01531 (08/27/13)  A160 - 166

12. Proceedings (& related documents) Hon. Scott Evans A167 - 212
Dauphin County Court of Common Pleas

13. Memorandum and Order of the Hon. Yvette Kane  A213 - 218
Conklin v Anthou 1:10-cv-02501, issued on 04/05/11

14. Opposition to Dismissal of Appeal (MD #03058)  A219 - 226

15. Plaintiff's Conference Brief (03058 & 02168)  A227 - 230

16. Letters from Circuit Clerk & District Clerk  A231 - 234

17. Plaintiff's Emergency Application for Stay  A235 - 237

18. Dauphin County Case History  A238 - 239

19. Bradley V Fisher 13 Wall 335 80 US 335  A240 - 249

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
OCT 0 8 2014
PER
HARRISBURG, PA    DEPUTY CLE

STEPHEN G. CONKLIN               :    Civil No. 1:13-cv-01531
                                 :              1:13-cv-02668
                Plaintiff,       :              (Sanchez, J.)
                                 :
        v.                       :    Related:  1:13-cv-01531
                                 :              (Savage, J.)
YVETTE KANE                      :    Related:  2013-CV-2962
                                 :
                Defendant.       :    NOTICE OF APPEAL
                                 :

---

## NOTICE OF APPEAL

NOTICE is hereby given that Stephen G. Conklin, Plaintiff in the

above-captioned cases, hereby timely appeals to the United States Court of

Appeals for the Third Circuit from District Court Orders entered as follows:

the September 5, 2014 Order under 1:13-cv-02668, entered as Document

No. 39 dismissing Plaintiff's claims with prejudice (Plaintiff is unaware of a

separate memorandum entry); and, the September 5, 2014

Memorandum/Order under 1:13-cv-03058, denying Plaintiff's motion for

recusal, remand, together with, denying Plaintiff's state-court motion for

sanctions against Morrison for sanctions, and granting defendant Kane's

motion to dismiss Plaintiff's state-court motion for sanctions, entered as

Document Nos. 28-29 respectively.

A1

Plaintiff seeks to appeal both the foregoing orders under one appeal, as the underlying orders are inextricably intertwined. Attached hereto, are true and correct copies of the above-referenced orders.

Respectfully Submitted,

Stephen G. Conklin

A2



# UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN G. CONKLIN , | : | Civil No. 1:13-cv-03058 |
| | : | 1:13-cv-02668 |
| Plaintiff, | : | (Sanchez, J.) |
| | : | |
| v. | : | Related: 1:13-cv-01531 |
| | : | (Savage, J.) |
| YVETTE KANE | : | Related: 2013-CV-2962 |
| | : | |
| Defendant. | : | NOTICE OF APPEAL |
| | : | |

## NOTICE OF APPEAL

NOTICE is hereby given that Stephen G. Conklin, Plaintiff in the above-caption cases, hereby timely appeals to the United States Court of Appeals for the Third Circuit from a District Court Order entered on September 5, 2014 under 1:13-cv-02668, dismissing Plaintiff's claims, with prejudice. (Plaintiff is unaware of a separate memorandum entry). Attached hereto is a true and correct copy of the above-referenced order.

Respectfully Submitted,

Stephen G. Conklin



A3

OCT

PER
HARRISBURG,

# UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN G. CONKLIN | : | Civil No. 1:13-cv-03058 |
| | : | 1:13-cv-02168 |
| Plaintiff, | : | (Sanchez, J.) |
| | : | |
| v. | : | Related: 1:13-cv-01531 |
| | : | (Savage, J.) |
| YVETTE KANE | : | Related: 2013-CV-2962 |
| | : | |
| Defendant. | : | NOTICE OF APPEAL |
| | : | |

## NOTICE OF APPEAL

NOTICE is hereby given that Stephen G. Conklin, Plaintiff in the above-captioned cases, hereby timely appeals to the United States Court o Appeals for the Third Circuit from a District Court Order entered on September 5, 2014 under 1:13-cv-03058 Memorandum/Order, (Doc 28-29 denying Plaintiff's motion for recusal, remand, together with, denying Plaintiff's state-court motion for sanctions against Morrison for sanctions, and granting defendant Kane's motion to dismiss Plaintiff's state-court motion for sanctions. Attached hereto is a true and correct copy of the above-referenced order.

Respectfully Submitted,

Stephen G. Conklin

A4

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STEPHEN G. CONKLIN                    :        CIVIL ACTION
                                      :
        v.                            :        No. 13-3058
                                      :
YVETTE KANE                           :

## ORDER

AND NOW, this 5th day of September, 2014, for the reasons set forth in the accompanying Memorandum, it is ORDERED:

- Plaintiff Stephen G. Conklin's Motion for Recusal (Document 23) is DENIED.

- Conklin's Motion for Remand (Document 3) is DENIED.

- Defendant Yvette Kane's Motion to Dismiss Conklin's Motion for Sanctions (Document 15) is GRANTED.

- Conklin's Motion for Sanctions Against Mark E. Morrison, which is the subject of the proceeding removed to this Court, is DENIED.

There being no basis for removal other than the proceeding associated with Conklin's Motion for Sanctions, *see* 28 U.S.C. § 1442(d)(1), it is further ORDERED the above-captioned action is REMANDED to the Court of Common Pleas of Dauphin County. The Clerk of Court is DIRECTED to mail a certified copy of this Memorandum and Order to the Clerk of the Court of Common Pleas of Dauphin County and to mark this case CLOSED.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.

A5

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| STEPHEN G. CONKLIN | : | CIVIL ACTION |
|---|---|---|
| | : | |
| v. | : | No. 13-3058 |
| | : | |
| YVETTE KANE | : | |

## MEMORANDUM

Juan R. Sánchez, J.                                                    September 5, 2014

This Memorandum addresses several motions filed by pro se Plaintiff Stephen G. Conklin in connection with a sanctions proceeding removed to this Court pursuant to 28 U.S.C. §§ 1442(a)(1), 1442(d)(1), and 1446. The underlying sanctions proceeding arises out of a lawsuit Conklin initiated in state court against Yvette Kane, a federal judge sitting in the Middle District of Pennsylvania, via a writ of summons.[1] Judge Kane's attorney at the time, Assistant United States Attorney (AUSA) Mark E. Morrison, removed the suit to federal court, but the case was later remanded because removal was premature. Following remand, Conklin moved for sanctions against Judge Kane and Morrison for, among other things, their role in removing the case. After the state court scheduled a hearing on the motion, Morrison removed the sanctions proceeding, and Conklin filed a timely motion to remand. Conklin later filed a motion for this Court's recusal. Having concluded there is no basis for recusal, the proceeding was removable under 28 U.S.C. § 1442, and the notice of removal was timely filed, this Court will deny Conklin's motions to recuse and remand. Moreover, because it is apparent from the record that Conklin's underlying motion for sanctions is meritless, it too will be denied.

---

[1] Although Conklin's writ of summons does not refer to Defendant Kane's status as a federal judge, she is referred to herein as Judge Kane.

A6

## BACKGROUND

Conklin is a frequent litigant in the Middle District of Pennsylvania, and has, over a number of years, been involved in multiple lawsuits presided over by Judge Kane. *See, e.g., Conklin v. Purcell, Krug & Haller et al.*, No. 05-1726 (M.D. Pa. Aug. 23, 2005); *Conklin v. Warrington Twp. et al.*, No. 06-2245 (M.D. Pa. Nov. 20, 2006); *Conklin v. Anthou*, No. 10-02501 (M.D. Pa. Dec. 7, 2010). In one of those cases, Conklin unsuccessfully sought Judge Kane's recusal, complaining that he and his attorney, Don Bailey, could not get a fair trial in the Middle District because of bias and prejudice against them. *See generally Conklin v. Anthou*, No. 10-02501, 2011 WL 1303299 (M.D. Pa. Apr. 5, 2011).

More recently, Conklin initiated the above-captioned action against Judge Kane by filing a writ of summons in the Dauphin County Court of Common Pleas on April 4, 2013. Service of the writ of summons was completed on May 24, 2013, but Conklin had still not filed a complaint or otherwise disclosed the nature of his suit by that date. On June 7, 2013, Morrison, acting on behalf of Judge Kane, removed the case to federal court, relying on the federal officer removal statute, 28 U.S.C. § 1442(a)(3). On August 27, 2013, Judge Timothy J. Savage, sitting by designation in the Middle District of Pennsylvania, remanded the case back to state court, concluding that because Conklin had not filed a complaint in state court, the district court could not confirm that reliance on the federal officer removal statute was appropriate. Judge Savage also observed the defendant had not filed a praecipe requesting the Prothonotary to issue a rule to file a complaint pursuant to Pennsylvania Rule of Civil Procedure 1037(a), and "[h]ad she done

2

*A7*

so, she would have forced Conklin to state what his claims are and what relief he is seeking." Mem. Op. 2 n.1, *Conklin v. Kane*, No. 13-01531 (M.D. Pa. Aug. 27, 2013), ECF No. 7.[2]

Once the case resumed in state court, Morrison filed a praecipe for a rule to file a complaint. Instead of filing the complaint and moving forward with the case, on October 31, 2013, Conklin filed a document titled "Plaintiff's Emergency Motion for Sanctions With Request for Hearing; Discovery." *See* Morrison's Brief in Opp'n to Pl.'s Emergency Mot. for Sanctions Ex. B (Sanctions Motion). The Sanctions Motion, which is the subject of the proceeding removed to this Court, was directed toward Judge Kane and Morrison. In it, Conklin argued Morrison was not authorized under the United States Attorney's Manual to represent Judge Kane in the state court action. He also maintained that removing the case before Conklin filed a complaint was an "egregious abuse of process" done for improper purposes to harass and intimidate Conklin and cause unnecessary delay and expense. Sanctions Motion 9. As sanctions, Conklin sought an injunction enjoining Morrison from representing Judge Kane and "punitive relief." In addition, Conklin argued Judge Kane should be estopped from obtaining judgment for failure to prosecute because Morrison never properly served the rule to file a complaint on Conklin, thus exempting him from any requirement to file a complaint in the action he initiated more than six months earlier.

Shortly before filing the Sanctions Motion in state court, Conklin, through his attorney Don Bailey, filed a complaint in the Middle District of Pennsylvania naming as defendants, among others, Judge Kane, Morrison, and Peter J. Smith, the United States Attorney for the

---

[2] Pennsylvania Rule of Civil Procedure 1037(a) provides "[i]f an action is not commenced by a complaint, the prothonotary, upon praecipe of the defendant, shall enter a rule upon the plaintiff to file a complaint. If a complaint is not filed within twenty days after service of the rule, the prothonotary, upon praecipe of the defendant, shall enter a judgment of non pros." Pa. R. Civ. P. 1037(a).

A48

Middle District of Pennsylvania.  The complaint in this separate federal action, which is also

before this Court, sets forth various constitutional violations and specifically alleges that "[b]y

removing plaintiff's Writ the defendants illegally terminated plaintiff's state filed case

unlawfully seeking to prevent his opportunity to preserve his rights and further seeking to put the

control of the administration of his case directly in the most powerful prosecutorial office in the

nation." Compl. ¶ 100, *Conklin v. Kane*, No. 13-2618, (M.D. Pa. Oct. 23, 2013).[3]  With the

Sanctions Motion pending and a complaint filed in federal court naming Morrison and Judge

Kane as codefendants, Morrison withdrew his appearance as counsel for Judge Kane in the state

court action, and private counsel entered his appearance for Judge Kane on November 15, 2013.

On November 25, 2013, the Dauphin County Court issued an order scheduling a hearing on the

Sanctions Motion for December 9, 2013.  On December 6, 2013, Morrison filed a notice

removing the sanctions proceeding to this Court pursuant to 28 U.S.C. §§ 1442(a)(1), 1442(d)(1),

and 1446.  On January 6, 2014, Conklin filed the instant motion to remand the sanctions

proceeding back to state court.

---

[3] During a teleconference held on the record with all parties to this removed sanctions proceeding, Conklin argued his Sanctions Motion is entirely distinct from the federal complaint because the Sanctions Motion is directed only at actions taken by Judge Kane and Morrison after the state court case was remanded, whereas the federal complaint challenges actions taken in connection with the initial removal. *See* Teleconference Tr. 32 (stating the federal complaint "is for everything before remand, and the state thing is for everything after remand").  This distinction is false.  Even a cursory review of the Sanctions Motion reveals that it is predicated in large part on Morrison's filing of the notice of removal—the same action forming the basis of his suit filed in federal court.  *See* Sanctions Motion 8-9 (describing the removal action commenced by Morrison and Judge Kane as "an egregious abuse of process; and, for purposes of this motion . . . representative of an ongoing pattern of abuse in violation of Rule(s) 1023.1 et seq., and, Fed. R. Civ. P. 11"); *id.* at 9 (stating Judge Kane and Morrison "commenced removal, in violation of the foregoing Rules(s), for improper purposes of harassing and intimidating Plaintiff").  Moreover, Conklin attached to the Sanctions Motion what he refers to as a "Safe Harbor" letter, in which he demanded $20,000 as a sanction for filing the notice of removal.

A9

## DISCUSSION

Before turning to the merits of his other motions, this Court must address Conklin's

motion for recusal. Conklin seeks recusal pursuant to 28 U.S.C. § 455(a), which requires a judge

to disqualify himself when "a reasonable person, with knowledge of all the facts, would conclude

that the judge's impartiality might reasonably be questioned." *In re Kensington Int'l Ltd.*, 353

F.3d 211, 220 (3d Cir. 2003); *accord United States v. Wecht*, 484 F.3d 194, 213 (3d Cir. 2007).

Ultimately, whether recusal is appropriate is dependent upon whether the judge harbors "a deep-

seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United

States*, 510 U.S. 540, 555 (1994).

Conklin's chief complaint is what he refers to as the "inexcusable delay" associated with

the time that has elapsed between his motion for remand and its disposition. He contends this

Court is holding his case hostage for unspecified "nefarious purposes." Mot. to Recuse 6.

Nothing in his motion, however, addresses how, if at all, this Court's impartiality might

reasonably be questioned based on the delay Conklin perceives in adjudicating his motions.

Conklin also neglects to mention his own responsibility for the delay about which he complains.

Under the Middle District of Pennsylvania's Local Rules of Civil Procedure, a party has fourteen

days after a filing a motion to file a brief in support. Conklin filed his motion for remand on

January 6, 2014, and his supporting brief on January 22, 2014. After the opposition was filed on

February 7, Conklin sought from this Court an extension of time to file a reply. This Court

granted him an extension until March 10, 2014. During that same period, Judge Kane moved to

dismiss the Sanctions Motion, which required another round of briefing. Conklin asked for

another extension to respond to the motion to dismiss, which was also granted, extending his

deadline to respond until April 14, 2014. Judge Kane then filed a reply on May 1. Because

*A10*

Conklin sought and received multiple extensions in connection with briefing these motions, any delay in resolving them is partially attributable to his own actions.[4]  In any event, the manner in which a court controls its docket is discretionary.  *See In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982).  Conklin's allegations of inexcusable delay therefore provide no grounds for recusal and his motion will be denied.[5]

Next, this Court must consider whether it may properly exercise removal jurisdiction over this proceeding.  Removal to federal court under 28 U.S.C. § 1442(a)(1) is proper if the action is a "civil action" that is "directed to . . . any officer . . . of the United States . . . in an official or individual capacity, for or relating to any act under color of such office." *Id.*  Section 1442(d)(1) clarifies that a "civil action" includes "any proceeding (whether or not ancillary to another proceeding) to the extent that in such proceeding a judicial order, including a subpoena for testimony or documents, is sought or issued."  28 U.S.C. § 1442(d)(1).  Conklin directed the Sanctions Motion against Morrison, an officer of the United States, for acts taken as an AUSA representing a federal judge.  Nevertheless, in his reply brief, Conklin challenges whether this proceeding is removable under § 1442, arguing Morrison was not acting "under color of such office" when he acted on behalf of Judge Kane because he did not have authority to do so in a state court proceeding not filed against her in her capacity as a federal judge.

---

[4] Conklin's motion for recusal, filed on August 13, 2014, has not been briefed.  Conklin never filed a brief in support, nor has a response been filed.  Nevertheless, to avoid any further delay associated with briefing this frivolous motion, the Court has decided to rule on it without the benefit of a response.

[5] Conklin also asserts this removed proceeding should have been assigned to Judge Savage.  The manner in which cases are assigned is irrelevant to whether this Court's impartiality might be reasonably be questioned.  Moreover, Conklin did not raise this issue until filing his recusal motion on August 13, 2014, approximately eight months after this Court was assigned the case, and as he acknowledges, the Middle District of Pennsylvania has no local rule regarding the assignment or reassignment of related cases.

*AH*

To qualify for removal under § 1442, a federal officer must simply make an "adequate threshold showing" that the acts at issue were taken under color of office. *Jefferson Cnty., Ala. v. Acker*, 527 U.S. 423, 431-32 (1999).[6] This requirement is satisfied if the officer raises "a colorable assertion of causality between the charged conduct and the asserted official federal authority." *In re Pennsylvania*, No. 13-1871, 2013 WL 4193960, at *9 (E.D. Pa. Aug. 15, 2013) (citing *Jefferson Cnty.*, 527 U.S. at 431-32). Though Conklin maintains Morrison essentially acted on his own and outside his capacity as a federal officer when representing Judge Kane, the Supreme Court has held that "[i]f the question raised is whether [federal officers] were engaged in some kind of 'frolic of their own' in relation to respondent, then they should have the opportunity to present their version of the facts to a federal, not a state, court." *Willingham v. Morgan*, 395 U.S. 402, 409 (1969). Here, Conklin moved for sanctions against Morrison for acts taken in his capacity as an AUSA representing a federal judge. This alone is more than sufficient to find the existence of removal jurisdiction under § 1442, a provision "which is broadly construed." *Sun Buick, Inc. v. Saab Cars USA, Inc.*, 26 F.3d 1259, 1262 (3d Cir. 1994) (citing *Kolibash v. Comm. on Legal Ethics of the W. Va. Bar*, 872 F.2d 571, 576 (4th Cir. 1989)).[7]

---

[6] Under *Jefferson County*, a federal officer seeking to remove a case pursuant to § 1442 must also raise "a colorable federal defense." 527 U.S. at 431. In connection with the instant removed proceeding, this Court is called upon to determine, among other things, whether Morrison acted appropriately as counsel under Federal Rule of Civil Procedure 11 when removing an action to federal court and whether Conklin has standing to challenge the decision by the United States Attorney's Office to provide representation to Judge Kane under the United States Attorney's Manual and 28 C.F.R. § 50.15, a federal regulation. Conklin does not argue there are no colorable federal defenses associated with the removed proceeding, and this Court concludes such defenses are present.

[7] Conklin also argues that because only Morrison filed the notice of removal, the proceeding should not have been removed as to Judge Kane. This argument fails because "it is settled that the filing of a petition for removal by a single federal officer removes the entire case to the federal court." *Fowler v. S. Bell Tel. & Tel. Co.*, 343 F.2d 150, 152 (5th Cir. 1965); *see also Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1034 (10th Cir. 1998) ("Federal officer removal

A12

The closer question is not a jurisdictional but a procedural one—whether Morrison timely filed his notice of removal pursuant to 28 U.S.C. § 1446(g). Conklin filed the Sanctions Motion, which gave rise to the removable proceeding, on October 31, 2013. He argues the notice of removal was untimely when filed on December 6, 2013—thirty-six days after the filing of the Sanctions Motion—because under § 1446, there is a thirty-day limit for filing a notice of removal. Morrison contends the notice of removal was timely under § 1446(g) because the thirty-day clock runs from the date he received notice of the order setting a hearing on the Sanctions Motion (which was issued on November 25, 2013), not the motion itself.

Under § 1446(g), in connection with a proceeding removable under § 1442(a) in which "a judicial order for testimony or documents is sought or issued or sought to be enforced," the removing party may file a notice of removal "not later than 30 days after receiving, through service, notice of any such proceeding." 28 U.S.C. § 1446(g). Conklin's motion for sanctions sought the imposition of sanctions or, alternatively, a hearing, discovery, and an order to show cause why Judge Kane and Morrison should not be subject to sanctions. *See, e.g.*, Sanctions Motion 1. Because Conklin's October 31, 2013, motion sought a judicial order for testimony or documents, the motion itself, which was served on Morrison, provided notice of a removable proceeding. *Cf. In re Pennsylvania*, 2013 WL 4193960, at *12 ("Section 1446(g) contemplates the removal of a proceeding once the federal officer receives 'notice' that it will be asked to produce testimony or documents.").

The inquiry does not end there because subsection (g), which was added to § 1446 in 2011, has been interpreted to "contemplate[] that the same § 1442(a) proceeding could be removed at more than one juncture." *Id.* at *11; *see* 28 U.S.C. § 1446(g) (stating a notice of

---

constitutes an exception to the general removal rule under 28 U.S.C. § 1441 and § 1446 which require all defendants to join in the removal petition.").

A13

removal is timely if it is filed within thirty days of receiving notice regarding "a proceeding in which a judicial order for testimony or documents is sought *or* issued *or* sought to be enforced") (emphasis added). This Court agrees with the district court's interpretation of the statute in *In re Pennsylvania*, the only case to have considered subsection (g), and finds that § 1446(g) contemplates permitting a federal officer to remove the same proceeding at multiple junctures. Thus, although the thirty-day clock was triggered when Conklin filed his motion for sanctions, this Court must determine whether the state court order scheduling a hearing "re-triggered" that clock.

To the extent § 1446(g) is ambiguous on this point, its legislative history reveals the provision was drafted with help from the Department of Justice to provide federal officers with multiple opportunities to remove a proceeding in which their testimony or documents are sought. *See* H.R. Rep. No. 112-117(I) at 6 (2011). As the district court observed, the House Report explained that the Justice Department typically ignored subpoenas at first, but wanted to maintain its ability to "re-trigger" the removal period when it received notice of a party's motion to enforce, the point at which the Department could no longer ignore the subpoena. *Id.*; *In re Pennsylvania*, 2013 WL 4193960, at *11. Moreover, because § 1446(g) applies only to proceedings removable under § 1442, the federal officer removal statute, it must be considered in tandem with this provision, which reflects the underlying principle "[t]hat a federal officer or agent shall not be forced to answer for acts performed under color of his office in anything but a federal forum." *Kolibash*, 872 F.2d at 576. To effectuate this principle, the federal officer removal statute must be "broadly construed." *Sun Buick, Inc.*, 26 F.3d at 1262; *Willingham*, 395 U.S. at 407 ("Congress has decided that federal officers . . . require the protection of a federal

9

A/4

forum. This policy should not be frustrated by a narrow, grudging interpretation of § 1442(a)(1).").

In light of these principles and policies, the Court finds the state court's November 25, 2013, order scheduling a hearing on the Sanctions Motion retriggered the thirty-day clock and, accordingly, Morrison's notice of removal filed on December 6, 2013, is timely under § 1446(g). As a practical matter, the court order scheduling the hearing for a date certain was the first event that made clear that the federal officer (Morrison) needed to take action, thus triggering another opportunity for removal. *See In re Pennsylvania*, 2013 WL 4193960, at *12 ("Congress intended to provide a federal officer with an opportunity to remove a proceeding when it would be clear that [the officer] needed to take action, even if it meant re-setting the clock to allow for a second or third chance") (alterations omitted). Although the order setting the hearing did not explicitly require the production of documents or Morrison's testimony, it was the functional equivalent of such an order, given the context in which it was issued. As noted above, Conklin sought, through a hearing, testimony or documents in connection with his Sanctions Motion. The state court order responded to those requests and when it ordered a hearing on the motion rather than disposing of it on the papers,[8] Morrison could reasonably infer his testimony would be required, as assessing the propriety of issuing sanctions is often, if not always, a fact-based enterprise. Further, the motion accused Morrison of removing the case for an improper purpose, and thus put his conduct and his state of mind directly at issue. For these reasons, the notice of removal is timely and the motion for remand will be denied.

---

[8] *See* Pa. R. Civ. P. 208.4 ("At the initial consideration of a motion, the court may enter an order that . . . disposes of the motion, or . . . sets forth the procedures the court will use for deciding the motion which may include . . . the holding of an evidentiary hearing."); Pa. R. Civ. P. 1023.1 Note ("The court in its discretion at any stage of the proceedings may deny a motion for sanctions without hearing or argument.").

*A 15*

Although the state court elected to hold a hearing regarding Conklin's Sanctions Motion, this Court declines to follow suit. Having had the benefit of the parties' briefs and supporting documentation, and after holding a teleconference on the record, there is a sufficiently developed factual record before this Court to conclude Conklin's Sanctions Motion is meritless. The Court will construe the motion as based on Federal Rule of Civil Procedure 11,[9] which provides, in pertinent part, that every pleading, written motion, and other paper must be signed by at least one attorney of record who represents that

> to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

Based on the Rule's language, sanctions are generally only imposed on those who sign an offending document—whether an attorney or an unrepresented party. Because Judge Kane was represented and did not sign the notice of removal or any other document filed in the state court litigation, she is not subject to any sanctions related to those filings. Although the Court may consider whether a client should be held accountable for her part in causing a violation of Rule

---

[9] Rule 11 is only cited in passing in the motion, but to the extent Pennsylvania Rule of Civil Procedure 1023.1, which governs the imposition of sanctions in state court, conflicts with Rule 11, the federal rule applies pursuant to the *Erie* doctrine. *See Bus. Guides, Inc. v. Chromatic Commc'ns Enter., Inc.*, 498 U.S. 533, 552 (1991) (finding Rule 11 is procedural in nature and "consistent with the Rule Enabling Act's grant of authority [to] streamline the administration and procedure of the federal courts."); *Hanna v. Plumer*, 380 U.S. 460, 472 (1965) ("One of the shaping purposes of the Federal Rules is to bring about uniformity in the federal courts by getting away from local rules.").

*A/6*

11, *see* Fed. R. Civ. P. 11 advisory committee's note, Conklin does not contend Judge Kane misrepresented any facts or otherwise personally engaged in specific sanctionable conduct. Even if the attempted removal of the state court case warranted sanctions, which it does not, the propriety of removing a case is a legal issue that cannot form the basis for imposing monetary sanctions against Judge Kane. *See* Fed. R. Civ. P. 11(c)(5)(A) (stating a court may not impose monetary sanctions on a represented party for a violation of Rule 11(b)(2), which addresses the taking of frivolous legal positions).

As to Morrison, the standard for testing an attorney's conduct to determine whether to impose sanctions is whether the conduct was "objectively reasonable under the circumstances." *Simmerman v. Corino*, 27 F.3d 58, 62 (3d Cir. 1994). This inquiry is guided by the principle that "[s]anctions are to be applied only in the exceptional circumstance where a claim or motion is patently unmeritorious or frivolous." *Ario v. Underwriting Members of Syndicate*, 618 F.3d 277, 297 (3d Cir. 2010). Conklin sought relief against Morrison in state court on three bases: (1) Morrison removed the case without a legal foundation and for an improper purpose; (2) Morrison had no authority under the United States Attorney's Manual to act on Judge Kane's behalf; (3) Morrison's failure to serve Conklin with the rule to file a complaint constituted grounds to enjoin him from seeking a judgment of non-prosecution in the state court case. Not one of these arguments supports the imposition of sanctions.

First, Morrison's decision to file the notice of removal is not subject to sanctions because it was objectively reasonable under the circumstances and the basis for doing so was not "patently unmeritorious or frivolous." *Id.* The available facts all show that Conklin's state court suit was most likely filed against Judge Kane in her official capacity. Conklin has demonstrated a clear pattern of animus toward members of the federal judiciary, Judge Kane in particular. *See,*

A17

e.g., *Anthou*, 2011 WL 1303299, at *2 (noting Conklin's numerous "disrespectful and impertinent references to [Judge Kane] and other named judicial officers in the Middle District of Pennsylvania" in his recusal motion). Informed by Conklin's litigation history, it was reasonable for Morrison to believe Conklin initiated suit against Judge Kane based on acts related to her status as a federal judge. This conclusion is buttressed by Conklin's steadfast refusal to divulge any facts related to the lawsuit he filed in state court. After initiating the lawsuit on April 4, 2013, Conklin did not file a complaint, despite having had the opportunity to do so both before and after the case was removed and later remanded. Doing so would have immediately clarified whether there was, or was not, a legal basis to remove this case under the federal officer removal statute. When this Court asked Conklin to clarify the nature of his state court claims on the record for the purposes of deciding the Sanctions Motion, Conklin again refused. *See* Teleconference Tr. 28 (Conklin stating, when asked about the basis for his state court complaint, "[t]hat's not up for discussion. There's no [c]omplaint, there's no federal question, and that goes right back to to this removal and for the hearing thing.").

For over a year, Conklin has suppressed the only remaining unavailable facts that bear upon his Sanctions Motion, facts which are entirely under his control. In light of Conklin's refusal to specify the nature of his claims, this Court can only logically infer that his lawsuit was in fact directed toward a judicial officer. Moreover, although Judge Savage concluded removal was premature when the notice was filed in June 2013, there was still an arguable legal basis for removing the case when Morrison did. As noted above, unlike other removal statutes, the federal officer removal statute is interpreted broadly in favor of removal to effectuate congressional intent that federal officers have access to a federal forum. *Willingham*, 395 U.S. at 407; *see also Acker*, 527 U.S. at 431 (noting "[u]nder the federal officer removal statute, suits against federal

13

*A18*

officers may be removed despite the nonfederal cast of the complaint"). That Judge Savage decided to remand the action does not in and of itself make Morrison's decision to remove the case frivolous.

Second, Conklin has no standing, through a Sanctions Motion or otherwise, to challenge the United States' decision to assign an AUSA to represent Judge Kane in a state matter it believed was filed against her in her capacity as a federal judge. *See Falkowski v. EEOC*, 783 F.2d 252, 253-54 (D.C. Cir. 1986) (holding the Department of Justice's refusal to provide government employee with counsel in action brought against her by subordinate was an action committed to agency discretion and not subject to review). Conklin's suggestion that his state court case involves alleged conduct by Judge Kane outside the scope of her employment is not only unsupported by any complaint filed in state court, it is also irrelevant to the decision of the United States Attorney's Office to represent her, as "it is for the Government to determine whether federal employees should receive representation." *Rodriguez v. Shulman*, 843 F. Supp. 2d 96, 100 (D.D.C. 2012); 28 C.F.R. § 50.15 ("[A] federal employee . . . may be provided representation in civil . . . proceedings in which [she] is sued . . . when the actions for which representation is requested reasonably appear to have been performed within the scope of the employee's employment and the Attorney General or his designee determines that providing representation would otherwise be in the interest of the United States."). Even if Conklin did have standing to challenge the decision to represent Judge Kane, because this Court has concluded it was reasonable for Morrison to assume that Conklin's suit was directed toward

A19

Judge Kane in her capacity as a judge, any such challenge by Conklin would not provide a basis for imposing sanctions.[10]

Conklin's third basis for sanctions, Morrison's failure to serve Conklin with the rule to file a complaint, is now moot. On September 18, 2013, the prothonotary issued the rule upon Conklin to file a complaint, but as Conklin represented in his motion, he had not been served with the rule as of the filing of his Sanctions Motion. His Sanctions Motion therefore challenged what he believed at the time was Judge Kane and Morrison's intent to seek a non-prosecution judgment as of November 1, 2013. No non pros judgment was entered on November 1, 2013. Instead, the defect in service was remedied by Judge Kane's private counsel, and Conklin was served with the rule to file a complaint on November 19, 2013, (the very relief Conklin requested in his motion). *See* Sanctions Motion 14 (seeking relief requiring Judge Kane to retain a private attorney to serve and issue the rule to file a complaint upon Conklin). Incidentally, Conklin still failed to file a complaint. Because no complaint had been filed by December 9, 2013, in accordance with the relevant procedural rules, Conklin was served with a notice of intent to enter judgment of non-prosecution. On December 23, 2013, Judge Kane filed a praecipe for entry of judgment of non-prosecution in the state court action, and judgment was entered against Conklin.

In sum, because this proceeding was properly removed and there is no reason to impose sanctions in these circumstances, the Court will deny Conklin's motion to remand and his motion

---

[10] Moreover, Conklin is not entitled to any relief for any purported violation of the United States Attorney's Manual. *See, e.g.*, *United States v. Fernandez*, 231 F.3d 1240, 1246 (9th Cir. 2000) ("To begin, it is clear that the USAM does not create any substantive or procedural rights, including discovery rights. The USAM explicitly states that [t]he Manual provides only internal Department of Justice guidance. It is not intended to, does not, and may not be relied upon to create any rights, substantive or procedural, enforceable at law by any party in any manner civil or criminal."); *United States v. Blackley*, 167 F.3d 543, 548-49 (D.C. Cir. 1999) ("[V]iolations of [DOJ] Manual policies by DOJ attorneys or other federal prosecutors afford a defendant no enforceable rights.").

A20

for sanctions. However, because there is still no complaint in state court, there remains no basis for removal other than the sanctions proceeding disposed of by this Memorandum and the accompanying Order. Although it appears the state court case is now closed because Conklin has chosen the entry of judgment against him in lieu of filing a complaint, this Court has no jurisdiction to take any action other than that contemplated by the ancillary removed proceeding. *See* 28 U.S.C. § 1442(d)(1). What, if anything, remains of Conklin's state court action must therefore be remanded.

An appropriate order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.

16

*A 21*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STEPHEN G. CONKLIN                           :          CIVIL ACTION
                                             :
        v.                                   :          No. 13-2618
                                             :
YVETTE KANE, et al.                          :

## ORDER

AND NOW, this 5th day of September, 2014, it is ORDERED Plaintiff Stephen G. Conklin's Motion for Recusal (Document 38) is DENIED for the reasons set forth in the September 5, 2014, Memorandum and Order issued in *Conklin v. Kane*, No. 13-3058, which denied an identical motion for recusal filed by Conklin.[1]

Upon consideration of Defendants' Motions to Dismiss (Documents 4 & 16), Conklin's responses, and Defendants' replies, it is further ORDERED the Complaint is DISMISSED with prejudice.[2] This Court will retain jurisdiction solely for the purposes of considering whether to

---

[1] In both cases, Conklin cites "inexcusable delay" as a basis for recusal. Here, the motions to dismiss the Complaint ripened for resolution in April 2014, and because they were potentially dispositive, the Court elected not to hold a Rule 16 conference until those motions were resolved. Because managing its docket is well within this Court's discretion, Conklin has again provided no basis for recusal. *See In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982).

[2] Conklin brings this *Bivens* action against Yvette Kane, a federal judge sitting in the Middle District of Pennsylvania; Peter J. Smith, the United States Attorney for the Middle District of Pennsylvania; and Mark E. Morrison, an Assistant United States Attorney for the Middle District of Pennsylvania. He asserts claims against these Defendants for violating his First, Fourth, and Fourteenth Amendment rights, his right to be free from conspiracies under 42 U.S.C. § 1983, and his rights under 18 U.S.C. § 242. All of these claims arise out of Morrison's removal of a state court case Conklin filed against Judge Kane via a writ of summons, the circumstances of which are described at length in a Memorandum issued in a related case before this Court. *See generally* Mem., *Conklin v. Kane*, No. 13-3058 (M.D. Pa. Sept. 5, 2014) (Sanctions Memorandum). Because the facts relating to the removal are undisputed and incorporated by reference in Conklin's Complaint in this case, the Court refers to its Sanctions Memorandum to provide the full context for this Order dismissing Conklin's claims. *See Buck v. Hampton Twp.*

*A22*

*Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (holding a court may consider on a motion to dismiss "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case"). Although Defendants Smith and Morrison moved to dismiss the Complaint or, in the alternative, for summary judgment, this Court will treat their motion solely as a motion to dismiss.

    Conklin has failed to state a cognizable claim for relief under Federal Rule of Civil Procedure 12(b)(6). As an initial matter, this Court takes judicial notice of the fact that judgment for non-prosecution was entered against Conklin in the state court action he filed against Judge Kane because he never filed a complaint. *Id.* Conklin elected to suffer the entry of judgment against him in lieu of filing a complaint in state court, essentially abandoning the state action in favor of the instant federal action, in which he alleges Defendants' premature removal of the state court action violated his civil rights. Because it is now clear Conklin never had a basis to sue Judge Kane in state court for any dispute unrelated to her capacity as a federal judge, Conklin's federal Complaint is nothing more than an effort to avoid the judicial immunity Judge Kane would otherwise enjoy by suing her anew for decisions she made as a litigant in a state court action that never truly existed. *See* Pl's Br. in Opp'n to Def. Kane's Mot. to Dismiss 18 (referring to his state court complaint as "hypothetical"). Whether Conklin's campaign against Judge Kane amounts to a wrongful use of civil proceedings is not currently before this Court; nevertheless, it is clear that Conklin's shell game cannot survive a motion to dismiss for failure to state a claim.

    Conklin maintains Defendants removed the state court action "unlawfully" and for "unlawful reasons" because the district court granted his motion for remand. *See* Compl. ¶¶ 88, 100; Pl's Br. in Opp'n to Def. Kane's Mot. to Dismiss 7. Contrary to Conklin's characterization of the district court's decision (which is also incorporated by reference into the Complaint), it was not based on a clear lack of federal jurisdiction. Rather, it was based only on the court's inability to determine at the time whether federal jurisdiction existed. And as this Court explained in its Sanctions Memorandum, although the district court granted the motion to remand, Judge Kane and her attorney had a reasonable factual and arguable legal basis for removing the state court case even upon the writ of summons. Notwithstanding the unfortunate timing of the removal, there is no plausible basis to infer Conklin suffered any cognizable injury in connection with the decision to remove the case—particularly because he never ultimately filed a complaint in state court and had no claims he was inhibited from pursuing there. *See Abdul-Akbar v. Watson*, 901 F.2d 329, 334-35 (3d Cir. 1990) ("Rule 12(b)(6) countenances the dismissal of a suit if as a matter of law it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Thus, a suit must be dismissed if the facts do not rise to a level of injury to support the legal theory, whether it is based on an outlandish legal theory or on a close but unavailing one." (internal citations and quotation marks omitted)). To the extent Conklin bases his claims on a separate theory that Defendants secretly monitored the activities of his attorney and directed the attorney's cases to particular judges, not only are the allegations frivolous and entirely conclusory, Conklin has no standing to pursue claims on his attorney's behalf. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

    In addition to the failure to state a claim, Conklin's claims directed toward Smith and Morrison are barred by the absolute immunity from suit enjoyed by members of the United States Attorney's Office in circumstances such as these. All of the allegations regarding the removal at issue involve actions taken by Smith and Morrison in their capacities as government

A23

shift fees or otherwise impose sanctions against Conklin and his attorney, should Defendants wish to pursue such relief.

The Clerk of Court is DIRECTED to mark this case CLOSED.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

attorneys involved in civil litigation in state and federal court, which is a sufficient basis for absolute immunity to attach. *See Barrett v. United States*, 798 F.2d 565, 571-72 (2d Cir. 1986) (holding government attorneys who bring or defend civil litigation in federal or state court are immune from suit); *see also Odd v. Malone*, 538 F.3d 202, 208 (3d Cir. 2008) (noting "immunity attaches to actions intimately associated with the judicial phases of litigation"); *Schrob v. Catterson*, 948 F.2d 1402, 1412 (3d Cir. 1991) (collecting cases extending absolute immunity for government attorneys in civil suits). Accordingly, Defendants' motions to dismiss are granted, and all of Conklin's claims are dismissed with prejudice.

A24

*3058*

CLOSED,HBG

# United States District Court
# Middle District of Pennsylvania (Harrisburg)
## CIVIL DOCKET FOR CASE #: 1:13-cv-03058-JRS

Conklin v. Kane
Assigned to: Honorable Juan R Sanchez
Case in other court: Dauphin County Court of Common
Pleas, 13-02962
Cause: 28:1446 Petition for Removal

Date Filed: 12/06/2013
Date Terminated: 09/05/2014
Jury Demand: None
Nature of Suit: 890 Other Statutory
Actions
Jurisdiction: U.S. Government
Defendant

**Plaintiff**

**Stephen G. Conklin**

represented by **Stephen G. Conklin**
22 Mairdale Avenue
Pittsburgh, PA 15214
PRO SE

V.

**Movant**

**Mark E. Morrison**

*Bob Weaver 542-9189*

*Dave Nems 521-7220 637-9529*

represented by **Michael Butler**
United States Attorney's Office
228 Walnut Street
Suite 220
Harrisburg, PA 17108
717-221-4482
Fax: 17172212246
Email: Michael.J.Butler@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael J. Butler**
United States Attorney's Office-MDPA
228 Walnut Street, Ste 220
Harrisburg, PA 17108
717-221-4482
Fax: 17172212246
Email: Michael.J.Butler@usdoj.gov
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

*A25*

Yvette Kane           represented by   **Michael J. Butler**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Thomas B. Schmidt , III**
Pepper Hamilton, LLP
Suite 200, 100 Market Streets
P.O. Box 1181
Harrisburg, PA 17108-1181
717-255-1164
Fax: 717-238-0575
Email: schmidtt@pepperlaw.com
*ATTORNEY TO BE NOTICED*

**Tucker R. Hull**
Pepper Hamilton LLP
Suite 200
100 Market Street
Harrisburg, PA 17108-1181
717-255-1165
Email: hullt@pepperlaw.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/06/2013 | 1 | NOTICE OF REMOVAL by Mark E. Morrison of Sanctions proceeding from Dauphin County Court of Common Pleas, case number 13-2962. ( Filing fee $ 400 ), filed by Mark Morrison. Attachments: # 1 Civil Cover Sheet, # 2 Exhibit (s))(aaa) Modified on 1/8/2014 (pw). (Entered: 12/19/2013) |
| 12/19/2013 | 2 | DESIGNATION ORDER OF DISTRICT JUDGE FOR SERVICE IN ANOTHER DISTRICT WITHIN THE CIRCUIT - It is in the public interest to do so, I do hereby designate and assign the Honorable Juan R. sanchez of the Eastern District of Pennsylvania for such a period as is necessary for the disposition of the above-entitled matter. Signed by Honorable Theodore A. McKee, Chief Judge United States Court of Appeals for the Third Circuit on 12/19/2013. (jw) (Entered: 01/06/2014) |
| 01/06/2014 | 3 | MOTION for Remand by Stephen G. Conklin. (Attachments: # 1 Proposed Order)(aaa) (Entered: 01/07/2014) |
| 01/07/2014 | 4 | NOTICE of Appearance by Thomas B. Schmidt, III on behalf of Yvette Kane (Schmidt, Thomas) (Entered: 01/07/2014) |
| 01/07/2014 | 5 | NOTICE of Appearance by Tucker R. Hull on behalf of Yvette Kane (Hull, Tucker) (Entered: 01/07/2014) |
| 01/07/2014 | 6 | NOTICE of Appearance by Thomas B. Schmidt, III on behalf of Yvette Kane (Schmidt, Thomas) (Entered: 01/07/2014) |
| 01/07/2014 | 7 | |

A26

| | | NOTICE of Appearance by Tucker R. Hull on behalf of Yvette Kane (Hull, Tucker) (Entered: 01/07/2014) |
|---|---|---|
| 01/17/2014 | 8 | RESPONSE by Mark E. Morrison to 3 MOTION to Remand . (Butler, Michael) (Entered: 01/17/2014) |
| 01/22/2014 | 9 | BRIEF IN SUPPORT re 3 MOTION to Remand filed by Stephen G. Conklin. (aaa) (Entered: 01/22/2014) |
| 02/05/2014 | 10 | BRIEF IN OPPOSITION re 3 MOTION to Remand filed by Yvette Kane. (Attachments: # 1 Exhibit(s) A - State Court Action Docket, # 2 Exhibit(s) B - FCDO Decision)(Schmidt, Thomas) (Entered: 02/05/2014) |
| 02/07/2014 | 11 | BRIEF IN OPPOSITION re 3 MOTION to Remand filed by Yvette Kane, Mark E. Morrison. (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B)(Butler, Michael) (Entered: 02/07/2014) |
| 02/21/2014 | 12 | MOTION to Strike Opposition to Remand filed by Stephen G. Conklin.(aaa) (Entered: 02/24/2014) |
| 02/24/2014 | 13 | MOTION for Extension of Time to Respond to Opposition to Remand by Stephen G. Conklin. (Attachments: # 1 Proposed Order)(aaa) (Entered: 02/26/2014) |
| 02/26/2014 | 14 | ORDER granting Plaintiff Stephen G. Conklin's 13 Motion to Extend Time to Respond to Mark E. Morrison's Opposition to Remand. Conklin shall file a reply to Morrison's opposition on or before March 10, 2014. Signed by Honorable Juan R Sanchez on 2/26/14 (ts) (Entered: 02/26/2014) |
| 03/04/2014 | 15 | MOTION to Dismiss *Plaintiff's Motion for Sanctions,* by Yvette Kane. (Attachments: # 1 Proposed Order Granting Defendant's Motion to Dismiss Plaintiff's Motion for Sanctions)(Schmidt, Thomas) (Entered: 03/04/2014) |
| 03/04/2014 | 16 | BRIEF IN SUPPORT re 15 MOTION to Dismiss *Plaintiff's Motion for Sanctions,* filed by Yvette Kane. (Attachments: # 1 Exhibit(s) A - Memorandum Opinion (8-27-13))(Schmidt, Thomas) (Entered: 03/04/2014) |
| 03/10/2014 | 17 | REPLY BRIEF re 3 MOTION to Remand and C of S filed by Stephen G. Conklin.(pjr) (Entered: 03/12/2014) |
| 04/04/2014 | 18 | Plaintiff's MOTION for Extension of Time to Respond to Defendant Kane's Motion to Dismiss Plaintiff's Motion for Santctionsfiled by Stephen G. Conklin. (aaa) (Entered: 04/04/2014) |
| 04/08/2014 | 19 | ORDER granting 18 Motion to Extend Time to Respond to deft Kane's Motion to Dismiss pltf's Motion for Sanctions. Conklin shall file a response on or before 4/14/14.Signed by Honorable Juan R Sanchez on 4/8/14 (ao) (Entered: 04/08/2014) |
| 04/11/2014 | 20 | Mark E. Morrison's Brief in Opposition to Plaintiff's Emergency Motion for Sanctions by Mark E. Morrison. . (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B, # 3 Exhibit(s) C)(Butler, Michael) (Entered: 04/11/2014) |
| 04/14/2014 | 21 | BRIEF IN OPPOSITION re 15 MOTION to Dismiss Plaintiff's Motion for Sanctions, filed by Stephen G. Conklin.(aaa) (Entered: 04/15/2014) |

A27

| 05/01/2014 | 22 | REPLY BRIEF re 15 MOTION to Dismiss *Plaintiff's Motion for Sanctions,* filed by Yvette Kane. (Attachments: # 1 Exhibit(s) A - Mahady Sacko, Jr. v. Greyhound Lines, Inc., # 2 Exhibit(s) B - Saccomandi v. Delta Airlines, Inc.) (Schmidt, Thomas) (Entered: 05/01/2014) |
|---|---|---|
| 08/13/2014 | 23 | MOTION for Recusal, MOTION to Disqualify Designate Judge and, Disqualify Chief Circuit Judge from Designation filed by Stephen G. Conklin.(vy) (Entered: 08/13/2014) |
| 08/22/2014 | 24 | ORDER: Telephone Conference shall take place on 8/26/2014 at 01:15 PM to discuss scheduling a hearing on the outstanding motions in this case, before Honorable Juan R Sanchez.Signed by Honorable Juan R Sanchez on 8/21/2014. (rm) (Entered: 08/22/2014) |
| 08/29/2014 | 25 | Letter from AUSA Kate l. Mershimer -- *Letter Brief per the Court's August 26, 2014 directions.* (Mershimer, Kate) (Entered: 08/29/2014) |
| 08/29/2014 | 26 | Letter from Thomas B. Schmidt, III -- *Letter Brief per the Court's August 26, 2014 directions.* (Schmidt, Thomas) (Entered: 08/29/2014) |
| 09/03/2014 | 27 | DOCUMENT re: Transcript of telephone conference on 8/26/14 (eo) (Entered: 09/03/2014) |
| 09/05/2014 | 28 | MEMORANDUM (Order to follow as separate docket entry)Signed by Honorable Juan R Sanchez on 9/5/14. (ao) (Entered: 09/05/2014) |
| 09/05/2014 | 29 | ORDER (MEMORANDUM docketed as a separate docket entry) Pltf Stephen G. Conklin's 23 Motion for Recusal is DENIED. Conklin's 3 Motion for Remand is DENIED; Deft Yvette Kane's 15 Motion to Dismiss Conklin's Motion for Sanctions is GRANTED. Conklin's Motion for Sanctions against Mark E. Morrison, which is the subject of the proceeding removed to this Court, is DENIED. There being no basis for removal other than the proceeding associated with Conklin's Motion for Sanctions, it is further ORDERED this action is REMANDED to the Court of Common Pleas of Dauphin County. The Clerk of Court is DIRECTED to mail a certifed copy of this Memo & Order to the Clerk of the Court of Common Pleas of Dauphin County and to mark this case CLOSED. Signed by Honorable Juan R Sanchez on 9/5/14 (ao) (Entered: 09/05/2014) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 09/07/2014 13:02:16 | | |
| **PACER Login:** | db0327 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:13-cv-03058-JRS |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |

*A 28*

2618

CLOSED,HBG

# United States District Court
# Middle District of Pennsylvania (Harrisburg)
## CIVIL DOCKET FOR CASE #: 1:13-cv-02618-JRS

Conklin v. Kane et al
Assigned to: Honorable Juan R Sanchez
Cause: 28:1331 Federal Question: Other Civil Rights

Date Filed: 10/23/2013
Date Terminated: 09/05/2014
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Stephen G. Conklin**

represented by **Don A Bailey**
4311 North Sixth Street
Harrisburg, PA 17110
717-221-9500
Fax: 717-221-9400
Email: AdrienneMamma6@aol.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Yvette Kane**

represented by **Michael J. Butler**
United States Attorney's Office-MDPA
228 Walnut Street, Ste 220
Harrisburg, PA 17108
717-221-4482
Fax: 17172212246
Email: Michael.J.Butler@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Thomas B. Schmidt , III**
Pepper Hamilton, LLP
Suite 200, 100 Market Streets
P.O. Box 1181
Harrisburg, PA 17108-1181
717-255-1164
Fax: 717-238-0575
Email: schmidtt@pepperlaw.com
*ATTORNEY TO BE NOTICED*

**Tucker R. Hull**
Pepper Hamilton LLP
Suite 200

A29

100 Market Street
Harrisburg, PA 17108-1181
717-255-1165
Email: hullt@pepperlaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Peter J. Smith**                           represented by   **Michael J. Butler**
                                                              (See above for address)
                                                              *ATTORNEY TO BE NOTICED*

**Defendant**

**Mark E. Morrison**                        represented by   **Michael J. Butler**
                                                              (See above for address)
                                                              *ATTORNEY TO BE NOTICED*

**Defendant**

**Christina Garber**                        represented by   **Michael J. Butler**
*TERMINATED: 01/14/2014*                                     (See above for address)
                                                              *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/23/2013 | 1 | COMPLAINT against All Defendants ( Filing fee $400, Receipt Number 0314-2916839), filed by Stephen G. Conklin. (Attachments: # 1 Civil Cover Sheet) (dh) (Entered: 10/23/2013) |
| 10/23/2013 | 2 | Summons Issued as to All Defendants and provided TO ATTORNEY ELECTRONICALLY VIA ECF for service on Defendant(s)in the manner prescribed by Rule 4 of the Federal Rules of Civil Procedure. (NOTICE TO ATTORNEYS RECEIVING THE SUMMONS ELECTRONICALLY: You must print the summons and the attachment when you receive it in your e-mail and serve them with the complaint on all defendants in the manner prescribed by Rule 4 of the Federal Rules of Civil Procedure). (dh) (Entered: 10/23/2013) |
| 11/25/2013 | 3 | ORDER from Chief Judge Theodore A. McKee, United States Court of Appeals for the Third Circuit. I do hereby designate and assign the Honorable Juan R. Sanchez of the Eastern District of Pennsylvania for such a period as is necessary for the disposition of this matter. Order dated October 29, 2013. (jw) (Entered: 11/25/2013) |
| 01/06/2014 | 4 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *AND/OR ALTERNATIVELY, MOTION FOR SUMMARY JUDGMENT* by Christina Garber, Mark E. Morrison, Peter J. Smith. (Attachments: # 1 Proposed Order, # 2 Certificate of Nonconcurrence)(Butler, Michael) (Entered: 01/06/2014) |
| 01/07/2014 | 5 | NOTICE of Appearance by Thomas B. Schmidt, III on behalf of Yvette Kane (Schmidt, Thomas) (Entered: 01/07/2014) |
| 01/07/2014 | 6 | |

A30

| | | NOTICE of Appearance by Tucker R. Hull on behalf of Yvette Kane (Hull, Tucker) (Entered: 01/07/2014) |
|---|---|---|
| 01/10/2014 | 7 | AMENDED DOCUMENT by Christina Garber, Yvette Kane, Mark E. Morrison, Peter J. Smith. . (Butler, Michael) (Entered: 01/10/2014) |
| 01/14/2014 | 8 | WAIVER OF SERVICE Returned by Stephen G. Conklin. Yvette Kane waiver sent on 1/13/2014, answer due 3/14/2014. (Bailey, Don) (Entered: 01/14/2014) |
| 01/14/2014 | 9 | ORDER - Upon consideration of defts' Amended Ceritfcate of Partial Concurrence (Doc 7), in which defts represent that pltf has agreed Christina Garber may be dismissed from this action, it is ORDERED Ms. Garber is DISMISSED as a party to this action.Signed by Honorable Juan R Sanchez on 1/14/14. (ao) (Entered: 01/14/2014) |
| 01/14/2014 | 10 | EXHIBIT *ABCDEFGH* by Stephen G. Conklin re 1 Complaint. (Bailey, Don) (Entered: 01/14/2014) |
| 01/21/2014 | 11 | MOTION for Extension of Time to File *Brief and Statement of Material Facts in Support of Dispositive Motion* by Mark E. Morrison, Peter J. Smith. (Attachments: # 1 Certificate of Nonconcurrence, # 2 Proposed Order)(Butler, Michael) (Entered: 01/21/2014) |
| 01/23/2014 | 12 | CERTIFICATE of by Mark E. Morrison, Peter J. Smith re 11 MOTION for Extension of Time to File *Brief and Statement of Material Facts in Support of Dispositive Motion of Concurrence (Amended)*. (Butler, Michael) (Entered: 01/23/2014) |
| 01/23/2014 | 13 | ORDER granting 11 Motion for Extension of Time to File Brief in Support of their motions to dismiss and/or for summary judgment on or before 2/4/14;Signed by Honorable Juan R Sanchez on 01/23/14 (ep) (Entered: 01/23/2014) |
| 02/04/2014 | 14 | BRIEF IN SUPPORT re 4 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *AND/OR ALTERNATIVELY, MOTION FOR SUMMARY JUDGMENT* filed by Christina Garber, Yvette Kane, Mark E. Morrison, Peter J. Smith. (Attachments: # 1 Unpublished Opinion(s) #1, # 2 Unpublished Opinion (s) #2)(Butler, Michael) (Entered: 02/04/2014) |
| 02/04/2014 | 15 | STATEMENT OF FACTS re 4 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *AND/OR ALTERNATIVELY, MOTION FOR SUMMARY JUDGMENT* filed by Christina Garber, Yvette Kane, Mark E. Morrison, Peter J. Smith. (Attachments: # 1 Declaration)(Butler, Michael) (Entered: 02/04/2014) |
| 02/07/2014 | 16 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *Complaint of Stephen G. Conklin* by Yvette Kane.(Schmidt, Thomas) (Entered: 02/07/2014) |
| 02/19/2014 | 17 | Unopposed MOTION to Exceed Page Limitation *in Brief in Support of Motion to Dismiss,* by Yvette Kane. (Attachments: # 1 Proposed Order)(Hull, Tucker) (Entered: 02/19/2014) |
| 02/20/2014 | 18 | ORDER granting Defendant Kane's 17 Motion for Leave to File Excess Pages. Defendant Kane shall be permitted to file a brief in support of her motion to |

A3

|  |  | dismiss the complaint tht does not exceed 10,000 words. Signed by Honorable Juan R Sanchez on 2/20/14 (ts) (Entered: 02/20/2014) |
|------------|----|---|
| 02/21/2014 | 19 | BRIEF IN SUPPORT re 16 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *Complaint of Stephen G. Conklin* filed by Yvette Kane. (Attachments: # 1 Unpublished Opinion(s) Ex. A, # 2 Unpublished Opinion(s) Ex. B, # 3 Unpublished Opinion(s) Ex. C, # 4 Unpublished Opinion(s) Ex. D, # 5 Unpublished Opinion(s) Ex. E, # 6 Unpublished Opinion(s) Ex. F, # 7 Unpublished Opinion(s) Ex. G, # 8 Unpublished Opinion(s) Ex. H, # 9 Unpublished Opinion(s) Ex. I, # 10 Unpublished Opinion(s) Ex. J)(Schmidt, Thomas) (Entered: 02/21/2014) |
| 02/25/2014 | 20 | Unopposed MOTION for Extension of Time to File Brief to 14 Brief in Support of Motion for Summary Judgment, 15 Statement of Facts, filed by Stephen G. Conklin. (Attachments: # 1 Proposed Order)(Bailey, Don) (Entered: 02/25/2014) |
| 02/25/2014 | 21 | ORDER granting 20 Motion for Extension of Time to File Response/Reply re 4 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *AND/OR ALTERNATIVELY, MOTION FOR SUMMARY JUDGMENT*. Brief in Opposition due by 3/11/2014Signed by Honorable Juan R Sanchez on 2/25/2014 (bg) (Entered: 02/25/2014) |
| 03/06/2014 | 22 | Unopposed MOTION for Order , MOTION for Extension of Time to File Brief to 19 Brief in Support,, filed by Stephen G. Conklin.(Bailey, Don) (Entered: 03/06/2014) |
| 03/07/2014 | 23 | ORDER GRANTING Pltf's 22 Motion for Extension of Time. Conklin shall filed his Brief & Counterstatement of Facts in Opp to Deft Kane's 16 MOTION TO DISMISS by 3/21/2014.Signed by Honorable Juan R Sanchez on 3/7/2014 (rm) (Entered: 03/07/2014) |
| 03/11/2014 | 24 | Unopposed MOTION for Extension of Time to File Brief to 14 Brief in Support of Motion for Summary Judgment, 15 Statement of Facts, filed by Stephen G. Conklin. (Attachments: # 1 Proposed Order)(Bailey, Don) (Entered: 03/11/2014) |
| 03/21/2014 | 25 | BRIEF IN OPPOSITION re 4 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *AND/OR ALTERNATIVELY, MOTION FOR SUMMARY JUDGMENT* filed by Stephen G. Conklin. (Attachments: # 1 Exhibit(s) 1) (Bailey, Don) (Entered: 03/21/2014) |
| 03/21/2014 | 26 | ANSWER TO STATEMENT OF FACTS re 15 Statement of Facts, filed by Stephen G. Conklin.(Bailey, Don) (Entered: 03/21/2014) |
| 03/21/2014 | 27 | Second MOTION for Extension of Time to File Brief to 16 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *Complaint of Stephen G. Conklin* filed by Stephen G. Conklin.(Bailey, Don) (Entered: 03/21/2014) |
| 03/23/2014 | 28 | First MOTION to Amend/Correct 25 Brief in Opposition to Motion for Summary Judgment by Stephen G. Conklin. (Attachments: # 1 Proposed Order) (Bailey, Don) (Entered: 03/23/2014) |
| 03/23/2014 | 29 | BRIEF IN SUPPORT re 28 First MOTION to Amend/Correct 25 Brief in Opposition to Motion for Summary Judgment , 4 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *AND/OR ALTERNATIVELY, MOTION FOR* |

A3

| | | |
|---|---|---|
| | | *SUMMARY JUDGMENT* filed by Stephen G. Conklin.(Bailey, Don) (Entered: 03/23/2014) |
| 03/23/2014 | 30 | BRIEF IN OPPOSITION re 4 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *AND/OR ALTERNATIVELY, MOTION FOR SUMMARY JUDGMENT (Amended)* filed by Stephen G. Conklin.(Bailey, Don) (Entered: 03/23/2014) |
| 03/24/2014 | 31 | CERTIFICATE of Concurrence by Stephen G. Conklin re 27 Second MOTION for Extension of Time to File Brief to 16 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *Complaint of Stephen G. Conklin* filed, 28 First MOTION to Amend/Correct 25 Brief in Opposition to Motion for Summary Judgment . (Bailey, Don) (Entered: 03/24/2014) |
| 03/24/2014 | 32 | ORDER granting Conklin's 24 Motion for Extension of Time to File Response/Reply re 4 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *AND/OR ALTERNATIVELY, MOTION FOR SUMMARY JUDGMENT* Brief in Opposition due by 3/21/2014Signed by Honorable Juan R Sanchez on 3/13/14 (ao) (Entered: 03/24/2014) |
| 03/24/2014 | 33 | ORDER granting Conklin's 27 Motion for Extension of Time to File Response/Reply re 16 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *Complaint of Stephen G. Conklin* Brief in Opposition due by 3/24/2014Signed by Honorable Juan R Sanchez on 3/24/14 (ao) (Entered: 03/24/2014) |
| 03/24/2014 | 34 | ORDER granting Conklin's 28 Motion to Amend Brief in Opposition to defts Smith and Morrison's Motion to Dismiss/Summary Judgment. Conklin's amended opposition brief (Doc 30) shall be deemed to replace the opposition brief on 3/21/14. Signed by Honorable Juan R Sanchez on 3/24/14 (ao) (Entered: 03/24/2014) |
| 03/24/2014 | 35 | BRIEF IN OPPOSITION re 16 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *Complaint of Stephen G. Conklin* filed by Stephen G. Conklin.(Bailey, Don) (Entered: 03/24/2014) |
| 04/04/2014 | 36 | REPLY BRIEF re 4 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *AND/OR ALTERNATIVELY, MOTION FOR SUMMARY JUDGMENT* filed by Mark E. Morrison, Peter J. Smith. (Attachments: # 1 Unpublished Opinion(s), # 2 Unpublished Opinion(s))(Butler, Michael) (Entered: 04/04/2014) |
| 04/07/2014 | 37 | REPLY BRIEF re 16 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM *Complaint of Stephen G. Conklin* filed by Yvette Kane.(Schmidt, Thomas) (Entered: 04/07/2014) |
| 08/13/2014 | 38 | MOTION for Recusal, MOTION to Disqualify Designate Judge and, Disqualify Chief Circuit Judge from Designation filed by Stephen G. Conklin.(vy) (Entered: 08/13/2014) |
| 09/05/2014 | 39 | ORDER denying Conklin's 38 Motion for Recusal for reasons set forth in the 9/5/14, Memorandum and Order issued in Conklin v. Kane, No. 13-3058, which denied an identical motion for recusal filed by Conklin. Upon consideration of |

*A3*

| | | defts' <u>4</u> Motion to Dismiss; <u>16</u> Motion to Dismiss, it is ORDERED the Complaint is Dismissed with prejudice. This Court will retain jurisdiction solely for the purposes of considering whether to shift fees or otherwise impose sanctions against Conklin and his atty, should defts wish to pursue such relief. The Clerk of Court is directed to mark this case CLOSED. Signed by Honorable Juan R Sanchez on 9/5/14 (ao) (Entered: 09/05/2014) |
|---|---|---|

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 09/07/2014 13:00:48 | | |
| PACER Login: | db0327 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 1:13-cv-02618-JRS |
| Billable Pages: | 4 | Cost: | 0.40 |

A34

*Original*

## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF PENNSLYVANIA

STEPHEN G. CONKLIN        :     **CIVIL ACTION LAW**
      **Plaintiff**       :
                 :     **NO.** *1:13-CV-02618*
  **VS.**               :
                 :
YVETTE KANE, PETER J. SMITH,  :
MARK E. MORRISON, and CHRISTINA:
GARBER,                :
      **Defendants**       :     **Jury Trial Demanded**

## COMPLAINT

## INTRODUCTORY STATEMENT

1. This is a Biven's action i.e., a federal civil rights action brought by plaintiff for the violation of his 1st 4th & 14th Amendment rights. The defendants are all federal employees, who, under badge of federal authority, but lacking any jurisdiction, used their power and influence unlawfully to intimidate and deny Stephen Conklin access to the Courts and the lawful enjoyment of his federally guaranteed rights. The defendants have unlawfully disrupted the authority of the Pennsylvania courts, they have unlawfully acted to retaliate against Conklin for his proper and lawful exercise of his 1st Amendment rights to petition for a redress of grievances. The defendants have violated Conklin's rights to petition under the 1st Amendment out of retaliatory motives confronting him with an array of federal authority threatening him in an outrageous attempt to deter the exercise of his rights. The defendants have sought to hatefully retaliate against Conklin on account of his associations. They have unlawfully surveilled him and his associates. The defendants illegally removed a writ of summons from the Dauphin County Courts while totally lacking jurisdiction to do so. Then via the intercession of the Third Circuit, which

1

A35

should have sua sponte dismissed their abortive and illegal effort, the defendants acted to unlawfully insulate themselves from the legal effect of Conklin exercising his rights. The defendants have also violated Mr. Conklin's right to be free of the violation of his substantive due process rights their misconduct being so egregious it may very well be unique and new in the history of American official abuse.

## JURISDICTION AND VENUE

2.     This Court has original jurisdiction to hear suits alleging violations of a citizens individual constitutional rights which is conferred by 28 USC §1331 and 28 USC §1343 (a) (3) and (4), and the remedial statue 42 USC §1983 and 18 USC §242.

3.     All defendants are sued in their individual, and not, in their official capacities.

4.     Punitive damages are requested (or will be at an appropriate time) because the defendants actions were exceedingly egregious and devious seeking not to merely misuse but to abuse the law and Mr. Conklin's rights. The defendants were motivated by a desire to intimidate Conklin and insulate Yvette Kane from the proper effects of the law.

5.     A jury trial is demanded.

6.     Venue is properly in the Middle District because most parties, witnesses, and evidence are common to Harrisburg, Dauphin County, Pennsylvania.

7.     No defendants in this action acted with jurisdiction and consequently none are entitled to immunity i.e., none of their actions were privileged.

8.     This Court's jurisdiction to hear supplemental state claims as per 28 USC §1367 (c) is invoked here.

A36

## RIGHTS VIOLATED

9.     The defendants violated plaintiffs 1st Amendment right to petition the Courts for a redress of grievances.

10.     All defendants violated plaintiff's 1st Amendment rights to be free of retaliation for petitioning the Courts for a redress of grievances.

11.     The defendants violated Mr. Conklin's 1st and 14th Amendment rights to access the Courts and confidence rights to the equal protections of the law and.

12.     The defendants in violated Mr. Conklin's rights to procedural due process under the 14th Amendment.

13.     The defendants violated plaintiffs 14th Amendment substantive due process rights to be free of arbitrary and capricious acts of government taken without any valid government purpose. These defendants used their authority to intimidate Conklin and to carry out their vindictive and hateful retaliatory objectives.

14.     The defendant Yvette Kane violated Conklin's 1st Amendment right to freedom of expression and his 1st $_{Amendment}$ right of association.

15.     Plaintiff Stephen G. Conklin incorporates herein by reference 1 through 15 above.

16.     The defendants Smith, Morrison, Garber, jointly and severally, along with the defendant Kane, violated the very same aforementioned rights to which Conklin is entitled, as they unlawfully (in violation of the 1st & 4th Amendments) surveilled Don Bailey, and all of his clients, including Conklin, upon information and belief, through an unlawful secret monitoring and distribution of Bailey's activities as they planned a revengeful and vindictive way to counteract the efforts of Bailey and his clients,

3     A37

including Conklin, to disclose unlawful actions by these officials as Conklin sought to further ensconce the rights of all American citizens, in an equal way, in our constitutional jurisprudence.

17.    All defendants above named violated Conklin's equal protections of the law rights under the 14th Amendment rights.

18.    All of the named defendants also violated Conklin's rights under the Constitution of Pennsylvania raising questions of first impression of official oppression and whether, because Pennsylvania does not provide compensation nor other damages at law for those who violate a citizen's rights under badge of authority but are not, as these defendants are not, privileged as a matter of Pennsylvania law, the Pennsylvania statute against official oppression should apply to federal officials who directly abuse while totally lacking in jurisdiction all in order to vindictively attack a Pennsylvania citizen through abuse of official power.

## OPERATIVE FACTS

19.    The paragraphs numbered 1-18 above are incorporated herein by reference.

20.    On April 4, 2013 the plaintiff Stephen G. Conklin, at 1:57 pm, filed a Praecipe for Writ of Summons with the Prothonotary of the Dauphin County Court of Common Pleas. A copy of the praecipe duly stamped by the Prothonotary with the date and time is attached hereto as Exhibit "A".

21.    The caption on said Praecipe (Exhibit A) identifies "Stephen G. Conklin" as the plaintiff and "Yvette Kane" as the Defendant. The Praecipe was signed by Stephen G. Conklin.

4    A28

22.    Attached hereto as Exhibit "B" is a copy of the "Writ of Summons" with a seal by the Court dated April 4, 2013 and signed by Deputy Prothonotary Ashley Brown.

23.    On the original paperwork provided by the Prothonotary on April 4, 2013 the number 2013-cv-2962-cv was written by hand.

24.    On April 4, 2013 the Dauphin County Prothonotary issued Mr. Conklin a receipt identifying the case as "2013-cv-02962-cv, plaintiff Steven G. Conklin vs. Yvette Kane". See Exhibit "C" attached hereto.

25.    Plaintiff was unable to get the Writ served within 30 days.

26.    On May 10, 2013 plaintiff praeciped to reissue the Writ which the Prothonotary promptly did.

27.    On that same day (May 10, 2013) the Prothonotary reissued the Writ of Summons to Yvette Kane, defendant.

28.    On or about May 24, 2013 or very shortly thereafter, the Sheriff of Dauphin County executed a "Sheriff Return" (return of service) indicating that the Reissued Writ of Summons had been served on Yvette Kane.

29.    By May 24, 2013 the defendant Yvette Kane was duly served with notice of the action by Writ of Summons.

30.    On June 7, 2013 the plaintiff received various papers with a cover letter signed by Christina Garber describing herself as a legal assistant to United States Attorney Peter J. Smith and identifying herself as proceeding on his behalf.

31. Peter J. Smith is Yvette Kane's self-described civil attorney and presents as the decision-maker with Morrison, Kane, and Garber all acting in their private capacities but under badge of federal authority on her behalf.

5    A39

32.    The correspondence is all attached hereto as Exhibit "F" (F1- F9).

33.    Exhibit "F" is a copy of defendant Garber's letter to the Prothonotary of Dauphin County at the direction of Smith. The letter references "Stephen G. Conklin v. Yvette Kane and "No. 2013-cv-2962. The letter asks the Prothonotary to file a "Praecipe of Removal". Lower down it displays a "cc: Stephen G. Conklin. The letter is dated June 7, 2013. It is on the letterhead of the U.S. Department of Justice.

34.    Exhibits F-2, F-3, and F-4 consist of a "Praecipe (F-2) addressed to the Prothonotary of Dauphin County Pennsylvania, asking first, that the Praecipe be filed and referring to the "Attached Notice of Removal". It identifies the defendant as "Yvette Kane", and counsel as "the United States Attorney, [... who, according to the Praecipe has removed this matter from the Court of Common Pleas of Dauphin County to the United States District Court, Middle District of Pennsylvania]. It is dated June 7, 2013. The defendant Mark Morrison signed the Praecipe on behalf of U.S. Attorney Peter J. Smith. No where does the word "Judge" appear.

35.    F-3 (Documents F2, F3, and F4 were stapled together). It has the case caption at the top and a heading in bold capital letters which says "Notice of Filing of Notice of Removal". It is addressed to the "Honorable Judges of the Court of Common Pleas of Dauphin County, Pennsylvania". The prayer indicates that the United States Attorney for the Middle District of Pennsylvania, on behalf of "Defendant Yvette Kane" has given notice (to the Judges of Dauphin County) "that the attached Notice of Removal" has been filed with the Clerk of Court of the Middle District United States District Court for the Middle District of Pennsylvania. The defendant Mark Morrison signed F-3 on June 7, 2013.

6    A4D

36.    F-4, F-5, F-6, F-7, F-8, and F-9 were stapled together. F-4 is a document entitled "Notice of Removal of Civil Action". The prayer is by U.S. Attorney Peter J. Smith "by Mark Morrison" his assistant on behalf of Defendant United States of America" and purports to give "notice of the removal of the above captioned matter from the Court of common Pleas of Dauphin County to "this Court" (presumably the US District Court M.D. Pa.) under the provision of "Title 28 U.S. Codes, Section 1446"…..F-4 is a 2 page document with a prayer, 5 paragraphs (which are mis-numbered) and an ad damnnum clause. It is signed by defendant Mark E. Morrison.

37.    F-4 claims in paragraph 1 that a "civil action" was filed against the defendant "United States of America" in Dauphin County on April 4, 2013. Mr. Morrison notes that he attached "a copy of the Writ of Summons".

38.    No where in any writings did any defendant note that the Writ of Summons was used by plaintiff to commence the action in state court or that a Writ of Summons is not sufficient under federal law, to commence any action or that federal law does not provide jurisdiction to remove such a writ from any state court, nor that Yvette Kane was an individual defendant nor that the United States of America is not now, nor was ever a defendant, nor that no "judge" was at any time named by Conklin in this action.

39.    Paragraph "2" of F-4 indicates that "Civil actions over which the United States District Court have **original** jurisdiction may be removed from state court to the District court embracing the place wherein it is pending **_28 U.S.C. 1444_**. (Emphasis added).

7

40.    *28 U.S.C. 1441 (a)* points to *F.R. Civ.P. 11* for substantive guidance on the requirements to effectuate the procedure for removal, particularly, subject to *R-11* that any such notice to remove must contain a "short and plain statement of the grounds for removal".

41.    Defendants "Notice of Removal of Civil Action" contains no such required "short and plain statement of the grounds for removal". Not only because there is none but because there is a total lack of jurisdiction.

42.    F-4 contains no "short and plain statement for the grounds for removal" because these defendants knew they had no basis to proceed with their unlawful acts.

43.    The defendants knew there were no jurisdictional grounds available to them when they filed Exhibit F.

44.    Defendants all knew plaintiff had commenced an action in state court by Writ of summons and that no complaint had been filed.

45.    Defendants all knew that nowhere is there even a scintilla of an inference that the United States of America is, or was, a defendant in any of plaintiff's actions.

46.    Defendants all knew that there was not a scintilla of a doubt that Yvette Kane was sued in her individual, and not, in her official capacity.

47.    Defendants all knew when Exhibit F was filed that their bald conclusory language consisting only, and totally, of the following generic language, "civil action over which United States Courts have original jurisdiction may be removed from state court to the District Court of the United Sates for the district embracing the place wherein it is pending" was in violation of *F.R. Civ.P. 11* and *28 U.S.C. §1446.*

8    A42

48.    Paragraph 3 of F-4 admits that plaintiff had not, as of June 7, 2013 served a complaint on the Defendant.

49.    Paragraph 3 of F-4 is intentionally inaccurate and meant to mislead plaintiff and others.

50.    In the prayer (introductory paragraph) of F-4 the "Defendant" is identified by defendants as the "United States of America". This choice of words was obviously made intentionally and is and was totally false and misleading.

51.    The above is plainly demonstrated by the irrelevant substance of paragraph 4 of F-4 where the defendants admit that "Yvette Kane" is the named defendant.

52.    The defendant attached a certificate of Service and copies of plaintiff's April 4, 2013 Praecipe for Writ of Summons and a copy of his April 4, 2013 Writ of Summons, to F-4.

53.    One cannot commence an action in federal court by filing a Writ of Summons.

54.    One can only initiate a civil action in federal court by filing a complaint.

55.    When defendants filed Exhibit F-5, F-6, F-7, F-8, and F-9 they filed these documents to a Federal Court case at Docket # 3:02-cv-0600 a common feature of all initial complaints in the Middle District of Pennsylvania.

56.    Exhibit F-5, F-6, F-7 are Docketed as Document 662.

57.    Exhibit F-8 and F-9 or dock3eted as Document 662-2.

58.    The notice of removal was docketed at 1:13-CV-01531-JJS. As of June 12, 2013 Conklin has never been advised of the afore-going Docket #. "JJS" stands for

9    A43

Judge Savage of the Eastern District of Pennsylvania who was assigned the case by 3rd Circuit Chief Judge McKee. Plaintiff asserts Judge McKee should have dismissed the removal sua sponte based on the total lack of any jurisdiction.

59.    The Civil Cover Sheet for Case 1:13-cv-01531-JJS is identified as document 2 and was filed on June 14, 2013. It lists Yvette Kane as the sole defendant with Dauphin County listed as Conklin's Residence although Conklin's attorney is none other than Conklin himself and he shows a home address of 22 Mairdale Avenue, Pittsburgh, Pa 15214. Defendant Morrison, an Assistant US Attorney, is listed as Kane's attorney on behalf of US attorney Peter J. Smith.

60.    Under Block II "Basis of Jurisdiction" the Civil Cover Sheet (Exhibit G) falsely identifies Yvette Kane as a U.S. Government Defendant. This was false and misleading and was known to Kane and her attorneys to be false and misleading

61.    "Yvette Kane" is an employee of the US Government. She is a judge.

62.    But Yvette Kane is identified as simply "Yvette Kane" in plaintiff's Writ of Summons and is not identified or indicated to be a defendant in her official capacity in the writ of summons.

63.    No where in the writ of summons did plaintiff take any action against Yvette Lane in her official capacity, which he of necessity would have to do, to make her a "US Government Defendant".

64.    Yvette Kane is not a "US Government Defendant" in any way shape or form and she never has been to the best of plaintiff's knowledge, information, and belief.

65.    Nowhere is the "nature" of the suit block in Section IV of the Civil Cover Sheet marked.

10

66.    *Mr. Morrison/Mr. Smith cites 28 USC §1441* as the "Cause of Action" (whose requirements are not met as a matter of law). This is the federal "removal statute".

67.    Mr. Morrison's/Mr. Smith's selection of 28 USC 1441 is unlawful and improper. *28 USC 1441* is a procedural jurisdictional statute. It confers no substantive rights. That's why Mr. Morrison gave no brief description of the "Cause of Action" as required by the Civil Cover Sheet instructions. He knew the civil cover sheet could not be appropriately used because there was no complaint before the federal court either by the plaintiff or by Yvette Kane.

68.    In virtually none of the documents referred to in the Writ of Summons at 2013-cv-2962 has Mr. Conklin ever identified or indicated in any way that either the United States of America or Yvette Kane a U.S. employee, or Yvette Kane  Judge is a defendant.

69.    Yvette Kane is the Chief Judge of the U.S. District court for the Middle District of PA who unlawfully engineered the removal of the subject Writ of Summons.

70.    Worthy of note at this point is that the federal ECF system is totally and completely controlled by the federal courts. It is not controlled by PACER or any independent entity. Any information from or to PACER in the Middle District is totally controlled by the Chief Judge with the administrative complicity of the Clerk.

71.    On June 19, 2013 the Chief Judge of the United States Court of Appeals for the 3rd Circuit, the Hon. Theodore McKee ordered the defendant Timothy J. Savage of the Eastern District of Pennsylvania to sit in designation of the unlawfully removed case.

A45

72.     Interestingly Kane, technically as Savages' Superior at the time, still controlled her own case while the US Attorney's office, who was paid nothing to file an illegally removed Writ of Summons representing Kane at public expense, while she is (was) a defendant in a state court case that was not convened by complaint but by Writ of Summons removed the state action to federal court in violation of the law and lacking jurisdiction.

73.     Kane, in order to encourage the harassment of Conklin's attorney Don Bailey had the PACER system immediately dispense the filings of Don Bailey to a number of hand-picked judges and clerks in the Middle District and the Third Circuit over a period of years. The Third Circuit Court of Appeals (at least certain judges and panels of judges also participated in this surveillance activity. PACER had nothing to do with it. Peter J Smith was part of the surveillance activities assigning a person in his office to receive the information.

74.     Included in that surveillance was a certain designated staff member of the U.S. Attorney Peter J. Smith. Bailey had done nothing of an improper nature to deserve the surveillance (which plaintiff argues violates his 1st and 4th Amendment rights). All of this was part of an unlawful political effort by certain judges (and the U.S. Attorney's office obviously) to keep an eye on Bailey and follow his activities so that certain judges (including Yvette Kane and Christopher C. Connor) could work with Pennsylvania's grossly corrupt Lawyer's Disciplinary System to deprive Mr. Bailey and Mr. Conklin of their rights.

12

A 46

75.     Neither Don Bailey nor any of his clients were informed of this secret practice or of any justification for court "politicos" to monitor Don Bailey. A written request to Mr. Smith for an explanation went unanswered.

76.     Mr. Bailey wrote letters to the Clerk and to Mr. Smith seeking an explanation. Neither the Clerk nor Mr. Smith who were part of this constitutionally repugnant and unlawful surveillance, have ever responded.

77.     In cowardly disregard, not only of any interest Mr. Bailey had in this Orwellian activity, but of a wider public interest, would one of the above respond to this unexplainable conspiracy. The federal court system is totally incapable of objectively and fairly disciplining its members even in the face of egregious violations of the rights of citizens to speak out and to petition.

78.     PACER must do as ordered by the Court and cannot disclose the Court's instructions to them, or in turn, to 3rd persons.

79.     This "dropdown" i.e., distribution order i.e. to distribute Mr. Bailey's activities was also shared by a number of the 3rd Circuit Court of Appeals judges and staff, Including the Third Circuit's Clerk.

80.     Mr. Conklin believes he is suffering retaliation by the defendants because he is a friend and sometime client of Don Bailey and because he shares many of Mr. Bailey's views that are critical of our federal court system and some of our judges.

81.     In an earlier federal court case in a response to Yvette Kane's hateful and spiteful mistreatment of him as an American citizen and user of the Court system, Mr. Conklin sought her recusal.

*A 47*

13

82. After recusing herself Yvette Kane embarked on a selective and vindictive attack on Stephen G. Conklin for no reason other than her personal disfavor for the substance of his complaints which implied abuse of authority and misuse of official actions. She did so in blatant violation of his First Amendment rights. Mr. Conklin is not a government employee with the resultant diminution of his expressive rights particularly rights that expose public corruption (see *Garcetti*).

83. These actions involved York County, PA which enjoys apparent protection at the hands of a number of federal judges and federal courthouse officials.

84. For reasons as yet unknown York County, which is where many of Conklin's activities took place, and officials enjoy special protection in Middle District proceedings. Plaintiff was a resident and landowner in York County Pennsylvania who uncovered many seemingly inappropriate activities and actions in the York County courts.

85. The plaintiff has 1st and 14th Amendment rights to access state courts and be free of unlawful actions interfering with those rights by federal officials such as the above named.

86. The plaintiff has a right to express himself free of retaliation from government officials under the 14th Amendment.

87. The plaintiff has a right to enjoy the protection of the Equal Protections clause of the 14th Amendment which these defendants have violated. It goes without saying there are many honest and capable judges and most citizens similarly situated enjoy access to our court system where they have been treated fairly. Not so as to plaintiff who has been treated unequally to his detriment.

A 48

88.   These defendants have acted without privilege, lacking jurisdiction, to remove a valid state writ for unlawful reasons, namely to diminish public, press, and private access to an awareness of Mr. Conklin's exercise of his lawful rights and to prevent the disclosure of abuses of the above-named defendants.

89.   The defendants knew and planned that by removing the Writ from state court that the federal government has no mechanism to either compel, or be compelled to file a complaint thus facilitating their intended intimidation and control of Mr. Conklin in the exercise of his rights.

92. As an act of retaliation for plaintiff filing a polite and courteous criticism and questioning of Judge Kane, which resulted in her recusing herself from managing a previous federal complaint brought by plaintiff, she consequently launched into a vindictive, hateful, and also false and misleading attack upon the plaintiff.

93.   These actions of defendants are designed to deter plaintiff from the exercise of his 1st and 14th Amendment rights and the disclosure of a course of misconduct by Yvette Kane demonstrating the abuse of her badge of authority and her vindictive course of conduct ( which violate the Canons of Judicial Ethics).

94.   The unlawful actions of the defendants as above stated constitute official oppression in violation of Pennsylvania statute .

95.   The actions of these defendants constitute violations of plaintiff's rights to access the Court's and associate with persons of his choice thus denying the proper exercise of his 1st, 4th and 14th Amendment Rights.

A49

96.     No federal or state case or statute confers jurisdiction or authorizes any federal official to remove any state civil action to federal court into the hands of the defendant Yvette Kane as here.

97.     Through the inordinate and unlawful machination and the unlawful activities of the defendants, the plaintiff is being forced to expend time and money doesn't have and he is being grossly intimidated.

98.     The plaintiff has been made to suffer great fear. When one confronts the federal court system, which has no ability to discipline itself, and which has officials who abuse their badge of authority to threaten and intimidate citizens and trample their rights with impunity, such misconduct is frightening. The personal involvement of the U.S. Attorney is oppressive and instills great fear because of the awesome and unchecked powers of the office.

99.     Plaintiff has a right under the 14th Amendment Equal Protections clause to be treated the same as others similarly situated, which he has not enjoyed, by virtue of defendants violation of his rights, in this case, pursuant to the Removal Statute.

100.     By removing plaintiff's Writ the defendants illegally terminated plaintiff's state filed case unlawfully seeking to prevent his opportunity to preserve his rights and further seeking to put the control of the administration of his case directly in the most powerful prosecutorial office in the nation.

16

A50

## COUNT I

### PLAINTIFF AGAINST ALL DEFENDANTS FOR THE VIOLATIONS OF HIS 1ST AMENDMENT RIGHTS

101.    Paragraphs 1 through 100 above are incorporated herein by reference.

Wherefore plaintiff demands judgment of the defendants jointly and severally for the violation of his rights under the 1st Amendment to include his rights of expression, right to petition, right of access to the courts (also a 14th Amendment right) and of his right to be free of retaliation for the exercise thereof together with punitive damages, and damages for pain and suffering, humiliation, and embarrassment for emotional distress together with costs, fees, attorneys fees, and such other relief as may be deemed appropriate.

## COUNT II

### PLAINTIFF AGAINST ALL DEFENDANTS FOR THE VIOLATIONS OF PLAINTIFF'S RIGHT TO ACCESS THE COURTS UNDER THE FIRST AND FOURTEENTH AMENDMENTS AND TO EQUAL PROTECTION UNDER THE 14TH AMENDMENT

102.    Paragraphs 1 through 101 above are incorporated herein by reference.

Wherefore plaintiff demands judgment of the defendants jointly and severally for the violation of his rights under the 1st and 14th Amendment Rights (rights to access the Courts) (substantive due process rights) (procedural due process rights) and plaintiff's Equal Protection rights (14th Amendment) together with damages for pain and suffering, punitive damages humiliation, and embarrassment for emotional distress together with costs, fees, attorneys fees, and such other relief as maybe deemed appropriate.

A51

## COUNT III

### PLAINTIFF AGAINST ALL DEFENDANTS FOR THE VIOLATIONS OF PLAINTIFF'S RIGHTS TO BE FREE OF CONSPIRACIES AS PER 42 USC §1983

103.    Paragraphs 1 through 102 above are incorporated herein by reference.

104.    The defendants knew they were proceeding without jurisdiction.

105.    Every defendant is an experienced lawyer.

106.    Every defendant knew that they were performing arbitrary and capricious acts under badge of government authority (Bivens action) devoid of any proper or reasonable government purpose.

107. Every defendant sought to violate the plaintiff's rights and to violate federal law, rules, regulations, practices and customs devoid of jurisdiction.

Wherefore plaintiff demands judgment of the defendants jointly and severally for the violation of his rights to be free of unlawful conspiracies' under the case law of 42 USC §1983 with compensatory and with punitive damages, and damage for pain and suffering, humiliation, and embarrassment for emotional distress together with costs, fees, attorneys fees, and such other relief as may be deemed appropriate.

### COUNT IV

### PLAINTIFF AGAINST THE DEFENDANTS FOR THE VIOLATION OF HIS 4th AMENDMENT RIGHTS

108. Paragraphs 1 through 107 are incorporated herein by reference.

Wherefore plaintiff demands judgment of the defendants jointly and severally for the violation of his rights to be free invasions of his privacy and to be free from unlawful searches under the 4th amendment with compensatory and with punitive damages, and with damages for pain and suffering, humiliation, and embarrassment for emotional

A52

distress together with costs, fees, attorneys fees, and such other relief as may be deemed appropriate.

## COUNT V

**PLAINTIFF AGAINST ALL DEFENDANTS FOR THE VIOLATIONS OF PLAINTIFF'S RIGHTS UNDER 18 USC §242 TO BE FREE OF CRIMINAL VIOALTIONS OF HIS RIGHTS TO ENJOY THE PROTECTIONS OF GUARANTEED BY THE U.S. CONSTITUTION**

108.    Paragraphs 1 through 107 above are incorporated herein by reference.

109. The original confrontation that Don Bailey and Mr. Conklin suffered with the unlawful actions of a number of judges in the Middle District of Pennsylvania originated (with Judge Christopher C Connor) and had its basis in Mr. Conklin's proactive support of the rights of all Americans more specifically black children to enjoy the protections of the U.S. Constitution.

110. The defendants intentionally acted in an illegal manner to deny the plaintiff his rightful and free exercise of his federally guaranteed rights with knowing and intentional desire to use their badge of authority to injure him. Judge Kane is a personal friend and confidant of Judge Connor's and the plaintiff alleges, based upon information and belief that the injuries he suffered resulted from his unsuccessful efforts to allow black children to enjoy his property the same as other persons. This allegation jurisdictionally supports this Count founding in 18 USC §242.

Wherefore plaintiff demands judgment of the defendants jointly and severally for the criminal violation of his civil rights pursuant to 18 USC §242 together with appropriate damages and penalties.

A53

Respectfully Submitted,

By:   /s/Don Bailey, Esquire
       4311 N. 6th Street
       Harrisburg, Pa 17110
       717.221.9500
       717.221.9400 Fax

October 22, 2013

A54

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Stephen G. Conklin | Yvette Kane, Peter J. Smith, Mark E. Morrison, and Christina Garber |

**(b)** County of Residence of First Listed Plaintiff   **Allegheny**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   **Dauphin**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Don Bailey, Esquire, 4311 N. 6th Street, Harrisburg Pa 17110
717.221.9500

Attorneys *(If Known)*
N.A.

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

❏ 1   U.S. Government
    Plaintiff

☒ 3   Federal Question
    *(U.S. Government Not a Party)*

❏ 2   U.S. Government
    Defendant

❏ 4   Diversity
    *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated and Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - Product Liability | | ❏ 423 Withdrawal 28 USC 157 | ❏ 400 State Reapportionment |
| ❏ 130 Miller Act | ❏ 315 Airplane Product Liability | ❏ 367 Health Care/ | ❏ 690 Other | | ❏ 410 Antitrust |
| ❏ 140 Negotiable Instrument | ❏ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ❏ 430 Banks and Banking |
| ❏ 150 Recovery of Overpayment & Enforcement of Judgment | ❏ 330 Federal Employers' Liability | Product Liability | | ❏ 820 Copyrights | ❏ 450 Commerce |
| ❏ 151 Medicare Act | ❏ 340 Marine | ❏ 368 Asbestos Personal Injury Product | | ❏ 830 Patent | ❏ 460 Deportation |
| ❏ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ❏ 345 Marine Product Liability | Liability | | ❏ 840 Trademark | ❏ 470 Racketeer Influenced and Corrupt Organizations |
| ❏ 153 Recovery of Overpayment of Veteran's Benefits | ❏ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle Product Liability | ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards Act | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| ❏ 190 Other Contract | ❏ 360 Other Personal Injury | ❏ 371 Truth in Lending | ❏ 720 Labor/Management Relations | ❏ 862 Black Lung (923) | ❏ 850 Securities/Commodities/ Exchange |
| ❏ 195 Contract Product Liability | ❏ 362 Personal Injury - Medical Malpractice | ❏ 380 Other Personal Property Damage | ❏ 740 Railway Labor Act | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | | ❏ 385 Property Damage Product Liability | ❏ 751 Family and Medical Leave Act | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| | | | ❏ 790 Other Labor Litigation | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ❏ 895 Freedom of Information Act |
| ❏ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ❏ 870 Taxes (U.S. Plaintiff or Defendant) | ❏ 896 Arbitration |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | ❏ 871 IRS—Third Party 26 USC 7609 | ❏ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate Sentence | | | ❏ 950 Constitutionality of State Statutes |
| ❏ 240 Torts to Land | ❏ 443 Housing/ Accommodations | ❏ 530 General | | | |
| ❏ 245 Tort Product Liability | ❏ 445 Amer. w/Disabilities - Employment | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| ❏ 290 All Other Real Property | ❏ 446 Amer. w/Disabilities - Other | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 448 Education | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration Actions | | |
| | | ❏ 550 Civil Rights | | | |
| | | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding   ❏ 2 Removed from State Court   ❏ 3 Remanded from Appellate Court   ❏ 4 Reinstated or Reopened   ❏ 5 Transferred from Another District *(specify)*   ❏ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
1st, 4th, and 14th Amendment rights.
Brief description of cause:
Defendants retaliated against plaintiff for exercising his rights and seeking due process.

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ❏ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
10/22/2013

SIGNATURE OF ATTORNEY OF RECORD
/s/Don Bailey

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## Civil and Miscellaneous Initial Pleadings
3:02-at-06000 Plaintiff v. Defendant

### United States District Court

### Middle District of Pennsylvania

### Notice of Electronic Filing

The following transaction was entered by Bailey, Don on 10/23/2013 at 8:44 AM EDT and filed on 10/23/2013

| | |
|---|---|
| **Case Name:** | Plaintiff v. Defendant |
| **Case Number:** | 3:02-at-06000 |
| **Filer:** | |
| **Document Number:** | 1224 |

**Docket Text:**
**COMPLAINT - Conklin vs. Kane et al.. Action happened in Dauphin County. Filing fee $ 400, receipt number 0314-2916839.. (Attachments: # (1) Civil Cover Sheet)(Bailey, Don)**

**3:02-at-06000 Notice has been electronically mailed to:**

**3:02-at-06000 Filer will deliver notice by other means to::**

Defendant


Plaintiff

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1027698419 [Date=10/23/2013] [FileNumber=4026273-0] [be57b22bf20e33aa52c29680a575b834d7db8ad143493b7ce1bd7566f77213c989 6483fa722e634a9537efb862eb039646ee9b2a09c2456c1baf1f2e727ce5d5]]
**Document description:**Civil Cover Sheet
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1027698419 [Date=10/23/2013] [FileNumber=4026273-1] [a54833241b273086d6bd5ae882c89f1ec1f835843033b44ae48d06082e9d95e4de e9b4f6e0b531e9187d8e67891c4b8cbbcd96f66bddf3d3bcc6d2865a22efb0]]

A 56

IN THE COURT OF COMMON PLEAS OF DAUPHIN COUNTY, PENNSYLVANIA

Stephen G. Conklin

                Plaintiff

                v.

Yvette Kane

                Defendant

:
:
:
:
:
:
:
:
:
:

CIVIL ACTION – LAW

No.: 2013·CV·2942·CV

PRAECIPE FOR
WRIT OF SUMMONS

JURY TRIAL DEMANDED

PRAECIPE FOR WRIT OF SUMMONS

TO THE PROTHONTARY:

    Kindly issue a Writ of Summons in the above-captioned matter, against the Defendant named therein. Attached hereto, is the individual Writ of Summons, setting forth, the part Defendant.

April 4, 2013

                        Respectfully Submitted,

                    By: _____

                    Stephen G. Conklin
                    22 Mairdale Ave.,
                    Pittsburgh, Pa. 15214
                    (717) 460-5450

RECEIVED OFFICE OF PROTHONOTARY
2013 APR -4 PM 1:57
DAUPHIN COUNTY PENNA

A57

Ex A

IN THE COURT OF COMMON PLEAS OF DAUPHIN COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| Stephen G. Conklin | : | CIVIL ACTION – LAW |
| Plaintiff | : | |
| | : | No.: 2013·CV·2942·CV |
| v. | : | |
| | : | WRIT OF SUMMONS |
| Yvette Kane | : | |
| Defendant | : | JURY TRIAL DEMANDED |
| | : | |

WRIT OF SUMMONS

TO: Yvette Kane;

YOU ARE HEREBY NOTIFIED that Stephen G. Conklin, plaintiff has commenced an

action against you.

_Stephen C. Farina_

_____

Stephen E. Farina, Prothonotary

Date: APR 0 4 2013                BY: _____

Deputy Prothontary

SEAL OF THE COURT

A58

Ex B

Date: 4/4/2013                                                **Dauphin County**                                            No: 0293122
Time: 02:01 PM                                                  **Receipt**                                               Page 1 of 1

Received of:  Conklin, Stephen G (plaintiff)                                                              $      162.00

One Hundred Sixty-Two and 00/100 Dollars

| Case: 2013-CV-02962-CV | Plaintiff: Stephen G Conklin vs. Yvette Kane | Amount |
|---|---|---|
| Writ of Summons | | 162.00 |
| **Total:** | | **162.00** |

Payment Method:  Cash                              Stephen E Farina , Prothonotary
Amount Tendered:              162.00
                                                   By: _____
Clerk: AZAMBINO                                         Deputy Clerk

A 5?

Ex C

IN THE COURT OF COMMON PLEAS OF DAUPHIN COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| Stephen G. Conklin | : | CIVIL ACTION – LAW |
| Plaintiff | : | |
| | : | No.: 2013-CV-2962 |
| v. | : | |
| | : | |
| Yvette Kane | : | WRIT OF SUMMONS |
| Defendant | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

REISSUED WRIT OF SUMMONS

TO: Yvette Kane;

YOU ARE HEREBY NOTIFIED that Stephen G. Conklin, plaintiff, has commenced an

action against you.


_____

Stephen E. Farina, Prothonotary



Date: _____     BY:_____

                                       Deputy Prothontary




SEAL OF THE COURT



A6L

Ex D

IN THE COURT OF COMMON PLEAS OF DAUPHIN COUNTY, PENNSYLVANIA

|  |  |  |
|---|---|---|
| | : | CIVIL ACTION – LAW |
| Stephen G. Conklin | : | |
| Plaintiff | : | |
| | : | No.: |
| v. | : | |
| | : | PRAECIPE FOR |
| Yvette Kane | : | REISSUED WRIT OF SUMMONS |
| Defendant | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

PRAECIPE FOR REISSUED WRIT OF SUMMONS

TO THE PROTHONTARY:

Kindly re-issue a Writ of Summons in the above-captioned matter, against the

Defendant named therein. Attached hereto, is the original Writ of Summons, setting forth,

the party Defendant.

May 10, 2013

Respectfully Submitted,

By:_____

Stephen G. Conklin
22 Mairdale Ave.,
Pittsburgh, Pa. 15214
(717) 460-5450

A61

Ex E

**U.S. Department of Justice**

*Peter J. Smith*
*United States Attorney*
*Middle District of Pennsylvania*

Website: *www.justice.gov/usao/pam/*
Email: *usapam.contact@usdoj.gov*

| | | |
|---|---|---|
| *William J. Nealon Federal Building*<br>*Suite 311*<br>*235 N. Washington Avenue*<br>*P.O. Box 309*<br>*Scranton, PA 18503-0309*<br>*(570) 348-2800*<br>*FAX (570) 348-2037/348-2830* | *Ronald Reagan Federal Building*<br>*Suite 220*<br>*228 Walnut Street*<br>*P.O. Box 11754*<br>*Harrisburg, PA 17108-1754*<br>*(717) 221-4482*<br>*FAX (717) 221-4493/221-2246* | *Herman T. Schneebeli Federal Building*<br>*Suite 316*<br>*240 West Third Street*<br>*Williamsport, PA 17701-6465*<br>*(570) 326-1935*<br>*FAX (570) 326-7916* |

*Please respond to: Harrisburg*

June 7, 2013

Prothonotary
Dauphin County
Dauphin County Courthouse
Front and Market Streets
Harrisburg, PA 17101

> **Re: Stephen G. Conklin v. Yvette Kane**
> **No. 2013 CV 2962 CV**

Dear Sir:

Enclosed for filing in the above-referenced matter please find a Praecipe and Notice of Filing of Notice of Removal. Also enclosed is a copy to be date-stamped and returned to our office in the enclosed envelope.

Sincerely yours,

PETER J. SMITH
United States Attorney

*Christina Garber*

CHRISTINA GARBER
Legal Assistant

Enclosures
cc: Steven G. Conklin

A6

Exhibit A

F-1

## IN THE COURT OF COMMON PLEAS
## FOR DAUPHIN COUNTY, PENNSYLVANIA

STEPHEN G. CONKLIN                    :        NO.  2013 CV 2962 CV
                      Plaintiff,      :
              v.                      :        (              J.)
                                      :
YVETTE KANE                           :        CIVIL ACTION - LAW
                      Defendant.      :


### PRAECIPE

**TO THE PROTHONOTARY:**

Please file the attached Notice of Removal.  Defendant, **YVETTE KANE** through

counsel, the United States Attorney, has removed this matter from the Court of Common

Pleas of Dauphin County to the United States District Court, Middle District of

Pennsylvania.

                              Respectfully submitted,

                              PETER J. SMITH
                              United States Attorney

                              MARK E. MORRISON
                              Civil Chief / Assistant U.S. Attorney
                              Ronald Reagan Federal Building
                              228 Walnut Street, Suite 220
                              P.O. Box 11754
                              Harrisburg, PA 17108-1754
                              Phone: (717) 221-4482
                              Fax: (717) 221-2246

Dated:  June 7, 2013

A63

Exhibit

F-2

### IN THE COURT OF COMMON PLEAS
### FOR DAUPHIN COUNTY, PENNSYLVANIA

STEPHEN G. CONKLIN                  :        NO.  2013 CV 2962 CV
            Plaintiff,     :
       v.                          :        (                    J.)
                                            :
YVETTE KANE                          :        CIVIL ACTION - LAW
           Defendant.    :

## NOTICE OF FILING OF NOTICE OF REMOVAL

**TO:   THE HONORABLE JUDGES OF THE COURT OF COMMON PLEAS
OF DAUPHIN COUNTY, PENNSYLVANIA**

**COMES NOW**, Peter J. Smith, United States Attorney for the Middle District of

Pennsylvania, on behalf of Defendant **YVETTE KANE**, and respectfully gives notice

that the attached Notice of Removal has been filed with the Clerk of Court of the United

States District Court for the Middle District of Pennsylvania.

Respectfully submitted,

PETER J. SMITH
United States Attorney

MARK E. MORRISON
Civil Chief / Assistant U.S. Attorney
Ronald Reagan Federal Building
228 Walnut Street, Suite 220
P.O. Box 11754
Harrisburg, PA 17108-1754
Phone: (717) 221-4482
Fax: (717) 221-2246

Dated: June 7, 2013

A 64
Exhibit
F-3

# IN THE COURT OF COMMON PLEAS
# FOR DAUPHIN COUNTY, PENNSYLVANIA

STEPHEN G. CONKLIN             :     NO. 2013 CV 2962 CV
           Plaintiff,          :
        v.                  :     (         J.)
                                  :
YVETTE KANE                 :     CIVIL ACTION - LAW
           Defendant.        :

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That on June 7, 2013, she served a copy of the foregoing

### NOTICE OF FILING OF NOTICE OF REMOVAL

by placing a copy in a postpaid envelope addressed to the persons hereinafter named, at the places and addresses stated below, which is the last known addresses, and by depositing said envelopes and contents in the United States Mail at Harrisburg, Pennsylvania to:

Stephen G. Conklin
22 Mairdale Avenue
Pittsburgh, PA 15214


                                     *Christina Garber*

                                     CHRISTINA GARBER
                                     Legal Assistant

A65

Exhibit

F-4

## UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

STEPHEN G. CONKLIN          :    CIVIL NO.
                            :
              Plaintiff,    :    (Judge          )
      v.                    :
                            :    (Filed Electronically)
YVETTE KANE                 :
              Defendant.    :

### NOTICE OF REMOVAL OF CIVIL ACTION

COMES NOW, Peter J. Smith, United States Attorney for the Middle

District of Pennsylvania, by Mark E. Morrison, Assistant United States Attorney,

on behalf of Defendant, **UNITED STATES OF AMERICA**, and hereby gives

notice of the removal of the above-captioned matter from the Court of Common

Pleas of Dauphin County, Pennsylvania, to this Court, under the provisions of Title

28 United Sates Code, Section 1446, and respectfully represents:

1.    A civil action was filed against the Defendant in the Court of Common

Pleas of Dauphin County, Pennsylvania, on or about April 4, 2013.    A copy of the

Writ of Summons is attached.

2. Civil actions over which United States District Courts have original

jurisdiction may be removed from state court to the district court of the United

States for the district embracing the place wherein it is pending.    28 U.S.C.

§ 1441.

A-66
Exhibit
E-5

3.    To date, Plaintiff has not served a complaint upon Defendant.

4.    Defendant, Yvette Kane, is and at all times relevant hereto was, a

United States District Court Judge in and for the Middle District of Pennsylvania.

4.    Notice of Removal has this day been provided to the Prothonotary of the

Court of Common Pleas of Dauphin.

**WHEREFORE**, the United States respectfully gives notice that the

above-captioned matter is hereby removed to the United States District Court for

the Middle District of Pennsylvania.

Respectfully submitted,

PETER J. SMITH
United States Attorney

/s/Mark E. Morrison
MARK E. MORRISON
Assistant U.S. Attorney
PA 43875
Federal Building
228 Walnut Street, Suite 220
P.O. Box 11754
Harrisburg, PA 17108-1754
(717) 221-4482
(717)221-2246 (Facsimile)
mark.e.morrison@usdoj.gov

Dated: June 7, 2013

A6
Exhibit
F-6

## UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

STEPHEN G. CONKLIN  : CIVIL NO.
         :
    **Plaintiff,** : (Judge   )
         :
  **v.**     : (Filed Electronically)
         :
YVETTE KANE    :
   **Defendant.** :

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That on June 7, 2013, she served a copy of the foregoing

### NOTICE OF REMOVAL OF CIVIL ACTION

by electronic means and/or by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania to:

Stephen G. Conklin
22 Mairdale Avenue
Pittsburgh, PA 15214

         s/Christina Garber
         CHRISTINA GARBER
         Legal Assistant

A b(
Exhibit
F-7

IN THE COURT OF COMMON PLEAS OF DAUPHIN COUNTY, PENNSYLVANIA

|  |  |  |
|---|---|---|
| | : | CIVIL ACTION – LAW |
| Stephen G. Conklin | : | |
| Plaintiff | : | |
| | : | No.: 2013·CV·2962·CV |
| v. | : | PRAECIPE FOR |
| | : | WRIT OF SUMMONS |
| Yvette Kane | : | |
| Defendant | : | JURY TRIAL DEMANDED |
| | : | |

PRAECIPE FOR WRIT OF SUMMONS

TO THE PROTHONTARY:

Kindly issue a Writ of Summons in the above-captioned matter, against the

Defendant named therein. Attached hereto, is the individual Writ of Summons, setting

forth, the part Defendant.

April 4, 2013                                    Respectfully Submitted,

By: _____
Stephen G. Conklin
22 Mairdale Ave.,
Pittsburgh, Pa. 15214
(717) 460-5450

2013 APR -4 PM 1:57
DAUPHIN COUNTY
PENNA

RECEIVED
OFFICE OF
PROTHONOTARY

A.69
Exhibit
F-8

IN THE COURT OF COMMON PLEAS OF DAUPHIN COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| Stephen G. Conklin | : | CIVIL ACTION – LAW |
| Plaintiff | : | |
| | : | No.: 2013·CV·2902·CV |
| v. | : | |
| Yvette Kane | : | WRIT OF SUMMONS |
| Defendant | : | |
| | : | JURY TRIAL DEMANDED |

RECEIVED
OFFICE OF
PROTHONOTARY
2013 APR 24 PM 1: 57
DAUPHIN COUNTY
PENNA

WRIT OF SUMMONS

TO: Yvette Kane;

YOU ARE HEREBY NOTIFIED that Stephen G. Conklin, plaintiff, has commenced an

action against you.

_Stephen C. Farina_

Stephen E. Farina, Prothonotary

Date: **APR 04 2013**

BY _Daniel Brown_

Deputy Prothonotary

SEAL OF THE COURT

A70

Exhibit

F-9

Case 3:02-at-06000   Document 662-1   Filed 06/07/13   Page 1 of 2

JS 44  (Rev. 12/12)                                    **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| STEPHEN G. CONKLIN | YVETTE KANE |

| (b) County of Residence of First Listed Plaintiff  Dauphin | County of Residence of First Listed Defendant |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c) Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Stephen G. Conklin | Mark E. Morrison, Civil Chief (AUSA) |
| 22 Mairdale Avenue | U.S. Attorney's Office (MDPA) |
| Pittsburgh, PA 15214 | 228 Walnut Street, Harrisburg, PA 17101 |

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question *(U.S. Government Not a Party)*

☒ 2 U.S. Government Defendant

☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | **PERSONAL INJURY** ☐ 365 Personal Injury - Product Liability | **PROPERTY RIGHTS** ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 893 Environmental Matters |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | |
| | | ☐ 555 Prison Condition | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding

☒ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from Another District *(specify)*

☐ 6 Multidistrict Litigation

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
28 U.S.C. § 1441

Brief description of cause:

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

**VIII. RELATED CASE(S) IF ANY**

*(See instructions):*   JUDGE Dauphin County Court of Common Plea   DOCKET NUMBER 2013 CV 2962 CV

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE



A71

Ex G



Pg1

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a)  **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b)  **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c)  **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.  **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; NOTE: federal question actions take precedence over diversity cases.)

III.  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.  **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.  **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

VI.  **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. Do not cite jurisdictional statutes unless diversity. Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

VII.  **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.  **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

Ex G
pg 2

From: Mike Conklin <conklinmike20@gmail.com>
Subject: **KANE**
Date: June 19, 2013 3:25:39 PM EDT
To: stephen <satorifarm@satorifarm.org>

Hi Steve,

Recieved today dated June 14, 2013 DESIGNATION OF DISTRICT JUDGE FOR SERVICE IN ANOTHER DISTRICT WITHIN THE CIRCUIT. Judge Timothy J. Savage of the Eastern District is assigned the case. the document is signed by Theordore A. Mckee Chief Judge United States Court of Appeals for the 3rd circuit. The authority cited is 28 USC 292(b) which states:

**(b)** The chief judge of a circuit may, in the public interest, designate and assign temporarily any district judge of the circuit to hold a district court in any district within the circuit.

A72

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

Stephen G. Conklin,                  .    Docket #13-CV-3058 (JRS)
                                     .
        Plaintiff,                   .
                                     .    United States Courthouse
           vs.                       .    Philadelphia, PA
                                     .    August 26, 2014
Yvette Kane,                         .    1:28 p.m.
                                     .
        Defendant.                   .
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

TRANSCRIPT OF TELEPHONIC CONFERENCE
BEFORE THE HONORABLE JUAN R. SANCHEZ
UNITED STATES DISTRICT COURT JUDGE

APPEARANCES:

For The Plaintiff:          Stephen G. Conklin
                            Pro Se
                            22 Mairdale Ave.
                            Pittsburgh, PA 1521906

For The Defendant:          Thomas B. Schmidt, III, Esq.
                            Pepper Hamilton, LLP
                            100 Market Street-Ste. 200
                            Harrisburg, PA 17108

For Mark E. Morrison:       Kate Mershimer, Esq.
                            United States Attorney's Office
                            228 Walnut Street-Ste. 220
                            Harrisburg, PA 17108

Audio Operator:             Katie Furphy

A 73

2

Transcribing Firm:                    Writer's Cramp, Inc.
                                            6 Norton Rd.
                                            Monmouth Jct., NJ 08852
                                            732-329-0191

Proceedings recorded by electronic sound recording, transcript
produced by transcription service.

A74

3

```
1              THE COURT:  Good afternoon.
2              ALL:  Good afternoon, Your Honor.
3              THE COURT:  Okay.  Do I have all the parties on the
4     line?
5              MS. MERSHIMER:  Well, Your Honor, my name is Kate
6     Mershimer and I'm an Assistant U.S. Attorney appearing on
7     behalf of Michael Butler --
8              THE COURT:  Okay.
9              MR. MERSHIMER:  -- for Defendant -- for Mark
10    Morrison.
11             THE COURT:  Very well, do I have Mr. Conklin?
12             MR. CONKLIN:  Yes, you do.
13             THE COURT:  Mr. Stephen G. Conklin, right?
14             MR. CONKLIN:  Speaking.
15             THE COURT:  And do I have for Judge Kane, Attorney
16    Thomas B. Schmidt?
17             MR. SCHMIDT:  Speaking, Your Honor.
18             THE COURT:  Very well, this is the --
19             MS. MERSHIMER:  Your Honor, I just want --
20             THE COURT:  Excuse me?
21             MS. MERSHIMER:  I hate to interrupt you, sir, I'm
22    very sorry, but I just want to let you know that Mr. Conklin
23    also has a Court Reporter on his end.
24             THE COURT:  Well, this is -- I was just going to
25    indicate that this is the case of Conklin vs. Kane, term
```

$A75$

4

1    number 13-3058.  This telephone conference is on the record.

2    So this Court has the official record for this proceeding.

3    Given the fact that Mr. Conklin also has a Court Reporter

4    present, does anybody object to that?

5              MS. MERSHIMER:  No, Your Honor.

6              MR. SCHMIDT:  No, Your Honor.

7              THE COURT:  Okay, that's fine then.  We'll proceed.

8    Again, this is a telephone conference and this telephone

9    conference is on the record.  I believe that the parties

10   before me have already identified themselves.  I have

11   representing himself Mr. Stephen G. Conklin.  I have Attorney

12   Kate Mershimer on behalf of Attorney Michael Butler,

13   representing Attorney Morrison.  And representing Judge Kane

14   is Attorney Thomas B. Schmidt.  For purposes of the

15   discussion on the record, let me just set the ground rules so

16   that we don't speak over each other.  I am going to ask that

17   each one of you wait until I call upon you to either make an

18   argument, a statement, or answer a question.  Does everybody

19   understand that simple procedure so that we don't step over

20   each other's answers or statements?  Mr. Conklin?

21             MR. CONKLIN:  Sir?

22             THE COURT:  Do you understand that simple procedure

23   so that we don't avoid -- we avoid speaking over each other,

24   yes or no?

25             MR. CONKLIN:  I do, and then I'd like to add, I'd

A 76

5

1    like to have Don Bailey on this call because he's dispositive

2    of my Motion to Recuse.

3         THE COURT:  Very well.  Before I address that issue,

4    let me just touch bases with Attorney Kate Mershimer.  Any

5    objection or do you understand the simple procedure that I

6    want to follow so that we avoid speaking over each other?

7         MS. MERSHIMER:  Yes, I understand the procedure,

8    Your Honor, that you want to follow.

9         THE COURT:  All right, and Attorney Schmidt?

10        MR. SCHMIDT:  I understand the procedure.

11        THE COURT:  All right, now with regards to

12   Attorney Baily, who is I understand present in this

13   conversation, Mr. Conklin?

14        MR. CONKLIN:  I'm sorry, sir.  I'm trying to add him

15   to the conversation.

16        THE COURT:  Say that again.

17        MR. CONKLIN:  He's on standby waiting to join this

18   call.

19        THE COURT:  Okay.  Now is he a party to the case?

20        MR. CONKLIN:  He is directly involved with the

21   Recusal Motion that is before you.

22        THE COURT:  When you say Recusal Motion before me,

23   all I want to know is whether he's a party to this

24   litigation.  Is he a party, a named party in either the

25   underlying case or in the present Motion for Removal and your

*A77*

6

1    Motion for a Remand of the removal back to State Court?   Is
2    he a party to that proceeding?
3              MR. CONKLIN:   He is not a named party in the
4    caption, but he's indispensable to its resolution.
5              THE COURT:   Okay.  And he, of course, is not an
6    attorney, right?
7              MR. CONKLIN:   Yes, he is.  I believe he's still able
8    to practice in the Middle and Western Districts.
9              THE COURT:   Very well --
10             MR. CONKLIN:   And you're designated to the Middle
11   District, so therefore I think it's okay.
12             THE COURT:   Very well.  Does Attorney Mershimer and
13   Attorney Schmidt take a position on this?  Let me hear from
14   Kate Mershimer.  Let me pronounce that Mershimer?
15             MS. MERSHIMER:   Mershimer.
16             THE COURT:   Mershimer.  You take a position on
17   allowing a non-party to this litigation to participate in
18   this conversation that we are having on the record regarding
19   the pending Motions before the Court?
20             MS. MERSHIMER:   I don't see the need to have him
21   myself, Your Honor.
22             THE COURT:   Okay.
23             MS. MERSHIMER:   And I would let you know that I do
24   not have the capabilities to add him myself to the call.
25             THE COURT:   Okay, Attorney Schmidt?

A78

7

1          MR. SCHMIDT:  Your Honor, I don't believe Mr. Bailey

2     has a role.  He's not entered an appearance in this case.

3     And if the only matter before the Court is the Removal Motion

4     that's pending, then I don't think Mr. Baily has anything to

5     add to that.

6          THE COURT:  Very well.  Mr. Conklin, since he is not

7     a party to the pending Motion before the Court that I need to

8     address, and he is not a lawyer who has entered his

9     appearance on your behalf to represent your interests, I will

10    not allow him to participate.  I don't think he's necessary.

11    And what I would like to do is to make sort of a very brief

12    statement so that I could focus your discussion -- the

13    discussion and you could be helpful to me in properly

14    deciding the pending Motion to Remand the Motion for

15    Sanctions back to State Court.

16         So, number one, I want to thank you for making

17    yourselves available to me.  And as you well know, in late

18    May 2014, both the Motion to Remand filed by Mr. Conklin, and

19    also Judge Kane's Motion to Dismiss the Sanctions Motion

20    because -- became ripe for this Court to consider.  In other

21    words, it's ripe now for me to make a decision.  And I want

22    to make three simple points and then I will raise some

23    questions for both sides to answer so that I can proceed to

24    focus on the issues that I need you to address so this case

25    could be decided promptly.

A79

8

```
 1          One point is that Mr. Conklin's Motion for Remand based
 2     on the timeliness of the Notice of Removal, which was filed
 3     back on December 6th, 2013, I've got to tell you is an
 4     interesting issue and a thorny issue as well as are the other
 5     issues in this case of whether subsection (g) of Section 1446
 6     contemplates that the same section 1442(a) proceeding could
 7     be removed on more than one juncture, and if so, whether the
 8     State Judge Order scheduling a hearing on his Motion for
 9     Sanctions re-triggered the 30 day clock.  And in deciding
10     this issue, for me at least, the key question is whether the
11     State Court Order of November 25th, 2013 issue setting a
12     hearing can be considered or construed as a Judicial Order
13     for testimony or documents.
14          Let me make this observation that I need you to address
15     and then we need to decide how it's to be addressed.  Neither
16     counsel for Morrison or Mr. Conklin has addressed this issue
17     head on.  Morrison does not cite Judge McLaughlin's case but
18     merely makes a statutory argument in his papers that a
19     hearing on the Motion for Sanctions is a proceeding.  And
20     because Section 1446(g) states that the clock runs from
21     notice of any such proceeding, he argues that the clock
22     should run from the notice of the Order of
23     November 25th, 2013, setting the hearing for
24     December 9th, 2013 on the Motion for Sanctions.
25          Mr. Conklin does not address the issue at all, and
```

A 80

9

1    attorney for Pepper Hamilton basically cites

2    Judge McLaughlin's opinion and asks me to follow the result

3    without necessarily applying the reasoning of that opinion to

4    the facts in this case, which are as I stated, raise an

5    interesting issue of whether the Order of November 25th, 2013

6    can be construed as a Judicial Order for testimony or

7    documents.  So the point being -- the first point being that

8    I am not at all clear that the State Court Order of

9    November 25th, 2013, setting a hearing is a Judicial Order

10   for testimony or documents.  The Order merely sets a hearing

11   and nothing more.

12        So I wanted to ask Attorney for Mr. Morrison, and that

13   would be Attorney Mershimer, why do you believe that the

14   State Court Order scheduling a hearing is an Order for

15   Production of testimony or documents?  And then I want to

16   hear Mr. Conklin's response.  So, Attorney Mershimer?

17        MS. MERSHIMER:  Well, the Order scheduling the

18   hearing, since the sole issue was whether Attorney Morrison

19   had authority to bring this -- to remove the case, was going

20   to have to involve testimony regarding Mr. Morrison's

21   authority to bring it forward.  Now, we had an argument that

22   the Plaintiff, Mr. Conklin, did not have standing, in

23   essence, to challenge the federal government representing

24   Judge Kane at that time, but if that was not resolved in our

25   favor, then Mr. Morrison was going to have to testify.  There

A81

10

1    was no way around that and that's what makes it an Order for

2    seeking testimony.

3           THE COURT:  But you agree that the Order merely sets

4    a hearing and setting a hearing does not necessarily require

5    or direct anyone to produce testimony or produce documents at

6    the hearing.

7           MS. MERSHIMER:  I can seek that point, Your Honor.

8    We were just taking it to the next logical step is that

9    there's no way to proceed with that hearing without

10   testimony.

11          THE COURT:  Right, but the -- and the statute

12   basically, and as you all know, talks in terms of an Order

13   issued -- even if you take a reading of Judge McLaughlin's

14   case, an Order thought -- issue or thought to be enforced for

15   a Judicial Order of testimony of documents.  And the question

16   to me that I think is key is certainly the issue of whether

17   the Judge's Order of November 25th, 2013, is a Judicial Order

18   for testimony of documents.

19          MS. MERSHIMER:  I totally understand, Your Honor.

20   It clearly is not expressly such an Order.  We argued that it

21   is implicitly such an Order.

22          THE COURT:  Okay, Mr. Conklin, your response.

23          MR. CONKLIN:  First, I need to get on the record

24   that neither Attorney Schmidt or Mershimer has any objections

25   to Don Baily being part of this call, contrary to what was

A82

11

1    said earlier.  Secondly, the really only issue that should be

2    before this Court and it's not ripe yet is the fact that I

3    filed for the recusal.  My brief is due tomorrow.  So all

4    this other stuff is superfluous and null.  That being said,

5    my March 10th Reply Motion speaks for itself.  When you file

6    a Motion in State Court, you have to put a proposed Order.

7    And the rule is pretty clear that they cite when you -- when

8    a rule is sought or issued -- there's nothing about, you

9    know, subpoena, testimony, production of documents, none of

10   that stuff.  Now that may have come out of whatever

11   determined on that December 9th hearing having gone through,

12   and then maybe they can get another bite of the apple at that

13   time or maybe not.  But at the present moment, they can't.

14       But none of that, none of it, and none of the other

15   Motions or whatever are dispositive at this moment.  All that

16   matters is I'm seeking your recusal.  My brief is due

17   tomorrow, which will spell it out pretty plain, and that's

18   all that's before you.  All this other stuff, we shouldn't

19   even be having a hearing.  The fact is as of today, I still

20   did not get this Order, whatever was supposedly entered on

21   the docket for this hearing today.  I still haven't

22   proceeded.  If not for Ms. Mershimer calling me yesterday,

23   which prompted a call to Mr. Schmidt and to Mr. Bailey

24   because then apparently Mr. Schmidt had sent an e-mail to

25   Mr. Bailey about this hearing, I wouldn't know anything about

A83

12

1     it.   The only thing that matters right now is the Recusal,

2     and it's being briefed, and it will be filed tomorrow.   And

3     then we can have a discussion about, you know, a hearing on

4     that.   Then after that comes the Remand.   Everything else

5     doesn't matter, you know, the Motions to, you know, Strike

6     the sanctions and all that kind of stuff, none of that

7     matters.

8               THE COURT:   Very well.

9               MR. CONKLIN:   All that matters right now is the

10    Recusal first, which is being briefed and will be filed

11    tomorrow timely.   And then once that's fully adjudicated

12    probably, and I will take whatever steps I have to take to

13    get that done, then we could talk about the remand that

14    should have happened pretty much six days ago when I filed my

15    reply brief on March 10th that pretty much vitiated any

16    argument they have about this, you know, November 25th,

17    that's when it started and all that crap.   And that's the end

18    of the story right there.

19              THE COURT:   Very well.   I understand your position

20    with regards to the Motion for Recusal.   I will address that

21    briefly, very briefly, after I get through these three points

22    that I want to raise with the parties.   So with regards to

23    the issue that I just identified that I think, as I said

24    before, is an interesting issue, is a thorny issue with

25    regards to whether the Notice of Removal was timely filed.   I

A 84

1    -- as I indicated, I observed some deficiency in the

2    pleadings.  So do you wish, Attorney Mershimer, to supplement

3    the record with a brief -- letter brief addressing that issue

4    that I just raised?

5            MS. MERSHIMER:  Yes, Your Honor.

6            THE COURT:  Flesh out your position a little bit

7    better.  And, Mr. Conklin, do you wish to also file a letter

8    brief no longer than three pages addressing that issue that I

9    fleshed out a little bit more no later than Friday?

10           MR. CONKLIN:  Well, again, see we're proceeding on

11   when the issue here is recusal.

12           THE COURT:  Okay, I'm asking you a question, do you

13   wish to --

14           MR. CONKLIN:  I want -- I do -- excuse me, sir.  I

15   do not want you in my case or in my proceedings period.

16   That's the end of the story right there.  Whether it's

17   getting briefed subsequently, hopefully it's in front of

18   another Judge.

19           THE COURT:  Very well.  I understand --

20           MR. CONKLIN:  Preferably, it should have went back

21   to Savage.  I mean this is all a conspiracy.  You know, and

22   it's spelled out in my brief and you're now a part of it.

23           MS. MERSHIMER:  Your --

24           MR. CONKLIN:  And that's really going on here.

25           THE COURT:  Very well, I -- go ahead,

A85

1    Attorney Mershimer?

2         MS. MERSHIMER:  Yes, I just wanted to let the record

3    reflect that the Plaintiff is yelling at you.

4         THE COURT:  Yes, I noticed.  I think you should

5    relax a little bit because I will briefly address the issue

6    of the recusal.  And if you give me a minute and the courtesy

7    of hearing me out, Attorney -- Mr. Conklin, I'm going to give

8    you the opportunity to address the second point -- the first

9    point that I raised because I acknowledge and I don't think

10   you're listening to what I just said.  I acknowledged that

11   you raised an interesting point with regards to whether the

12   Notice of Removal of the proceeding was timely and it's a

13   thorny issue because it has to be decided, I think, as a

14   threshold issue.  So that's number one.  And the --

15        MR. CONKLIN:  Your Honor, did you say --

16        THE COURT:  Excuse me.  Excuse me, I'd like to do

17   the procedure that I want to follow.  Wait until I recognize

18   you so that you could address the Court.  So let me finish my

19   statement and then I will recognize you.  And so I have given

20   until Friday for the attorney for Morrison, Attorney

21   Mershimer, to file a letter brief no longer than three pages

22   to supplement -- single spaced -- to supplement that issue or

23   that deficiency so that this issue could be properly briefed.

24   And like I said, you did not address it at all.  So I'm going

25   to give you the same opportunity.  Do you -- and you have the

A86

15

1    right to file a supplemental brief and I'll give you until

2    Friday, at the end of business day, in which to file a

3    supplemental brief on that issue as I outlined before I rule

4    on the Motion, once I address your Motion to Disqualify.  So,

5    Mr. Conklin, what is it that you want to address?

6            MR. CONKLIN:  Twice now I couldn't understand you.

7    I heard you say interesting and then I thought I heard you

8    say phony and I don't know if that's the word you used or not

9    and that's why I was asking.  What -- because it came through

10   as like you said phony issue.

11           THE COURT:  I did not say phony.

12           MR. CONKLIN:  I'm asking --

13           THE COURT:  I said in -- let me repeat what I said.

14   I said interesting and a thorny issue, in other words a

15   thorny issue that is raised --

16           MR. CONKLIN:  I apologize.

17           THE COURT:  -- on the issue of timeliness.  So I

18   acknowledged --

19           MR. CONKLIN:  I apologize.

20           THE COURT:  -- ,that you have a point with regards

21   to your Motion for Timeliness of the removal proceedings.

22   And as I indicated to you from my perspective, I thought that

23   one of the keys in deciding the Motion for Remand is whether

24   the State Court Order of November 25th, 2013, which was

25   issued -- setting a hearing, can be construed as a Judicial

A 87

1    Order for testimony or documents as pointed out by Judge

2    McLaughlin in her opinion.  So I have given you an

3    opportunity to address that issue.

4         Moving on, I'm going to move on to point number 2, which

5    is an issue that I want, if at all possible, to hear brief

6    argument, but give you an opportunity to supplement it as

7    well is I need to understand, or at least the parties to

8    brief the issue of whether equitable principles apply or

9    should apply to 1446 to excuse the late filing of the Notice

10   of Removal.  In other words, why was the Notice of Removal

11   filed six days after the 30 day period expired under the

12   statute, which expired back on November 31st, 2013, which as

13   well as you know, even when the Judge issued the Order

14   scheduling the hearing, now you still have time to file the

15   Notice of Removal in a timely fashion, but it was filed six

16   days late, whether any equitable principles apply or should

17   apply.  So let me hear from Attorney Mershimer.

18        MS. MERSHIMER:  Your Honor, I will have to tell you

19   that at this point, I think I would have to address that

20   through a letter brief if you don't mind, just because I

21   don't know what happened then.

22        THE COURT:  Okay.

23        MS. MERSHIMER:  I was not in the case at that point.

24        THE COURT:  Very well, because I don't know that --

25        MS. MERSHIMER:  I apologize, Your Honor.

17

1    THE COURT:  Very well.  Nowhere in the record or the

2    pleadings is there a statement, or an indication, as to why

3    the Notice of the Removal was filed late.  I know that

4    there's been other lawsuits filed, but I don't know why it

5    was filed late.  So I will give you the opportunity to

6    supplement your brief and address the issue of whether there

7    are equitable principles that apply or should apply to excuse

8    the late filing of the Notice of Removal.  Mr. Conklin, I

9    will give you the same opportunity because I don't think the

10   record is clear on that issue either as to why there was a

11   failure to file the Notice of Removal within the 30 days from

12   the November -- the October 31st, 2013 Motion seeking

13   sanctions.  Understood, Mr. Conklin?  Mr. Conklin?

14   MR. CONKLIN:  Is that what I'm understanding, that I

15   have three days -- I have until Friday to brief this?

16   THE COURT:  Yes, until Friday.

17   MR. CONKLIN:  Three pages -- what is it, three

18   pages?

19   THE COURT:  Three pages single spaced.  You could be

20   brief -- you could just -- three pages, single-spaced.

21   Understood?

22   MR. CONKLIN:  I understand and I'll take that under

23   advisement, and if I file something, it will be under protest

24   because I don't think we should be going that far.

25   THE COURT:  Okay.  The reason -- and let me just

*A89*

18

1    explain for the benefit of both Mr. Conklin and the

2    Government attorney.  I see this as a procedural issue, after

3    all, not a jurisdictional issue.  So I'm wondering, and the

4    reason for my question is I'm wondering whether equitable

5    principles to excuse the late filing applied or not, and I

6    want you to give me some guidance on that, understood?

7            MR. CONKLIN:  May I add?

8            THE COURT:  Understood, Mr. Conklin?

9            MR. CONKLIN:  I do.  And I understand that they

10   rested their whole thing on the November 25th.  They don't

11   have an excuse for being late, and now you're trying to give

12   them one, giving them an opportunity make one.

13           THE COURT:  Again --

14           MR. CONKLIN:  That's what I see.

15           THE COURT:  Again, this is a procedural issue.  It's

16   not a statutory issue, and this is a relatively new provision

17   of the law, as you well know, it was adopted in 2011.  So

18   that's why I'm asking whether -- since there's a procedural

19   matter, is -- are there any equitable principles that apply

20   or should apply to excuse the late filing.

21       Moving on to the third point that I wanted you to give

22   me some guidance in any event, is the following.  And that is

23   that the Pepper Hamilton firm, Mr. Schmidt, you filed the

24   Motion to Dismiss Kane's Motions for Sanctions against Judge

25   Kane, but you will agree with me that that is all predicated

*A90*

19

1    on this procedural issue of whether the Motion for Notice --

2    the Notice of Removal was timely filed.  Do you agree?

3         MR. SCHMIDT:  Well, yes, I -- actually in the brief

4    that we filed more than once, we said that the Motion to

5    Dismiss can only be decided if Your Honor agrees that removal

6    was proper or, in other words, if it was timely and denies

7    the Motion to Remand.  So it is a contingent Motion in that

8    sense that you have to have jurisdiction before you rule on

9    it.

10        THE COURT:  Very well.  To the extend that these

11   issues that I raised, you want to weigh in on them to the

12   extent -- because your position piggy backs on that, you are

13   welcome also to send me a response by Friday no longer than

14   three pages if you wish.

15        MR. SCHMIDT:  I appreciate the opportunity, thank

16   you.

17        THE COURT:  Right, now moving on to the third point,

18   which at the end of the day, I'm going to ask the Government

19   Attorney Mershimer and Attorney Schmidt, at the end of the

20   day, why does it make a difference that this case is remanded

21   or not?  What is the harm in remanding the case to the State

22   Court since, as you all know, no Complaint was filed after

23   the Pepper Hamilton served Mr. Conklin with a previously

24   issued rule to file a Complaint, and that was filed on

25   December 9th, 2013.  The State Judge, and from what I

A91

20

1   understand in our review of the record, entered a judgment of

2   non pros in the State case.  And this judgment in that

3   underlying action has been entered against Mr. Conklin.  No

4   appeal has been taken, and the case -- the underlying case is

5   now closed.  So my question is, doesn't that situation,

6   whether the case is remanded or the case is before me,

7   rendered the issue on the Motion for sanctions moot.  Let me

8   hear Attorney Mershimer.

9            MS. MERSHIMER:  I am concerned that --

10           THE COURT:  In other words, what is your concern

11  with agreeing to remanding this case back since the 30 day

12  period for appeal was blown?

13           MS. MERSHIMER:  Well, but I did not realize there

14  has been a non pros issued, Your Honor, but our concern is

15  just that the issue of sanctions could be viewed as a

16  separate matter than the underlying merits of the Writ or

17  Complaint that the Plaintiff was trying to file against

18  Judge Kane.  And the Court could say, well, even though the

19  subsequent matter against Judge Kane is dismissed, we still

20  have this issue of sanctions that we didn't address, that we

21  would have addressed but for the removal, and that's why we

22  still think we have this federal interest in having it

23  resolved in Federal Court about seeking Motions against the

24  Federal Attorney for representing a Federal Judge and for

25  violating Rule 11.

A-92

21

1          THE COURT:  But isn't the standard that the Judge in

2    State Court or I have to apply in Federal Court, the standard

3    for testing the attorney's conduct is whether the conduct was

4    objectively reasonable under the circumstances, which is a

5    pretty high standard where sanctions only apply in the

6    exceptional circumstance where a Motion is patently frivolous

7    or meritorious.  And here, there's a summons issue, and a

8    federal judicial officer, and an Assistant United States

9    Attorney are named in the party.  So you still fear that the

10   Judge would enter a non pros, and dismiss the case, and enter

11   judgment against Mr. Conklin could still impose sanctions on

12   a federal officer?

13          MS. MERSHIMER:  In theory, Your Honor, it's a

14   possibility and we sought to preserve having a Federal Court

15   resolve that instead of the State Court, which is the basis

16   of a removal statute.  It's -- you know, you always hope the

17   State Court would resolve it the same, but Congress required

18   a procedure where a federal interest could be decided by

19   federal judges and we were pursuing that.

20          THE COURT:  Okay, but the statute -- the removal

21   statute, again, is -- I mean, it seems to be limited to

22   situations where a federal officer or -- a federal judicial

23   officer is required to offer testimony or have documents and

24   from the Order I'm not so clear, but you're going to brief

25   those issues.

A93

22

1          MS. MERSHIMER:  Yes, Your Honor.

2          THE COURT:  Attorney Schmidt, could you respond to

3      that?

4          MR. SCHMIDT:  Certainly, Your Honor.  First of all,

5      I agree with what Kate Mershimer just said, which is the

6      congressional policy that's framed up in the removal statute

7      says that any decision made about a federal officer or U.S.

8      Attorney's conduct in litigation should be decided by a

9      federal judge rather than a state judge.  My other two points

10     would be that I suspect if the Court were to ask Mr. Conklin

11     whether he agrees that his State Court action is over and

12     that his Motion for Sanctions in the State Court is moot, he

13     would say he doesn't agree with that.  So, I think it's

14     unlikely that he would stipulate to that.  If he would

15     stipulate to it, I'd agree, we could all stop this call and

16     go home because the case would be over.  So I would

17     anticipate he wouldn't stipulate to that.

18          And finally, I think I should add a clarifying

19     procedural point.  The judgment of non pros was entered

20     pursuant to the Rules of Civil Procedure.  It was not entered

21     by a judge.  So, while there's no appeal that has been taken,

22     it's at least conceivable that Mr. Conklin could go in and

23     file a Petition to open or strike the judgment of non pros.

24     I don't think he would have good grounds for doing that, but

25     that doesn't mean he couldn't try.  So, I'd certainly

A 94

1      anticipate the possibility, even the likelihood that if the

2      case before you now were to be remanded to Dauphin County

3      Court, that we would have ongoing litigation there with

4      Mr. Conklin.  That's why I think the removal objective that

5      Congress has enacted should be honored in this case and why

6      you should go on with the litigation before Federal Court

7      rather than then State Court.

8                THE COURT:  Yeah, under Title -- as you all know,

9      under Section 442, that policy is true, but as you all know,

10     and Mr. Conklin raises an interesting issue, I'm merely

11     construing Section 1446(g) that deals with the issue of

12     timeliness, not the issue of whether the proceeding should be

13     removed.  And I think it's the interesting procedural issue

14     that he raises and so the policy for removal is true, you

15     make a point, but I am really -- in terms of addressing this

16     point, I'm construing 1446(g) which is what, as you all,

17     Judge McLaughlin in this Court in a very different case, I

18     think.  You pointed it out, but I don't think you gave me a

19     lot of detail.  And that case is an extraordinary case where

20     the Court -- the Supreme Court directed the trial court to

21     resolve and make findings of fact with regards to the issue

22     of whether the federal community defender organization was

23     using federal dollars, or private dollars, to finance the

24     litigation in State Court of a murder defendant -- a death

25     row defendant.  So, in that case, there was a directive from

A 95

24

1    the Court to take testimony which I'm not so sure -- again, I

2    come back to that issue that I ask that the parties,

3    Mr. Conklin, Attorney Mershimer, and Attorney Schmidt to

4    address.  I keep coming back to the issue of whether, for

5    purposes of 1446(g) whether that could be construed, the

6    State Court judge's Order to schedule a hearing could be

7    construed as a judicial or required testimony for the

8    production of documents.  Do you understand my concern?

9            MR. SCHMIDT:  I do, Your Honor, and I will file a

10   letter brief.  But if I could just take a moment and make two

11   observations right now.  The first is that when

12   Judge McLaughlin talks about the circumstances in the FCPO

13   (phonetic) case, she does talk about the congressional

14   statements, I think they're in the 2011 amendments, that say

15   that the Federal Officer removal statute needs to be

16   liberally construed to achieve the congressional objective.

17   She notes the legislative history, which is that the Justice

18   Department typically ignores the Subpoena until there's a

19   Motion filed to compel performance under the Subpoena.  The

20   Order that we had from the Dauphin County Trial Court Judge

21   was for a hearing, and it was a hearing on a Motion for

22   Sanctions.  And as Kate Mershimer said earlier, that was not

23   a listing for an argument.  It was a hearing.  It was

24   described as a hearing, and I think that the U.S. Attorney's

25   Office and Judge Kane anticipated that people would have to

A 96

25

1    provide facts in the form of testimony to the trial judge in

2    order to respond to the Motion for Sanctions that Mr. Conklin

3    had filed.  So, that's why we made the argument that we did.

4    I'll be happy to flesh it out a little bit more in a letter

5    brief.

6              THE COURT:  Right.

7              MR. SCHMIDT:  But I do think that 1446(g) does apply

8    to the circumstances of this case.

9              THE COURT:  Very well.  I understand the -- and it's

10   the only case reported where Judge McLaughlin rules that 1446

11   can be re-triggered -- can re-trigger the 30 day period.  So

12   I do understand that.  I don't have that in the record.  I

13   don't think there's anything on the record for me to

14   determine or to find out whether the State Trial Judge Court

15   ordered a hearing for a taking of the testimony and resolving

16   the issue similar to what happened in McLaughlin.  I don't

17   think it's in the pleadings.  You correct me if I'm wrong.

18             MR. SCHMIDT:  Your Honor, I'm -- I guess a

19   practitioner of 40 years experience in Dauphin County, I

20   think that the orders tend to be pretty laconic.  They don't

21   say anything about producing witnesses or documents, but it's

22   my understanding, and it has been for decades, that there's a

23   difference between a hearing and an argument, and the Order

24   was for a hearing.

25             THE COURT:  Yes, but a hearing, as you well know, we

*A97*

26

1    schedule hearings all the time and we -- a hearing may be an

2    argument taking, you know, or giving the parties an

3    opportunity to present testimony, but parties don't have to

4    present testimony.  Sometimes the issues are just legal

5    issues.  It's just presenting an opportunity and I don't

6    think that, for example, as in the case that McLaughlin

7    addressed, there was a directive for the Trial Court to take

8    testimony and resolve the issue.  Mr. -- so I'm going to give

9    you -- again, you could supplement by way of a letter brief,

10   if you wish, so that I could have a clear picture of why the

11   State Trial Judge scheduled a hearing on November 25th, 2013,

12   cut out an Order scheduling a hearing for

13   December 9th of 2013, and Mr. Conklin could address it as

14   well as to what is his position with regard to the question I

15   raised.

16          But moving on, Mr. Conklin, let me just impose this

17   question to you.  Let me -- let's assume for a minute that

18   you get what you want, that I agree with you and I remand the

19   proceedings back to State Court, tell me, what are you going

20   to do?  Your case in State Court is closed.  Judgment was

21   entered against you because you never filed a Complaint.  So,

22   at the end of the day, what are you going to do or what do

23   you expect to achieve with a remand?

24          MR. CONKLIN:  I'll take that matter up in State

25   Court.

*A 98*

27

1          THE COURT:  Is that your answer?  Is that your

2     answer?

3          MR. CONKLIN:  That's it in a nutshell.  Obviously I

4     don't stipulate.  I agree that --

5          THE COURT:  Excuse me --

6          MR. CONKLIN:  -- maybe it has lapsed, but that's not

7     the -- but as Mr. Schmidt points out, there's a possibility

8     of opening or striking because -- but you have to do that --

9     excuse me, I'm sorry.

10          THE COURT:  No problem.

11          MR. CONKLIN:  Somebody let the dog in.  You have to

12     either open or strike before you can take an appeal.  So that

13     position's pretty much academic there.

14          THE COURT:  So --

15          MR. CONKLIN:  I could agree that a judgment's

16     entered, but if that's what they think, that's fine.

17          THE COURT:  Well --

18          MR. CONKLIN:  Once again, that's something for me to

19     address in State Court, not here.

20          THE COURT:  Okay, so your answer to my question is

21     you refuse to answer my question as to what do you intend to

22     do in State Court.  Since your case, the Judge granted a non

23     pros and judgment was centered against you because my

24     understanding is you were ruled to file a Complaint and you

25     never filed a Complaint.  Right?

A99

28

1      MR. CONKLIN:  Nor is there anything lawful that said

2  I had to do it yet.

3      THE COURT:  Okay.

4      MR. CONKLIN:  But that's another story.

5      THE COURT:  Very well.  Now what is the nature of

6  your Complaint against Judge Kane?  What is the nature of

7  your Complaint against Judge Kane?

8      MR. CONKLIN:  That's not an issue at this moment.

9      THE COURT:  Well --

10      MR. CONKLIN:  It's not an issue.

11      THE COURT:  Well, she's a federal officer, and

12  anyone looking at the Complaint, if the Complaint is filed

13  against a federal officer, a judicial officer in this regard,

14  in their official capacity, or even if it's personally but in

15  the course of performing her duties, you know, and you do

16  understand that that is subject to removal, number one, and

17  that there is immunity, absolute immunity from suit.  So my

18  question to you is, again, let me repeat because I think

19  there was an indication in the pleadings that you did not

20  file a Complaint and refused to disclose to counsel the basis

21  of your Complaint against Judge Kane.  So, what is the basis

22  of your Complaint against Judge Kane?

23      MR. CONKLIN:  That's not up for discussion.  There's

24  no Complaint, there's no federal question, and that goes

25  right back to this removal and for the hearing thing.

A-100

1    There's nothing there.  There's no Subpoena, testimony, any

2    of that stuff.  It was simply a motion's Court hearing, which

3    requires a Proposed Order.  And that Proposed Order was --

4    fits right in to 1442(d)(1) and 1446(c), when an Order is

5    sought or issued.

6            THE COURT:  All right.

7            MR. CONKLIN:  Simple as that.  I mean, there's

8    really nothing else to discuss.  It should be not -- my issue

9    should be back in State Court.  It should be remanded, but

10   again, I'll go back to the initial issue, recusal comes

11   first.

12           THE COURT:  If your claims have nothing to do with

13   Judge Kane's status as a federal judge, could you tell me why

14   didn't you file a Complaint in State Court?

15           MR. CONKLIN:  I do not have -- why?  Because they

16   haven't done it properly, that's why.  I don't have to yet.

17   They --

18           THE COURT:  So --

19           MR. CONKLIN:  This could have been -- if not for the

20   (indiscern.) of Yvette Kane, this could have been settled way

21   back a year and, you know, what, four months ago, by simply

22   doing what Judge Savage told her to do.  She didn't do it.

23   And now it's just going to cover up, on top of cover up, on

24   top of cover up trying to protect everybody from what they've

25   done that is wrong.  That's the basis of the Bivens Complaint

A 101

1    that was filed on October 23rd, and yet that still didn't

2    stop them.  Where Morrison went in, surreptitiously got a

3    rule to file a Complaint, but never served it, which is later

4    admitted by opposing counsel here.  So, yeah, I mean, I'm

5    being harmed, you know, and I'm -- we're going to do this

6    right and then I will address the other issues that I sought

7    to address way back in April of 2013.

8              THE COURT:  Wait, so Mr. Conklin, if I understand

9    you correctly, even if I was to -- you're taking the position

10   that you don't have to tell anyone or you didn't have to file

11   the Complaint and tell anyone whether the Complaint had

12   anything to do with Judge Kane's status as a federal judge

13   because they have not filed a Notice of Removal in a timely

14   fashion, is that what I understand you to be telling me?

15             MR. CONKLIN:  What you understand is from the first

16   time it removed, and it came back lacking jurisdiction, and

17   Judge Savage clearly indicated in footnote 1 what Defendant

18   Kane needed to do.  She didn't do it.  She now sent Morrison

19   back in, after being told there was no jurisdiction, there's

20   no authority here, there's no federal question, there's no

21   Complaint (indiscern.) --

22             THE COURT:  Mr. Conklin, on that issue, I review the

23   pleadings, and I have reviewed the Motion, I -- correct me if

24   I'm wrong, maybe I am wrong, but my understanding was that

25   Judge Savage remanded the case back to State Court because

A 102

31

1    there was -- you had not filed a Complaint from which he

2    could tell whether the status of Judge Kane had anything to

3    do with your Complaint in State Court.  Am I correct on that,

4    Attorney Mershimer?

5              MS. MERSHIMER:  Yes, Your Honor.

6              THE COURT:  And Attorney Schmidt?

7              MR. SCHMIDT:  Yes, Your Honor.

8              THE COURT:  So you have not filed a -- that's the

9    only reason why he remanded the case, but you elected to file

10   then a Motion for Sanctions and of course, you never did file

11   a Complaint, if I understand it correctly.  So you still

12   today do not -- I have no understanding whatsoever whether

13   your claims had anything to do with Judge Kane's status as a

14   federal judge, because if it didn't then a Complaint would

15   have cleared that up and you have --

16             MR. CONKLIN:  The issue here is what I've said, and

17   when this is settled here, I will address it back in State

18   Court as it needs be, simple as that.

19             THE COURT:  All right --

20             MR. CONKLIN:  This is not dispositive of what's

21   going on right now.

22             THE COURT:  Let me ask the following question,

23   because you filed a Motion for Sanctions which is before me

24   and that's the only thing before me now and I have to decide

25   whether to remand it or not, but how is the Motion for

A/03

32

1   Sanctions that is before me right now any different than the

2   Complaint that you filed in Federal Court, the Bivens action,

3   which is also before me.  Aren't you asking for the same

4   relief in that case?

5          MR. CONKLIN:  No, sir.

6          THE COURT:  What are you asking in that case?

7          MR. CONKLIN:  It's clearly spelled out.  The Bivens

8   Complaint, which was filed on October 23rd, is for everything

9   that happened following my Writ of Summons, up through the

10  Removal, up through the Remand on October 27th, 2013.  The

11  State Court Motion is about what's happened after that, where

12  Morrison goes in and gets a rule to file a Complaint, but

13  does not serve it, which is later admitted by opposing

14  counsel.  It was never served.  And then try to sneak a non

15  pros in.  And (indiscern.), he had no authority to a -- to

16  get a rule to file a Complaint, and certainly not abuse

17  process by keeping it and then trying to sneak a judgment in

18  with a 10 day notice.  That is what that's about.  Bivens is

19  for everything before remand, and the state thing is for

20  everything after remand.  It's as simple as that.  It's

21  spelled out multiple times.  No matter how much (indiscern.)

22  is being used to make a tie with the first removal, that it's

23  clear what it's about.  The relief on my emergency motion's

24  spelled out clearly what it's about.

25         THE COURT:  Very well.  Attorney Mershimer, could

A)04

33

1    you respond, if you wish to respond, to those questions that

2    I posed to Mr. Conklin?

3             MS. MERSHIMER:   I'm sorry, I got a little lost in

4    what Mr. Conklin was saying.

5             THE COURT:   Well, my question is we got beyond the

6    question of what is the basis of the Complaint and why, if

7    the claims against Judge Kane had nothing to do with

8    Judge Kane's status as a federal judge, why didn't he file a

9    Complaint.  He believes that he doesn't have to because of

10   the procedural posture of this case.  And then I proceeded to

11   ask questions regarding the fact that he filed another

12   Complaint, a Bivens Complaint, in Federal Court that is

13   before me.  And it appears to me that he was asking the same

14   time of release, and I'm asking him to comment on that.

15            MS. MERSHIMER:   Okay, Your Honor.  The procedural

16   posture aspect would be that when the case was remanded and

17   Mr. -- Attorney Morrison filed a Writ to Show Cause, or

18   whatever the appropriate title is to have a Complaint filed,

19   Mr. Conklin's arguing that it -- that show cause document was

20   not properly served upon him, and therefore, he still didn't

21   have to file an Answer.  He's relying on very technical,

22   procedural arguments.  As to the business Complaint, I do

23   think the -- much of it is overlapping and he's seeking the

24   same thing.  He's just -- is going on with his continued

25   conspiracy that everything that is done is trying to injure

A 105

1    him, but he is trying to seek additional damages beyond what

2    he could get for the sanctions.  I believe there's a great

3    amount of overlap, but that's what I would proceed as being

4    the slight difference between them.

5            THE COURT:  Very well.  I have one other matter that

6    I promised Mr. Conklin that I will address, and this is the

7    last point then.  Before that, Mr. -- Attorney Schmidt, do

8    you wish to weigh in on this issue?

9            MR. CONKLIN:  No, Your Honor, I don't have anything

10   to add to what Kate Mershimer just said.

11           THE COURT:  Okay, thank you very much.  Now let me

12   go onto the last issue that he raises that he wants me to

13   address regarding his Motion that was filed approximately 13

14   days ago, asking that I be removed or disqualified under

15   Title 28, Section 455(a), questioning my impartiality.  And

16   the thrust of the claims is that there has been inexcusable

17   delay in connection with both the removal action and also the

18   related Bivens action.

19       One thing that I wanted to comment on that and then I'll

20   hear you view, Mr. Conklin, briefly, and I'm going to hear

21   response for the other attorneys, your claim of inexcusable

22   neglect, my review of the file on the docket in this case

23   tells me that this action, the Motion for Sanctions -- the

24   Motion for Remand based on your Motion for Sanctions became

25   ripe in late May 2014 because I granted you multiple requests

A )&

35

1    for extensions of time.  And the Bivens action became ripe

2    sometime in the middle of April of 2014.  So I want to

3    understand for -- from you why you believe, or why you are

4    claiming, factually claiming that, or questioning my

5    impartiality in asking me for my recusal.

6         MR. CONKLIN:  First off, it became a settled issue

7    about removal and remand following my March 10th filing and

8    (indiscern.), which is what you find interesting and a thorny

9    issue.  The two enlargements thereafter, with my dad passing

10   and so on, were on Motions to Dismiss the sanctions, which

11   shouldn't even be considered because the first issue at that

12   time was the removal/remand, whether it should be remanded.

13   Now, it's been 156 days since I filed up until August 13th,

14   that I filed that reply Motion that spelled out that you find

15   interesting and thorny.  Nothing had happened in it.

16        On the federal case where I'm being heard, there was an

17   absolute duty to have a Rule 16 conference scheduled within

18   120 days regardless of what else is going on.  And as a

19   matter of fact, since you're in the Middle District, I think

20   they called for at least two pre-trial conferences on those

21   matters.  Nothing's happened.  And I submit on both of these,

22   the delay -- these cases were held hostage until I filed that

23   recusal.  And to do so, one was to kill discovery time

24   because Middle District has a pension for, you know, how long

25   discovery's going to be, so that would kill that, and you

A 107

36

1   know, deciding my rights in this case because it should have
2   been remanded.  And it should have never went to you, it
3   should have went back to Judge Savage.  These were all case
4   related, clearly case related, and you have what you -- the
5   Middle District doesn't have a rule on it, but your Eastern
6   District certainly has a rule under LR40.1 and so on, that
7   even if it's not marked as case related, when it becomes
8   known, you do this.

9       Now, I submit what's happened here, because they didn't
10  get the decision they wanted the first time around with it
11  being remanded, there's some judge shopping.  And it was
12  seized on opportunity to reassign it because I had -- and
13  it's a retaliatory thing too, because now Judge Connor, who
14  is an absolute nemesis, and I will put on the record, I
15  believe a racist for decisions he's done before with me.  He
16  now calls the Third Circuit Chief Judge McGee and asks for a
17  designation of how we can fix this case.  And I think you
18  were brought in to fix it.  I think you're known,
19  euphemistically, if I sugar coat it as Mr. Fix-it, and I
20  think that goes way back to your days in Chester County, you
21  know, as known as zero for a hundred.  I don't think
22  anything's changed.

23      And I know there's no question, you know, Eastern
24  District has a random selection rule, but five cases in a two
25  year period all went to you that was filed by Don Bailey, and

A108

1   to further that harm there, the Eastern District, when it

2   issued a rule to show cause to have Don Bailey suspended from

3   practice there, before he was even allowed to timely respond,

4   enforced it.  So, I mean, there's no question what's going on

5   here, and I can go on further, and I will put that in my

6   brief that's due tomorrow, you know, if I need to be -- to

7   get really technical about all that's going on here.

8          THE COURT:  Very well.

9          MR. CONKLIN:  But this is -- there's a confederacy

10  at foot to deny me my rights and I'm not going to have it.

11  Either I get justice through the system, or I certainly will

12  publish this everywhere I can, everything that's going on.

13  And that's the plain and simple.  I need you to step down,

14  and another judge assigned, preferably back to Judge Savage,

15  but if not that, I'd like to be out of the entire Third

16  Circuit as I've asked for years ago.

17         THE COURT:  Okay.  Attorney Mershimer --

18         MR. CONKLIN:  That's my position.

19         THE COURT:  Attorney Mershimer, do you want -- wish

20  to respond?

21         MS. MERSHIMER:  Yes, Your Honor.  First of all,

22  since this is being -- a Court Reporter's taking this , I

23  want to reflect yet again how Mr. Conklin is yelling at you

24  and raising his voice, which I consider unprofessional.

25         MR. CONKLIN:  Nonsense.  Nonsense.

38

1            THE COURT:  Very well.

2            MS. MERSHIMER:  And --

3            THE COURT:  Go ahead.

4            MR. CONKLIN:  Nonsense.

5            THE COURT:  You may continue, please.

6            MS. MERSHIMER:  Beyond that, I think the Recusal

7    Motion is frivolous.  It was based on what he views as

8    timeliness.  We have not had the opportunity yet to brief

9    that because he's not filed his brief, but I know there is

10   plenty of case law out there that time delays alone do not

11   constitute a basis for recusal.  And anything that he has

12   just said today is something new, which he did not raise as a

13   basis of his recusal.  But we -- the Government just believes

14   that Motion for Recusal is patently meritless.

15           THE COURT:  Very well.  Attorney Schmidt, do you

16   wish to respond?

17           MR. SCHMIDT:  Yes, very quickly, Your Honor.  I

18   agree with Kate Mershimer that it's a -- on its face it's a

19   frivolous Motion.  We will file a brief in response to

20   whatever Mr. Conklin files.  But I have to say, I can't

21   resist pointing out that one of arguments that Mr. Conklin

22   makes in his Motion is that the parties have not made Rule 26

23   disclosures.  I think it's striking that given his refusal to

24   disclose in response to Your Honor's questions what the

25   nature of his underlying claim is against Judge Kane, that he

A-110

1    would seek to argue that Rule 26 disclosures, and the failure

2    to make disclosures provides a basis for disqualifying you

3    from this case.  I can't resist the irony of his taking a

4    strikingly inconsistent position.

5           THE COURT:  Very well.  Thank you very much for your

6    -- making yourselves available to me to answer some of my

7    questions and concerns regarding the pending Motion for a

8    Remand, the pending Motion to Dismiss the Motion for

9    Sanctions, and the pending Motion for Removal.  And I await

10   your supplemental briefing on Friday and your responses to

11   the Motion to Disqualify, and I will take a look at them and

12   issue an Order in due course.  Thank you very much for your

13   time.

14          ALL:  Thank you, Your Honor.

15          THE COURT:  Mr. Conklin?

16          MR. CONKLIN:  Totally ridiculous.

17          THE COURT:  Very well, thank you very much.

18          MR. CONKLIN:  You still on?

19          THE COURT:  I'm off the -- we're off.  This is

20   concluded.

21      (Court adjourned)

22

23

24

25

A111

40

```
 1                        CERTIFICATION
 2    I certify that the foregoing is a correct transcript from the
 3    electronic sound recording of the proceedings in the above-
 4    entitled matter.
 5
 6
 7    _Lewis Parham_                         9/3/14
 8
 9    _____        _____
10    Signature of Transcriber                Date
```

A 1/2

FILED
AUG 1 3 2014
HARRISBURG, PA
DEPUTY CLERK

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN G. CONKLIN | : | Civil No. 1:13-cv-03658 |
| | : | 1:13-cv-02168 |
| Plaintiff, | : | (Sanchez, J.) |
| | : | |
| v. | : | Related:  1:13-cv-01531 |
| | : | (Savage, J.) |
| YVETTE KANE | : | Related:  2013-CV-2962 |
| | : | |
| Defendant. | : | MOTION TO RECUSE, and/or |
| | : | DISQUALIFY |
| | : | |

---

## MOTION TO RECUSE AND/OR DISQUALIFY DESIGNATE JUDGE AND, DISQUALIFY CHIEF CIRCUIT JUDGE FROM DESIGNATION

NOW COMES, Stephen G. Conklin, Plaintiff in all above-docketed

matters, who moves, pursuant to 28 U.S.C. § 455(a), for the recusal and/or

disqualification of Judge, Juan R. Sanchez, currently sitting by designation,

from hearing and/or determining any matter involving Plaintiff.

1.  28 U.S.C. § 455(a) provides that:

Any justice, judge, or magistrate judge of the United States ***shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.*** (emphasis added)

2.  28 U.S.C. § 455(b)(1) provides in pertinent part that:

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning a proceeding; (emphasis added)

1

A113

3. Plaintiff demonstrates below, both he [ultimately] as well as his counsel, Don Bailey, are being subjected to extreme bias and prejudice.

### A. Inexcusable Delay – Bias and Prejudice against Plaintiff

4. Plaintiff hereby incorporates by reference, paragraphs one (1) through three (3) as if all are fully set forth at length, herein.

5. As of the date of this filing:

   a. It has been approximately 250 days since the [Dec. 6, 2013] filing of a Notice of Removal, by AUSA Michael Butler, on behalf of "party-in-interest" AUSA Mark E. Morrison.

   b. It has been approximately 294 days since [Oct. 23, 2013] counsel, Don Bailey, filed a federal [Bivens] complaint.

6. With respect to the removal, in stark contrast, it took then-designate Judge, Timothy J. Savage only 81 days [August 27, 2013] to properly determine, *inter alia*, that the federal court did not have jurisdiction over a previous removal; hence, no authority to remove.

7. So what possibly is the excuse for this inexcusable delay?

8. Despite AUSA Butler's liberal sophistry, the Dec. 6th removal does not, <u>because he cannot</u>, as otherwise required, "***by direct averment***

2

*A154*

*exclude the possibility that* [Morrison's] *action[s] was/were based on*

*acts or conduct not justified by his federal duty*." (emphasis added)

9.   How could he? The August 27, 2013 remand made it quite clear: the

federal court did not have jurisdiction; *ergo*, Morrison lacked lawful

authority as a AUSA to act on behalf of a private defendant; *a fortiori*,

AUSA Morrison all the more lacked even a scintilla of lawful

authority by continuing to act, following remand, on behalf of Yvette

Kane, *i.e.*, "*acts or conduct not justified by his federal duty*."

10. Moreover, Plaintiff has more than sufficiently pled in support of

remand that "party-in-interest" Morrison's removal is/was, *inter alia*,

statutorily, if not, jurisdictionally prohibited as untimely; end of story.

11. Unfortunately, that is not the end of the story.

12. While cognizant that unlike the general removal statutes [28 U.S.C. §

1441 et seq.] the federal officer removal statute [28 U.S.C. § 1442] is

to be "broadly construed"; however, that does not imply, as is

occurring here, to do so, blindly too.

13. This Court's deliberate [in]action in both cases before it, contravenes

clearly established rules and statutes.

14. Both Fed.R.Civ.P. (Fed. Rule) 1 and Federal Statute, 28 U.S.C. § 471

equally provide, as combined, that the district court shall:

3

*A115*

*"secure/ensure the just, speedy and inexpensive determination of every civil action or proceeding/resolution of civil disputes"* (edited for import/emphasis added)

15. Noting that Fed. Rule 1 provides an exception per Fed. Rule 81 [subsection C - removed actions], Plaintiff finds that those exception(s) are generally limited to post-removal proceedings; in no wise does Rule 81 express or imply that Plaintiff is not otherwise entitled to, and/or this Court is not required to provide for a *"just, speedy and inexpensive"* adjudication.

16. When read in conjunction, it is abundantly clear that in the promulgation of the foregoing Rule/Statute, the intent is always to move cases forward.

17. However, thus far, in either case, it has been anything but a *"just, speedy, and inexpensive"* determination; to the contrary, all of which has been and continues to be to the sole deprivation of Plaintiff's rights to access of court, and redress of grievances.

18. This Court's inexcusable delay is further evidenced by the fact that this Court has willfully and deliberately obviated its duty to either schedule a Rule 16 pretrial conference, or even more importantly, utterly derelict in failing to issue a scheduling order as absolutely required.

A1/6

19. Indeed, the purpose(s) of a Rule 16(a) pre-trial conference, include, but are not limited to, (1) *__expediting disposition__ of the action*; (2) *establishing early and continuing control __so the case will not be protracted because of lack of management__*…" (emphasis added)

20. See also MDLR 16.1, "*Unless otherwise ordered.. there shall be a minimum of two (2) court conferences in every civil action..*"

21. More importantly, the dereliction of this Court's abject failure to issue a scheduling order as required, speaks for itself.

22. Rule 16(b)(2) mandates that the Court *__must issue__* a scheduling order, no later than 120 days from the date any defendant is served, or within 90 days from the date any defendant has appeared. (see, MDLR16.4)

23. There can be absolutely no question that this Court has well-exceeded the exacting time constraints imposed by Rule on the Court.

24. Additionally, this Court has woefully failed to provide for a Rule 26(f) conference, thus impeding discovery.

25. Rule 26(C) provides in pertinent that:

A party must make initial disclosures *__at or within 14 days after the__ parties' Rule 26(f) conference unless a different time is set by stipulation or __court order__, or unless a party objects __during the conference__* that initial disclosures are not appropriate in this action and states the objection in the proposed discovery plan. *__In ruling on the objection, the court must determine__ what disclosures, if any, are to be made and __must set the time for disclosure__*" (emphasis added)

5

A 117

26. All of the above, taken as a whole, demonstrably illustrates that this Court has been, in addition to violating its oath, Judicial Canons and alike, is yet further, totally derelict in its duties, per 28 U.S.C. § 351, as it, unequivocally "*has engaged in conduct that is prejudicial to the effective and expeditious administration of the business of the courts*."

27. Plaintiff has demonstrated that this Court has willfully, intentionally and deliberately neglected its duty to perform – all to the sole harm and detriment of Plaintiff.

28. This Court is literally holding hostage, both Plaintiff's federal complaint, and his state court emergency motion, for nothing less than nefarious purposes.

29. This Court is attempting to foreclose upon Plaintiff's rights to due process, before a fair and impartial tribunal, by additionally seeking to preclude any possibility of discovery, in furtherance of an overall scheme to cover-up the wrongs done to Plaintiff.

30. Accordingly, for the reasons set forth above, This court must recuse and/or otherwise disqualify itself from both of Plaintiff's cases, without further delay.

## B. Related Cases – Bias/Prejudice against Plaintiff

31. Plaintiff hereby incorporates by reference, paragraphs one (1) through thirty (30) as if all are fully set forth at length, herein.

32. There can be no question, and/or honest dispute that the genesis of the matters before this Court are borne of Plaintiff having filed and served a state court issued "writ of summons", docketed as 2013-CV-2962, on Defendant, Yvette Kane.

33. And further, by progression, on or about June 7, 2013, that Plaintiff's state court "writ" was unlawfully removed by AUSA Morrison, under badge of authority, on behalf of [private defendant] Yvette Kane. That removal was subsequently docketed as 1:13-cv-01531.

34. Nor, can there be any serious dispute that:

   a. a request was made, by then-chief Judge of the Middle District, Defendant Kane, to Third Circuit Chief Judge, Theodore McKee, for a judge to sit by designation;

   b. pursuant to 28 U.S.C. § 292(b), Judge Timothy J. Savage was so appointed; and,

   c. subsequently, then-designate Judge Savage, on August 27, 2013 (less than one year ago), remanded 1:13-cv-01531 back to state court, for lack of jurisdiction.

7

*A119*

35. Moreover, there simply cannot be any dispute that the federal

[Bivens] complaint, docketed as 1:13-cv-02618 as filed on or about

October 23, 2013 by Attorney Don Bailey, on behalf of Plaintiff is

indubitably grounded, from beginning to end, on Plaintiff's state court

issued "writ", concluding with Judge Savage's August 27, 2013

remand.

36. Whereas, Plaintiff's federal complaint is all about unlawful acts that

occurred during the first removal up to remand; Plaintiff's state court

emergency motion is equally "case related", as it is all about unlawful

acts occurring after remand.

37. So how did neither, the federal complaint, or Plaintiff's removed state

court emergency motion, not get assigned as a "related case" to back

to designate Judge Savage?

38. Curiously, unlike both the Eastern and Western Districts, the Middle

District does not appear to have a local rule regarding "related cases".

39. However, the federal cover sheet attached to every complaint, in

section 8 thereof, provides for "Related Cases"

40. Per a clearly innocent clerical error by Plaintiff's counsel's staff, the

cover sheet attached to Plaintiff's federal complaint, omits any

8

A120

information in section 8. Nonetheless, the complaint itself is
abundantly clear.

41. Evenso, surely this Court was instructed as to the nature of the case(s)
as being related; and, Chief Judge Mckee certainly knew exactly what
the case was about when re-designating it to this Court.

42. Whilst the Middle District does not have a local rule, this Court,
coming out of the Eastern District certainly has a procedure to follow
in the event that it first becomes apparent a case assigned to them is
one "related" to a case previously assigned to another judge.

43. Pursuant to EDLR 40.1(c)(2), it states in relevant parts that:

> *__If the fact of relationship does not become known until after the__*
> *__case is assigned__, the judge receiving the later case may refer the*
> *case to the Chief Judge for reassignment to the judge to whom the*
> *earlier related case is assigned. If the Chief Judge determines that*
> *the cases are related, the Chief Judge __shall transfer__ the later case to*
> *the judge to whom the earlier case is assigned*; otherwise, the Chief
> Judge shall send the later case back to the judge to whom it was
> originally assigned. (emphasis added)

44. Given that Defendant and her cohorts were not happy with the
outcome of their first removal, Defendant and her posse seized on an
otherwise *de minimis* omission in Plaintiff's federal complaint cover
sheet, seeing it as an opportunity to judge shop.

A/12

45. For nearly a month following the October 23rd filing, on multiple occasions, the docket was checked, finding, suspect enough, that no judge was yet assigned.

46. As previously stated above, the federal complaint is without question, directly and inextricably tied to the unlawful acts emanating out of Defendant's first removal, docketed as 1:13-cv-01531.

47. Accordingly, the federal complaint should have been assigned back to Judge Savage.

48. Additionally, notwithstanding the clerical omission, without a doubt, the cover sheet on Mssr. Butler's Notice of Removal, clearly states, first, that Plaintiff's removed state court emergency motion is a "Related Case", originally assigned to then-designate Judge, Savage.

49. So, there is no omission here whatsoever, it is clear that, as AUSA Butler submits, Plaintiff's state court motion is a related case.

## RELIEF SOUGHT

50. Plaintiff hereby incorporates by reference, paragraphs one (1) through forty-nine (49) as if all are fully set forth at length, herein.

51. In consideration of the foregoing, Plaintiff respectfully requests that designate-Judge, Juan Sanchez promptly recuse and/or disqualify himself from any further matters involving Plaintiff.

10

A/22

WHEREFORE, in consideration of the foregoing, Plaintiff respectfully requests that he be granted the relief consistent therewith.

Respectfully Submitted,

Stephen G. Conklin
c/o 22 Mairdale St.,
Pittsburgh, Pa. 15214
(717) 460-5450

---

## CERTIFICATE OF CONCURRENCE/NON-CONCURRENCE

I, Stephen G. Conklin, plaintiff in the above-captioned matter, do hereby certify this 13th day of August, 2014 that I contacted the office of AUSA Michael Butler, counsel for AUSA Mark E. Morrison; and, Tucker Hull, counsel for Defendant, Yvette Kane as follows:

Mssr. Butler does/does not concur/or was otherwise unavailable to give concurrence with this motion;   *Left message @ 10:33 Am voice mail*  10:78 Am

Mssr. Hull does/does not concur/or was otherwise unavailable to give concurrence with this motion.   *Left message @ 10:37 Am with secy*

Stephen G. Conklin

11

A 123

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN G. CONKLIN | : | Civil No. 1:13-cv-03068 |
| | : | 1:13-cv-02168 |
| Plaintiff, | : | (Sanchez, J.) |
| | : | |
| v. | : | Related:  1:13-cv-01531 |
| | : | (Savage, J.) |
| YVETTE KANE | : | Related:  2013-CV-2962 |
| | : | |
| Defendant. | : | MOTION TO RECUSE, and/or |
| | : | DISQUALIFY |
| | : | |

CERTIFICATE OF SERVICE

I, Stephen G. Conklin do hereby certify this 13th day of August, 2014,

that I caused a true and correct copy of my Motion to Recuse/Disqualify

designate Judge Juan Sanchez, by first class, U.S. Mail, postage pre-paid as

follows:

AUSA Michael Butler
c/o United States Attorney's Office
228 Walnut Street, Suite 220
Harrisburg, Pa. 17108

Tucker Hull, Esquire,
c/o Pepper Hamilton LLP
100 market Street, Suite 200
Harrisburg, Pa. 17108-1181

Stephen G. Conklin

12

A124

IN THE COURT OF COMMON PLEAS OF DAUPHIN COUNTY, PENNSYLVANIA

|  |  |  |  |
|---|---|---|---|
| Stephen G. Conklin | : | CIVIL ACTION – LAW | |
| Plaintiff | : | No.: 2013-CV-2962-CV | |
| v. | : | EMERGENCY MOTION FOR | |
| Yvette Kane | : | SANCTIONS WITH REQUEST | |
| Defendant | : | FOR HEARING; DISCOVERY | |
| | : | JURY TRIAL DEMANDED | |

## PLAINTIFF'S EMERGENCY MOTION FOR SANCTIONS
## WITH REQUEST FOR HEARING; DISCOVERY

NOW COMES, Stephen G. Conklin, Plaintiff in the above-captioned matter, ("Plaintiff") who, for good cause, in accordance with Pa. R.Civ.P ("Rule") 1023.1 et seq., together with any additional Rules of Court or law applicable hereto, urgently moves upon this Court by way of Emergency Motion for Sanctions, pursuant to Rule 1023.2; or, in the alternative, pursuant to Rule 1023.3, this Court issue a Rule to Show Cause upon the Defendant and/or her counsel of record, Assistant U.S. Attorney Mark E. Morrison, as to why sanctions should not be imposed thereupon.

Plaintiff additionally requests a hearing on this matter, pursuant to Local Rule ("LR") 208.3(a)(1)(b)(i), which Plaintiff estimates forty-five (45) minutes or less is and/or will be required; and, further declares that discovery (LR 208.3(a)(1)(b)(ii)) will be necessary for purposes of a final and just disposition of Plaintiff's instant motion.

Finally, Plaintiff respectfully entreats this Court to issue a Emergency Stay of all proceedings, as filed concurrently herewith, and fully incorporated by reference, as if set forth at length herein, pending a full and just determination of the merits of this motion, following discovery and hearing. In support of this Motion, Plaintiff states as follows:

1

A/125

## STATEMENT OF AUTHORITY

1.  This court has [unlimited] original jurisdiction to hear live controversies, pursuant to Pa. Constitution, Article V, Section 5; the powers for which are further enumerated, [generally] pursuant to 42 Pa.C.S. Article 1, Chapter 3, Subchapter B [§ 323] and, as further distilled under Title 42, Article 3, Chapter 9, Subchapter B [§ 912]

2.  The instant matter involves an action commenced by Plaintiff on writ of summons that was subsequently, albeit, unlawfully removed by Defendant and thereafter, remanded by the federal court for lack of jurisdiction to this Court.

## SUMMARY OF ISSUES EXIGENTLY PRESENTED

3.  For reasons more fully set forth further below, this Emergency Motion for Sanctions is founded on two distinct issues:

    (1) The total lack of authority of the Office of United States Attorney and/or Assistant U.S. Attorney, to act in any capacity on behalf of a private party [Defendant], where no evidence of federal authority, expressed or implied has been, or can be implicated; and,

    (2) Where there exists no evidence that the [unauthorized] procurement by a U.S. Attorney's Office/Assistant U.S. Attorney of a Rule issued by the Prothonotary's office was ever served upon the Plaintiff, as otherwise required.

## EXIGENT CIRCUMSTANCES

4.  Plaintiff's Emergency Motion presents exigent circumstances, *infra.*, that urgently seeks to invoke this Court's timely intervention.

2

A126

5. Plaintiff is only recently in receipt of a Ten Day Notice of Intention (dated October 21, 2013; received, evening of October 23, 2013) by Defendant's unauthorized counsel, as unequivocally sent in his official capacity.

6. Noteworthy, Plaintiff previously served said counsel with a "Safe Harbor" Notice, regarding, *inter alia*, said counsel's [lack of] authority to intervene; as well as the total absence of any jurisdictional prerequisite.[1]

7. Nonetheless, said counsel yet proceeds, with its Notice of Intention, ostensibly predicated upon a Rule issued/stamped/dated by the Prothonotary to file a complaint, that Plaintiff only learned about [following receipt of notice of intention] thus causing Plaintiff to promptly appear on October 24, 2013, in the Prothonotary's Office to obtain a certified copy of the docket.

8. To date, issuance of the Rule has never been served upon Plaintiff.

9. Exigent circumstances exist for this Court to imminently exercise its inherent authority, as it is believed that Defendant, by and through its [unauthorized] counsel fully intends to unlawfully obtain a judgment in *non pros* as of November 1, 2013.

10. Should this unlawful act be allowed to occur, Plaintiff is mindful, pursuant to Rule 1023.2(c), that he will lose his right to motion for sanctions, as, "A motion requesting sanctions under this rule ***shall be filed before the entry of final judgment***."[2] (emphasis added)

---

[1] ..."given the above, I see absolutely no basis, and/or lawful ground, (jurisdictionally, procedurally or otherwise) ***for your exercise of authority*** to have, *inter alia*, either intervened or substituted party-defendant.. (emphasis added)

[2] Entry of judgment on *non pros*, constitutes a final judgment, subject only to the timely filing of a motion to open, or in the alternative, motion to strike, before taking appeal.

A127

11. Moreover, Plaintiff will be further prejudiced by an unlawful entry of *non pros* judgment as it will unnecessarily force Plaintiff to lose both property[3] and time/energy to either Petition to Open or Strike the *non pros* judgment.

12. Additionally, the interests of this Court and respective parties will be far better served by this Court timely exercising its inherent power, thus saving precious time, judicial resources and monies likely to be expended in event this Court declines invitation, [whether by motion or this Court's own initiative] and the matter is left to post-judgment motions and any appeal(s) arising therefrom.

## OPERATIVE FACTS

13. Plaintiff hereby incorporates each and every of the preceding paragraphs as if all are fully set forth at length, herein.

14. On or about April 4, 2013, Plaintiff commenced an action in this Court, by writ of summons against Yvette Kane, only.

15. On or about May 10, 2013, the Plaintiff provided the Sheriff of Dauphin County a reissued writ for service.

16. Service was perfected by the Sheriff's department on or about May 24, 2013.

17. On or about June 7, 2013, Mark E. Morrison, in his official capacity as Civil Chief/Assistant United States Attorney caused the above-captioned matter, albeit, without jurisdiction or authority, to be promptly removed to federal court.

18. On or about July 8, 2013, Plaintiff filed a motion for remand, with brief in support.

---

[3] Should judgment be entered, Plaintiff will lose, *inter alia*, valuable property, i.e. monies, as Dauphin County requires a fee of one hundred and sixty-two ($162.00) dollars for Petitions to open/strike judgments.

4

A/28

19. On or about July 13, 2013, Plaintiff sent a "Safe Harbor" letter, with proof of mailing to Mark E. Morrison. Attached hereto, is a true and correct copy of the foregoing letter, together with proof of mailing, marked as Exhibit "A".

20. Despite Defendant and/or her attorney of record clearly being put on notice, on or about July 25, 2013, Mark E. Morrison, still acting [only] in his official capacity, filed a frivolous response in federal court to Plaintiff's motion for remand.

21. On or about August 27, 2013, the Honorable Timothy J. Savage, as designate-judge for the Eastern District Court, properly remanded defendant's removal action back to this Court, for lack of jurisdiction[4]. Pursuant to Rule 1019(g), Plaintiff hereby incorporates by reference, as a matter of record, Judge Savage's opinion and order, as if it is set forth at length herein.

22. On or about October 23, 2013, Plaintiff, through his attorney, filed a complaint in U.S. District Court for the Middle District of Pennsylvania, against defendant, Yvette Kane, and Mark E. Morrison, together with Peter J. Smith, and Christina Garber, docketed as 1:13-cv-2618.[5] Pursuant to Rule 1019(g) Plaintiff incorporates by reference as a matter of record, the aforesaid complaint, as if it is set forth at length herein.

23. On or about the afternoon of October 23, 2013 (dated October 21, 2013) Plaintiff received a copy of a Notice of Default for failing to file a complaint. This "Notice" is filed on behalf of U.S. Attorney, Peter J. Smith, by Mark E. Morrison,

---

[4] Judge Savage states on pg. 2 fn 1 that: The *defendant* did not file a praecipe requesting the Prothonotary to issue a rule to file a complaint pursuant to Pa.R.Civ.P 1037(a). *Had she done so, she would have forced Conklin to state what his claims are and what relief he is seeking.* (emphasis added)

[5] This federal complaint is based on *inter alia*, the unlawfully egregious nature of removal, usurping this Court's inherent authority to the deprivation of Plaintiff's Constitutional rights.

A129

as "Civil Chief/ Assistant U. S. Attorney". Attached hereto, is a true and correct copy of the foregoing "Notice, marked as Exhibit "B")

24. Alerted, Plaintiff promptly traveled to the Dauphin County's Prothonotary's office the very next day (October 24, 2013) and procured a certified/stamped copy of the docket. Attached hereto, is a true and correct copy of the certified docket, marked as Exhibit "C".

25. Contained within the docket, is an entry of a Rule issued by the Prothonotary's office, indicating said Rule was issued on or about September 18, 2013.

26. To date, the above Rule, as issued by the office of the Prothonotary, has never been served, as otherwise required, upon Plaintiff.

27. This emergency motion for sanctions now follows.

<u>SANCTIONS</u>

28. Plaintiff hereby incorporates each and every of the preceding paragraphs as if all are fully set forth at length herein.

29. Plaintiff is requesting that this Court impose sanctions, either by this Motion, or, on the Court's own initiative.

30. Rule 1023.2 [Motion for Sanctions] provides in pertinent parts that:

   (a) An application for sanctions under this rule shall be made by motion, shall be made separately from other applications and shall and shall describe the specific conduct alleged to violate Rule 1023.1(c).
   (b) No such motion shall be filed unless it includes a certification that the applicant served written notice and demand to the attorney or pro se party who signed or filed the challenged pleading, motion or other paper. The certification shall have annexed a copy of that notice and demand, which shall identify with specificity each portion of the document which is believed to violate the provisions of this rule….

A 130

31. The document itself, i.e. removal, was the source sought to be withdrawn; coupled to the fact that counsel lacked any authority (as further set forth below) to act on behalf of the defendant.

32. Be that as it may, to whatever extent (if any) Plaintiff's Emergency Motion for Sanctions does not fully comport procedurally with any requirement(s) as set forth in subsection (b) above, given the extraordinary circumstances involved, Plaintiff, respectfully seeks consideration as a pro se party, and further requests invocation of Rule 126, which provides in pertinent part that:

> The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.

33. Plaintiff believes, with respect to this motion, and for reasons more fully set forth below, that the Rules should be liberally construed to secure the "just, speedy and inexpensive determination" of this the instant matter.

34. This is all the more so as, *inter alia*, it is Defendant's Counsel who has unjustly prolonged and increased the cost of this matter – a cost, and prolonging that will inevitably continue, to the prejudice of Plaintiff, without this Court's immediate intervention.

35. In the alternative, and possibly preferable to this Court, Plaintiff seeks this court's consideration of Rule 1023.3, which provides in pertinent part that:

> **On its own initiative**, the court may enter an order describing the specific conduct that appears to violate Rule 1023.1(c) and **directing an attorney, law firm or party _to show cause why it has not violated Rule 1023.1(c)_ with respect thereto**. (emphasis added)

A131

36. With the above in mind, Plaintiff turns to Rule 1023.1, entitled, "Scope. Signing

of Documents. Representations to the Court. Violation" stating in pertinent part(s)

that:

(c) The signature of an attorney or pro se party *constitutes a certification that the signatory has read the pleading, motion or other paper. By signing, filing, submitting, or later advocating such a document, the attorney or pro se party certifies that, to the best of that person's knowledge, information and belief, <u>formed after an inquiry reasonable under the circumstances,</u>*

(1) *it is not being presented <u>for any improper purpose,</u> such as to harass or cause unnecessary delay or needless increase in the cost of litigation,*

(2) *the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument* for the extension, modification or reversal of existing law or the establishment of new law,

(3) the factual allegations have evidentiary support or, if specifically identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and,

(4) the denials of factual allegations are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information and belief. .

(d) If, after notice and a reasonable opportunity to respond, the court determines that subdivision (c) has been violated, the court may, subject to the conditions stated in Rules 1023.2 through 1023.4, *impose an appropriate sanction upon any attorneys*, law firms *and parties that have violated (c) or are responsible for the violation.* (emphasis added)

### VIOLATIONS

37. With respect to the foregoing, both defendant Yvette Kane and her attorney of

record, Mark E. Morrison, are, pursuant to Rule 1023.1(d) *directly responsible for*

*the violation*(s), as further set forth below. Moreover, these violations are [an]

ongoing [abuse of process] as of the date of this filing.

38. Both defendant and her attorney of record, knew or should have known, as

seasoned attorneys, that beginning with the removal action commenced by them

8

A 13

on or about June 7, 2013 was, *inter alia*, an egregious abuse of process; and, for purposes of this motion, are representative of an ongoing pattern of abuse in violation of Rule(s) 1023.1 *et seq.*, and, Fed.R.Civ.P 11.

39. Nonetheless, said defendant through counsel, commenced removal, in violation of the foregoing Rule(s), for *improper purposes* of *harassing and intimidating* Plaintiff; the latter, causing severe emotional distress[6], by virtue of the enormous, and seemingly unbridled power vested in the U.S. Attorney's office.

40. Further, defendant and her counsel caused *unnecessary delay and needless increase in expense*, without justification; and more importantly, knowingly, or, with such reckless abandon, as seasoned attorneys should have known, there was absolutely no jurisdiction for them to have done so.

41. This *"unnecessary delay and needless increase in expense"* is first evidenced by Defendant/Counsel's usurping this Court's jurisdiction via removal to federal court, where, as the federal court subsequently determined, no jurisdictional basis existed, and continues [as yet unabated] resulting in the instant matter now before this Court.

42. This is yet further exacerbated, from its very incipience, had, as Rule 1023.1 requires, Defendant's counsel, in certifying, had actually made a *"inquiry reasonable under the circumstances"* upon which to base their "knowledge, information and belief" upon.

43. Had either Defendant or her counsel, both, as seasoned attorneys, *actually* done so, [and complied with the law] there simply would be no reason to be here, now.

---

[6] Shortly following removal, Plaintiff became physically ill as a result. Plaintiff yet remains under doctor's care.

A/133

44. Despite this, it all is further exacerbated by the fact that Defendant's counsel's

lacked any authority to act on behalf of Defendant.

### A.    Counsel's Lack of Authority to Act on Behalf of Defendant

45. Pursuant to USAM (United States Attorney's Manual) Chapter 3-2.000 et seq., at

all material times relevant hereto, Defendant's counsel of record, Mark E

Morrison, acting solely in his capacity as Assistant U.S. Attorney, is wanton of

any lawful authority, statutorily or otherwise, to act on behalf of Defendant.

46. USAM 3-2.140 states in pertinent part that:

Although the Attorney General has supervision over all litigation *to which the United States or any agency thereof is a party* and has direction of all United States Attorneys, and their assistants, in the discharge of their respective duties…each United States Attorney, within his/her district, has the responsibility and authority to: (a) prosecute for all offenses against the United States; (b) *prosecute or defend, for the government, all civil actions, suits, or proceedings in which the United States is concerned*… By virtue of this *grant of statutory authority and* the practical realities of *representing the United States* throughout the country, United States Attorneys conduct most of the trial work *in which the United States is a party*…(emphasis added)

47. Regarding Assistant U.S. Attorneys 3-2.200-210 states in pertinent part(s) that:

Assistant United States Attorneys are appointed by the Attorney General and may be removed by that official..[and, as to authority] *Assistant United States Attorneys are responsible to the United States Attorney for the performance of duties assigned by that official.* (emphasis added)

48. The above fully comports with federal statute, 28 U.S.C. § 547 entitled Duties

[U.S. Attorneys] as it states in pertinent part that:

Except as otherwise provided by law, each United States attorney, within his district, shall
(1) *prosecute for all defenses against the United States;*

(2) *prosecute or defend, for the government, all civil actions, suits or*

proceedings *in which the United States is concerned*… (emphasis added)

A134

49. Clearly, there is, [save for defendant/counsel's improper inferences], no mention made by Plaintiff, expressed or implied, that the United States is, in any way, a party to Plaintiff' action.

50. In furtherance of the above, this Court need but look at the Honorable Judge, Timothy J. Savage's opinion/order, upon which he remanded back to this Court, Defendant/Counsel's unlawful removal.

51. In furtherance, it behooves this Court, in light of the above, to additionally consider the fact that, (a) Plaintiff had previously served Defendant's counsel with a "safe harbor" notice, demanding the said counsel forthwith withdraw their unlawful removal, further stating that there was, "*absolutely no basis, and/or lawful ground, (jurisdictionally, procedurally, or otherwise) for your <u>exercise of authority</u> to have, inter alia, intervened or substituted party-defendant..*" (emphasis added); and (b) as illustrated by Defendant's/Counsel's Ten Day Notice of Intention , (see Exhibit "B" attached), said counsel continues to represent Defendant in his official capacity (as if still representing the United States) sans any authority, statutorily or otherwise, to do so.

52. Accordingly, for the reasons set forth above, this Court strike off any and all filings submitted on behalf of the Defendant by said counsel, for counsel's, clear and convincing lack of lawful authority to do so.

**B.    <u>Failure to Provide Notice</u>**

53. For reasons previously stated above, *Plaintiff was never served with a Rule to file a complaint*, and accordingly, this Court should forthwith *estop* Defendant

11

A 135

and her counsel from seeking any entry of judgment for *non pros* against Plaintiff, as imminently contemplated.

54. "judgment of non pros" is governed pursuant to Rule1037(a), which states in pertinent part that:

(a) If an action is not commenced by a complaint, the prothonotary, upon praecipe of the defendant, shall enter a rule upon the plaintiff to file a complaint. If the complaint is not filed within twenty (20) days *after service of the rule*, the prothonotary, upon praecipe of the defendant, shall enter judgment of *non pros*. (emphasis added)

55. "Service" of a rule to file a complaint is explicitly required by Rule 1037(a).

Noting further:

The Rule provides for the entry of the judgment of non pros by the prothonotary upon "praecipe" of the defendant. *This, however, cannot be filed until 20 days after "service" of the rule to file the complaint*. Although there is no specific provision for an affidavit of service, *it is clear that the defendant will never succeed in obtaining the entry of judgment without furnishing the prothonotary with sworn proof of the service of the rule at least 20 days prior to the date he asks for judgment*. (emphasis added) 2 Goodrich-Amram 2d § 1037(a):1 Foot note omitted). Accord 7 Standard Pennsylvania Practice 2d § 39:94

56. Here it is clear, as evidenced by the certified docket attached hereto (Exhibit "C") there exists no "*sworn proof of the service of the rule at least 20 days prior to the date he asks for judgment*", or for that matter, any date, up to and including the date of the certified docket (October 24, 2013) a mere week ago.

57. Accordingly, the prothonotary has no authority to entertain entry of a judgment for *non pros*, because the rule to file a complaint has never been served. See, *Storm v. Golden*, 338 Pa. Super. 570 (1985) 488 A.2d 39 (Pa. 1985) (holding that,

A 136

"prothonotary had no authority to enter judgment of non pros in favor of appellant because the rule to file a complaint was never served on appellee"[7]

58. Plaintiff has been and continues to be harmed by the unlawful actions undertaken by defendant and her attorney of record.

59. Plaintiff will be additionally harmed and prejudiced, incurring yet additional delay and needless expense, should this Court choose not to sanction the defendant/attorney of record for their willfully deliberate and continuing acts.

60. Plaintiff has been deprived of lawful notice, regarding the issuance of a Rule never served upon Plaintiff, and further, by the acts of the Assistant U.S. Attorney, on behalf of the Defendant, sans any lawful authority of said attorney – all of which is to the detriment and expense of the Plaintiff; as well as, the public at large, who has been and will continue to be, forced to foot their bill.

61. Plaintiff believes, if for no other reason, the lack of notice should be sufficient for this Court to promptly act, lest additional harm and injury occur to Plaintiff.

## RELIEF REQUESTED

62. Plaintiff hereby incorporates paragraphs each and every of the preceding paragraphs as if they are all set forth at length herein.

63. Plaintiff is seeking appropriate sanctions against defendant, Yvette Kane, and/or her counsel of record, Assistant U.S. Attorney, Mark E. Morrison.

64. Specifically, Plaintiff requests that:

---

[7] See also Judge Wieand's concurring statement in *Golden supra*. "…I write separately to observe that the **defect in the judgment of non pros in this case was apparent on the face of the record.** More correctly, therefore, the **judgment should have been stricken.**" (emphasis added)

A137

a. Defendant and/or her counsel of record, be barred from the imminently-anticipated filing of a non pros judgment against Plaintiff, for, *inter alia*, the failure of either the Assistant U.S. Attorney, or Defendant, to provide [as required] Notice of Prothonotary's issuance of Rule upon Plaintiff, and for the inherent lack of lawful authority as otherwise vested in the U.S. Attorney's office, to procure same;

b. Assistant U.S. Attorney Mark E. Morrison, together with any other person not lawfully authorized, be barred from signing, filing, submitting, or otherwise advocating anything on behalf of a private defendant in this matter;

c. With respect to the above, the Rule to file complaint as issued by the Prothonotary's office, on or about September 18, 2013 be quashed, or otherwise stricken from the record;

d. With respect to the above, the Notice of Intention to take judgment, based on an un-served Rule, as mailed on or about October 21, 2013 be quashed, and/or otherwise deemed stricken;

e. Hereafter, should Defendant, or any lawful private attorney duly authorized on her behalf, seek recourse upon Plaintiff, by virtue of [new] Rule issued to file a complaint, that such praecipe for Rule be filed by either the Defendant, or her private attorney so authorized, and that the same [issued Rule] be actually served upon the Plaintiff;

f. Relief that this Court, given the unique circumstances, deems sufficient to deter such similar acts from occurring; and/or

A138

g.  Any and all additional relief, punitive or otherwise, that this Court deems just and proper.

65. Plaintiff respectfully requests that this Court, for good cause, grant Plaintiff's Motion for Sanctions and request for relief, pursuant to Rule 1023.2, or in the alternative, this Court, on its own initiative, pursuant to Rule 1023.3, issue a Rule to Show Cause upon Defendant and her counsel of record, as to why sanctions and relief requested should not be imposed; and further, grant Plaintiff any and all additional relief, punitive and/or otherwise, as this Court may, given the extraordinary and egregious nature of their acts, as this Court may deem as just and proper.

WHEREFORE, in consideration of all of the above, Plaintiff respectfully entreats this Court to grant Plaintiff, any and all manner of relief consistent with the foregoing.

Respectfully Submitted,

Stephen G. Conklin/plaintiff
22 Mairdale Street
Pittsburgh, Pa. 15214
(717) 460-5450

A139

15

IN THE COURT OF COMMON PLEAS OF DAUPHIN COUNTY, PENNSYLVANIA

| | | | |
|---|---|---|---|
| | : | CIVIL ACTION – LAW | |
| Stephen G. Conklin | : | | |
| Plaintiff | : | No.: 2013-CV-2962-CV | |
| | : | | |
| v. | : | EMERGENCY MOTION FOR | |
| | : | SANCTIONS WITH REQUEST | |
| Yvette Kane | : | FOR HEARING; DISCOVERY | |
| Defendant | : | | |
| | : | JURY TRIAL DEMANDED | |
| | : | | |

### VERIFICATION

I, Stephen G. Conklin, Plaintiff in the above-captioned matter, do hereby aver this 31st day of October, 2013 that the statements made in my Emergency Motion, are true and correct to the best of my knowledge, information and belief. The undersigned acknowledges that this statement is made subject to 18 Pa.C.S. § 4904, relating to unsworn falsification to authorities.

Stephen G. Conklin/plaintiff
22 Mairdale Street
Pittsburgh, Pa. 15214
(717) 460-5450

### CERTIFICATION

I, Stephen G. Conklin do hereby certify this 31st day of October, 2013, that I sent a true and correct copy of my emergency Motion by facsimile to Defendant's counsel (name/address/contact provided on accompanying certificate of service) and as of the time of filing Defendant's counsel concurred/did not concur/ did not respond to Plaintiff's motion.

1:30pm

Stephen G. Conklin/plaintiff
22 Mairdale Street
Pittsburgh, Pa. 15214
(717) 460-5450

A140

Stephen G. Conklin
22 Mairdale Street
Pittsburgh, Pa. 15214
(717) 460-5450

Mark E. Morrison, Assistant U. S. Attorney
c/o Office of U.S. Attorney
Ronald Reagan Federal Building
228 Walnut Street, Suite 220
P.O. Box 11754
Harrisburg, Pa. 17108-1754

July 13, 2013

Re: Removal 1:13-cv-01531-TJS
**Safe Harbor Notice**

Dear Mr. Morrison,

**This Notice** is a request that you promptly withdraw your filing of Removal as indexed above. By now, you are in receipt of my Motion for Remand as accompanied by brief in support thereof. Surely you can see there exists no jurisdictional basis for your having removed my Writ of Summons from the Court of Common Pleas of Dauphin County to the U.S. District Court for the Middle District. The foregoing alone should be more than sufficient cause for you to withdraw your removal.

Further, given the above, I see absolutely no basis, and/or lawful ground, (jurisdictionally, procedurally or otherwise) for your exercise of authority to have, *inter alia*, either intervened or substituted party-defendant; both of which raise additional serious concerns. I believe, under the present set of circumstances, absent jurisdiction, whatever immunity normally that would attach to you, is, at minimum, in dire jeopardy.

Your Notice of Removal is signed/certified pursuant to Fed.R.Civ.P 11. Given the fact that there is/was no lawful basis for your removal, I will be demanding damages in the amount of twenty thousand ($20,000.00) dollars as sanctions for your unlawful act.

In any event sir, you are on due notice and I recommend your guide yourself accordingly.

Respectfully,

_____

Stephen G. Conklin

A 141



UNITED STATES
POSTAL SERVICE ®                    **Certificate Of Mailing**

This Certificate of Mailing provides evidence that mail has been presented to USPS® for mailing.
This form may be used for domestic and international mail.

From: Stephen G. Conklin
22 Mairdale St.
Pittsburgh, Pa. 15214

To: Marc P. Morrison
c/o office of U.S. Attorney
228 Walnut St., Suite 220
P.O. Box 11754, Harrisburg, Pa. 17108-1754

PS Form **3817**, April 2007 PSN 7530-02-000-9065

**U.S. Department of Justice**
United States Attorneys Office
*Middle District of Pennsylvania*

228 Walnut Street, Suite 220
Harrisburg, Pennsylvania 17108-1754

Official Business





Stephen G. Conklin
22 Mairdale Avenue
Pittsburgh, PA 15214



# IN THE COURT OF COMMON PLEAS
## FOR DAUPHIN COUNTY, PENNSYLVANIA

STEPHEN G. CONKLIN           :      NO.  2013 CV 2962 CV
             **Plaintiff,**      :
          v.                :      (           J.)
                                  :
YVETTE KANE               :      CIVIL ACTION - LAW
             **Defendant.**     :

TO:    Stephen G. Conklin
        22 Mairdale Avenue
        Pittsburgh, PA 15214

Date of Notice:     October 21, 2013

# IMPORTANT NOTICE

**YOU ARE IN DEFAULT BECAUSE YOU HAVE FAILED TO FILE A COMPLAINT IN THIS CASE. UNLESS YOU ACT WITHIN TEN DAYS FROM THE DATE OF THIS NOTICE, A JUDGMENT MAY BE ENTERED AGAINST YOU WITHOUT A HEARING AND YOU MAY LOSE YOUR RIGHT TO SUE THE DEFENDANT AND THEREBY LOSE PROPERTY OR OTHER IMPORTANT RIGHTS.**

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.**

A.143

B

**IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.**

**Dauphin County Lawyer Referral Service**
**213 North Front Street**
**Harrisburg, PA 17101**
**(717) 232-7536**

PETER J. SMITH
United States Attorney

MARK E. MORRISON
Civil Chief / Assistant U.S. Attorney
Ronald Reagan Federal Building
228 Walnut Street, Suite 220
P.O. Box 11754
Harrisburg, PA 17108-1754
Phone: (717) 221-4482
Fax: (717) 221-2246

A144

IN THE COURT OF COMMON PLEAS OF DAUPHIN COUNTY, PENNSYLVANIA

|  |  |  |  |
|---|---|---|---|
| Stephen G. Conklin | | : | CIVIL ACTION – LAW |
| | Plaintiff | : | No.: 2013-CV-2962-CV |
| | | : | |
| | v. | : | EMERGENCY MOTION FOR |
| | | : | SANCTIONS WITH REQUEST |
| Yvette Kane | | : | FOR HEARING; DISCOVERY |
| | Defendant | : | |
| | | : | JURY TRIAL DEMANDED |
| | | : | |

CERTIFCATE OF SERVICE

I, Stephen G. Conklin, do hereby certify this 31st day of October, that I filed and thus caused to be served, by hand delivery, my Emergency Motion upon the office of he Court Administrator for the Court of Common Pleas for Dauphin County; and further, caused a true and correct copy of the foregoing motion to be served, by U.S. Mail, postage prepaid, upon Defendant's Counsel as addressed below.

Mark E. Morrison
Assistant U.S. Attorney
Ronald Reagan Federal Building
228 Walnut Street, Suite 220
Harrisburg, Pa. 17108-1754
Fax: (717) 221-2246

Stephen G. Conklin/plaintiff
22 Mairdale Street
Pittsburgh, Pa. 15214
(717) 460-5450

A S4S

PJS:MJB:cjl

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN G. CONKLIN,<br>    **Plaintiff** | : | NO. 1:CV-13-02618 |
| | : | |
| | : | |
| v. | : | (Judge Sanchez) |
| | : | |
| YVETTE KANE, PETER J. SMITH, | : | |
| MARK E. MORRISON, AND | : | |
| CHRISTINA GARBER, | : | |
| | : | |
|     **Defendant** | : | **Filed Electronically** |

## DEFENDANTS PETER J. SMITH AND MARK E. MORRISON'S
## STATEMENT OF MATERIAL FACTS IN SUPPORT OF THEIR
## <u>MOTION FOR SUMMARY JUDGMENT</u>

Defendants United States Attorney Peter J. Smith and Assistant United

States Attorney Mark E. Morrison respectfully submit this statement of material

facts in support of their motion for summary judgment. Plaintiff Stephen G.

Conklin is advised that pursuant to Local Rule 56.1, all facts set forth in this

statement will be deemed admitted unless controverted by Conklin with references

to the record supporting his position.

A)46

1. Mr. Conklin, pro se, filed a civil action against Defendant the Honorable Yvette Kane in the Court of Common Pleas of Dauphin County, Pennsylvania (2013-cv-2962), on or about April 4, 2013. <u>See</u> Conklin v. Kane, No. Civ. 1:13-cv-01531 (M.D. Pa.) (Doc. No. 1).

*admitted.*
*admitted*

2. Mr. Conklin filed a Writ of Summons. <u>See</u> <u>id.</u>

3. Mark E. Morrison, Assistant United States Attorney and Civil Chief of the United States Attorney's Office for the Middle District of Pennsylvania, has authority to assign all civil matters and take action in civil matters filed in this district. <u>See</u> Declaration of Mark E. Morrison (Ex. A) ¶ 2.

*admitted*

4. Based on the information Mr. Morrison had available to him, he believed that Mr. Conklin had filed the civil action against Judge Kane in either her official or individual (<u>Bivens</u>) capacities. <u>See</u> <u>id.</u> ¶ 3.

*denied.*

5. Mr. Conklin has had several issues before Judge Kane and there was no evidence to show that Mr. Conklin had any personal business dispute against Judge Kane that was not in her capacity as a judicial officer. <u>See</u> <u>id.</u> ¶ 4.

6. Although no complaint was filed in Dauphin County, research revealed that a notice of removal may be filed under 28 U.S.C. § 1442 when a lawsuit is commenced. <u>See</u> <u>id.</u> ¶ 5.

7. On June 7, 2013, Mr. Morrison, on behalf of Judge Kane, removed the matter to this Court. <u>See</u> <u>id.</u> ¶ 6. The action was docketed as <u>Conklin v.</u>

*admitted.*

Kane, No. 1:13-cv-01531 (M.D. Pa), and, pursuant to 28 U.S.C. § 292(b), assigned to the Honorable Timothy J. Savage of the District Court for the Eastern District of Pennsylvania. See Conklin v. Kane, No. Civ. 1:13-cv-01531 (M.D. Pa.) (Doc. No. 1).

8. On July 8, 2013, Mr. Conklin filed a Motion for Remand, arguing that the writ did not provide the legal basis for the state court action and claimed that the removal was done for an improper purpose contrary to Rule 11 of the Federal Rules of Civil Procedure. Mr. Conklin sought costs associated with the remand motion in the amount of $500.00. See id. (Doc. No. 4).

9. On July 25, 2013, Mr. Morrison, on behalf of Judge Kane, filed a Brief in Response to the motion for remand. See id. (Doc. No. 6).

10. On August 27, 2013, this Court remanded the matter back to Dauphin County, and did not award costs to Mr. Conklin. See id. (Doc. No. 7).

11. After remand to the Dauphin County Court, Mr. Morrison, on behalf of Judge Kane, filed a Rule to file a complaint directed to Mr. Conklin, and withdrew his appearance for Judge Kane after this Bivens action was served on him.

12. To date, Mr. Conklin has yet to file a complaint in Dauphin County Court.

13. Mr. Morrison did not file the notice of removal for any improper purpose. See Morrison Decl. (Ex. A) ¶ 7

3

A147

14. Mr. Morrison did not retaliate against Mr. Conklin for any reason.  See id. ¶ 8.

15. Neither Mr. Conklin nor Mr. Bailey has any evidence that Mr. Morrison or Mr. Smith violated their First, Fourth, or Fourteenth Amendment rights.

16. Mr. Conklin cannot establish that there were similarly situated individuals treated differently by any government official.

17. Mr. Conklin cannot demonstrate that the filing of the notice of removal was an adverse action.

Respectfully submitted,

PETER J. SMITH
United States Attorney

s/Michael J. Butler
Michael J. Butler
Assistant United States Attorney
228 Walnut Street
PO Box 11754
Harrisburg, PA  17108-1754
Tel: (717)221-4482
Fax: (717)221-4493
Michael.J.Butler@usdoj.gov

Date:  February 4, 2014

4

A 146

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STEPHEN G. CONKLIN,** | : | **NO. 1:CV-13-02618** |
| **Plaintiff** | : | |
| **v.** | : | **(Judge Sanchez)** |
| **VETTE KANE, PETER J. SMITH,** | : | |
| **MARK E. MORRISON, AND** | : | |
| **CHRISTINA GARBER,** | : | |
| | : | |
| **Defendant** | : | **Filed Electronically** |

## CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies that he is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on February 4, 2014, he served a copy of the attached

## DEFENDANTS PETER J. SMITH AND MARK E. MORRISON'S STATEMENT OF MATERIAL FACTS IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

by the Court's ECF filing system

Addressees:
Don A. Bailey
4311 North Sixth Street
Harrisburg, PA 17110
**Attorney for Plaintiff**

Thomas B. Schmidt, III
Pepper Hamilton LLP
Suite 200, 100 Market Street
P.O. Box 1181
Harrisburg, PA 17108
**Attorneys for Judge Kane**

s/Michael J. Butler
Michael J. Butler

A147

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN G. CONKLIN, | : | NO. 1:CV-13-02618 |
| **Plaintiff** | : | |
| | : | |
| v. | : | **(Judge Sanchez)** |
| | : | |
| YVETTE KANE, PETER J. SMITH, | : | |
| MARK E. MORRISON, AND | : | |
| CHRISTINA GARBER, | : | |
| | : | |
| **Defendant** | : | **Filed Electronically** |

## <u>DECLARATION OF MARK E. MORRISON</u>

I, Mark E. Morrison, hereby declare that the following is true and correct and is given under penalty of perjury pursuant to 28 U.S.C. § 1746.and state as follows:

1.  I am currently employed by the United States Department of Justice, United States Attorney's Office for the Middle District of Pennsylvania, as an Assistant United States Attorney, Chief of the Civil Division.

2.  The United States Attorney, Peter Smith, has delegated authority to me in assigning all civil matters and to take action in all civil matters filed in this district. In particular, I had authority to represent the Honorable Yvette Kane in matter filed by Plaintiff Stephen G. Conklin, pro se, in the Court of Common Pleas of Dauphin County, Pennsylvania (2013-cv-2962). <u>See</u>

*A150*

Conklin v. Kane, No. Civ. 1:13-cv-01531 (M.D. Pa.) (Doc. No. 1).

3.  Based on the information I had available to me, I believed that Mr. Conklin had filed a civil action against Judge Kane in either her official or individual (Bivens) capacities.

4.  Mr. Conklin has had several issues before Judge Kane and there was no evidence to show that Mr. Conklin had any personal business dispute against Judge Kane that was not in her capacity as a judicial officer.

5.  Although no complaint was filed in Dauphin County, research revealed that a notice of removal may be filed under 28 U.S.C. § 1442 when a lawsuit is commenced.

6.  On June 7, 2013, on behalf of Judge Kane, I removed the matter to this Court. The action was docketed as Conklin v. Kane, No. 1:13-cv-01531 (M.D. Pa), and, pursuant to 28 U.S.C. § 292(b), assigned to the Honorable Timothy J. Savage of the District Court for the Eastern District of Pennsylvania. See Conklin v. Kane, No. Civ. 1:13-cv-01531 (M.D. Pa.) (Doc. No. 1). Mr. Smith did not direct me to remove the matter, as I been properly delegated to act in all civil matters.

7.  I did not file the notice of removal for any improper purpose.

2

A157

8.  I in no way retaliated against Mr. Conklin for filing the Writ of Summons or

any other action by him or Mr. Bailey.

Executed this ___3rd___ day of February, 2014.

Mark E. Morrison
Chief, Civil Division
United States Attorney's Office

3

A152

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN G. CONKLIN | : | CIVIL ACTION – LAW |
| Plaintiff | : | |
| | : | No. 1:13-cv-02618-JRS |
| vs. | : | |
| | : | |
| YVETTE KANE, PETER J. SMITH, | : | |
| MARK E. MORRISON, | : | |
| Defendants | : | |
| | : | Jury Trial Demanded |
| | : | |

## PLAINTIFF'S COUNTERSTATEMENT OF DISPUTED MATERIAL FACTS AS TO DEFENDANTS PETER J. SMITH AND MARK E. MORRISON

1-3. Admitted.

4. Denied. Defendants paragraph makes no sense. Purportedly Mr. Morrison believed the civil action filed by Conklin was against "Judge" Kane in "either" her official or individual capacity. This paragraph is objected to as hopelessly ambiguous.

5. Denied. This paragraph is vague and cannot be responded to. Plaintiff has no idea what defendants mean by "several issues" and plaintiff has never sued "Judge" Kane.

6. Denied. Plaintiff commenced his action by "Writ of Summons". Admitted there were no factual allegations. This allegation by defendants is misleading and

$A153$

1

ambiguous and further is explained in detail like Judge Savage in his memorandum.

7. Denied. "Judge" Kane was never sued by Mr. Conklin. Mr. Conklin commenced an action by writ of summons against "Yevette" Kane. Admitted the action was referred to Judge Savage

8. Admitted.

9. Admitted.

10. Admitted. By way of further response Judge Savage concisely held at the movants actions were lacking in jurisdiction.

11. Denied. The issue in this lawsuit has absolutely nothing to do with Mr. Morrison's actions after he was a party to this complaint. By way of further response is understood by Mr. Conklin that Mr. Morrison did not follow either federal or state courts in his post remand actions. Whether Mr. Morrison took any actions as regards "Judge" Kane is not material or relevant to this action since Mr. Conklin has never sued, to the best of his knowledge, "Judge" Kane.

12. Denied. It is believed that Mr. Conklin has not filed a subsequent complaint (subject to the Writ of Summons) in Dauphin County Court but is litigating the procedural due process actions attendant thereto at this time.

A154

13. Denied. It is quite clear that Mr. Morrison took the actions that he did in unlawfully removing Mr. Conklin's original action to intimidate and harass Mr. Conklin and to use his official powers and his very powerful position to intimidate Dauphin County officials in denigration of Mr. Conklin's federally guaranteed rights.

14. Denied. Mr. Morrison and the other defendants including Yevette Kane retaliated against Mr. Conklin because he filed a Writ of Summons against Yevette Kane assuming they could outmaneuver and outsmart him in the legal process, intimidate him, and harass him into withdrawing or otherwise ceasing his effort causing him great emotional distress, time and money, including the need to travel from Pittsburgh to Harrisburg and back while his father was literally on his deathbed.

15. Denied. The complaint clearly demonstrates the blatant and baseless violation of Mr. Conklin's federally guaranteed rights.

16. Denied. Current Third Circuit law on this issue strains legal credulity. The plaintiffs in another action involving three colonels who have been grossly abused by judges in the Than of Pennsylvania had an action removed (granted in an extremely expeditious fashion by the Hon. Lawrence Stengel) in a very proper fashion. They were treated properly while Mr. Conklin was treated unlawfully.

*A155*

3

17. Denied. Mr. Conklin had to file papers in court which he did pro se in order to maintain his action. This separate required hours and hours and hours in fact days of research and composition on his part, subjecting him to severe emotional distress and and Mr. Conklin has been traumatized to have the US attorneys office move against him as well as fears connected with his realization that he was being mistreated in an arbitrary and capricious fashion by individuals who have absolutely no authority to do so but were acting against him in a sort of kamakzie, in a vigilante fashion devoid of jurisdiction.

Respectfully submitted,

/s/Don Bailey, Esquire
PAID# 23786
4311 N. 6th Street
Harrisburg, Pa 17110
717.221.9500

A 156

# CERTIFICATE OF SERVICE

I, Don Bailey, Esquire, do hereby state that on this 21st day of March 2014 I served the following Counterstatement of Disputed Material Facts upon the following attorneys via ECF:

Thomas Schmidt, III, Esquire
Attorney for Judge Kane

Michael J. Butler, Esquire
Attorney for Mark E. Morrison

Respectfully submitted,

By:

/s/Don Bailey, Esquire
PAID# 23786
4311 N. 6th Street
Harrisburg, Pa 17110
717.221.9500

A157

5

CLOSED,HBG,PROSE

# United States District Court
## Middle District of Pennsylvania (Harrisburg)
### CIVIL DOCKET FOR CASE #: 1:13-cv-01531-TJS

Conklin v. Kane
Assigned to: Honorable Timothy J. Savage
Case in other court: Dauphin County Court of Common Pleas, 13-02962
Cause: 28:1441 Petition for Removal

Date Filed: 06/07/2013
Date Terminated: 08/27/2013
Jury Demand: None
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**Stephen G. Conklin**

represented by **Stephen G. Conklin**
22 Mairdale Avenue
Pittsburgh, PA 15214
PRO SE

V.

**Defendant**

**Yvette Kane**

represented by **Mark E. Morrison**
Office of the United States Attorney - Civil
228 Walnut Street
Suite 217
Harrisburg, PA 17108
717-221-4482
Email: Mark.E.Morrison@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/07/2013 | 1 | NOTICE OF REMOVAL by Yvette Kane from Dauphin County Court of Common Pleas, case number 2013-CV-2962. ( Filing fee $ 400 ), filed by Yvette Kane. (Attachments: # 1 Civil Cover Sheet, # 2 Praecipe for Writ of Summons)(aaa) (Entered: 06/07/2013) |
| 06/14/2013 | 2 | COUNTY COURT RECORD from Dauphin County Court of Common Pleas. (aaa) (Entered: 06/14/2013) |

A 158

12/12/2014 1:45 PM

| 06/14/2013 | 3 | ORDER OF DESIGNATION of the Honorable Timothy J. Savage of the Eastern District of Pennsylvania for such a period as is necessary for the disposition of this matter. Signed by Chief Judge Theodore A. McKee, US Court of Appeals for the Third Circuit on 06/14/2013. (jw) (Entered: 06/14/2013) |
|---|---|---|
| 07/08/2013 | 4 | MOTION for Remand by Stephen G. Conklin.(aaa) (Entered: 07/09/2013) |
| 07/08/2013 | 5 | BRIEF IN SUPPORT re 4 MOTION for Remand filed by Stephen G. Conklin.(aaa) (Entered: 07/09/2013) |
| 07/25/2013 | 6 | BRIEF IN OPPOSITION re 4 MOTION to Remand filed by Yvette Kane.(Morrison, Mark) (Entered: 07/25/2013) |
| 08/27/2013 | 7 | MEMORANDUM AND OPINION (Order to follow as separate docket entry).Signed by Honorable Timothy J. Savage on 8/27/2013. (bg) (Entered: 08/27/2013) |
| 08/27/2013 | 8 | ORDER (Memorandum previosly filed) granting 4 Motion to Remand. AND NOW, this 27th day of August, 2013, upon consideration of the Plaintiffs Motion for Remand (Document No. 4) and the defendants response, it is ORDERED that the motion is GRANTED.IT IS FURTHER ORDERED that this action is REMANDED to the state court from which is was removedSigned by Honorable Timothy J. Savage on 8/27/2013 (bg) (Entered: 08/27/2013) |
| 08/27/2013 | 9 | Transfer Letter to Dauphin County Court along with copy of Court Order, docket sheet & documents 3-6 (bg) (Entered: 08/27/2013) |
| 09/11/2013 | 10 | PROOF OF SERVICE re 9 Transfer Letter to Dauphin County Court (bg) (Entered: 09/11/2013) |
| 12/12/2013 | 11 | COUNTY COURT RECORD from Dauphin County Prothonotary Office filed. (Attachments: # 1 Part 2)(pjr) (Entered: 12/12/2013) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 12/12/2014 13:45:02 | | |
| PACER Login: | db0327:2532779:0 | Client Code: |  |
| Description: | Docket Report | Search Criteria: | 1:13-cv-01531-TJS |
| Billable Pages: | 2 | Cost: | 0.20 |

A159

## IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN G. CONKLIN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| YVETTE KANE | : | NO. 13-1531 |

### MEMORANDUM OPINION

Savage, J.                                        August 27, 2013

Relying upon the federal officer removal statute, 28 U.S.C. § 1442(a)(3), the defendant, a federal judge, removed this action commenced in the state court by a writ of summons. Plaintiff Stephen Conklin, acting *pro se*, has moved to remand the action to the Court of Common Pleas of Dauphin County, Pennsylvania. Conklin asserts that "there is no basis for this Court to assume jurisdiction." *Pl.'s Mot. for Remand* ¶ 12. He points out that there has been no complaint filed in the state court action. *Id.* ¶¶ 14-16.

The plaintiff is correct. Because we cannot determine whether the removed action is based upon the defendant's conduct as a federal judicial officer, we cannot conclude that the action was properly removed. Therefore, we shall remand the action to the state court from which it was removed.

The federal officer removal statute provides, in relevant part, as follows:

> A civil action . . . commenced in a State court . . . against . . . any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or any agency thereof sued in an official or individual capacity, for or relating to any act under color of such office . . . .

28 U.S.C. § 1442(a)(1).

Removal jurisdiction under the statute exists when the plaintiff's claims are based

A-160

upon the defendant's conduct while "acting under" the federal office and there is a causal connection between the federal defendant's performance of the duties of her federal office. *Feidt v. Owens Corning Fiberglas Corp.*, 153 F.3d 124, 127 (3d Cir. 1998). Mere suspicion or conjecture that the claims against the defendant arose out of acts or omissions in the course of carrying out her duties will not suffice. We must confine our jurisdictional determination from the plaintiff's claims as made in the state court.

A notice of removal must be filed within thirty days of receiving "a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). A writ of summons by itself is not an "initial pleading" that triggers the thirty-day period for removal under § 1446(b). *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 223 (3d Cir. 2005). This action was instituted by the issuance of a writ of summons. No complaint has been filed.[1] There are no pleadings containing factual allegations or asserted causes of action. Consequently, we cannot determine whether the plaintiff complains of the defendant's conduct while acting in her official capacity as a federal judicial officer or in her personal capacity.

Additionally, we cannot discern a causal nexus between any actions that the defendant may have taken as a federal judicial officer and the plaintiff's yet unknown claims. In short, although we may surmise, we do not know why the plaintiff has sued the defendant or whether he has sued her for her actions as a federal judicial officer. He may have sued her for conduct having nothing to do with her judicial office. Therefore, we must remand this

---

[1] The defendant did not file a *praecipe* requesting the Prothonotary to issue a rule to file a complaint pursuant to Pa. R. Civ. P. 1037(a). Had she done so, she would have forced Conklin to state what his claims are and what relief he is seeking.

2

A 161

action for lack of removal jurisdiction.

3

A 162

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STEPHEN G. CONKLIN           :        **CIVIL ACTION**
                             :
     **v.**                       :
                             :
YVETTE KANE                   :        **NO. 13-1531**

## <u>ORDER</u>

**AND NOW**, this 27th day of August, 2013, upon consideration of the Plaintiff's

Motion for Remand (Document No. 4) and the defendant's response, it is **ORDERED** that

the motion is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the state court from

which is was removed.

/s/Timothy J. Savage
TIMOTHY J. SAVAGE, J.

A163

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STEPHEN G. CONKLIN  :    **CIVIL ACTION**

     **v.**  :

YVETTE KANE  :    **NO. 13-1531**

### MEMORANDUM OPINION

**Savage, J.**                                                                **August 27, 2013**

Relying upon the federal officer removal statute, 28 U.S.C. § 1442(a)(3), the defendant, a federal judge, removed this action commenced in the state court by a writ of summons. Plaintiff Stephen Conklin, acting *pro se*, has moved to remand the action to the Court of Common Pleas of Dauphin County, Pennsylvania. Conklin asserts that "there is no basis for this Court to assume jurisdiction." *Pl.'s Mot. for Remand* ¶ 12. He points out that there has been no complaint filed in the state court action. *Id.* ¶¶ 14-16.

The plaintiff is correct. Because we cannot determine whether the removed action is based upon the defendant's conduct as a federal judicial officer, we cannot conclude that the action was properly removed. Therefore, we shall remand the action to the state court from which it was removed.

The federal officer removal statute provides, in relevant part, as follows:

> A civil action . . . commenced in a State court . . . against . . . any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or any agency thereof sued in an official or individual capacity, for or relating to any act under color of such office . . . .

28 U.S.C. § 1442(a)(1).

Removal jurisdiction under the statute exists when the plaintiff's claims are based

A164

upon the defendant's conduct while "acting under" the federal office and there is a causal connection between the federal defendant's performance of the duties of her federal office. *Feidt v. Owens Corning Fiberglas Corp.*, 153 F.3d 124, 127 (3d Cir. 1998). Mere suspicion or conjecture that the claims against the defendant arose out of acts or omissions in the course of carrying out her duties will not suffice. We must confine our jurisdictional determination from the plaintiff's claims as made in the state court.

A notice of removal must be filed within thirty days of receiving "a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). A writ of summons by itself is not an "initial pleading" that triggers the thirty-day period for removal under § 1446(b). *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 223 (3d Cir. 2005). This action was instituted by the issuance of a writ of summons. No complaint has been filed.[1] There are no pleadings containing factual allegations or asserted causes of action. Consequently, we cannot determine whether the plaintiff complains of the defendant's conduct while acting in her official capacity as a federal judicial officer or in her personal capacity.

Additionally, we cannot discern a causal nexus between any actions that the defendant may have taken as a federal judicial officer and the plaintiff's yet unknown claims. In short, although we may surmise, we do not know why the plaintiff has sued the defendant or whether he has sued her for her actions as a federal judicial officer. He may have sued her for conduct having nothing to do with her judicial office. Therefore, we must remand this

---

[1] The defendant did not file a *praecipe* requesting the Prothonotary to issue a rule to file a complaint pursuant to Pa. R. Civ. P. 1037(a). Had she done so, she would have forced Conklin to state what his claims are and what relief he is seeking.

A-165

action for lack of removal jurisdiction.

A 166

## IN THE COURT OF COMMON PLEAS
## FOR DAUPHIN COUNTY, PENNSYLVANIA

STEPHEN G. CONKLIN            :        NO.  2013 CV 2962 CV
            Plaintiff,      :
      v.                          :        (Evans, J.)
                       :
YVETTE KANE                   :        CIVIL ACTION - LAW
            Defendant.      :

## PRAECIPE

**TO THE PROTHONOTARY:**

Please file the attached Notice of Removal.  Assistant United States Attorney

Mark E. Morrison, through counsel, the United States Attorney, has removed the

sanctions proceeding scheduled for December 9, 2013 before the Honorable Scott Arthur

Evans from the Court of Common Pleas of Dauphin County to the United States District

Court, Middle District of Pennsylvania.

Respectfully submitted,

PETER J. SMITH
United States Attorney

Michael J. Butler
Assistant United States Attorney
Federal Building
228 Walnut Street, Suite 220
P.O. Box 11754
Harrisburg, PA 17108-1754
Tel: (717) 221-4482
Fax: (717) 221-2246

Dated: December 6, 2013

IN THE COURT OF COMMON PLEAS
FOR DAUPHIN COUNTY, PENNSYLVANIA

STEPHEN G. CONKLIN                          :        NO.  2013 CV 2962 CV
           Plaintiff,                      :
      v.                                       :        (EVANS, J.)
                      :
YVETTE KANE                                   :        CIVIL ACTION - LAW
           Defendant.                   :

## NOTICE OF FILING OF NOTICE OF REMOVAL

TO:  THE HONORABLE JUDGES OF THE COURT OF COMMON PLEAS
      OF DAUPHIN COUNTY, PENNSYLVANIA

     COMES NOW, Assistant United States Attorney Mark E. Morrison, party in

interest to the sanctions proceeding scheduled for December 9, 2013, at 11:00 a.m. in

Courtroom No. 2, and respectfully gives notice that the attached Notice of Removal has

been filed with the Clerk of Court of the United States District Court for the Middle

District of Pennsylvania.

                                Respectfully submitted,

                                PETER J. SMITH
                                United States Attorney

Dated: December 6, 2013
                                Michael J. Butler
                                Assistant United States Attorney
                                Federal Building
                                228 Walnut Street, Suite 220
                                P.O. Box 11754
                                Harrisburg, PA 17108-1754
                                Tel:  (717) 221-4482
                                Fax: (717) 221-2246

A168

IN THE COURT OF COMMON PLEAS
FOR DAUPHIN COUNTY, PENNSYLVANIA

STEPHEN G. CONKLIN              :        NO.  2013 CV 2962 CV
                    Plaintiff,         :
          v.                   :        (EVANS, J.)
                               :
YVETTE KANE                    :        CIVIL ACTION - LAW
                    Defendant.        :

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That on December 6, 2013, he caused to be served a copy of the foregoing

### NOTICE OF FILING OF NOTICE OF REMOVAL
### AND ATTACHED PRAECIPE

by placing a copy in a postpaid envelope addressed to the persons hereinafter named, at the places and addresses stated below, which is the last known addresses, and by depositing said envelopes and contents in the United States Mail and Certified Mail at Harrisburg, Pennsylvania to:

Stephen G. Conklin
22 Mairdale Avenue
Pittsburgh, PA 15214

_____
Michael J. Butler

A169

# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STEPHEN G. CONKLIN** | : | **Civil No.** |
| | : | |
| **Plaintiff,** | : | **(Judge          )** |
| **v.** | : | |
| | : | |
| **YVETTE KANE** | : | |
| **Defendant.** | : | **Filed Electronically** |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1442(a)(1), 1442(d)(1), and 1446, Assistant United

States Attorney Mark E. Morrison, hereby gives notice of the removal of a

sanctions proceeding in the Court of Common Pleas of Dauphin County,

Pennsylvania, to this Court.   The Dauphin County court has ordered a proceeding

for December 9, 2013, to determine if Mr. Morrison had authorization, as an

Assistant United States Attorney, to represent the Honorable Yvette Kane in a

federal removal action, and whether his removal of a Pennsylvania writ of

summons to federal court is subject to sanctions.   As party to the sanctions

proceedings, Mr. Morrison respectfully states:

## I. Procedural History

1. Plaintiff Stephen G. Conklin, pro se, filed a civil action against Defendant

   the Honorable Yvette Kane in the Court of Common Pleas of Dauphin

1

A170

County, Pennsylvania (2013-cv-2962), on or about April 4, 2013.

2. On June 7, 2013, Mr. Morrison, on behalf of Judge Kane, removed the matter to this Court.    The action was docketed as Conklin v. Kane, No. 1:13-cv-01531 (M.D. Pa), and, pursuant to 28 U.S.C. § 292(b), assigned to the Honorable Timothy J. Savage of the District Court for the Eastern District of Pennsylvania.

3. On July 8, 2013, Mr. Conklin filed a Motion for Remand, arguing that the writ did not provide the legal basis for the state court action and the removal was done for an improper purpose contrary to Rule 11 of the Federal Rules of Civil Procedure.    Mr. Conklin sought costs associated with the remand motion in the amount of $500.00.    See id. (Doc. No. 4).

4. On July 13, 2013, Mr. Conklin sent Mr. Morrison a letter, purporting to be a Notice and requesting that he "promptly withdraw your filing of Removal" and noting he will seek $20,000.00 in sanctions for the alleged violation of Rule 11.    See Letter attached hereto as Exhibit A.

5. On July 25, 2013, Mr. Morrison, on behalf of Judge Kane, filed a Brief in Response to the motion for remand.    See Conklin v. Kane, No.13-cv-1351 (Doc. No. 6)

6. On August 27, 2013, this Court remanded the matter back to Dauphin

2

County, and did not award costs to Mr. Conklin.   See id. (Doc. No. 7).

7. After remand to the Dauphin County court, Mr. Morrison, on behalf of
   Judge Kane, filed a Rule to file a complaint directed to Mr. Conklin.

8. On October 21, 2013, Mr. Conklin, through counsel, filed a federal Bivens
   action against Judge Kane; Mr. Morrison; Peter J. Smith, the United States
   Attorney; and Christina Garber, a Legal Assistant in the United States
   Attorney's Office.   See Conklin v. Kane et al., 1:13-cv-02618-JRS (M.D.
   Pa.).   Pursuant to 29 U.S.C. § 292(b), the Honorable Juan R. Sanchez of the
   Eastern District of Pennsylvania was assigned.

9. In the Bivens complaint noted above, Mr. Conklin claimed that the federal
   defendants engaged in a conspiracy to retaliate against him and his attorney,
   Don Bailey, in violation of his First and Fourteenth Amendment Rights.
   Mr. Conklin argued that Mr. Morrison had no authority to remove the
   Dauphin County writ to this Court, which caused him unnecessary expense
   and emotional distress.   Mr. Conklin also claimed that defendants violated
   his Fourth Amendment right to be free from unlawful searches, and he
   asserted a purported claim under 18 U.S.C. § 242 for "criminal violation of
   his civil rights."   Id.

10. On October 31, 2013, in the Dauphin County action (2013-cv-2962-cv), Mr.

3

A172

Conklin, pro se, filed a document entitled "Plaintiff's Emergency Motion for Sanctions with Request for Hearing; Discovery" against Judge Kane and Mr. Morrison.

11. In that motion, Mr. Conklin claimed that Mr. Morrison did not have authorization to represent Judge Kane in violation of the United States Attorney Manual Chapter 3-2.000 et seq.   See Em. Mot. at 6-11.

12. Mr. Conklin also argues that removing the action was an "egregious abuse of process;" for "improper purposes of harassing and intimidating;" and "caused unnecessary delay and needless increase in expense."   Id.

13. Mr. Conklin sought sanctions under Rule 1023.1 of the Pennsylvania Rules of Civil Procedure[1] and Rule 11 of the Federal Rules of Civil Procedure

---

[1] Pennsylvania Rule 1023.1 is similar to Federal Rule 11 and provides in pertinent part:

> (c) The signature of an attorney or pro se party constitutes a certificate that the signatory has read the pleading, motion, or other paper. By signing, filing, submitting, or later advocating such a document, the attorney or pro se party certifies that, to the best of that person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances,

> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation,

> (2) the claims, defenses, and other legal contentions therein are

4

against Judge Kane and Mr. Morrison.   <u>See</u> <u>id.</u> 8-9 ¶ 38.

14. Also in the sanctions motion, Mr. Conklin argued that Judge Kane should be

estopped from obtaining judgment against him because he was not properly

served with the Rule to file a complaint and no evidence of service was filed.

<u>See</u> <u>id.</u> at 12.

15. As relief, Mr. Conklin sought an injunction against Mr. Morrison from

representing Judge Kane and additional relief, including punitive relief

against both Judge Kane and Mr. Morrison.   <u>See</u> <u>id.</u> at 13-14.

16. Mr. Conklin also filed a stay of proceedings until his motion for sanctions

---

warranted by existing law or by a nonfrivolous argument for the
extension, modification or reversal of existing law or the establishment
of new law,

(3) the factual allegations have evidentiary support or, if specifically so
identified, are likely to have evidentiary support after a reasonable
opportunity for further investigation or discovery; and

(4) the denials of factual allegations are warranted on the evidence or, if
specifically so identified, are reasonably based on a lack of information
or belief.

(d) If, after notice and a reasonable opportunity to respond, the court
determines that subdivision (c) has been violated, the court may,
subject to the conditions stated in Rules 1023.2 through 1023.4, impose
an appropriate sanction upon any attorneys, law firms and parties that
have violated subdivision (c) or are responsible for the violation.

Pa. R. Civ. P. 1023.1.

5

A174

was decided.   See Em. Mot. to Stay at 1-2.

17. On November 14, 2014, Mr. Morrison withdrew his appearance as counsel

for Judge Kane in the Dauphin County action, and thereafter, Thomas B.

Schmidt, III, Esquire of Pepper Hamilton, LLP entered his appearance for

Judge Kane.

18. On November 25, 2014, the Dauphin County court scheduled a proceeding

regarding Plaintiff's Emergency Motion for Sanctions for December 9,

2013, at 11:00 a.m., and distributed the order to Mr. Morrison.

## II. Reasons for Removal

19. Under 28 U.S.C. § 1442(a)(1), a "civil action" that is "directed to" "any

officer . . . of the United States . . . in an official or individual capacity for or

relating to any act under color of such office," may be removed.   The

statute defines "civil action" as including any proceeding in which a judicial

order "is sought or issued."   Id. § 1442(d)(1).

20. Section 1442(d)(1) allows for the removal of only "proceedings" and not the

entire matter.   See id. (providing in pertinent part:"[i]f removal is sought for

a proceeding . . ., and there is no other basis for removal, only that

proceeding may be removed to the district court").

21. Mr. Morrison seeks to remove the sanctions proceeding against him to this

6

A175

Court.   Indeed, this proceeding is separate from the underlying action, which Mr. Conklin has refused to define.

22. Whether or not Mr. Morrison's act appropriately as counsel when he removed a federal action to federal court is purely a federal question.   The federal removal statutes in question, 28 U.S.C.§§ 1441 et seq. provide not only the grounds for removal but the standards of conduct for attorneys that invoke removal.

23. Section 1446(a) provides that notices of removal shall be "signed pursuant to Rule 11 of the Federal Rules of Civil Procedure."   There is no mention in the statute of any state procedure, with the necessary implication that federal courts, not state courts, have the role of ensuring the notice was "not presented for an improper purpose" and was "warranted by existing law or a nonfrivolous argument."   Fed. R. Civ. P. 11(b).

24. Mr. Conklin relies on both Rule 11 and Pennsylvania Rule 1023.1, but he cites to no authority that Rule 1023.1 applies to federal removal actions.

25. Although similar to Rule 11, Rule 1023.1 has its own Pennsylvania common law interpretations which may or may not conflict with federal law.   See Boyle v. United Tech. Corp., 487 U.S. 500, 504-505 (1988) (noting "a few areas, involving 'uniquely federal interests,' are so committed by the

7

A176

Constitution and laws of the United States to federal control that state law is

pre-empted and replaced, where necessary, by federal law of a content

prescribed (absent explicit statutory directive) by the courts-so-called

"federal common law") (citations omitted).

26. Here, Mr. Morrison proceeded under a federal statute and federal common

law when he argued there was a good faith basis for removal per the federal

officer removal statute.   See Conklin v. Kane, No. 1:13-cv-1531 (M.D. Pa)

(Doc. No. 6).   Importantly, Mr. Morrison's good faith basis is stated in his

brief in response to the motion to remand, which relied on federal common

law interpreting the federal officer removal provision of section 1442(a).

See id. (citing Jefferson County v. Acker, 527 U.S. 423, 431 (1989) (noting

federal officers may remove state actions "despite even a wholly non-federal

cast to the complaint"); see also Mesa v. California, 489 U.S. 121, 136

(1989) (noting the "well pleaded complaint" rule does not apply to federal

officer removal); State of La. v. Sparks, 978 F.2d 226, 232 (5th Cir. 1992)

(noting "the Supreme Court has for over two decades required a liberal

interpretation of § 1442(a) in view of the chief purpose – to prevent federal

officers who simply comply with a federal duty from being punished by a

state court for doing so").

8

A177

27. The state court cannot enforce Rule 11, a federal rule, as this would confound the federal statutory scheme and raise federalism and Supremacy Clause concerns.

28. Additionally, section 1447(c) provides that when ordering remand, a federal court "may require payment of just costs and any actual expenses," which can include attorney's fees if the court finds that removal was improper.

29. Here, Congress left to the federal courts the ability to award costs and fees when it found that removal was improper.    Again, federalism and Supremacy Clause issues arise if a state court could essentially overrule a federal court's decision not to award costs.

30. As noted above, this Court did not grant Mr. Conklin's request for costs in his motion to remand – a motion in which he claimed a Rule 11 violation because of the alleged unlawful removal.    See Conklin v. Kane, Civ. No.1:13-cv-01531 (M.D. Pa) (Doc. No. 4).    Now, Mr. Conklin attempts to get another bite at the apple by forum shopping for costs, not granted to him previously.

31. The state court's entertainment of a sanctions-proceeding circumvents federal authority and could frustrate a litigant's exercise of federal removal rights.    A slippery slope of state courts addressing the propriety of removal

using some type of state procedural mechanism before the federal courts addressed the appropriateness of removal could even result.

32. Moreover, the sanctions-proceedings calls for interpretation of whether Mr. Morrison had authority under chapter 3-2000 et seq. in the United States Attorney's Manual to represent Judge Kane.   See Em. Mot. at 10.

33. Whether or not the government acted appropriately in assigning an Assistant United States Attorney to represent a federal actor in what the government believed to be an action against her in her capacity as a federal employee falls squarely within the discretion of the Department of Justice under 28 C.F.R. § 50.15.[2]   A state court should not be allowed to review that decision, which in this case is tantamount to allowing a state court judge to decide whether a federal judge could be represented in federal removal proceeding or otherwise.

WHEREFORE, Assistant United States Attorney Mark E. Morrison moves this Court to remove the December 9, 2013 sanctions proceedings in the Court of Common Pleas of Dauphin County, Pennsylvania in the case of Kane v. Conklin,

---

[2] Although Mr. Conklin has not asserted his basis for suing Judge Kane, the Government has no information that Conklin has any other dealings with Judge Kane, but for official ones as a United States District Judge.   In none of his paperwork before this Court or Dauphin County has Mr. Conklin demonstrated otherwise.

10

A 179

No. 2013-cv-2962, to this Court for resolution.

Respectfully submitted,

PETER J. SMITH
United States Attorney

/s/Michael J. Butler
Michael J. Butler
Assistant U.S. Attorney
PA 81799
Federal Building
228 Walnut Street, Suite 220
P.O. Box 11754
Harrisburg, PA 17108-1754
Tel. (717) 221-4482
Fax (717)221-2246
Michael J.Butler@usdoj.gov

Dated: December 6, 2013

11

## UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STEPHEN G. CONKLIN** | : | **CIVIL NO.** |
| | : | |
| **Plaintiff,** | : | **(Judge          )** |
| **v.** | : | |
| | : | |
| **YVETTE KANE** | : | |
| **Defendant.** | : | **Filed Electronically** |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That on December 6, 2013, he caused to be served a copy of the foregoing

### NOTICE OF REMOVAL OF CIVIL ACTION

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail and Certified Mail at Harrisburg, Pennsylvania to:

Stephen G. Conklin
22 Mairdale Avenue
Pittsburgh, PA 15214

s/Michael J. Butler
Michael J. Butler

**Pepper Hamilton LLP**
——Attorneys at Law——

Suite 200
100 Market Street
P.O. Box 1181
Harrisburg, PA 17108-1181
717.255.1155
Fax 717.238.0575

Tucker R. Hull
direct dial: 717.255.1165
hullt@pepperlaw.com

December 4, 2013

*Hand Delivery*

Stephen E. Farina
Dauphin County Prothonotary
101 Market Street
Room 101
Harrisburg, PA 17101

Re:   *Stephen G. Conklin v. Yvette Kane*
      Civil Action No. 2013-cv-2962 (Dauphin County, PA, CCP)

Dear Mr. Farina:

Enclosed please find an original and three (3) copies of Defendant's Motion to Quash Plaintiff's Motion for Sanctions in the above-referenced matter. I have also included a proposed Order.

Should you have any questions, please do not hesitate to contact me.

Very truly yours,

Tucker R. Hull

TRH/kjb

Enclosures

cc:   Mr. Stephen G. Conklin
      Michael Butler, Esq., U.S. Attorney's Office

A 182

Thomas B. Schmidt, III, (PA 19196)
Tucker R. Hull (PA 306426)
PEPPER HAMILTON LLP
Suite 200, 100 Market Street
P.O. Box 1181
Harrisburg, PA 17108-1181
(717) 255-1155
(717) 238-0575 Fax
Attorneys for Defendant

| | | |
|---|---|---|
| STEPHEN G. CONKLIN, | : | IN THE COURT OF COMMON PLEAS |
| | : | DAUPHIN COUNTY, PENNSYLVANIA |
| Plaintiff | : | |
| | : | |
| vs. | : | No. 2013 CV 2962 |
| | : | |
| YVETTE KANE, | : | |
| | : | |
| Defendant | : | CIVIL ACTION - LAW |

## DEFENDANT'S MOTION TO QUASH PLAINTIFF'S MOTION FOR SANCTIONS

Defendant Yvette Kane,[1] by her undersigned counsel, moves this Court to quash

Plaintiff's Emergency Motion for Sanctions with Request for Hearing; Discovery ("Sanctions

Motion") for lack of jurisdiction. Defendant denies that there is any merit whatsoever to

Plaintiff's Sanctions Motions; even accepting as true Plaintiff's allegations, distinct from his

conclusory assertions, there has been no violation of state or federal rules governing the filing of

signed documents in state or federal courts. But, regardless of the merits, this Court lacks

---

[1] Hon. Yvette Kane is a sitting judge of the United States District Court for the Middle District of Pennsylvania. By filing this motion to quash, Judge Kane does not waive, and hereby reserves, her immunity from suit. *See Mireles v. Waco*, 502 U. S. 9 (1991).

jurisdiction to grant the relief sought by Plaintiff because, as shown below, the filing that is the subject of his Sanctions Motion was made in federal court, not this Court.

## Background

1.   On April 4, 2013, this case was initiated with the filing of a praecipe for a Writ of Summons, which was issued that day.

2.   On May 10, 2013, the Writ of Summons was re-issued.

3.   On May 24, 2013, the Writ of Summons was delivered to the office of the United States Attorney for the Middle District of Pennsylvania, which was authorized to accept service on behalf of Defendant.

4.   On June 11, 2013, pursuant to 28 U.S.C. §§ 1441, 1442 and 1446, a Notice of Removal from the Court of Common Pleas of Dauphin County to the United States District Court for the Middle District of Pennsylvania ("Middle District") was filed by Assistant United States Attorney Mark E. Morrison as counsel for Defendant.

5.   Plaintiff filed a motion to remand in the Middle District, which was granted on August 27, 2013, because Hon. Timothy J. Savage[2] concluded that the propriety of removal could not be determined until a complaint is filed by Plaintiff in this action.

6.   On September 18, 2013, following remand, a Rule was issued by this Court directing Plaintiff to file a complaint.

7.   On October 31, 2013, before the Rule was served, Plaintiff filed his Sanctions Motion together with an "Emergency Application for a Stay" pending a hearing on the Sanctions Motion.

---

[2] Judge Savage of the United States District Court for the Eastern District of Pennsylvania was sitting by designation pursuant to 28 U.S.C. § 292(b).

A184

8.    On November 15, 2013, the undersigned counsel entered their appearance for Defendant because Plaintiff has filed a separate action in the Middle District against Defendant, Assistant United States Attorney Morrison, United States Attorney Peter Smith, and a paralegal in the United States Attorney's office, asserting claims directly related to the June removal of this action.

9.    On November 19, 2013, the Rule directing Plaintiff to file a complaint within 20 days or suffer entry of judgment of non pros was served on Plaintiff pursuant to Pa. R.C.P. 440 and 1037.

10.    As of the date of filing this Motion to Quash, Plaintiff has not filed a complaint in this action.

### A Notice of Removal Filed in Federal Court Is Not Subject to Pa. R.C.P. 1023.1 *et seq.*

11.    Plaintiff's Sanctions Motion seeks relief pursuant to Pa. R.C.P. 1023.1 *et seq.*

12.    Plaintiff's Sanctions Motion alleges that the removal of this action to the Middle District by Defendant's former counsel Assistant United States Attorney Morrison was done for the improper purpose of harassing and intimidating Plaintiff. (Sanctions Motion, ¶¶ 37-41).[3]

13.    Rule 1023.1 only applies to documents filed in state court proceedings. Pa. R.C.P. 1023.1(b).

14.    Rule 1023.1(b) states in relevant part that:

---

[3] While the Sanctions Motion raised other issues (Sanctions Motion, ¶ 64), those issues are now moot due to intervening events. Specifically, Assistant United States Attorney Morrison has withdrawn his appearance on behalf of Defendant and undersigned counsel have replaced him. Additionally, no default judgment was entered, and undersigned counsel served Plaintiff with a Rule to file a complaint on November 19, 2013.

A165

(b) Every pleading, written motion, and other paper **directed to the court** shall be signed by at least one attorney of record in the attorney's individual name, or, if the party is not represented by an attorney, shall be signed by the party. . . .

*Id.* (emphasis added).

15.    Because the Notice of Removal was not filed in state court, Rule 1023.1 does not apply.

16.    Because the Notice of Removal is not subject to Rule 1023.1, this Court lacks jurisdiction to impose sanctions on Defendant's former counsel and the Sanctions Motion should be quashed.

### This Court Lacks Jurisdiction to Consider Whether Sanctions are Appropriate for Improper Removal

17.    The Notice of Removal was filed in federal court pursuant to 28 U.S.C. §§ 1441, 1442 and 1446.

18.    28 U.S.C. §1446(a) states in relevant part that:

[a] defendant or defendants desiring to remove any civil action or criminal prosecution from state court shall file in the district court of the United States for the district and division within such action is pending a notice of removal **signed pursuant to Rule 11 of the Federal Rules of Civil Procedure** and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

*Id.* (emphasis added).

19.    Fed. R. Civ. P. 11 provides that:

(a) **Signature.** Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented. . . .

(b) **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies.

**(c) Sanctions.**
    (1) *In General.* If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction. . . .

20.      Because the Notice of Removal was filed in the United States District Court for the Middle District of Pennsylvania and is subject to Fed R. Civ. P. 11, jurisdiction to impose sanctions for the filing belongs to the Middle District. *See e.g. Unanue-Casal v. Unanue-Casal*, 898 F.2d 839, 841 (1st Cir. 1990) ("even after a federal district court determines that it lacks jurisdiction of a case, it retains jurisdiction to consider whether it process was abused during the course of that determination."); *Muthig v. Brant Point Nantucket, Inc.*, 838 F.2d 600, 603 (1st Cir. 1988) (explaining that even after remand, a federal court has the jurisdiction to punish with sanctions for the abuse of its process); *Willy v. Coastal Corp.*, 855 F.2d 1160, 1172 (5th Cir. 1988) ("we and the district court retain jurisdiction over the Rule 11 aspect of this case, even though we have held that removal was improper").

21.      The Middle District has jurisdiction, and this Court does not have jurisdiction, to determine whether sanctions are appropriate for the filing of the Notice of Removal.

22.      Oral argument on this Motion is hereby requested. Undersigned counsel anticipates that argument will take no longer than 30 minutes.

23.      No discovery is necessary on this Motion.

A187

WHEREFORE, Defendant Yvette Kane requests that this Court quash Plaintiff's Sanctions Motion for lack of jurisdiction.

Respectfully submitted,

Thomas B. Schmidt, III (PA 19196)
Tucker R. Hull (PA 306426)
PEPPER HAMILTON LLP
100 Market Street, Suite 200
Post Office Box 1181
Harrisburg, PA 17108-1181
(717) 255-1155
(717) 238-0575 Fax
*schmidtt@pepperlaw.com*
*hullt@pepperlaw.com*

Dated:  December 4, 2013

*Attorneys for Defendant Yvette Kane*

A/88

## CERTIFICATE OF NON-CONCURRENCE

Undersigned counsel certifies that he notified Plaintiff by voicemail of Defendant's intent to file this Motion to Quash but received no response from Plaintiff regarding his concurrence/non-concurrence. Undersigned counsel assumes based on the responsive nature of this Motion to Quash and the lack of response from Plaintiff that Plaintiff does not concur in this Motion.

Tucker R. Hull (PA 306426)

A189

## CERTIFICATE OF SERVICE

I, Tucker R. Hull, hereby certify that on December 4, 2013, a copy of the foregoing Defendant's Motion to Quash Plaintiff's Motion for Sanctions was served via U.S. Mail, First Class, postage prepaid, and by FedEx Overnight Delivery, signature not required, upon the following:

Mr. Stephen G. Conklin
22 Mairdale Street
Pittsburgh, PA  15214

Tucker R. Hull (PA 306426)

A190

STEPHEN G. CONKLIN,                    :    IN THE COURT OF COMMON PLEAS
                                       :    DAUPHIN COUNTY, PENNSYLVANIA
                    Plaintiff          :
                                       :
        vs.                            :    No. 2013 CV 2962
                                       :
YVETTE KANE,                           :
                                       :
                    Defendant          :    CIVIL ACTION - LAW


## ORDER

AND NOW, this ___ day of December, 2013, upon consideration of Defendant's

Motion to Quash Plaintiff's Motion for Sanctions, Plaintiff's response thereto, and oral

argument, the Motion is granted and Plaintiff's Motion for Sanctions is quashed.


BY THE COURT:


_____
                                                                    J.


Distribution List:

Thomas B. Schmidt, III, Esquire
Tucker R. Hull, Esquire
PEPPER HAMILTON LLP
100 Market Street, Suite 200
Post Office Box 1181
Harrisburg, PA 17108-1181

Mr. Stephen G. Conklin
22 Mairdale Street
Pittsburgh, PA  15214


A191

IN THE COURT OF COMMON PLEAS OF DAUPHIN COUNTY, PENNSYLVANIA

|  |  | : | CIVIL ACTION – LAW |
|---|---|---|---|
| Stephen G. Conklin |  | : |  |
|  | Plaintiff | : | No.: 2013-CV-2962-CV |
|  |  | : |  |
|  | v. | : | EMERGENCY MOTION FOR |
|  |  | : | SANCTIONS WITH REQUEST |
| Yvette Kane |  | : | FOR HEARING; DISCOVERY |
|  | Defendant | : |  |
|  |  | : | JURY TRIAL DEMANDED |
|  |  | : |  |

## PLAINTIFF'S EMERGENCY MOTION FOR SANCTIONS
## WITH REQUEST FOR HEARING; DISCOVERY

NOW COMES, Stephen G. Conklin, Plaintiff in the above-captioned matter,

("Plaintiff") who, for good cause, in accordance with Pa. R.Civ.P ("Rule") 1023.1 et seq.,

together with any additional Rules of Court or law applicable hereto, urgently moves

upon this Court by way of Emergency Motion for Sanctions, pursuant to Rule 1023.2; or,

in the alternative, pursuant to Rule 1023.3, this Court issue a Rule to Show Cause upon

the Defendant and/or her counsel of record, Assistant U.S. Attorney Mark E. Morrison, as

to why sanctions should not be imposed thereupon.

Plaintiff additionally requests a hearing on this matter, pursuant to Local Rule ("LR")

208.3(a)(1)(b)(i), which Plaintiff estimates forty-five (45) minutes or less is and/or will

be required; and, further declares that discovery (LR 208.3(a)(1)(b)(ii)) will be necessary

for purposes of a final and just disposition of Plaintiff's instant motion.

Finally, Plaintiff respectfully entreats this Court to issue a Emergency Stay of all

proceedings, as filed concurrently herewith, and fully incorporated by reference, as if set

forth at length herein, pending a full and just determination of the merits of this motion,

following discovery and hearing. In support of this Motion, Plaintiff states as follows:

1

A192

## STATEMENT OF AUTHORITY

1. This court has [unlimited] original jurisdiction to hear live controversies, pursuant to Pa. Constitution, Article V, Section 5; the powers for which are further enumerated, [generally] pursuant to 42 Pa.C.S. Article 1, Chapter 3, Subchapter B [§ 323] and, as further distilled under Title 42, Article 3, Chapter 9, Subchapter B [§ 912]

2. The instant matter involves an action commenced by Plaintiff on writ of summons that was subsequently, albeit, unlawfully removed by Defendant and thereafter, remanded by the federal court for lack of jurisdiction to this Court.

## SUMMARY OF ISSUES EXIGENTLY PRESENTED

3. For reasons more fully set forth further below, this Emergency Motion for Sanctions is founded on two distinct issues:

   (1) The total lack of authority of the Office of United States Attorney and/or Assistant U.S. Attorney, to act in any capacity on behalf of a private party [Defendant], where no evidence of federal authority, expressed or implied has been, or can be implicated; and,

   (2) Where there exists no evidence that the [unauthorized] procurement by a U.S. Attorney's Office/Assistant U.S. Attorney of a Rule issued by the Prothonotary's office was ever served upon the Plaintiff, as otherwise required.

## EXIGENT CIRCUMSTANCES

4. Plaintiff's Emergency Motion presents exigent circumstances, *infra.*, that urgently seeks to invoke this Court's timely intervention.

A193

2

5.  Plaintiff is only recently in receipt of a Ten Day Notice of Intention (dated October 21, 2013; received, evening of October 23, 2013) by Defendant's unauthorized counsel, as unequivocally sent in his official capacity.

6.  Noteworthy, Plaintiff previously served said counsel with a "Safe Harbor" Notice, regarding, *inter alia*, said counsel's [lack of] authority to intervene; as well as the total absence of any jurisdictional prerequisite.[1]

7.  Nonetheless, said counsel yet proceeds, with its Notice of Intention, ostensibly predicated upon a Rule issued/stamped/dated by the Prothonotary to file a complaint, that Plaintiff only learned about [following receipt of notice of intention] thus causing Plaintiff to promptly appear on October 24, 2013, in the Prothonotary's Office to obtain a certified copy of the docket.

8.  To date, issuance of the Rule has never been served upon Plaintiff.

9.  Exigent circumstances exist for this Court to imminently exercise its inherent authority, as it is believed that Defendant, by and through its [unauthorized] counsel fully intends to unlawfully obtain a judgment in *non pros* as of November 1, 2013.

10. Should this unlawful act be allowed to occur, Plaintiff is mindful, pursuant to Rule 1023.2(c), that he will lose his right to motion for sanctions, as, "A motion requesting sanctions under this rule ***shall be filed before the entry of final judgment***."[2] (emphasis added)

---

[1] ..."given the above, I see absolutely no basis, and/or lawful ground, (jurisdictionally, procedurally or otherwise) ***for your exercise of authority*** to have, *inter alia*, either intervened or substituted party-defendant.. (emphasis added)

[2] Entry of judgment on *non pros*, constitutes a final judgment, subject only to the timely filing of a motion to open, or in the alternative, motion to strike, before taking appeal.

A 194

11. Moreover, Plaintiff will be further prejudiced by an unlawful entry of *non pros* judgment as it will unnecessarily force Plaintiff to lose both property[3] and time/energy to either Petition to Open or Strike the *non pros* judgment.

12. Additionally, the interests of this Court and respective parties will be far better served by this Court timely exercising its inherent power, thus saving precious time, judicial resources and monies likely to be expended in event this Court declines invitation, [whether by motion or this Court's own initiative] and the matter is left to post-judgment motions and any appeal(s) arising therefrom.

## OPERATIVE FACTS

13. Plaintiff hereby incorporates each and every of the preceding paragraphs as if all are fully set forth at length, herein.

14. On or about April 4, 2013, Plaintiff commenced an action in this Court, by writ of summons against Yvette Kane, only.

15. On or about May 10, 2013, the Plaintiff provided the Sheriff of Dauphin County a reissued writ for service.

16. Service was perfected by the Sheriff's department on or about May 24, 2013.

17. On or about June 7, 2013, Mark E. Morrison, in his official capacity as Civil Chief/Assistant United States Attorney caused the above-captioned matter, albeit, without jurisdiction or authority, to be promptly removed to federal court.

18. On or about July 8, 2013, Plaintiff filed a motion for remand, with brief in support.

---

[3] Should judgment be entered, Plaintiff will lose, *inter alia*, valuable property, i.e. monies, as Dauphin County requires a fee of one hundred and sixty-two ($162.00) dollars for Petitions to open/strike judgments.

A 195

19. On or about July 13, 2013, Plaintiff sent a "Safe Harbor" letter, with proof of mailing to Mark E. Morrison. Attached hereto, is a true and correct copy of the foregoing letter, together with proof of mailing, marked as Exhibit "A".

20. Despite Defendant and/or her attorney of record clearly being put on notice, on or about July 25, 2013, Mark E. Morrison, still acting [only] in his official capacity, filed a frivolous response in federal court to Plaintiff's motion for remand.

21. On or about August 27, 2013, the Honorable Timothy J. Savage, as designate-judge for the Eastern District Court, properly remanded defendant's removal action back to this Court, for lack of jurisdiction[4]. Pursuant to Rule 1019(g), Plaintiff hereby incorporates by reference, as a matter of record, Judge Savage's opinion and order, as if it is set forth at length herein.

22. On or about October 23, 2013, Plaintiff, through his attorney, filed a complaint in U.S. District Court for the Middle District of Pennsylvania, against defendant, Yvette Kane, and Mark E. Morrison, together with Peter J. Smith, and Christina Garber, docketed as 1:13-cv-2618.[5] Pursuant to Rule 1019(g) Plaintiff incorporates by reference as a matter of record, the aforesaid complaint, as if it is set forth at length herein.

23. On or about the afternoon of October 23, 2013 (dated October 21, 2013) Plaintiff received a copy of a Notice of Default for failing to file a complaint. This "Notice" is filed on behalf of U.S. Attorney, Peter J. Smith, by Mark E. Morrison,

---

[4] Judge Savage states on pg. 2 fn 1 that: The *defendant* did not file a praecipe requesting the Prothonotary to issue a rule to file a complaint pursuant to Pa.R.Civ.P 1037(a). *Had she done so, she would have forced Conklin to state what his claims are and what relief he is seeking.* (emphasis added)

[5] This federal complaint is based on *inter alia*, the unlawfully egregious nature of removal, usurping this Court's inherent authority to the deprivation of Plaintiff's Constitutional rights.

A196

as "Civil Chief/ Assistant U. S. Attorney". Attached hereto, is a true and correct copy of the foregoing "Notice, marked as Exhibit "B")

24. Alerted, Plaintiff promptly traveled to the Dauphin County's Prothonotary's office the very next day (October 24, 2013) and procured a certified/stamped copy of the docket. Attached hereto, is a true and correct copy of the certified docket, marked as Exhibit "C".

25. Contained within the docket, is an entry of a Rule issued by the Prothonotary's office, indicating said Rule was issued on or about September 18, 2013.

26. To date, the above Rule, as issued by the office of the Prothonotary, <u>has never been served,</u> as otherwise required, upon Plaintiff.

27. This emergency motion for sanctions now follows.

SANCTIONS

28. Plaintiff hereby incorporates each and every of the preceding paragraphs as if all are fully set forth at length herein.

29. Plaintiff is requesting that this Court impose sanctions, either by this Motion, or, on the Court's own initiative.

30. Rule 1023.2 [Motion for Sanctions] provides in pertinent parts that:

   (a) An application for sanctions under this rule shall be made by motion, shall be made separately from other applications and shall and shall describe the specific conduct alleged to violate Rule 1023.1(c).

   (b) No such motion shall be filed unless it includes a certification that the applicant served written notice and demand to the attorney or pro se party who signed or filed the challenged pleading, motion or other paper. The certification shall have annexed a copy of that notice and demand, which shall identify with specificity each portion of the document which is believed to violate the provisions of this rule....

*A197*

31. The document itself, i.e. removal, was the source sought to be withdrawn; coupled to the fact that counsel lacked any authority (as further set forth below) to act on behalf of the defendant.

32. Be that as it may, to whatever extent (if any) Plaintiff's Emergency Motion for Sanctions does not fully comport procedurally with any requirement(s) as set forth in subsection (b) above, given the extraordinary circumstances involved, Plaintiff, respectfully seeks consideration as a pro se party, and further requests invocation of Rule 126, which provides in pertinent part that:

> The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.

33. Plaintiff believes, with respect to this motion, and for reasons more fully set forth below, that the Rules should be liberally construed to secure the "just, speedy and inexpensive determination" of this the instant matter.

34. This is all the more so as, *inter alia*, it is Defendant's Counsel who has unjustly prolonged and increased the cost of this matter – a cost, and prolonging that will inevitably continue, to the prejudice of Plaintiff, without this Court's immediate intervention.

35. In the alternative, and possibly preferable to this Court, Plaintiff seeks this court's consideration of Rule 1023.3, which provides in pertinent part that:

> ***On its own initiative***, the court may enter an order describing the specific conduct that appears to violate Rule 1023.1(c) and ***directing an attorney, law firm or party <u>to show cause why it has not violated Rule 1023.1(c)</u> with respect thereto***. (emphasis added)

A198

36. With the above in mind, Plaintiff turns to Rule 1023.1, entitled, "Scope. Signing of Documents. Representations to the Court. Violation" stating in pertinent part(s) that:

(c) The signature of an attorney or pro se party *constitutes a certification that the signatory has read the pleading, motion or other paper. By signing, filing, submitting, or later advocating such a document, the attorney or pro se party certifies that, to the best of that person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances,*

(1) *it is not being presented for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation,*

(2) *the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument* for the extension, modification or reversal of existing law or the establishment of new law,

(3) the factual allegations have evidentiary support or, if specifically identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and,

(4) the denials of factual allegations are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information and belief.

(d) If, after notice and a reasonable opportunity to respond, the court determines that subdivision (c) has been violated, the court may, subject to the conditions stated in Rules 1023.2 through 1023.4, *impose an appropriate sanction upon any attorneys*, law firms *and parties that have violated (c) or are responsible for the violation.* (emphasis added)

## VIOLATIONS

37. With respect to the foregoing, both defendant Yvette Kane and her attorney of record, Mark E. Morrison, are, pursuant to Rule 1023.1(d) *directly responsible for the violation*(s), as further set forth below. Moreover, these violations are [an] ongoing [abuse of process] as of the date of this filing.

38. Both defendant and her attorney of record, knew or should have known, as seasoned attorneys, that beginning with the removal action commenced by them

8

*A199*

on or about June 7, 2013 was, *inter alia,* an egregious abuse of process; and, for

purposes of this motion, are representative of an ongoing pattern of abuse in

violation of Rule(s) 1023.1 *et seq.,* and, Fed.R.Civ.P 11.

39. Nonetheless, said defendant through counsel, commenced removal, in violation of

the foregoing Rule(s), for *improper purposes* of *harassing and intimidating*

Plaintiff; the latter, causing severe emotional distress[6], by virtue of the enormous,

and seemingly unbridled power vested in the U.S. Attorney's office.

40. Further, defendant and her counsel caused *unnecessary delay and needless*

*increase in expense*, without justification; and more importantly, knowingly, or,

with such reckless abandon, as seasoned attorneys should have known, there was

absolutely no jurisdiction for them to have done so.

41. This *"unnecessary delay and needless increase in expense"* is first evidenced by

Defendant/Counsel's usurping this Court's jurisdiction via removal to federal

court, where, as the federal court subsequently determined, no jurisdictional basis

existed, and continues [as yet unabated] resulting in the instant matter now before

this Court.

42. This is yet further exacerbated, from its very incipience, had, as Rule 1023.1

requires, Defendant's counsel, in certifying, had actually made a *"inquiry*

*reasonable under the circumstances"* upon which to base their "knowledge,

information and belief" upon.

43. Had either Defendant or her counsel, both, as seasoned attorneys, *actually* done

so, [and complied with the law] there simply would be no reason to be here, now.

---

[6] Shortly following removal, Plaintiff became physically ill as a result. Plaintiff yet remains under doctor's care.

*A 200*

44. Despite this, it all is further exacerbated by the fact that Defendant's counsel's lacked any authority to act on behalf of Defendant.

### A.    Counsel's Lack of Authority to Act on Behalf of Defendant

45. Pursuant to USAM (United States Attorney's Manual) Chapter 3-2.000 et seq., at all material times relevant hereto, Defendant's counsel of record, Mark E Morrison, acting solely in his capacity as Assistant U.S. Attorney, is wanton of any lawful authority, statutorily or otherwise, to act on behalf of Defendant.

46. USAM 3-2.140 states in pertinent part that:

> Although the Attorney General has supervision over all litigation *to which the United States or any agency thereof is a party* and has direction of all United States Attorneys, and their assistants, in the discharge of their respective duties…each United States Attorney, within his/her district, has the responsibility and authority to: (a) prosecute for all offenses against the United States; (b) *prosecute or defend, for the government, all civil actions, suits, or proceedings in which the United States is concerned*… By virtue of this *grant of statutory authority and* the practical realities of *representing the United States* throughout the country, United States Attorneys conduct most of the trial work *in which the United States is a party*…(emphasis added)

47. Regarding Assistant U.S. Attorneys 3-2.200-210 states in pertinent part(s) that:

> Assistant United States Attorneys are appointed by the Attorney General and may be removed by that official..[and, as to authority] *Assistant United States Attorneys are responsible to the United States Attorney for the performance of duties assigned by that official*. (emphasis added)

48. The above fully comports with federal statute, 28 U.S.C. § 547 entitled Duties [U.S. Attorneys] as it states in pertinent part that:

> Except as otherwise provided by law, each United States attorney, within his district, shall
> (1) *prosecute for all defenses against the United States*;
>
> (2) *prosecute or defend, for the government, all civil actions, suits or proceedings in which the United States is concerned*… (emphasis added)

A201

49. Clearly, there is, [save for defendant/counsel's improper inferences], no mention made by Plaintiff, expressed or implied, that the United States is, in any way, a party to Plaintiff' action.

50. In furtherance of the above, this Court need but look at the Honorable Judge, Timothy J. Savage's opinion/order, upon which he remanded back to this Court, Defendant/Counsel's unlawful removal.

51. In furtherance, it behooves this Court, in light of the above, to additionally consider the fact that, (a) Plaintiff had previously served Defendant's counsel with a "safe harbor" notice, demanding the said counsel forthwith withdraw their unlawful removal, further stating that there was, "*absolutely no basis, and/or lawful ground, (jurisdictionally, procedurally, or otherwise) for your exercise of authority to have, inter alia, intervened or substituted party-defendant..*" (emphasis added); and (b) as illustrated by Defendant's/Counsel's Ten Day Notice of Intention , (see Exhibit "B" attached), said counsel continues to represent Defendant in his official capacity (as if still representing the United States) sans any authority, statutorily or otherwise, to do so.

52. Accordingly, for the reasons set forth above, this Court strike off any and all filings submitted on behalf of the Defendant by said counsel, for counsel's, clear and convincing lack of lawful authority to do so.

### B.    Failure to Provide Notice

53. For reasons previously stated above, *Plaintiff was never served with a Rule to file a complaint*, and accordingly, this Court should forthwith *estop* Defendant

11

A 202

and her counsel from seeking any entry of judgment for *non pros* against Plaintiff, as imminently contemplated.

54. "judgment of non pros" is governed pursuant to Rule1037(a), which states in pertinent part that:

(a) If an action is not commenced by a complaint, the prothonotary, upon praecipe of the defendant, shall enter a rule upon the plaintiff to file a complaint. If the complaint is not filed within twenty (20) days *after service of the rule*, the prothonotary, upon praecipe of the defendant, shall enter judgment of *non pros*. (emphasis added)

55. "Service" of a rule to file a complaint is explicitly required by Rule 1037(a).

Noting further:

The Rule provides for the entry of the judgment of non pros by the prothonotary upon "praecipe" of the defendant. ***This, however, cannot be filed until 20 days after "service" of the rule to file the complaint.*** Although there is no specific provision for an affidavit of service, ***it is clear that the defendant will never succeed in obtaining the entry of judgment without furnishing the prothonotary with sworn proof of the service of the rule at least 20 days prior to the date he asks for judgment.*** (emphasis added) 2 Goodrich-Amram 2d § 1037(a):1 Foot note omitted). Accord 7 Standard Pennsylvania Practice 2d § 39:94

56. Here it is clear, as evidenced by the certified docket attached hereto (Exhibit "C") there exists no "***sworn proof of the service of the rule at least 20 days prior to the date he asks for judgment***", or for that matter, any date, up to and including the date of the certified docket (October 24, 2013) a mere week ago.

57. Accordingly, the prothonotary has no authority to entertain entry of a judgment for *non pros*, because the rule to file a complaint has never been served. See, *Storm v. Golden*, 338 Pa. Super. 570 (1985) 488 A.2d 39 (Pa. 1985) (holding that,

A 202

"prothonotary had no authority to enter judgment of non pros in favor of appellant because the rule to file a complaint was never served on appellee"[7]

58. Plaintiff has been and continues to be harmed by the unlawful actions undertaken by defendant and her attorney of record.

59. Plaintiff will be additionally harmed and prejudiced, incurring yet additional delay and needless expense, should this Court choose not to sanction the defendant/attorney of record for their willfully deliberate and continuing acts.

60. Plaintiff has been deprived of lawful notice, regarding the issuance of a Rule never served upon Plaintiff, and further, by the acts of the Assistant U.S. Attorney, on behalf of the Defendant, sans any lawful authority of said attorney – all of which is to the detriment and expense of the Plaintiff; as well as, the public at large, who has been and will continue to be, forced to foot their bill.

61. Plaintiff believes, if for no other reason, the lack of notice should be sufficient for this Court to promptly act, lest additional harm and injury occur to Plaintiff.

RELIEF REQUESTED

62. Plaintiff hereby incorporates paragraphs each and every of the preceding paragraphs as if they are all set forth at length herein.

63. Plaintiff is seeking appropriate sanctions against defendant, Yvette Kane, and/or her counsel of record, Assistant U.S. Attorney, Mark E. Morrison.

64. Specifically, Plaintiff requests that:

---

[7] See also Judge Wieand's concurring statement in *Golden supra*. "…I write separately to observe that the *defect in the judgment of non pros in this case was apparent on the face of the record*. More correctly, therefore, the *judgment should have been stricken*." (emphasis added)

a.  Defendant and/or her counsel of record, be barred from the imminently-anticipated filing of a non pros judgment against Plaintiff, for, *inter alia*, the failure of either the Assistant U.S. Attorney, or Defendant, to provide [as required] Notice of Prothonotary's issuance of Rule upon Plaintiff, and for the inherent lack of lawful authority as otherwise vested in the U.S. Attorney's office, to procure same;

b.  Assistant U.S. Attorney Mark E. Morrison, together with any other person not lawfully authorized, be barred from signing, filing, submitting, or otherwise advocating anything on behalf of a private defendant in this matter;

c.  With respect to the above, the Rule to file complaint as issued by the Prothonotary's office, on or about September 18, 2013 be quashed, or otherwise stricken from the record;

d.  With respect to the above, the Notice of Intention to take judgment, based on an un-served Rule, as mailed on or about October 21, 2013 be quashed, and/or otherwise deemed stricken;

e.  Hereafter, should Defendant, or any lawful private attorney duly authorized on her behalf, seek recourse upon Plaintiff, by virtue of [new] Rule issued to file a complaint, that such praecipe for Rule be filed by either the Defendant, or her private attorney so authorized, and that the same [issued Rule] be actually served upon the Plaintiff;

f.  Relief that this Court, given the unique circumstances, deems sufficient to deter such similar acts from occurring; and/or

A 205

g. Any and all additional relief, punitive or otherwise, that this Court deems just and proper.

65. Plaintiff respectfully requests that this Court, for good cause, grant Plaintiff's Motion for Sanctions and request for relief, pursuant to Rule 1023.2, or in the alternative, this Court, on its own initiative, pursuant to Rule 1023.3, issue a Rule to Show Cause upon Defendant and her counsel of record, as to why sanctions and relief requested should not be imposed; and further, grant Plaintiff any and all additional relief, punitive and/or otherwise, as this Court may, given the extraordinary and egregious nature of their acts, as this Court may deem as just and proper.

WHEREFORE, in consideration of all of the above, Plaintiff respectfully entreats this Court to grant Plaintiff, any and all manner of relief consistent with the foregoing.

Respectfully Submitted,

Stephen G. Conklin/plaintiff
22 Mairdale Street
Pittsburgh, Pa. 15214
(717) 460-5450

IN THE COURT OF COMMON PLEAS OF DAUPHIN COUNTY, PENNSYLVANIA

|  |  |  |  |
|---|---|---|---|
| Stephen G. Conklin | : | CIVIL ACTION – LAW | |
| | Plaintiff | : | No.: 2013-CV-2962-CV |
| | v. | : | EMERGENCY MOTION FOR SANCTIONS WITH REQUEST FOR HEARING; DISCOVERY |
| Yvette Kane | Defendant | : | JURY TRIAL DEMANDED |

## VERIFICATION

I, Stephen G. Conklin, Plaintiff in the above-captioned matter, do hereby aver this 31st day of October, 2013 that the statements made in my Emergency Motion, are true and correct to the best of my knowledge, information and belief. The undersigned acknowledges that this statement is made subject to 18 Pa.C.S. § 4904, relating to unsworn falsification to authorities.

Stephen G. Conklin/plaintiff
22 Mairdale Street
Pittsburgh, Pa. 15214
(717) 460-5450

## CERTIFICATION

I, Stephen G. Conklin do hereby certify this 31st day of October, 2013, that I sent a true and correct copy of my emergency Motion by facsimile to Defendant's counsel (name/address/contact provided on accompanying certificate of service) and as of the time of filing Defendant's counsel concurred/ did not concur/ did not respond to Plaintiff's motion.

Stephen G. Conklin/plaintiff
22 Mairdale Street
Pittsburgh, Pa. 15214
(717) 460-5450

A 207

A

Stephen G. Conklin
22 Mairdale Street
Pittsburgh, Pa. 15214
(717) 460-5450

Mark E. Morrison, Assistant U. S. Attorney
c/o Office of U.S. Attorney
Ronald Reagan Federal Building
228 Walnut Street, Suite 220
P.O. Box 11754
Harrisburg, Pa. 17108-1754

July 13, 2013

Re: Removal 1:13-cv-01531-TJS
**Safe Harbor Notice**

Dear Mr. Morrison,

**This Notice** is a request that you promptly withdraw your filing of Removal as indexed above. By now, you are in receipt of my Motion for Remand as accompanied by brief in support thereof. Surely you can see there exists no jurisdictional basis for your having removed my Writ of Summons from the Court of Common Pleas of Dauphin County to the U.S. District Court for the Middle District. The foregoing alone should be more than sufficient cause for you to withdraw your removal.

Further, given the above, I see absolutely no basis, and/or lawful ground, (jurisdictionally, procedurally or otherwise) for your exercise of authority to have, *inter alia*, either intervened or substituted party-defendant; both of which raise additional serious concerns. I believe, under the present set of circumstances, absent jurisdiction, whatever immunity normally that would attach to you, is, at minimum, in dire jeopardy.

Your Notice of Removal is signed/certified pursuant to Fed.R.Civ.P 11. Given the fact that there is/was no lawful basis for your removal, I will be demanding damages in the amount of twenty thousand ($20,000.00) dollars as sanctions for your unlawful act.

In any event sir, you are on due notice and I recommend your guide yourself accordingly.

Respectfully,

_____
Stephen G. Conklin

A206



A

**UNITED STATES POSTAL SERVICE®**                    **Certificate Of Mailing**

This Certificate of Mailing provides evidence that mail has been presented to USPS® for mailing.
This form may be used for domestic and international mail.

From: Stephen G. Conklin
22 Mairdale St.
Pittsburgh, Pa. 15214

To: Mark E. Morrison
c/o office of U.S. Attorney
228 Walnut St., Suite 220
P.O. Box 11754, Harrisburg, PA. 17108-1754

PS Form **3817**, April 2007  PSN 7530-02-000-9065

HARRISBURG, PA
JUL 13 '13
AMOUNT
**$1.20**
00060457-14

B

**U.S. Department of Justice**

United States Attorneys Office
*Middle District of Pennsylvania*

228 Walnut Street, Suite 220
Harrisburg, Pennsylvania 17108-1754

Official Business

A-20

Stephen G. Conklin
22 Mairdale Avenue
Pittsburgh, PA 15214



Date: 10/24/2013
Time: 01:36 PM
Page 2 of 2

Case: 14-4106    Document: 003112018144    Page: 214    Date Filed: 07/15/2015    User: JMAURER

**Dauphin County**
Complete Case History
Case: 2013-CV-02962-CV
**Stephen G Conklin vs. Yvette Kane**

## Register of Actions

| | | |
|---|---|---|
| 4/4/2013 | Other Miscellaneous filed. | No Judge, |
| | AOPC MONTHLY CIVIL COURT STATISTICAL REPORT DATA Writ of Summons Issued. See Praecipe, filed. | No Judge, |
| | AOPC MONTHLY CIVIL COURT STATISTICAL REPORT DATA (AGING PURPOSES - CIVIL ACTION) | No Judge, |
| 5/10/2013 | Writ of Summons Re-Issued. See Praecipe, filed. | No Judge, |
| 5/24/2013 | Reissued Writ of Summons: Sheriff's Return filed stating service was completed. So answers J.R. Lotwick, Sheriff. to Yvette Kane on 5/24/2013; Assigned to Dauphin Co Sheriffs Office. Service Fee of $52.00. | No Judge, |
| 6/11/2013 | Notice of Removal from the Court of Common Pleas of Dauphin County to the United States District Court for the Middle District of Pennsylvania, filed. | No Judge, |
| | Transferred / Withdrawn ( Civl Other ) | No Judge, |
| | AOPC MONTHLY CIVIL COURT STATISTICAL REPORT DATA ****NO MORE ENTRIES CASE TRANSFERRED**** TO MIDDLE DISTRICT COURT | No Judge, |
| 9/6/2013 | AND NOW, this 27th day of August, 2013, upon consideration of the Plaintiff's Motion for Remand (Document No. 4) and the defendant's response, it is ORDERED that the motion is GRANTED. IT IS FURTHER ORDERED that this action is REMANDED to the state court from which is was removed. See Order & Memorandum Opinion filed. /s/ Timothy J Savage, J | No Judge, |
| 9/18/2013 | Rule is issued upon Plaintiff to file a Complaint within 20 days of service or suffer entry of Judgment of Non Pros. See PRAECIPE, filed. | No Judge, |
| | Defendant: Kane, Yvette Attorney of Record:  Mark E Morrison | No Judge, |

OCT 2 4 2013

I hereby certify that the foregoing is a
true and correct copy of the original filed.

_____

**Prothonotary**

Stephen C. Harina

A-210

IN THE COURT OF COMMON PLEAS OF DAUPHIN COUNTY, PENNSYLVANIA

|  |  |  |  |
|---|---|---|---|
| Stephen G. Conklin | | : | CIVIL ACTION – LAW |
| | Plaintiff | : | No.: 2013-CV-2962-CV |
| | v. | : | EMERGENCY MOTION FOR SANCTIONS WITH REQUEST FOR HEARING; DISCOVERY |
| Yvette Kane | Defendant | : | |
| | | : | JURY TRIAL DEMANDED |

## CERTIFCATE OF SERVICE

I, Stephen G. Conklin, do hereby certify this 31st day of October, that I filed and

thus caused to be served, by hand delivery, my Emergency Motion upon the office of he

Court Administrator for the Court of Common Pleas for Dauphin County; and further,

caused a true and correct copy of the foregoing motion to be served, by U.S. Mail,

postage prepaid, upon Defendant's Counsel as addressed below.

Mark E. Morrison
Assistant U.S. Attorney
Ronald Reagan Federal Building
228 Walnut Street, Suite 220
Harrisburg, Pa. 17108-1754
Fax: (717) 221-2246

Stephen G. Conklin/plaintiff
22 Mairdale Street
Pittsburgh, Pa. 15214
(717) 460-5450

17

A-211

IN THE COURT OF COMMON PLEAS OF DAUPHIN COUNTY, PENNSYLVANIA

|  |  |  |
|---|---|---|
| | : | CIVIL ACTION – LAW |
| Stephen G. Conklin | : | |
| Plaintiff | : | No.: 2013-CV-2962-CV |
| | : | |
| v. | : | EMERGENCY MOTION FOR |
| | : | SANCTIONS WITH REQUEST |
| Yvette Kane | : | FOR HEARING; DISCOVERY |
| Defendant | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |

## ORDER

AND NOW, to wit, this _____ day of _____, upon consideration of

Plaintiff's Emergency Motion for Sanctions, it is hereby ORDERED and DECREED,

that Plaintiff's Emergency Motion is GRANTED.

BY THE COURT:

_____J.

18

A212



# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STEPHEN G. CONKLIN,     :
   **Plaintiff**      :
            :  **CIVIL ACTION NO. 1:10-CV-02501**
**v.**           :
            :  **(Chief Judge Kane)**
KRISTINE M. ANTHOU, et al.,   :
   **Defendants**     :

### MEMORANDUM ORDER

Pending before the Court is a Motion for Recusal filed by Plaintiff Stephen G. Conklin. (Doc. No. 7.) The motion has not been briefed. However, for the reasons that follow, the Court will strike the motion in its entirety pursuant to Federal Rule of Civil Procedure 12(f). In addition, the Court will strike paragraphs 4, 5, 6, and 7 of Plaintiff's complaint (Doc. No. 1) under Rule 12(f).

## I.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) authorizes courts to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Immaterial" matter is that which has no essential or important relationship to the claim for relief. Del. Health Care Inc. V. MCD Holding Co., 893 F. Supp. 1279 (D. Del. 1995). "Impertinent" matter consists of statements that do not pertain, and are not necessary, to the issues in question. Cech v. Crescent Hills Coal Co., 2002 WL 31002883, No. 96-2185, at *28 (W.D. Pa. 2002). A "scandalous" matter or pleading is one that casts a derogatory light on someone, uses repulsive language, or detracts from the dignity of the court. Carone v. Whalen, 121 F.R.D. 231, 232 (M.D. Pa. 1988).

While courts are specifically empowered with the ability to invoke Rule 12(f) sua sponte,

1

*A 213*

striking a pleading is a drastic remedy and should be sparingly used by the courts. Krisa v. Equitable Life Assurance Soc'y, 109 F. Supp. 2d 316 (M.D. Pa. 2000).

## II.     DISCUSSION

### A.     Paragraphs 4, 5, 6, and 7 of the Complaint

On December 7, 2010, Plaintiff filed a lengthy complaint in this action alleging constitutional violations by various state actors. (Doc. No. 1.) In addition to Plaintiff's allegations against Defendants, Plaintiff included accusations against the undersigned and other unnamed judicial officers. (Id. ¶¶ 4, 5, 6, 7.) Specifically, Plaintiff alleges that "the far reaching influence emanating out of the Nineteenth Judicial District" has undermined the independence of the undersigned and other judicial officers of the Middle District of Pennsylvania. (Id. ¶ 4.) Further, Plaintiff asserts that his past experience before judicial officers in the Middle District of Pennsylvania has demonstrated a bias and prejudice against him. (Id. ¶ 5.) Plaintiff also argues that his relationship with Attorney Don Bailey will "literally rob Plaintiff of a fair and just opportunity to redress his grievances within this Tribunal." (Id. ¶ 6.) Finally, Plaintiff accuses the Nineteenth Judicial District "and other courts" with "judicial corruption" which "render[s] them incapable of just administration with cold neutrality." (Id.) Plaintiff asserts that these "incidents . . . warrant[] a full and thorough investigation by, at a minimum, an independent Grand Jury." (Id.)

After reviewing these paragraphs of the complaint, the Court finds that the allegations contained therein amount to a scandalous matter as it "detract[s] from the dignity of the court" and "improperly casts a derogatory light" on the undersigned and other unnamed judicial officers. Carone, 121 F.R.D. at 232. Further, the Court finds the matter to be impertinent, as it

2

A214

"consists of statements that do no pertain, and are not necessary to, the issues in question." Cech, 2002 WL 31002883, at *28 (W.D. Pa. 2002) (citations omitted); see also Lipsky v. Commonwealth United Corp., 551 F.2d 887, 893 (2d Cir. 1976) ("In deciding whether to [grant] a Rule 12(f) motion on the ground that the matter is impertinent and immaterial, it is settled that the motion will be denied, unless it can be shown that no evidence in support of the allegation would be admissible."). Therefore, the Court shall strike paragraphs 4,5,6, and 7 of Plaintiff's complaint (Doc. No. 1) pursuant to Rule 12(f).

### B. Motion to Recuse

Plaintiff's motion to recuse alleges, inter alia, that the undersigned and other named judicial officers of the Middle District of Pennsylvania have subjected Plaintiff to harm as a result of his relationship with Attorney Don Bailey. (Doc. No. 7¶2.) Plaintiff's motion is replete with other disrespectful and impertinent references to the undersigned and other named judicial officers in the Middle District of Pennsylvania. "Nothing in our liberal pro se practice dictates that this Court receive abusive documents." Teriault v. Silber, 574 F.2d 197, 197 (5th Cir. 1978). The matter contained in Plaintiff's motion is clearly immaterial, impertinent, and scandalous pursuant to Rule 12(f). See Carone, 121 F.R.D. at 232; 5 Alan Wright & Arthur Miller, Federal Practice and Procedure § 1382 (3d ed.). Indeed, the Court finds the motion to recuse to be "so saturated with redundant, immaterial, impertinent, and scandalous matter so as to make precise surgery to excise the offending portions virtually impossible." Thomas v. Sandstrom, No. 1:09-cv-1557, 2009 WL 5111788, at *1 (M.D. Pa. Dec. 16, 2009). Accordingly, the Court shall strike Plaintiff's motion to recuse (Doc. No. 7) in toto under Rule 12(f).

**AND NOW**, on this 5th day of April 2011, **IT IS HEREBY ORDERED THAT:**

3

A215

1.    Paragraphs 4, 5, 6, and 7 of Plaintiff's complaint (Doc. No. 1) are **STRICKEN** as immaterial, impertinent, and scandalous pursuant to Federal Rule of Civil Procedure 12(f).

2.    Plaintiff's Motion to Recuse (Doc. No. 7) is **STRICKEN** in its entirety as immaterial, impertinent, and scandalous pursuant to Federal Rule of Civil Procedure 12(f).

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania

4

A216

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STEPHEN G. CONKLIN,                                   :
        **Plaintiff**                                :
                                                    :    **CIVIL ACTION NO. 1:10-CV-02501**
**v.**                                                :
                                                    :    **(Chief Judge Kane)**
KRISTINE M. ANTHOU, et al.,                           :
        **Defendants**                               :

## ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

    Pro Se Plaintiff, the subject of a mortgage foreclosure action, filed a lengthy Complaint alleging Constitutional violations by state actors, including the President Judge of the Nineteenth Judicial District, Commonwealth of Pennsylvania. (Doc. No. 1.)  Plaintiff has supplemented his allegations against the state court actors with gratuitous sweeping allegations against the undersigned and other unnamed judicial officers.  Immaterial, impertinent, and scandalous under Federal Rule of Civil Procedure 12(f), these allegations have been stricken.  Plaintiff repeats these accusations in other writings beyond the pleadings in an apparent effort to impugn the integrity of the Court.  The Court is mindful of its duty to hear and decide cases, and mindful that the Court must guard against deliberate acts that invoke recusal for the purpose of "judge shopping."  However, the Court is also concerned that any potential decision in this matter adverse to Plaintiff's interests may be viewed as retaliation for Plaintiff's longstanding and outrageous pattern of hostility and disrespect towards this Court and other judicial officers.  Thus, under the unique circumstances of this case, the Court finds that recusal is appropriate.  See 28 U.S.C. § 455(a).

    **ACCORDINGLY,** on this 5th day of April 2011, **IT IS HEREBY ORDERED THAT**

1

A217

the undersigned is **HEREBY RECUSED** from the above captioned matter.  The Clerk is

directed to reassign this case.

                                      _S/ Yvette Kane_
                                        Yvette Kane, Chief Judge
                                        United States District Court
                                        Middle District of Pennsylvania

2

A 218

NOV - 7 2014

U.S. C.A. 3rd

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | | |
|---|---|---|
| Stephen G. Conklin | : | |
| Appellant, | : | No. 14-4106 |
| | : | |
| v. | : | Dist. Case No. 1:13-cv-03058 |
| | : | |
| Yvette Kane | : | OPPOSITION TO DISMISS |
| Appellee. | : | for LACK OF JURISDICTION |
| | : | |

## APPELLANT'S OPPOSITION TO DISMISSAL OF APPEAL FOR LACK OF APPELLATE JURISDICTION

### I.   INTRODUCTION

Appellant timely files this written argument in Opposition to [the proposed premature] Dismissal of his Appeal, pursuant to the written directive of the Clerk of Court's office, indicating a "*possible dismissal due to a jurisdictional defect*". In support of Appellant's opposition to dismissal, Appellant submits the following:

### II.   ARGUMENT

Appellee's removal was premised on 28 U.S.C. §§ 1442(a)(1); 1442(d)(1); and, 1446(g).

28 U.S.C. § 1442 provides in pertinent parts that:

(a) A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

1

A219

(1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue. . . .

## A. Removal Lacked Jurisdiction

Appellee removed Appellant's state court motion, pursuant to 28 U.S.C. § 1442(a); section 1442(a) is a pure jurisdictional statute. See, e.g. *Mesa v. California*, 488 U.S. 121 (1989) ("Section 1442(a), in our view, is a pure jurisdictional statute...") Id at 136.

AUSA Butler's December 6, 2013 removal was sans jurisdiction. To jurisdictionally qualify for removal, Appellee must meet the four prong test as set forth above - something it simply failed to do.

This Circuit has determined jurisdiction under § 1442(a)(1) requires:

A defendant...must establish that (1) it is a "person" within the meaning of the statute; (2) the plaintiff's claims are based upon the defendant's conduct "acting under" a federal office; (3) it raises a colorable federal defense; and (4) there is a casual nexus between the claims and the conduct performed under color of a federal office.

*Feidt v. Owens Corning Fiberglass Corp.*, 153 F. 3d 124, 127 (3d Cir. 1998) (citing *Mesa v. California*, 489 U.S. 121, 129, 109 S.Ct. 959, 965, 103 L.Ed 2d 99 (1989); *Willingham v. Morgan*, 395 U.S. 402, 409, 89 S.Ct. 1813, 1817, 23 L.Ed 2d 396 (1969))

2

*A 221*

As stated by the Supreme Court, § 1442(a) requires a liberal interpretation, in view of its <u>chief purpose</u> – *"to prevent federal officers who simply comply <u>with a federal duty</u> from being punished by a state court for doing so." State of La. V. Sparks*, 978 F.2d 226, 232 (5th Cir. 1992) (emphasis added) Appellee cannot demonstrate it was complying with a federal duty. Appellee's federal duty is to represent the interests of the United States, only. As noted in *Jefferson County v. Acker*, 527 U.S. 423 (1999) "to qualify for removal, an officer of the federal courts must both raise a colorable federal defense, see *Mesa v. California*, 489 U.S. 121, 139 (1989) and establish the suit is "for a[n] act under color of office, " 28 U.S.C. § 1442(a)(3) (emphasis added) To satisfy the latter requirement, the officer must show a nexus, a 'causal connection' *between the charged conduct and asserted official authority." Willingham v. Morgan*, 395 U.S. 402, 409 (1969) (quoting *Maryland v. Soper (No 1)*, 270 U.S. 9, 33 (1926)). Id at 431

Virtually all of the reasons cited in Appellee's December 6, 2013 notice of Removal are founded on a previous removal attempt that, on August 27, 2013 was remanded, for lack of jurisdiction. That remand, [for lack of jurisdiction] represents the law of the case.

A221

What is the charged conduct? That following remand of the first removal for lack of jurisdiction, AUSA Morrison continued on, ostensibly under color of federal authority in proceeding in state court to obtain a rule to file a complaint, and then abused process by willfully and intentionally failing to serve that rule in an attempt to obtain a non pros on behalf of a private citizen. There is nothing, absolutely nothing to suggest otherwise.

Further stated:

"There must be a causal connection between what the officer has done under asserted official authority and the state prosecution. It must appear that the prosecution of him, for whatever offense, ***has arisen out of the acts done by him <u>under color of federal authority</u> and in <u>enforcement of federal law, and <u>he must by direct averment exclude the possibility that it was based on acts or conduct of his not justified by his federal duty</u>.*.*"* _Mesa Supra._, at 132 (emphasis added) Appellee did not because he could not make a "direct averment [as to] exclude the possibility that it was based on acts or conduct of his not justified by his federal duty."

Again, at the material time in question, that issue was already settled by the August 27, 2013 remand, for lack of jurisdiction, which, *a fortiori,* as the U.S. Attorney's office can only represent the interests of the United States.

A222

It is demonstrative of the fact that Appellee, in his official capacity obtained a rule to file a complaint, that admittedly, was never served on Appellant as of his state court emergency motion, Appellee is/was issue precluded from these very acts/conduct charged. This is the law of the case in this matter.

It is axiomatic, the issue of [lack of] jurisdiction can be raised at any time, even on appeal. See *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). For purposes of the instant appeal, this issue presents a legal question of whether there ever was federal jurisdiction, at, and/or during the time of removal; and, this Court is empowered with appellate jurisdiction to review that legal question, *de novo*.

## B. Appellant's Appeal is Authorized by Statute

Generally, under the removal statutes, recourse by "appeal or otherwise" is not afforded. However, Appellant's appeal is the exception to the general rule, as it is clearly authorized by the very statute upon which it was removed, *i.e.*, the Federal Officer Removal Statute, 28 U.S.C. § 1442(a).

Concerning the post-disposition of a removed action, 28 U.S.C. § 1447 provides in pertinent part that:

(d) An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, *except* that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title *shall be reviewable by appeal or otherwise*.

5

A223

28 U.S.C. § 1447(d) (emphasis added)

Appellee's Removal was effectuated under 28 U.S.C. § 1442.

§ 1447(d) provides for the "exception" afforded removal under § 1442 that such remand "*shall be reviewable by appeal or otherwise.*"

28 U.S.C. § 1447(d) makes no distinction between movant or non-movant party with respect to the taking of an "appeal or otherwise" under 28 U.S.C. § 1442; nor should this Court interpret contrarily, where the statutes are un-ambiguous. Accordingly, this Court has jurisdiction to review remand, independent of ancillary considerations, pursuant to the clear language of 28 U.S.C. § 1447(d); and, pursuant to 28 U.S.C. § 1291.

## C. The District Court Assumed Jurisdiction and Dismissed Pendent Claim

Notwithstanding all of the above, the lower Court assumed jurisdiction, albeit erroneously, only to reach in and dismiss Appellant's pendent state claim, which, for purposes of finality, effectively put Appellant out of court. That is so in that the gravamen of the removed pendent claim, and the salient issue revolving around the removal, was whether AUSA Morrison ever had authority to act in his official capacity on behalf of a private defendant, particularly following the August 27, 2013 remand of a previous removal by Mr. Morrison for lack of jurisdiction.

A22

The decision of the District Court to dismiss Appellant's claim against Morrison, as well as grant Yvette Kane's motion to dismiss Appellant's claim, if left as is, cannot be addressed via the subsequent remand to state court, and thus, puts Appellant out of court.

Accordingly, this Court should assume jurisdiction, as a final order, pursuant to its authority under 28 U.S.C. § 1291, and/or, under any other authority that this Court may possess.

## III.   **CONCLUSION**

In consideration of the foregoing, this Court should assume jurisdiction and allow this matter to proceed on appeal.


Respectfully Submitted,


Stephen G. Conklin

7

A 225

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | | |
|---|---|---|
| Stephen G. Conklin | : | |
| Appellant, | : | No. 14-4106 |
| | : | |
| v. | : | Dist. Case No. 1:13-cv-03058 |
| | : | |
| Yvette Kane | : | OPPOSITION TO DISMISS |
| Appellee. | : | for LACK OF JURISDICTION |
| | : | |

## CERTIFICATE OF SERVICE

I, Stephen G. Conklin do hereby certify this 7th day of November,

2014 that I caused a true and correct copy of my opposition to dismiss, by

First Class, U.S. Mail, postage prepaid, upon the parties listed below:

Thomas Schmidt, Esq.
c/o Pepper Hamilton, LLP
100 Market Street, Suite 200
P.O. Box 1181
Harrisburg, Pa. 17108

AUSA Michael Butler
c/o Ronald Reagan Federal Bldg.
228 Walnut Street, Suite 220
Harrisburg, Pa. 17108

Stephen G. Conklin
c/o 22 Mairdale Street
Pittsburgh, Pa. 15214

A226

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN G. CONKLIN | : | Civil No. 1:13-cv-03058 |
| Plaintiff, | : | 1:13-cv-02168 |
| | : | (Sanchez, J.) |
| v. | : | Related: 1:13-cv-01531 |
| | : | (Savage, J.) |
| YVETTE KANE | : | Related: 2013-CV-2962 |
| Defendant. | : | CONFERENCE BRIEF |

## PLAINTIFF'S CONFERENCE ORDERED BRIEF

### I. INTRODUCTORY

As stated during the telephonic conference, Plaintiff **PROTESTS** this Court's telephonic conference, in its entirety, for, *inter alia*: the fact [to date] Plaintiff has NEVER received a notice from this Court for said conference; the conference was NOT as purported, i.e., "for the purposes of scheduling a hearing on all outstanding motions"; and, this Court, having tacitly acknowledged removal was "untimely" literally instructed opposing counsels' to, in effect, give this Court an excuse why removal would still be warranted - all of the foregoing further demonstrating an absolute bias and prejudice towards Plaintiff. Plaintiff submits this brief, **under Protest**, whilst exercising an abundance of caution in protecting Plaintiff's rights.

### II. ARGUMENT

During conference, this Court stated Plaintiff has presented an "interesting and thorny" issue with respect to his demand for remand/reply, as applicable to 28 U.S.C. §§ 1442(a)(1), 1442(d)(1), and 1446(g). This Court went on to make numerous references to the August 15, 2013 "McLaughlin" Order/Memorandum, docketed as No. 13-cv-1871, which addressed the foregoing statutes. As noted in the "McLaughlin" memorandum, beginning with page 17 [IV. Motion to Remand] *"the [] has removed the proceeding under 28 U.S.C. § 1442(a)(1), the federal officer removal statute, and § 1442(d)(1), the provision <u>seeking subpoenas for testimony or documents from a federal officer</u>."* (emphasis added)

On November 9, 2011, the foregoing statutes were amended pursuant to the Removal Clarification Act, P.L. 112-51. ("RCA")The foregoing Act is based on H.R. 358. (February 28, 2011 Congressional Record-House, H1371-72) As clearly and repeatedly noted by congressional intent, its impetus concerned **"pre-complaint discovery"** in state courts. As stated by its sponsor, Georgia Rep. Johnson: "… a Federal officer should be able to

A227

remove…when it involves the Federal officer's *exercise of his or her official responsibilities.*"[adding] " .. the bill.. makes clear that '*if there is no other basis for removal, only the discovery proceeding may be removed*..'" Concluding with, "*Finally, the bill makes clear that the timing requirement under 28 U.S.C. 1446 will not be changed*.." These were echoed by Reps. Lungren and Lee; the latter stating, "*H.R. 368 does not make any changes to the underlying removal law. It simply clarifies …1442(a) by including any proceeding, to the extent…, a judicial order, including a subpoena for testimony or documents, is sought or issued.*" Of course, none of this applies to Plaintiff's state court motion.

AUSA Butler's December 6, 2013 notice of removal is squarely based on Plaintiff's October 31st Emergency Motion, relying almost exclusively as if Plaintiff's motion had to do with the first removal; and not, as clearly set forth in plaintiff's motion, on events after remand. Only *after* Plaintiff filed his January 6, 2014 motion to remand, did the bedrock contention now become and thereafter remain, that the timeliness of removal is premised on a November 25, 2013 state court order, granting Plaintiff, a "hearing" on his "motion". At conference, Attorney Schmidt raised issue as to the vagueness of what constitutes a 'hearing' under state/local practice. Pursuant to state/local motion rule(s) – allow me to clarify.

All the state court did is issue a hearing on Plaintiff's motion. There is nothing in that order to even remotely suggest that a subpoena, production of document; nor, even on the outside, a rule to show cause would/could issue implicating such. In fact, unlike a petition to the court, which may have included a "rule to show cause", per LR 208.4 [Entry of Order] at best, it is only "(a) *At the initial consideration of a motion*, [Dec. 9th] the court shall enter an order in accordance with Pa.R.C.P. 208.4. ("Rule") This differs from State Rule only by exchanging "shall" for "may". Rule 208.4 goes on to state that under LR208.4(a)(1) the state court could, "*dispose of the motion*". This was certainly the intent of Defendant Kane, when on December 4, 2013 *she sought to "quash" Plaintiff's motion*, asking for and being granted argument thereon by the state court for December 9th. Or, assuming Plaintiff's motion was not disposed/quashed, per Rule 208.4(a)(2) "*set forth the procedures the court will use for deciding the motion which may include one or more of the following*: (i) the filing of initial or supplemental responses, (ii) the filing of initial or supplemental briefs, (iii) the filing of affidavits, depositions, and the like, (iv) *the issuance of a rule to show cause pursuant* to subdivision (b) of this rule, (v) *the holding of an evidentiary hearing*, and (vi) *the entry of an order* providing for any other *procedure* for developing the record." (emphasis added)

A228

The foregoing is certainly on point with what the "McLaughlin" Court considered. Though potentially FCDO may have contemplated removal earlier, it wasn't until the Pa. Supreme Court directed the PCRA Court to make a determination as to source of funding; and, PCRA Court on April 3, 2013 discussed in open court, the types of evidence FCDO would produce, thereafter by order, scheduling a [subsequent] hearing, whereby, "testimony and/or documents" would be produced.

Accordingly, not only has Plaintiff sufficiently pled, and this Court has tacitly acknowledged that the removal was untimely, but equally, given the fact that per "RCA" and the "McLaughlin" opinion, Federal officer removal allows for multiple bites at the apple, it was totally premature. Had AUSA Butler simply waited to see, *if*, at or following the December 9th hearing, an actual order had been entered for a rule to show cause, and/or otherwise implicating rules (i-v) as stated above, maybe, just maybe there would then be sufficient cause for removal.

As a final note: Nowhere does AUSA Butler "certify" that the acts undertaken by AUSA Morrison following the August 27, 2013 remand, were "***within the scope of their employment***"; or, as otherwise required, specifically, "***by direct averment exclude the possibility that [Morrison's] action[s] was/were based on acts or conduct not justified by his federal duty***." (emphasis added)

### Judicial Notice

This Court is to take Judicial Notice of: Pa.R.Civ.P. 208.1 et seq.; Dauphin County Local Rule 208 et seq.; the Removal Clarification Act – P.L.112-51; and, H.R. 358, Congressional Record-House, H1371-72.

### III.CONCLUSION

There is no Complaint, no cause of action, no federal defense, and, no lawful authority for any federal officer to act. Nor, was there any subpoena or discovery request issued. Nor, an order entered for issuance of a rule to show; evidentiary hearing; production of documents or the taking of testimony, etc.. Thus, for the reasons set forth above, together with Plaintiff's Motion for Remand, brief in support, and March 10, 2013 Reply, Plaintiff's motion for remand must be forthwith granted.

_____
Stephen G. Conklin

3

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN G. CONKLIN | : | Civil No. 1:13-cv-03058 |
| Plaintiff, | : | 1:13-cv-02168 |
| | : | (Sanchez, J.) |
| v. | : | Related: 1:13-cv-01531 |
| | : | (Savage, J.) |
| YVETTE KANE | : | Related: 2013-CV-2962 |
| Defendant. | : | CONFERENCE BRIEF |

## CERTIFICATE OF SERVICE

I, Stephen G. Conklin, Plaintiff above, does hereby certify this 29th day of
August 2014, that I caused to be served upon Designate-Judge, Juan R.
Sanchez an original, plus 2 copies of my Conference Ordered brief, by First
Class U.S. Mail, postage prepaid, with 2 proofs of service, as addressed
below; and, a true and correct copy thereof, upon opposing counsels, by First
Class U.S. Mail as addressed below:

Juan R. Sanchez, Designate Judge          AUSA Michael Butler
c/o Ronald Reagan Federal Bldg.           c/o Ronald Reagan Federal Bldg
Clerk of Courts, 10th Fl.                 228 Walnut Street, Suite 220
Harrisburg, Pa. 17108                     Harrisburg, Pa. 17108
                                          (Atty. For Mark E. Morrison)

Thomas Schmidt, Esq.
c/o Pepper Hamilton, LLP
100 Market Street, Suite 200
P.O. Box 1181
Harrisburg, Pa. 17108

By:_____
          Stephen G. Conklin
          c/o 22 Mairdale Street
          Pittsburgh, Pa. 15214

4

*A230*

OFFICE OF THE CLERK

**MARCIA M. WALDRON**
**CLERK**



# UNITED STATES COURT OF APPEALS

FOR THE THIRD CIRCUIT
21400 UNITED STATES COURTHOUSE
601 MARKET STREET
PHILADELPHIA, PA  19106-1790
Website: www.ca3.uscourts.gov

TELEPHONE
215-597-2995

October 16, 2014

Stephen G. Conklin
c/o 22 Mairdale Street
Pittsburgh, PA 15214

RE: Stephen Conklin v. Yvette Kane
Case Number: 14-4106
District Case Number: 1-13-cv-03058

Dear Mr. Conklin:

This will advise you that the above-captioned appeal will be submitted to a panel of this Court for possible dismissal due to a jurisdictional defect. It appears that this Court may lack appellate jurisdiction for the following reason(s):

The order that you have appealed may not be reviewable at this time by a court of appeals. Only final orders of the district courts may be reviewed. 28 U.S.C. Section 1291 (enclosed).

Jurisdictional defects cannot be remedied by the court of appeals. The parties may submit written argument in support of or in opposition to dismissal of the appeal for lack of appellate jurisdiction. Any response regarding jurisdiction must be in proper form (original with certificate of service), and must be filed within 21 days from the date of this letter. Upon expiration of the response period, the case will be submitted to the Court for consideration of the jurisdictional question.

The parties will be advised of any Order issued in this matter.

Very truly yours,

*Marcia M. Waldron*

Marcia M. Waldron, Clerk

By: *Nicole Faust*
Nicole Faust, Administrative Assistant

*A23)*

### § 1291.  *Final Decisions of District Courts*

The courts of appeals (other than the United States Court
of Appeals for the Federal Circuit) shall have jurisdiction
of appeals from all final decisions of the district courts of
the United States, the United States District Court for the
District of the Canal Zone, the  District Court of Guam,
and the District Court of the Virgin Islands, except where
a direct review may be had in the Supreme Court.   The
jurisdiction of the United States Court of Appeals for the
Federal Circuit shall be limited to the jurisdiction described
in sections 1292(c) and (d) and 1295 of this title.
(June 25, 1948, c. 646, 62 Stat. 929;  Oct. 31, 1951, c. 655,
§ 48, 65 Stat. 726; July 7, 1958, Pub.L. 85-508, § 12(e), 72 Stat.
348; Apr. 2, 1982, Pub.L. 97-164, Title I,  § 124, 96 Stat. 36.)

A232

OFFICE OF THE CLERK

**UNITED STATES DISTRICT COURT**
*for the*
**MIDDLE DISTRICT of PENNSYLVANIA**
*William J. Nealon Federal Bldg. & U.S. Courthouse*
*235 North Washington Avenue*
*P.O. Box 1148*
*Scranton, PA 18501-1148*

*Divisional Offices*

*Maria E. Elkins*
*Clerk of Court*

*(570) 207-5600 FAX (570) 207-5650*
*Internet address: www.pamd.uscourts.gov*

*Harrisburg:  (717) 221-3920*
*Williamsport: (570) 323-6380*

October 17, 2014

Stephen G. Conklin
22 Mairdale Avenue
Pittsburgh, PA 15214

Re: 13CV3058 Conklin vs. Kane

Dear Mr. Conklin:

This letter is in response to your letter of October 7, 2014, docketed at entry # 37 in the above captioned case and addressed to Clerk Elkins. She has asked me to look into this matter and to respond to your letter.

You are correct, there are documents that you should have received from us and did not. My investigation shows that you did not receive the following documents that you should have.

(A) August 22, 2014 document #24 Order.
(C) September 5, 2014 documents #28 and #29 Memorandum and Order.

These were not purposely with held from you but on both Fridays when these documents were filed the person who usually mails the documents was on leave. Others were filling in for that person and they missed you. We apologize for that. It won't happen again.

You also did not receive other documents.

(B) September 3, 2014 document # 27 Transcript.
(D) September 8, 2014 document # 30 Transcript.

Both of these documents are the same transcript of your telephone conference of August 26, 2014. Transcripts are not documents that we would send to a litigant unless someone requested a copy of one.

Our investigation shows that (E) September 9, 2014 document #31 was mailed to you on September 9, 2014. But that was the wrong document. It has since been deleted from your case.

A23=

Conklin- page 2

I did review this whole matter with our Harrisburg Office, in particular our Deputy in Charge, Peter Welsh. (You refer to him as an "unknown someone.") He was there when you were filing your appeals. He did not observe anyone getting "terse." Also when they were telling you, the documents were sent to you they were quoting from the docket that showed they were sent on the Notice of Electronic Filing. My review of these records was not from the docket but from the program that produces the label for you and the document being noticed. They did not have the access that I have to do this. They were only going by the docket. Be that as it may, we will provide you with a copy of the Order you requested

Your Letter Brief was not on the docket. However, after talking with chambers they supplied me with a copy that was received by the Harrisburg office on September 3, 2014 and forwarded to chambers. Chambers was unaware that your Letter Brief was not docketed. I have since had it docketed as of September 3, 2014.

There is an entry on your docket involving a Michael J. Costello. That document is in error. We will remove document #31 from your record. We apologize for that.

We did make some mistakes with your docket. We have corrected them. I am enclosing the copies of the documents that you requested. I also include an updated copy of your docket. We apologize for the errors and omissions and promise to be much more diligent in the future handling of these matters.

Sincerely yours

Kevin T. Calpin, Operations Manager

cc Maria E. Elkins, Clerk

A234

IN THE COURT OF COMMON PLEAS OF DAUPHIN COUNTY, PENNSYLVANIA

|  |  |  |
|---|---|---|
| Stephen G. Conklin | : | CIVIL ACTION – LAW |
| Plaintiff | : | No.: 2013-CV-2962-CV |
| v. | : | EMERGENCY APPLICATION FOR STAY PENDING HEARING ON MOTION FOR SANCTIONS |
| Yvette Kane | : |  |
| Defendant | : |  |
|  | : | JURY TRIAL DEMANDED |

## PLAINTIFF'S EMERGENCY APPLICATION FOR STAY PENDING HEARING ON MOTION FOR SANCTIONS

NOW COMES, Stephen G. Conklin, Plaintiff in the above-captioned matter, who moves upon this Court, by way of Emergency Application, for a Stay of all proceedings pending Hearing on Plaintiff's Motion for Sanctions. In support, Plaintiff states as follows:

1. Concurrent with this Application, Plaintiff has filed with this Court, an Emergency Motion for Sanctions with Request for Hearing; Discovery. Plaintiff hereby incorporates the foregoing referenced Emergency Motion as if it is fully set forth at length, herein.

2. Exigent circumstances exist that requires this Court's immediate attention, lest Plaintiff suffer needless harm and injury.

3. Defendant, by and through unauthorized counsel is imminently contemplating obtaining a judgment for non pros against Plaintiff, where, in the first instance, as required by law, said counsel has failed to serve the requisite Rule upon Plaintiff to file a complaint.

RECEIVED OFFICE OF PROTHONOTARY DAUPHIN COUNTY, PA. 2013 OCT 31 PM 3: 44

A235

4. Whereas, in addition to the lack of counsel's lawful authority, such failure to serve is a fatal defect to the record, that alone, would be sufficient to subsequently strike the judgment's entry, but, at the expense of Plaintiff filing a Petition with this Court to do so.

5. This is a needless and unwarranted expense and loss of property incurred solely by Plaintiff, where, this Court has cause sufficient to warrant a Stay pending opportunity to be heard.

6. "This court has not.. embraced the general proposition that a wrong may be done if it can be undone." *Stanley v. Illinois*, 405 U.S. 645, 647.

7. This Court has the power to prevent a wrong being done.

WHEREFORE, in consideration of the foregoing, inclusive of Plaintiff's incorporated Emergency Motion, Plaintiff respectfully entreats this Court to grant Plaintiff a stay of all proceedings, pending a full and just determination following hearing of Plaintiff's Emergency Motion for Sanctions.


Respectfully Submitted,


Stephen G. Conklin/Plaintiff
22 Mairdale Street
Pittsburgh, Pa. 15214
(717) 460-5450

A236

IN THE COURT OF COMMON PLEAS OF DAUPHIN COUNTY, PENNSYLVANIA

|  |  |  |  |
|---|---|---|---|
| Stephen G. Conklin | | : | CIVIL ACTION – LAW |
| | Plaintiff | : | No.: 2013-CV-2962-CV |
| | v. | : | EMERGENCY APPLICATION |
| Yvette Kane | | : | FOR STAY PENDING HEARING |
| | Defendant | : | ON MOTION FOR SANCTIONS |
| | | : | JURY TRIAL DEMANDED |

CERTIFCATE OF SERVICE

I, Stephen G. Conklin, do hereby certify this 31st day of October, that I filed and thus caused to be served, by hand delivery, my Emergency Application for Stay upon the office of he Court Administrator for the Court of Common Pleas for Dauphin County; and further, caused a true and correct copy, prior to filing, to be served by facsimile upon Defendant's counsel and thereafter  served, by U.S. Mail, postage prepaid, upon Defendant's Counsel as addressed below.

Mark E. Morrison
Assistant U.S. Attorney
Ronald Reagan Federal Building
228 Walnut Street, Suite 220
Harrisburg, Pa. 17108-1754
Fax: (717) 221-2246

Stephen G. Conklin/plaintiff
22 Mairdale Street
Pittsburgh, Pa. 15214
(717) 460-5450

**Dauphin County**

Complete Case History

Case: 2013-CV-02962-CV

### Stephen G Conklin vs. Yvette Kane

## Register of Actions

| | | |
|---|---|---|
| 10/31/2013 | Judge assigned to case. | Bratton, Bruce F. |
| 11/5/2013 | Judge assigned to case. | Turgeon, Jeannine |
| 11/6/2013 | Judge assigned to case. | Evans, Scott A. |
| 11/15/2013 | Mark E. Morrison, Eq withdraws appearance and Pepper Hamilton by Thomas B Schmidt III, Esq and Tucker R. Hull, Esq enters appearance on behalf of Defendant: Kane, Yvette | Evans, Scott A. |
| •11/25/2013 | Hearing scheduled for (Hearing 12/09/2013 11:00 AM) (Plaintiff's Emergency Motion) See COMPLETE ORDER filed. Copies dist on 11/25/13. | Evans, Scott A. |
| 12/4/2013 | Defendant's motion to quash plaintiff's motion for sanctions, filed. | No Judge, |
| | Upon consideration of Defendant's Motion to Quash Plaintiff's Motion for Sanctions, and an accompanying request for oral argument, it is hereby ORDERED that oral argument shall be heard on December 9, 2013 at 11:00 a.m. in Courtroom No. 2. See COMPLETE ORDER filed. Copies dist on 12/4/13. | Evans, Scott A. |
| • 12/6/2013 | Notice of Removal from the Court of Common Pleas of Dauphin County to the United States District Court for the Middle District of Pennsylvania, filed. | No Judge, |
| | Transferred / Withdrawn ( Civil Action ) See PRAECIPE, filed. | No Judge, |
| | AOPC MONTHLY CIVIL COURT STATISTICAL REPORT DATA ****NO MORE ENTRIES CASE TRANSFERRED**** TO MIDDLE DISTRICT COURT 1:13-CV-1531 | No Judge, |
| 12/23/2013 | Filing: Judgment  Paid by: Pepper Hamilton  Receipt number: 0308047  Dated: 12/23/2013  Amount: $23.25 (Check) For: Conklin, Stephen G (plaintiff) | Evans, Scott A. |
| | Judgment of Non Pros is entered against the Plaintiff for failure to file a Complaint within 20 days from date of service of the Rule to File the Complaint. See Praecipe, filed as per LG.  Copies of All Documents to Attorney. | No Judge, |

I hereby certify that the foregoing is a
true and correct copy of the original filed

Prothonotary

A238

Date: 2/11/2014
Time: 03:49 PM
Page 2 of 3

**Dauphin County**
Complete Case History
Case: 2013-CV-02962-CV

User: TSULTZABER

**Stephen G Conklin vs. Yvette Kane**

## Register of Actions

| 4/4/2013 | New Civil Case Filed This Date. | No Judge, |
|---|---|---|
| | Filing: Writ of Summons   Paid by: Conklin, Stephen G (plaintiff)  Receipt number: 0293122  Dated: 4/4/2013 Amount: $162.00 (Cash) For: Conklin, Stephen G (plaintiff) | No Judge, |
| | Plaintiff: Conklin, Stephen G Attorney of Record:   PRO SE | No Judge, |
| | Other Miscellaneous filed. | No Judge, |
| | AOPC MONTHLY CIVIL COURT STATISTICAL REPORT DATA Writ of Summons Issued. See Praecipe, filed. | No Judge, |
| • 5/10/2013 | Writ of Summons Re-Issued.  See Praecipe, filed. | No Judge, |
| • 5/24/2013 | Reissued Writ of Summons: Sheriff's Return filed stating service was completed. So answers J.R. Lotwick, Sheriff. to Yvette Kane on 5/24/2013; Assigned to Dauphin Co Sheriffs Office. Service Fee of $52.00. | No Judge, |
| 6/11/2013 | Notice of Removal from the Court of Common Pleas of Dauphin County to the United States District Court for the Middle District of Pennsylvania, filed. | No Judge, |
| | Transferred / Withdrawn ( Civl Other ) | No Judge, |
| | AOPC MONTHLY CIVIL COURT STATISTICAL REPORT DATA ****NO MORE ENTRIES CASE TRANSFERRED**** TO MIDDLE DISTRICT COURT | No Judge, |
| • 9/6/2013 | AND NOW, this 27th day of August, 2013, upon consideration of the Plaintiff's Motion for Remand (Document No. 4) and the defendant's response, it is ORDERED that the motion is GRANTED. IT IS FURTHER ORDERED that this action is REMANDED to the state court from which is was removed. See Order & Memorandum Opinion filed. /s/ Timothy J Savage, J | No Judge, |
| 9/18/2013 | Rule is issued upon Plaintiff to file a Complaint within 20 days of service or suffer entry of Judgment of Non Pros. See PRAECIPE, filed. | No Judge, |
| | Defendant: Kane, Yvette Attorney of Record:   Mark E Morrison | No Judge, |
| 10/31/2013 | Plaintiff's emergency motion for sanctions with request for hearing; discovery, filed. | No Judge, |
| | Plaintiff's emergency application for stay pending hearing on motion for sanctions, filed. | No Judge, |

A239

80 U.S. 335 (___)
13 Wall. 335

### BRADLEY
v.
### FISHER.

## Supreme Court of United States.

342*342 Messrs. J.M. Harris and R.T. Merrick, for the plaintiff in error.

Mr. A.G. Riddle and W.A. Cook, contra.

344*344 Mr. Justice FIELD delivered the opinion of the court.

In 1867, the plaintiff was a member of the bar of the Supreme Court of the District of Columbia, and the defendant was one of the justices of that court. In June, of that year, the trial of one John H. Suratt, for the murder of Abraham Lincoln, was commenced in the Criminal Court of the District, and was continued until the tenth of the following August, when the jury were discharged in consequence of their inability to agree upon a verdict. The defendant held that court, presiding at the trial of Suratt from its commencement to its close, and the plaintiff was one of the attorneys who defended the prisoner. Immediately upon the discharge of the jury, the court, thus held by the defendant, directed an order to be entered on its records striking the name of the plaintiff from the roll of attorneys practicing in that court. The order was accompanied by a recital that on the second of July preceding, during the progress of the trial of Suratt, immediately after the court had taken a recess for the day, as the presiding judge was descending from the bench, he had been accosted in a rude and insulting manner by the plaintiff, charging him with having offered the plaintiff a series of insults from the bench from the commencement of the trial; that the judge had then disclaimed any intention of passing any insult whatever, and had assured the plaintiff that he entertained for him no other feelings than those of respect, but that the plaintiff, so far from accepting this explanation, or disclaimer, had threatened the judge with personal chastisement.

The plaintiff appears to have regarded this order of the Criminal Court as an order disbarring him from the Supreme Court of the District; and the whole theory of the 345*345 present action proceeds upon that hypothesis. The declaration in one count describes the Criminal Court as one of the branches of the Supreme Court, and in the other count represents the order of the Criminal Court as an order removing the plaintiff from the office of an attorney-at-law in the Supreme Court of the District. And it is for the supposed removal from that court, and the assumed damages consequent thereon, that the action is brought.

A240

Yet the Criminal Court of the District was at that time a separate and independent court, and as distinct from the Supreme Court of the District as the Circuit Court is distinct from the Supreme Court of the United States. Its distinct and independent character was urged by the plaintiff, and successfully urged, in this court, as ground for relief against the subsequent action of the Supreme Court of the District, based upon what had occurred in the Criminal Court. And because of its distinct and independent character, this court held that the Supreme Court of the District possessed no power to punish the plaintiff on account of contemptuous conduct and language before the Criminal Court, or in the presence of its judge. By this decision, which was rendered at the December Term of 1868,[*] the groundwork of the present action of the plaintiff is removed. The law which he successfully invoked, and which protected him when he complained of the action of the Supreme Court of the District, must now equally avail for the protection of the defendant, when it is attempted to give to the Criminal Court a position and power which were then denied. The order of the Criminal Court, as it was then constituted, was not an order of the Supreme Court of the District, nor of one of the branches of that court. It did not, for we know that in law it could not, remove the plaintiff from the office of an attorney of that court, nor affect his right to practice therein.

This point is distinctly raised by the special plea of the defendant, in which he sets up that at the time the order 346*346 complained of was made, he was regularly and lawfully holding the Criminal Court of the District, a court of record, having general jurisdiction for the trial of crimes and offences arising within the District, and that the order complained of was an order of the Criminal Court, made by him in the lawful exercise and performance of his authority and duty as its presiding justice, for official misconduct of the plaintiff, as one of its attorneys, in his presence; and upon this plea the plaintiff joined issue.

The court below, therefore, did not err in excluding the order of removal as evidence in the cause, for the obvious reason that it did not establish, nor tend to establish, the removal of the plaintiff by any order of the defendant, or of the court held by him, from the bar of the Supreme Court of the District. And the refusal of the court below to admit evidence contradicting the recitals in that order, could not be the ground of any just exception, when the order itself was not pertinent to any issue presented. Nor is this conclusion affected by the act of Congress passed in June, 1870, nearly three years after the order of removal was made, and nearly two years after the present action was commenced, changing the independent character of the Criminal Court and declaring that its judgments, decrees, and orders should be deemed the judgments, decrees, and orders of the Supreme Court of the District.[*] If the order of removal acquired from this legislation a wider scope and operation than it possessed when made, the defendant is not responsible for it. The original act was not altered. It was still an order disbarring the plaintiff only from the Criminal Court, and any other consequences are attributable to the action of Congress, and not to any action of the defendant.

*A241*

But this is not all. The plea, as will be seen from our statement of it, not only sets up that the order of which the plaintiff complains, was an order of the Criminal Court, but that it was made by the defendant in the lawful exercise and performance of his authority and duty as its presiding 347*347 justice. In other words, it sets up that the order for the entry of which the suit is brought, was a judicial act, done by the defendant as the presiding justice of a court of general criminal jurisdiction. If such were the character of the act, and the jurisdiction of the court, the defendant cannot be subjected to responsibility for it in a civil action, however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff. For it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself. Liability to answer to every one who might feel himself aggrieved by the action of the judge, would be inconsistent with the possession of this freedom, and would destroy that independence without which no judiciary can be either respectable or useful. As observed by a distinguished English judge, it would establish the weakness of judicial authority in a degrading responsibility.[*]

The principle, therefore, which exempts judges of courts of superior or general authority from liability in a civil action for acts done by them in the exercise of their judicial functions, obtains in all countries where there is any well-ordered system of jurisprudence. It has been the settled doctrine of the English courts for many centuries, and has never been denied, that we are aware of, in the courts of this country. It has, as Chancellor Kent observes, "a deep root in the common law."[‡]

Nor can this exemption of the judges from civil liability be affected by the motives with which their judicial acts are performed. The purity of their motives cannot in this way be the subject of judicial inquiry. This was adjudged in the case of Floyd and Barker, reported by Coke, in 1608,[‡] where it was laid down that the judges of the realm could not be drawn in question for any supposed corruption impeaching 348*348 the verity of their records, except before the king himself, and it was observed that if they were required to answer otherwise, it would "tend to the scandal and subversion of all justice, and those who are the most sincere, would not be free from continual calumniations."

The truth of this latter observation is manifest to all persons having much experience with judicial proceedings in the superior courts. Controversies involving not merely great pecuniary interests, but the liberty and character of the parties, and consequently exciting the deepest feelings, are being constantly determined in those courts, in which there is great conflict in the evidence and great doubt as to the law which should govern their decision. It is this class of cases which impose upon the judge the severest labor, and often create in his mind a painful sense of responsibility. Yet it is precisely in this class of cases that the losing party feels most keenly the decision against him, and most readily accepts anything but the

*A242*

soundness of the decision in explanation of the action of the judge. Just in proportion to the strength of his convictions of the correctness of his own view of the case is he apt to complain of the judgment against him, and from complaints of the judgment to pass to the ascription of improper motives to the judge. When the controversy involves questions affecting large amounts of property or relates to a matter of general public concern, or touches the interests of numerous parties, the disappointment occasioned by an adverse decision, often finds vent in imputations of this character, and from the imperfection of human nature this is hardly a subject of wonder. If civil actions could be maintained in such cases against the judge, because the losing party should see fit to allege in his complaint that the acts of the judge were done with partiality, or maliciously, or corruptly, the protection essential to judicial independence would be entirely swept away. Few persons sufficiently irritated to institute an action against a judge for his judicial acts would hesitate to ascribe any character to the acts which would be essential to the maintenance of the action.

349*349 If upon such allegations a judge could be compelled to answer in a civil action for his judicial acts, not only would his office be degraded and his usefulness destroyed, but he would be subjected for his protection to the necessity of preserving a complete record of all the evidence produced before him in every litigated case, and of the authorities cited and arguments presented, in order that he might be able to show to the judge before whom he might be summoned by the losing party — and that judge perhaps one of an inferior jurisdiction — that he had decided as he did with judicial integrity; and the second judge would be subjected to a similar burden, as he in his turn might also be held amenable by the losing party.

Some just observations on this head by the late Chief Justice Shaw, will be found in Pratt v. Gardner,[*] and the point here was adjudged in the recent case of Fray v. Blackburn,[†] by the Queen's Bench of England. One of the judges of that bench was sued for a judicial act, and on demurrer one of the objections taken to the declaration was, that it was bad in not alleging malice. Judgment on the demurrer having passed for the defendant, the plaintiff applied for leave to amend his declaration by introducing an allegation of malice and corruption; but Mr. Justice Compton replied: "It is a principle of our law that no action will lie against a judge of one of the superior courts for a judicial act, though it be alleged to have been done maliciously and corruptly; therefore the proposed allegation would not make the declaration good. The public are deeply interested in this rule, which indeed exists for their benefit, and was established in order to secure the independence of the judges, and prevent them being harassed by vexatious actions;" — and the leave was refused.[‡]

350*350 In this country the judges of the superior courts of record are only responsible to the people, or the authorities constituted by the people, from whom they receive their commissions, for the manner in which they discharge the great trusts of their office. If in the exercise of the powers with which they are clothed as

ministers of justice, they act with partiality, or maliciously, or corruptly, or arbitrarily, or oppressively, they may be called to an account by impeachment and suspended or removed from office. In some States they may be thus suspended or removed without impeachment, by a vote of the two houses of the legislature.

In the case of Randall v. Brigham,[1] decided by this court, at the December Term of 1868, we had occasion to consider at some length the liability of judicial officers to answer in a civil action for their judicial acts. In that case the plaintiff 351*351 had been removed by the defendant, who was one of the justices of the Superior Court of Massachusetts, from the bar of that State, and the action was brought for such removal, which was alleged in the declaration to have been made without lawful authority, and wantonly, arbitrarily, and oppressively. In considering the questions presented the court observed that it was a general principle, applicable to all judicial officers, that they were not liable to a civil action for any judicial act done by them within their jurisdiction; that with reference to judges of limited and inferior authority it had been held that they were protected only when they acted within their jurisdiction; that if this were the case with respect to them, no such limitation existed with respect to judges of superior or general authority; that they were not liable in civil actions for their judicial acts, even when such acts were in excess of their jurisdiction, "unless, perhaps, when the acts in excess of jurisdiction are done maliciously or corruptly." The qualifying words were inserted upon the suggestion that the previous language laid down the doctrine of judicial exemption from liability to civil actions in terms broader than was necessary for the case under consideration, and that if the language remained unqualified it would require an explanation of some apparently conflicting adjudications found in the reports. They were not intended as an expression of opinion that in the cases supposed such liability would exist, but to avoid the expression of a contrary doctrine.

In the present case we have looked into the authorities and are clear, from them, as well as from the principle on which any exemption is maintained, that the qualifying words used were not necessary to a correct statement of the law, and that judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly. A distinction must be here observed between excess of jurisdiction and the clear absence of all jurisdiction over the subject-matter. Where there is clearly no jurisdiction over 352*352 the subject-matter any authority exercised is a usurped authority, and for the exercise of such authority, when the want of jurisdiction is known to the judge, no excuse is permissible. But where jurisdiction over the subject-matter is invested by law in the judge, or in the court which he holds, the manner and extent in which the jurisdiction shall be exercised are generally as much questions for his determination as any other questions involved in the case, although upon the correctness of his determination in these particulars the validity of his judgments may depend. Thus, if a probate court, invested only with authority over wills and the settlement of

A 244

estates of deceased persons, should proceed to try parties for public offences, jurisdiction over the subject of offences being entirely wanting in the court, and this being necessarily known to its judge, his commission would afford no protection to him in the exercise of the usurped authority. But if on the other hand a judge of a criminal court, invested with general criminal jurisdiction over offences committed within a certain district, should hold a particular act to be a public offence, which is not by the law made an offence, and proceed to the arrest and trial of a party charged with such act, or should sentence a party convicted to a greater punishment than that authorized by the law upon its proper construction, no personal liability to civil action for such acts would attach to the judge, although those acts would be in excess of his jurisdiction, or of the jurisdiction of the court held by him, for these are particulars for his judicial consideration, whenever his general jurisdiction over the subject-matter is invoked. Indeed some of the most difficult and embarrassing questions which a judicial officer is called upon to consider and determine relate to his jurisdiction, or that of the court held by him, or the manner in which the jurisdiction shall be exercised. And the same principle of exemption from liability which obtains for errors committed in the ordinary prosecution of a suit where there is jurisdiction of both subject and person, applies in cases of this kind, and for the same reasons.

The distinction here made between acts done in excess 353*353 of jurisdiction and acts where no jurisdiction whatever over the subject-matter exists, was taken by the Court of King's Bench, in Ackerley v. Parkinson.[*] In that case an action was brought against the vicar-general of the Bishop of Chester and his surrogate, who held the consistorial and episcopal court of the bishop, for excommunicating the plaintiff with the greater excommunication for contumacy, in not taking upon himself the administration of an intestate's effects, to whom the plaintiff was next of kin, the citation issued to him being void, and having been so adjudged. The question presented was, whether under these circumstances the action would lie. The citation being void, the plaintiff had not been legally brought before the court, and the subsequent proceedings were set aside, on appeal, on that ground. Lord Ellenborough observed that it was his opinion that the action was not maintainable if the ecclesiastical court had a general jurisdiction over the subject-matter, although the citation was a nullity, and said, that "no authority had been cited to show that the judge would be liable to an action where he has jurisdiction, but has proceeded erroneously, or, as it is termed, inverso ordine." Mr. Justice Blanc said there was "a material distinction between a case where a party comes to an erroneous conclusion in a matter over which he has jurisdiction and a case where he acts wholly without jurisdiction;" and held that where the subject-matter was within the jurisdiction of the judge, and the conclusion was erroneous, although the party should by reason of the error be entitled to have the conclusion set aside, and to be restored to his former rights, yet he was not entitled to claim compensation in damages for the injury done by such erroneous conclusion, as if the court had proceeded without any jurisdiction.[†]

354*354 The exemption of judges of the superior courts of record from liability to civil suit for their judicial acts existing when there is jurisdiction of the subject-matter, though irregularity and error attend the exercise of the jurisdiction, the exemption cannot be affected by any consideration of the motives with which the acts are done. The allegation of malicious or corrupt motives could always be made, and if the motives could be inquired into judges would be subjected to the same vexatious litigation upon such allegations, whether the motives had or had not any real existence. Against the consequences of their erroneous or irregular action, from whatever motives proceeding, the law has provided for private parties numerous remedies, and to those remedies they must, in such cases, resort. But for malice or corruption in their action whilst exercising their judicial functions within the general scope of their jurisdiction, the judges of these courts can only be reached by public prosecution in the form of impeachment, or in such other form as may be specially prescribed.

If, now, we apply the principle thus stated, the question presented in this case is one of easy solution. The Criminal Court of the District, as a court of general criminal jurisdiction, possessed the power to strike the name of the plaintiff from its rolls as a practicing attorney. This power of removal from the bar is possessed by all courts which have authority to admit attorneys to practice. It is a power which should only be exercised for the most weighty reasons, such as would render the continuance of the attorney in practice incompatible with a proper respect of the court for itself, or a proper regard for the integrity of the profession. And, except where matters occurring in open court, in presence of the judges, constitute the grounds of its action, the power of the court should never be exercised without notice to the offending party of the grounds of complaint against him, and affording him ample opportunity of explanation and defence. This is a rule of natural justice, and is as applicable to cases where a proceeding is taken to reach the right of an attorney to practice his profession as 355*355 it is when the proceeding is taken to reach his real or personal property. And even where the matters constituting the grounds of complaint have occurred in open court, under the personal observation of the judges, the attorney should ordinarily be heard before the order of removal is made, for those matters may not be inconsistent with the absence of improper motives on his part, or may be susceptible of such explanation as would mitigate their offensive character, or he may be ready to make all proper reparation and apology. Admission as an attorney is not obtained without years of labor and study. The office which the party thus acquires is one of value, and often becomes the source of great honor and emolument to its possessor. To most persons who enter the profession, it is the means of support to themselves and their families. To deprive one of an office of this character would often be to decree poverty to himself and destitution to his family. A removal from the bar should therefore never be decreed where any punishment less severe — such as reprimand, temporary suspension, or fine — would accomplish the end desired.

A246

But on the other hand the obligation which attorneys impliedly assume, if they do not by express declaration take upon themselves, when they are admitted to the bar, is not merely to be obedient to the Constitution and laws, but to maintain at all times the respect due to courts of justice and judicial officers. This obligation is not discharged by merely observing the rules of courteous demeanor in open court, but it includes abstaining out of court from all insulting language and offensive conduct toward the judges personally for their judicial acts. "In matters collateral to official duty," said Chief Justice Gibson in the case of Austin and others, "the judge is on a level with the members of the bar as he is with his fellow-citizens, his title to distinction and respect resting on no other foundation than his virtues and qualities as a man. But it is nevertheless evident that professional fidelity may be violated by acts which fall without the lines of professional functions, and which may have been performed out of the pale of the court. Such would be the 356*356 consequences of beating or insulting a judge in the street for a judgment in court. No one would pretend that an attempt to control the deliberation of the bench, by the apprehension of violence, and subject the judges to the power of those who are, or ought to be, subordinate to them, is compatible with professional duty, or the judicial independence so indispensable to the administration of justice. And an enormity of the sort, practiced but on a single judge, would be an offence as much against the court, which is bound to protect all its members, as if it had been repeated on the person of each of them, because the consequences to suitors and the public would be the same; and whatever may be thought in such a case of the power to punish for contempt, there can be no doubt of the existence of a power to strike the offending attorney from the roll."

The order of removal complained of in this case, recites that the plaintiff threatened the presiding justice of the Criminal Court, as he was descending from the bench, with personal chastisement for alleged conduct of the judge during the progress of a criminal trial then pending.

The matters thus recited are stated as the grounds for the exercise of the power possessed by the court to strike the name of the plaintiff from the roll of attorneys practicing therein. It is not necessary for **us** to determine in this case whether under any circumstances the verity of this record can be impeached. It is sufficient to observe that it cannot be impeached in this action or in any civil action against the defendant. And if the matters recited are taken as true there was ample ground for the action of the court. A greater indignity could hardly be offered to a judge than to threaten him with personal chastisement for his conduct on the trial of a cause. A judge who should pass over in silence an offence of such gravity would soon find himself a subject of pity rather than of respect.

The Criminal Court of the District erred in not citing the plaintiff, before making the order striking his name from the roll of its attorneys, to show cause why such order should not be made for the offensive language and conduct stated, 357*357 and affording him opportunity for explanation, or defence, or apology. But this

A24

erroneous manner in which its jurisdiction was exercised, however it may have affected the validity of the act, did not make the act any less a judicial act; nor did it render the defendant liable to answer in damages for it at the suit of the plaintiff, as though the court had proceeded without having any jurisdiction whatever over its attorneys.

We find no error in the rulings of the court below, and its judgment must, therefore, be affirmed, and it is so ordered.

JUDGMENT AFFIRMED.

Mr. Justice DAVIS, with whom concurred Mr. Justice CLIFFORD, dissenting.

I agree that judicial officers are exempt from responsibility in a civil action for all their judicial acts in respect to matters of controversy within their jurisdiction. I agree, further, that judges of superior or general authority are equally exempt from liability, even when they have exceeded their jurisdiction, unless the acts complained of were done maliciously or corruptly. But I dissent from the rule laid down by the majority of the court, that a judge is exempt from liability in a case like the present, where it is alleged not only that his proceeding was in excess of jurisdiction, but that he acted maliciously and corruptly. If he did so, he is, in my opinion, subject to suit the same as a private person would be under like circumstances.

I also dissent from the opinion of the majority of the court for the reason that it discusses the merits of the controversy, which, in the state of the record, I do not consider open for examination.

[*]Ex parte Bradley, 7 Wallace, 364.

[*] 16 Stat. at Large, 160.

[*] Justice Mayne, in Taaffe v. Downes, reported in a note to 3d Moore's Privy Council, 41.

[†]Yates v. Lansing, 5 Johnson, 291.

[‡] 12 Coke, 25.

[*] 2 Cushing, 68.

[†] 3 Best & Smith, 576.

[‡] In Scott v. Stansfield (3 Law Reports, Exchequer, 220), a judge of a county court was sued for slander, and he put in a plea that the words complained of were

A 24

spoken by him in his capacity as such judge, while sitting in his court, and trying a cause in which the plaintiff was defendant. To this plea a replication was filed, that the words were spoken falsely and maliciously, and without any reasonable, probable, or justifiable cause, and without any foundation whatever, and not bonâ fide in the discharge of the defendant's duty as judge, and were wholly irrelevant to the matter before him. To the replication the defendant demurred; and the Court of Exchequer held the demurrer well taken. "I am of opinion," said the Chief Baron, "that our judgment must be for the defendant. The question raised upon this record is whether an action is maintainable against the judge of a county court, which is a court of record, for words spoken by him in his judicial character, and in the exercise of his functions as judge in the court over which he presides, where such words would as against an ordinary individual constitute a cause of action, and where they are alleged to have been spoken maliciously and without probable cause, and to have been irrelevant to the matter before him. The question arises, perhaps, for the first time, with reference to a county court judge, but a series of decisions uniformly to the same effect, extending from the time of Lord Coke to the present time, establish the general proposition that no action will lie against a judge for any acts done or words spoken in his judicial capacity in a court of justice. This doctrine has been applied not only to the superior courts, but to the court of a coroner, and to a court martial, which is not a court of record. It is essential in all courts that the judges who are appointed to administer the law should be permitted to administer it under the protection of the law, independently and freely, without favor and without fear. This provision of the law is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence, and without fear of consequences."

[*] 7 Wallace, 523.

[*] 3 Maule & Selwyn, 411.

[†] Calder v. Halket, decided by the Judicial Committee of the Privy Council (3 Moore's Privy Council Rep. 28), goes to the extent of holding that an action will not lie even against a judge of an inferior court of limited jurisdiction, for his judicial acts, when acting without jurisdiction, unless he knew or had the means of knowing of the defect of jurisdiction, and that it lies upon the plaintiff in every such case to prove that fact.

A-249