# UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

---

## No. 14-4106

---

Stephen G. Conklin, Pro Se

Appellant

v.

Yvette Kane, et al.,

Appellees

---

## APPENDIX OF APPELLANT

## VOLUME II

---

Appeal from the September 5, 2014 Order of Judge Juan R. Sanchez, sitting

by designation in the United States District Court for the Middle District of

Pennsylvania, in Case No. 1:13-CV-03058

---

Submitted by:

/s/Stephen G. Conklin, pro se
c/o 22 Mairdale Street
Pittsburgh, Pa. 15214
(717) 460-5450

July 10, 2015

APPENDIX OF APPELLANT

VOLUME II

TABLE OF CONTENTS

20. Sept. 16, 2013 State Praecipe and Rule to File Complaint.    A250-252

21. Nov. 14, 2013 Morrison State withdraw as counsel/Kane.    A253-254

22. Nov. 15, 2013 State Entry of Appearance/Kane.    A255-256

23. Nov. 19, 2013 Kane Counsel's Service of Morrison Rule.    A257-259

24. Nov. 25, 2013 State Order for Hearing on Em. Motion.    A260

25. Dec. 4, 2013    State Order/Oral Arg./Kane's Mtn-Quash    A261

26. Dec. 6, 2013 Notice of Removal (2962).    A262-278

27. Dec. 19, 2013 Designation of Judge Sanchez.    A279

28. Jan. 6, 2014 Motion for Remand.    A280-288

29. Jan. 17, 2014 Morrison Response to Remand    A289-298

30. Feb. 4, 2014 Kane Opposition to Remand.    A299-305

31. Mar. 10, 2014 Reply to Morrison Opposition to Remand.    A306-318

32. Aug. 21, 2014 Order for Teleconference.    A319

33. Aug. 29, 2014 AUSA Conference Letter Brief.    A320-322

34. Aug. 29, 2014 Kane Conference Letter Brief.    A323-325

35. October 7, 2014 Cert. Letter to District Clerk w/Aff    A326-334

36. Mar. 16, 2015 Letter to Circuit Clerk    A335-342

37. Mar. 23, 2015 Circuit Clerk Reply to Mar. 16th Letter    A343-345

38. Mar. 27, 2013 Letter to Circuit Clerk    A346

39. Mar. 27, 2015 Motion to Strike Kane Brief (14-4105)    A347-356

40. Apr. 10, 2015 Cert. Letter to DOJ w/Reply    A357-365

41. Apr. 21, 2015 Circuit Court letter –Order to Brf. (14-4106)    A366

42. May 4, 2015 Reply to Smith/Morrison Brf. (14-4105)    A367-385

43. June 1, 2015 Letter to Circuit Clerk w/ Aff.    A386-390

44. June 16, 2015 Circuit Clerk Reply to June 1, 2015 letter    A391

45. June 22, 2015 Order of Panel Submission (14-4105)    A392

46. July 5, 2015 Motion for En Banc (14-4105/14-4106)    A393-409

47. July 7, 2015 Denial of Motion for En Banc (14-4105/4106) A410-411

48. Updated Docket (03058)    A412-413



U.S. Department of Justice

*Peter J. Smith*
*United States Attorney*
*Middle District of Pennsylvania*

Website: www.justice.gov/usao/pam/
Email: usapam.contact@usdoj.gov

| | | |
|---|---|---|
| *William J. Nealon Federal Building*<br>*Suite 311*<br>*235 N. Washington Avenue*<br>*P.O. Box 309*<br>*Scranton, PA 18503-0309*<br>*(570) 348-2800*<br>*FAX (570) 348-2037/348-2830* | *Ronald Reagan Federal Building*<br>*Suite 220*<br>*228 Walnut Street*<br>*P.O. Box 11754*<br>*Harrisburg, PA 17108-1754*<br>*(717) 221-4482*<br>*FAX (717) 221-4493/221-2246* | *Herman T. Schneebeli Federal Building*<br>*Suite 316*<br>*240 West Third Street*<br>*Williamsport, PA 17701-6465*<br>*(570) 326-1935*<br>*FAX (570) 326-7916* |

*Please respond to: Harrisburg*

September 16, 2013

Prothonotary
Dauphin County
Dauphin County Courthouse
Front and Market Streets
Harrisburg, PA 17101

**Re: Stephen G. Conklin v. Yvette Kane**
**No. 2013 CV 2962 CV**

Dear Sir:

Enclosed for filing in the above-referenced matter please find a Praecipe and Rule to File a Complaint. Also enclosed is a copy to be date-stamped and returned to our office in the enclosed envelope.

Sincerely yours,

PETER J. SMITH
United States Attorney

*Christina Garber*

CHRISTINA GARBER
Legal Assistant

Enclosures

cc: Steven G. Conklin

A-250

## IN THE COURT OF COMMON PLEAS, DAUPHIN COUNTY, PENNSYLVANIA

### CIVIL DIVISION

*STEPHEN G. CONKLIN*

                :
                :
                :

           Vs.         :    File No.  *2013 CV 2962 CV*

*YVETTE KANE*              :    PRAECIPE AND RULE TO FILE
                :    ☒ A COMPLAINT
                :    ☐ A BILL OF PARTICULARS

TO THE PROTHONOTARY OF SAID COURT:

Issue rule on *Stephen G. Conklin* to file a *Complaint* in the above case within twenty days after service of the rule or suffer a judgment of non pros.

DATE:   *September 16, 2013*    Signature: _____

                              Print Name: Mark E. Morrison
                              Address: *228 Walnut Street, Suite 220*  Harrisburg PA 17108
                              Attorney for:  *Yvette Kane*
                              Telephone: *(717) 221-4482*
                              Supreme Court ID No.:  43875

NOW,   ,   , RULE ISSUED AS ABOVE.

                              _____
                              Prothonotary

          By: _____
                                   Deputy

(NOTE:  File in duplicate)

A-251



## IN THE COURT OF COMMON PLEAS, DAUPHIN COUNTY, PENNSYLVANIA

### CIVIL DIVISION

STEPHEN G. CONKLIN

              Vs.

YVETTE KANE

File No. _2013 CV 2962 CV_

PRAECIPE AND RULE TO FILE
☒ A COMPLAINT
☐ A BILL OF PARTICULARS

TO THE PROTHONOTARY OF SAID COURT:

Issue rule on *Stephen G. Conklin* to file a *Complaint* in the above case within twenty days after
service of the rule or suffer a judgment of non pros.

DATE: *September 16, 2013*

Signature: _Mark E. Z___

Print Name: _Mark E. Morrison_
Address: _228 Walnut Street, Suite 220  Harrisburg PA 1710_
Attorney for: _Yvette Kane_
Telephone: _(717) 221-4482_
Supreme Court ID No.: _43875_

NOW, **SEP 18 2013**, RULE ISSUED AS ABOVE. _Stephen C. Harina_

Prothonotary

By: _Autumn O. Hock_

DEPUTY

OFFICE OF PROTHONOTARY
DAUPHIN COUNTY
PENNA
2013 SEP 18 AM 8:38

(NOTE: File in duplicate)

PROTHON. - 12

A-252

STEPHEN G. CONKLIN,

                    Plaintiff

        vs.

YVETTE KANE,

                    Defendant

: IN THE COURT OF COMMON PLEAS
: DAUPHIN COUNTY, PENNSYLVANIA
:
:
:
: No. 2013 CV 2962
:
:
: CIVIL ACTION - LAW

## WITHDRAWAL OF APPEARANCE

TO THE PROTHONOTARY:

       Please withdraw the appearance of Mark E. Morrison as counsel for Defendant

Yvette Kane.

Date:  November 14, 2013

                            Mark E. Morrison (PA 43875)
Assistant US Attorney
Federal Building
228 Walnut Street, Suite 220
Post Office Box 11754
Harrisburg, PA  17108
717-221-4482 (telephone)
717-221-2246 (facsimile)
mark.e.morrison@usdoj.gov

A 253

## CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2013, a copy of the foregoing document was served via U.S. mail, first class postage prepaid, upon the following:

Mr. Stephen G. Conklin
22 Mairdale Street
Pittsburgh, PA  15214

_____
Mark E. Morrison

A254

STEPHEN G. CONKLIN,                    :    IN THE COURT OF COMMON PLEAS
                                       :    DAUPHIN COUNTY, PENNSYLVANIA
                    Plaintiff          :
                                       :
        vs.                            :
                                       :
YVETTE KANE,                           :    No. 2013 CV 2962
                                       :
                    Defendant          :
                                       :    CIVIL ACTION - LAW


## ENTRY OF APPEARANCE


TO THE PROTHONOTARY:


        Please enter our appearance for Defendant Yvette Kane.



                                    _____
                                    Thomas B. Schmidt, III (PA 19196)
                                    Tucker R. Hull (PA 306426)
                                    PEPPER HAMILTON LLP
                                    100 Market Street, Suite 200
                                    Post Office Box 1181
                                    Harrisburg, PA 17108-1181
                                    (717) 255-1155
                                    (717) 238-0575 Fax
                                    *schmidtt@pepperlaw.com*
                                    *hullt@pepperlaw.com*

Dated:  November 15, 2013           Attorneys for Defendant
                                    Yvette Kane


A·255

**CERTIFICATE OF SERVICE**

I hereby certify that on November 15, 2013, a copy of the foregoing document was served via U.S. mail, first class postage prepaid, upon the following:

> Mr. Stephen G. Conklin
> 22 Mairdale Street
> Pittsburgh, PA  15214

_____
Thomas B. Schmidt, III

A-256

# Pepper Hamilton LLP
### Attorneys at Law

Suite 200
100 Market Street
P.O. Box 1181
Harrisburg, PA 17108-1181
717.255.1155
Fax 717.238.0575

Tucker R. Hull
direct dial: 717.255.1165
hullt@pepperlaw.com

November 19, 2013

Mr. Stephen G. Conklin
22 Mairdale Street
Pittsburgh, PA 15214

> Re:  *Conklin v. Kane*
> Civil Action No. 2013 CV 2962 CV (Dauphin County CCP)

Dear Mr. Conklin:

Enclosed please find the Rule to File a Complaint that was issued to you by the Court in the above-captioned matter.

Very truly yours,

*Tucker R. Hull*

Tucker R. Hull

TRH/kjb
Enclosure

A-257

| Philadelphia | Boston | Washington, D.C. | Los Angeles | New York | Pittsburgh |
| --- | --- | --- | --- | --- | --- |
| Detroit | Berwyn | Harrisburg | Orange County | Princeton | Wilmington |

# IN THE COURT OF COMMON PLEAS, DAUPHIN COUNTY, PENNSYLVANIA

## CIVIL DIVISION

*STEPHEN G. CONKLIN*

                          Vs.

*YVETTE KANE*

:
:
:
:
:  File No.  *2013 CV 2962 CV*
:
:  PRAECIPE AND RULE TO FILE
:  ☒ A COMPLAINT
:  ☐ A BILL OF PARTICULARS

## TO THE PROTHONOTARY OF SAID COURT:

Issue rule on *Stephen G. Conklin* to file a *Complaint* in the above case within twenty days after service of the rule or suffer a judgment of non pros.

DATE:    *September 16, 2013*     Signature: _Mark E. Z____

                                    Print Name:  Mark E. Morrison
                                    Address:  *228 Walnut Street, Suite 220*  Harrisburg PA 17108
                                    Attorney for:  *Yvette Kane*
                                    Telephone:  *(717) 221-4482*
                                    Supreme Court ID No.:  47875

SEP 18 2013

NOW,     ,     , RULE ISSUED AS ABOVE.

                                 _Stephen C. Harina_

                                 Prothonotary

         By:  _Autumn D. Hock_

                                             Deputy

                                     RECEIVED
                     2013 SEP 18 AM 8:38
                     DAUPHIN COUNTY PENNA
                     OFFICE OF PROTHONOTARY

(NOTE:  File in duplicate)

A-258

## CERTIFICATE OF SERVICE

I, Tucker R. Hull, hereby certify that on November 19, 2013, an original Rule to File a Complaint was served via First Class, U.S. Mail, postage prepaid upon the following:

Mr. Stephen G. Conklin
22 Mairdale Street
Pittsburgh, PA  15214

Tucker R. Hull

A259

STEPHEN G. CONKLIN,                      : IN THE COURT OF COMMON PLEAS
                    Plaintiff           : DAUPHIN COUNTY, PENNSYLVANIA
                                        :
          vs.                           : NO.  2013-CV-2962
                                        :
                                        :
YVETTE KANE,                            :
                    Defendant          : CIVIL ACTION - LAW

## ORDER

AND NOW, this 25th day of November, 2013, upon consideration of Plaintiff's

Emergency Motion for Sanctions with Request for Hearing/Discovery, it is hereby ORDERED

that a hearing in this matter is scheduled for *December 9, 2013 at 11:00 a.m.* in Courtroom No.

2.

BY THE COURT:

Scott Arthur Evans, Judge

Distribution:
Stephen G. Conklin, Esq., 22 Mairdale St., Pittsburgh, PA  15214
Thomas B. Schmidt, III, Esq., 100 Market St., Ste. 200, P.O. Box 1181, Harrisburg, PA  17108
Mark E. Morrison, Esq., 228 Walnut St., Ste. 220, P.O. Box 11754
Chambers of Judge Scott Arthur Evans

NOV 2 5 2013

I hereby certify that the foregoing is a
true and correct copy of the original
filed.

Prothonotary

STEPHEN G. CONKLIN,                    : IN THE COURT OF COMMON PLEAS
                        Plaintiff     : DAUPHIN COUNTY, PENNSYLVANIA
                                       :
                                       :
            vs.                        : NO.  2013-CV-2962
                                       :
                                       :
YVETTE KANE,                           :
                        Defendant     : CIVIL ACTION - LAW

## ORDER

AND NOW, this 4th day of December, 2013, upon consideration of Defendant's Motion

to Quash Plaintiff's Motion for Sanctions, and an accompanying request for oral argument, it is

hereby ORDERED that oral argument shall be heard on *December 9, 2013 at 11:00 a.m.* in

Courtroom No. 2.

The hearing on Plaintiff's Motion for Sanctions, previously scheduled for the same date

and time, shall take place immediately following the oral argument, unless there is a ruling by

this Court granting the motion to quash.

DEC 0 4 2013

I hereby certify that the foregoing is a
true and correct copy of the original
filed.

_Stephen G. Hanna_
Prothonotary

BY THE COURT:

_Scott Arthur Evans_
Scott Arthur Evans, Judge

RECEIVED
DEC - 5 2013
T. B. SCHMIDT

Distribution:
Stephen G. Conklin, Esq., 22 Mairdale St., Pittsburgh, PA  15214
Thomas B. Schmidt, III, Esq., 100 Market St., Ste. 200, P.O. Box 1181, Harrisburg, PA  17108
Mark E. Morrison, Esq., 228 Walnut St., Ste. 220, P.O. Box 11754
Chambers of Judge Scott Arthur Evans

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| STEPHEN G. CONKLIN | YVETTE KANE<br>Mark E. Morrison, party in interest |

**(b)** County of Residence of First Listed Plaintiff _____Dauphin_____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____Dauphin (Morrison)_____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Stephen G. Conklin
22 Mairdale Avenue
Pittsburgh, PA 15214

Attorneys *(If Known)*
Michael J. Butler (AUSA)
U.S. Attorney's Office (MDPA)
228 Walnut Street, Harrisburg, PA 17101

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | ☐ 375 False Claims Act<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☒ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609<br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1441-1446
Brief description of cause:
Rule 11 Motion for Sanctions

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE Hon. Timothy J. Savage

Dauphin County Court of Common Pleas 2013-CV-2962
DOCKET NUMBER 1:CV-13-01531 (MD PA)
Hon. Juan R. Sanchez   1:CV-13-02618 (MD PA)

DATE
12/06/2013

SIGNATURE OF ATTORNEY OF RECORD
s/Michael J. Butler

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____



U.S. Department of Justice

*Peter J. Smith*
*United States Attorney*
*Middle District of Pennsylvania*

*Website: www.justice.gov/usao/pam/*
*Email: usapam.contact@usdoj.gov*

| | | |
|---|---|---|
| *William J. Nealon Federal Building*<br>*Suite 311*<br>*235 N. Washington Avenue*<br>*P.O. Box 309*<br>*Scranton, PA 18503-0309*<br>*(570) 348-2800*<br>*FAX (570) 348-2037/348-2830* | *Ronald Reagan Federal Building*<br>*Suite 220*<br>*228 Walnut Street*<br>*P.O. Box 11754*<br>*Harrisburg, PA 17108-1754*<br>*(717) 221-4482*<br>*FAX (717) 221-4493/221-2246* | *Herman T. Schneebeli Federal Building*<br>*Suite 316*<br>*240 West Third Street*<br>*Williamsport, PA 17701-6465*<br>*(570) 326-1935*<br>*FAX (570) 326-7916* |

*Please respond to: Harrisburg*

December 6, 2013

Prothonotary
Dauphin County
Dauphin County Courthouse
Front and Market Streets
Harrisburg, PA 17101

     ***Re: Stephen G. Conklin v. Yvette Kane***
     **No. 2013 CV 2962 CV**

Dear Sir:

     Enclosed for filing in the above-referenced matter please find a Praecipe and Notice of Filing of Notice of Removal. Also enclosed is a copy to be date-stamped and returned to our office in the enclosed envelope.

     Sincerely yours,

     PETER J. SMITH
     United States Attorney

     Michael J. Butler

Enclosures

cc:   Steven G. Conklin
      Chambers of the Honorable Scott Arthur Evans

A263

## IN THE COURT OF COMMON PLEAS
## FOR DAUPHIN COUNTY, PENNSYLVANIA

STEPHEN G. CONKLIN          :          NO. 2013 CV 2962 CV
          **Plaintiff,**          :
        v.          :          (Evans, J.)
                        :
YVETTE KANE          :          CIVIL ACTION - LAW
          **Defendant.**          :

### PRAECIPE

**TO THE PROTHONOTARY:**

Please file the attached Notice of Removal. Assistant United States Attorney

Mark E. Morrison, through counsel, the United States Attorney, has removed the

sanctions proceeding scheduled for December 9, 2013 before the Honorable Scott Arthur

Evans from the Court of Common Pleas of Dauphin County to the United States District

Court, Middle District of Pennsylvania.

Respectfully submitted,

PETER J. SMITH
United States Attorney

Dated: December 6, 2013

Michael J. Butler
Assistant United States Attorney
Federal Building
228 Walnut Street, Suite 220
P.O. Box 11754
Harrisburg, PA 17108-1754
Tel: (717) 221-4482
Fax: (717) 221-2246

A264

IN THE COURT OF COMMON PLEAS
FOR DAUPHIN COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN G. CONKLIN | : | NO.  2013 CV 2962 CV |
| Plaintiff, | : | |
| v. | : | (EVANS, J.) |
| | : | |
| YVETTE KANE | : | CIVIL ACTION - LAW |
| Defendant. | : | |

## NOTICE OF FILING OF NOTICE OF REMOVAL

**TO:   THE HONORABLE JUDGES OF THE COURT OF COMMON PLEAS
OF DAUPHIN COUNTY, PENNSYLVANIA**

**COMES NOW**, Assistant United States Attorney Mark E. Morrison, party in

interest to the sanctions proceeding scheduled for December 9, 2013, at 11:00 a.m. in

Courtroom No. 2, and respectfully gives notice that the attached Notice of Removal has

been filed with the Clerk of Court of the United States District Court for the Middle

District of Pennsylvania.

Respectfully submitted,

PETER J. SMITH
United States Attorney

Dated: December 6, 2013

Michael J. Butler
Assistant United States Attorney
Federal Building
228 Walnut Street, Suite 220
P.O. Box 11754
Harrisburg, PA 17108-1754
Tel:  (717) 221-4482
Fax: (717) 221-2246

A-265

## IN THE COURT OF COMMON PLEAS
## FOR DAUPHIN COUNTY, PENNSYLVANIA

STEPHEN G. CONKLIN                    :          NO.  2013 CV 2962 CV
              Plaintiff,     :
      v.                              :          (EVANS, J.)
                             :
YVETTE KANE                           :          CIVIL ACTION - LAW
              Defendant.    :

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That on December 6, 2013, he caused to be served a copy of the foregoing

### NOTICE OF FILING OF NOTICE OF REMOVAL
### AND ATTACHED PRAECIPE

by placing a copy in a postpaid envelope addressed to the persons hereinafter named, at the places and addresses stated below, which is the last known addresses, and by depositing said envelopes and contents in the United States Mail and Certified Mail at Harrisburg, Pennsylvania to:

Stephen G. Conklin
22 Mairdale Avenue
Pittsburgh, PA 15214

                                    Michael J. Butler

A-266

## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STEPHEN G. CONKLIN        :    Civil No.
                          :
            Plaintiff,    :    (Judge          )
      v.                  :
                          :
YVETTE KANE               :
            Defendant.    :    Filed Electronically

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1442(a)(1), 1442(d)(1), and 1446, Assistant United States Attorney Mark E. Morrison, hereby gives notice of the removal of a sanctions proceeding in the Court of Common Pleas of Dauphin County, Pennsylvania, to this Court.   The Dauphin County court has ordered a proceeding for December 9, 2013, to determine if Mr. Morrison had authorization, as an Assistant United States Attorney, to represent the Honorable Yvette Kane in a federal removal action, and whether his removal of a Pennsylvania writ of summons to federal court is subject to sanctions.   As party to the sanctions proceedings, Mr. Morrison respectfully states:

### I. Procedural History

1. Plaintiff Stephen G. Conklin, pro se, filed a civil action against Defendant the Honorable Yvette Kane in the Court of Common Pleas of Dauphin

1

A·267

County, Pennsylvania (2013-cv-2962), on or about April 4, 2013.

2. On June 7, 2013, Mr. Morrison, on behalf of Judge Kane, removed the
   matter to this Court.   The action was docketed as Conklin v. Kane, No.
   1:13-cv-01531 (M.D. Pa), and, pursuant to 28 U.S.C. § 292(b), assigned to
   the Honorable Timothy J. Savage of the District Court for the Eastern
   District of Pennsylvania.

3. On July 8, 2013, Mr. Conklin filed a Motion for Remand, arguing that the
   writ did not provide the legal basis for the state court action and the removal
   was done for an improper purpose contrary to Rule 11 of the Federal Rules
   of Civil Procedure.   Mr. Conklin sought costs associated with the remand
   motion in the amount of $500.00.   See id. (Doc. No. 4).

4. On July 13, 2013, Mr. Conklin sent Mr. Morrison a letter, purporting to be a
   Notice and requesting that he "promptly withdraw your filing of Removal"
   and noting he will seek $20,000.00 in sanctions for the alleged violation of
   Rule 11.   See Letter attached hereto as Exhibit A.

5. On July 25, 2013, Mr. Morrison, on behalf of Judge Kane, filed a Brief in
   Response to the motion for remand.   See Conklin v. Kane, No.13-cv-1351
   (Doc. No. 6)

6. On August 27, 2013, this Court remanded the matter back to Dauphin

2

County, and did not award costs to Mr. Conklin.   See id. (Doc. No. 7).

7. After remand to the Dauphin County court, Mr. Morrison, on behalf of
Judge Kane, filed a Rule to file a complaint directed to Mr. Conklin.

8. On October 21, 2013, Mr. Conklin, through counsel, filed a federal Bivens
action against Judge Kane; Mr. Morrison; Peter J. Smith, the United States
Attorney; and Christina Garber, a Legal Assistant in the United States
Attorney's Office.   See Conklin v. Kane et al., 1:13-cv-02618-JRS (M.D.
Pa.).   Pursuant to 29 U.S.C. § 292(b), the Honorable Juan R. Sanchez of the
Eastern District of Pennsylvania was assigned.

9. In the Bivens complaint noted above, Mr. Conklin claimed that the federal
defendants engaged in a conspiracy to retaliate against him and his attorney,
Don Bailey, in violation of his First and Fourteenth Amendment Rights.
Mr. Conklin argued that Mr. Morrison had no authority to remove the
Dauphin County writ to this Court, which caused him unnecessary expense
and emotional distress.   Mr. Conklin also claimed that defendants violated
his Fourth Amendment right to be free from unlawful searches, and he
asserted a purported claim under 18 U.S.C. § 242 for "criminal violation of
his civil rights."   Id.

10. On October 31, 2013, in the Dauphin County action (2013-cv-2962-cv), Mr.

3

A·269

Conklin, pro se, filed a document entitled "Plaintiff's Emergency Motion for

Sanctions with Request for Hearing; Discovery" against Judge Kane and Mr.

Morrison.

11. In that motion, Mr. Conklin claimed that Mr. Morrison did not have

authorization to represent Judge Kane in violation of the United States

Attorney Manual Chapter 3-2.000 et seq.   See Em. Mot. at 6-11.

12. Mr. Conklin also argues that removing the action was an "egregious abuse of

process;" for "improper purposes of harassing and intimidating;" and

"caused unnecessary delay and needless increase in expense."   Id.

13. Mr. Conklin sought sanctions under Rule 1023.1 of the Pennsylvania Rules

of Civil Procedure[1]  and Rule 11 of the Federal Rules of Civil Procedure

---

[1] Pennsylvania Rule 1023.1 is similar to Federal Rule 11 and provides in pertinent
part:

> (c) The signature of an attorney or pro se party constitutes a certificate
> that the signatory has read the pleading, motion, or other paper. By
> signing, filing, submitting, or later advocating such a document, the
> attorney or pro se party certifies that, to the best of that person's
> knowledge, information and belief, formed after an inquiry reasonable
> under the circumstances,
>
> (1) it is not being presented for any improper purpose, such as to harass
> or to cause unnecessary delay or needless increase in the cost of
> litigation,
>
> (2) the claims, defenses, and other legal contentions therein are

4

against Judge Kane and Mr. Morrison.   See id. 8-9 ¶ 38.

14. Also in the sanctions motion, Mr. Conklin argued that Judge Kane should be estopped from obtaining judgment against him because he was not properly served with the Rule to file a complaint and no evidence of service was filed. See id. at 12.

15. As relief, Mr. Conklin sought an injunction against Mr. Morrison from representing Judge Kane and additional relief, including punitive relief against both Judge Kane and Mr. Morrison.   See id. at 13-14.

16. Mr. Conklin also filed a stay of proceedings until his motion for sanctions

---

warranted by existing law or by a nonfrivolous argument for the extension, modification or reversal of existing law or the establishment of new law,

(3) the factual allegations have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual allegations are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

(d) If, after notice and a reasonable opportunity to respond, the court determines that subdivision (c) has been violated, the court may, subject to the conditions stated in Rules 1023.2 through 1023.4, impose an appropriate sanction upon any attorneys, law firms and parties that have violated subdivision (c) or are responsible for the violation.

Pa. R. Civ. P. 1023.1.

A-271

was decided.   See Em. Mot. to Stay at 1-2.

17. On November 14, 2014, Mr. Morrison withdrew his appearance as counsel

for Judge Kane in the Dauphin County action, and thereafter, Thomas B.

Schmidt, III, Esquire of Pepper Hamilton, LLP entered his appearance for

Judge Kane.

18. On November 25, 2014, the Dauphin County court scheduled a proceeding

regarding Plaintiff's Emergency Motion for Sanctions for December 9,

2013, at 11:00 a.m., and distributed the order to Mr. Morrison.

## II. Reasons for Removal

19. Under 28 U.S.C. § 1442(a)(1), a "civil action" that is "directed to" "any

officer . . . of the United States . . . in an official or individual capacity for or

relating to any act under color of such office," may be removed.   The

statute defines "civil action" as including any proceeding in which a judicial

order "is sought or issued."   Id. § 1442(d)(1).

20. Section 1442(d)(1) allows for the removal of only "proceedings" and not the

entire matter.   See id. (providing in pertinent part: "[i]f removal is sought for

a proceeding . . ., and there is no other basis for removal, only that

proceeding may be removed to the district court").

21. Mr. Morrison seeks to remove the sanctions proceeding against him to this

6

A·272

Court.    Indeed, this proceeding is separate from the underlying action, which Mr. Conklin has refused to define.

22. Whether or not Mr. Morrison's act appropriately as counsel when he removed a federal action to federal court is purely a federal question.    The federal removal statutes in question, 28 U.S.C.§§ 1441 et seq. provide not only the grounds for removal but the standards of conduct for attorneys that invoke removal.

23. Section 1446(a) provides that notices of removal shall be "signed pursuant to Rule 11 of the Federal Rules of Civil Procedure."    There is no mention in the statute of any state procedure, with the necessary implication that federal courts, not state courts, have the role of ensuring the notice was "not presented for an improper purpose" and was "warranted by existing law or a nonfrivolous argument."    Fed. R. Civ. P. 11(b).

24. Mr. Conklin relies on both Rule 11 and Pennsylvania Rule 1023.1, but he cites to no authority that Rule 1023.1 applies to federal removal actions.

25. Although similar to Rule 11, Rule 1023.1 has its own Pennsylvania common law interpretations which may or may not conflict with federal law.    See Boyle v. United Tech. Corp., 487 U.S. 500, 504-505 (1988) (noting "a few areas, involving 'uniquely federal interests,' are so committed by the

7

A.273

Constitution and laws of the United States to federal control that state law is pre-empted and replaced, where necessary, by federal law of a content prescribed (absent explicit statutory directive) by the courts-so-called "federal common law") (citations omitted).

26. Here, Mr. Morrison proceeded under a federal statute and federal common law when he argued there was a good faith basis for removal per the federal officer removal statute. See Conklin v. Kane, No. 1:13-cv-1531 (M.D. Pa) (Doc. No. 6). Importantly, Mr. Morrison's good faith basis is stated in his brief in response to the motion to remand, which relied on federal common law interpreting the federal officer removal provision of section 1442(a). See id. (citing Jefferson County v. Acker, 527 U.S. 423, 431 (1989) (noting federal officers may remove state actions "despite even a wholly non-federal cast to the complaint"); see also Mesa v. California, 489 U.S. 121, 136 (1989) (noting the "well pleaded complaint" rule does not apply to federal officer removal); State of La. v. Sparks, 978 F.2d 226, 232 (5th Cir. 1992) (noting "the Supreme Court has for over two decades required a liberal interpretation of § 1442(a) in view of the chief purpose – to prevent federal officers who simply comply with a federal duty from being punished by a state court for doing so").

A.274

27. The state court cannot enforce Rule 11, a federal rule, as this would confound the federal statutory scheme and raise federalism and Supremacy Clause concerns.

28. Additionally, section 1447(c) provides that when ordering remand, a federal court "may require payment of just costs and any actual expenses," which can include attorney's fees if the court finds that removal was improper.

29. Here, Congress left to the federal courts the ability to award costs and fees when it found that removal was improper.    Again, federalism and Supremacy Clause issues arise if a state court could essentially overrule a federal court's decision not to award costs.

30. As noted above, this Court did not grant Mr. Conklin's request for costs in his motion to remand – a motion in which he claimed a Rule 11 violation because of the alleged unlawful removal.    See Conklin v. Kane, Civ. No.1:13-cv-01531 (M.D. Pa) (Doc. No. 4).    Now, Mr. Conklin attempts to get another bite at the apple by forum shopping for costs, not granted to him previously.

31. The state court's entertainment of a sanctions-proceeding circumvents federal authority and could frustrate a litigant's exercise of federal removal rights.    A slippery slope of state courts addressing the propriety of removal

A-275

using some type of state procedural mechanism before the federal courts addressed the appropriateness of removal could even result.

32. Moreover, the sanctions-proceedings calls for interpretation of whether Mr. Morrison had authority under chapter 3-2000 et seq. in the United States Attorney's Manual to represent Judge Kane.   See Em. Mot. at 10.

33. Whether or not the government acted appropriately in assigning an Assistant United States Attorney to represent a federal actor in what the government believed to be an action against her in her capacity as a federal employee falls squarely within the discretion of the Department of Justice under 28 C.F.R. § 50.15.[2]   A state court should not be allowed to review that decision, which in this case is tantamount to allowing a state court judge to decide whether a federal judge could be represented in federal removal proceeding or otherwise.

WHEREFORE, Assistant United States Attorney Mark E. Morrison moves this Court to remove the December 9, 2013 sanctions proceedings in the Court of Common Pleas of Dauphin County, Pennsylvania in the case of Kane v. Conklin,

---

[2] Although Mr. Conklin has not asserted his basis for suing Judge Kane, the Government has no information that Conklin has any other dealings with Judge Kane, but for official ones as a United States District Judge.   In none of his paperwork before this Court or Dauphin County has Mr. Conklin demonstrated otherwise.

No. 2013-cv-2962, to this Court for resolution.

Respectfully submitted,

PETER J. SMITH
United States Attorney

/s/Michael J. Butler
Michael J. Butler
Assistant U.S. Attorney
PA 81799
Federal Building
228 Walnut Street, Suite 220
P.O. Box 11754
Harrisburg, PA 17108-1754
Tel. (717) 221-4482
Fax (717)221-2246
Michael J.Butler@usdoj.gov

Dated: December 6, 2013

A·277

# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN G. CONKLIN | : | CIVIL NO. |
| | : | |
| Plaintiff, | : | (Judge        ) |
| v. | : | |
| | : | |
| YVETTE KANE | : | |
| Defendant. | : | Filed Electronically |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That on December 6, 2013, he caused to be served a copy of the foregoing

## NOTICE OF REMOVAL OF CIVIL ACTION

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail and Certified Mail at Harrisburg, Pennsylvania to:

Stephen G. Conklin
22 Mairdale Avenue
Pittsburgh, PA 15214


s/Michael J. Butler
Michael J. Butler

A - 278

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

_____

STEPHEN V. CONKLIN V. YVETTE KANE
Civil Action No. 1:13-CV-3058

_____

## DESIGNATION OF DISTRICT JUDGE
## FOR SERVICE IN ANOTHER DISTRICT WITHIN THE CIRCUIT

_____

Pursuant to the provisions of 28 U.S.C. §292(b), and after satisfying myself that it is in the public interest to do so, I do hereby designate and assign the Honorable Juan R. Sanchez of the Eastern District of Pennsylvania for such a period as is necessary for the disposition of the above-entitled matter.



/s/ Theodore A. McKee
Theodore A. McKee, Chief Judge
United States Court of Appeals
For the Third Circuit

Dated:  December 19, 2013

A-279

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN G. CONKLIN | : | Civil No. |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| YVETTE KANE | : | MOTION FOR REMAND |
| Defendant | : | |
| | : | JURY TRIAL DEMANDED |

## PLAINTIFF'S MOTION FOR REMAND

NOW COMES, Plaintiff, Stephen G. Conklin who moves upon this

Court, to promptly REMAND the above-captioned matter to the Court of

Common Pleas of Dauphin County, Pennsylvania. In support thereof,

Plaintiff now states the following:

1. On or about April 4, 2013 Plaintiff filed a summons, docketed as No.

   2013-cv-2962-cv against Defendant, Yvette Kane; Plaintiff

   subsequently reissued the summons and caused it to be served upon

   Defendant on or about May 24, 2013.

2. On or about June 7, 2013 Assistant U.S. Attorney Mark E. Morrison

   caused this matter to be removed to federal court.[1]

---

[1] Review of the state record indicates the removal was docketed/received on June 11,
2013, and the record sent to the federal court on June 12, 2013.

3. On or about June 14, 2013 Third Circuit Chief Judge Theodore A. McKee assigned by designation the foregoing to District Judge Timothy J. Savage of the Eastern District Court.

4. On or about July 8, 2013 Plaintiff filed a motion for remand.

5. On or about [dated] August 27, 2013 Judge Savage remanded Defendant Kane's removal back to state court for lack of jurisdiction.[2]

6. On or about September 16, 2013 Mark E. Morrison, acting [without authority] in the capacity as Assistant U.S. Attorney for Defendant Yvette Kane, filed a praecipe for rule to file complaint in state court; the prothonotary issued a rule to file complaint on or about September 18, 2013.[3]

7. On or about [as dated] October 21, 2013 Mark E. Morrison, continuing to act [without authority] in the capacity of Assistant U.S. Attorney for Yvette Kane, sent Plaintiff a Ten Day notice for failure to file a complaint on a rule that was never served.[4]

---

[2] Judge Savage in his memorandum states, *inter alia*, at page 2, Fn 1 that: The ***defendant*** [Yvette Kane] did not file a praecipe requesting the Prothonotary to issue a rule to file a complaint pursuant to Pa.R.Civ.P 1037(a). ***Has she done so, she would have forced [plaintiff] Conklin to state what his claims are and what relief he is seeking***. (emphasis added)

[3] The prothonotary-issued rule to file complaint was not served on Plaintiff.

[4] Plaintiff received the ten day notice on the evening of October 23, 2013 and promptly obtained a certified copy of the docket from the Dauphin Prothonotary the next day.

8. On or about October 23, 2013 Plaintiff through counsel, filed a federal [Bivens] complaint, naming Judge Kane, Mark E. Morrison, Peter J. Smith and Christina Garber, filed in federal court and docketed as No. 1:13-cv-02618, based squarely on previous acts of the above-named resulting in the June removal as subsequently remanded on August 27, 2013.[5]

9. On or about October 31, 2013 Plaintiff filed an emergency motion for sanctions with request for a hearing; discovery, against Mark E. Morrison and Defendant Yvette Kane, together with an application for stay of all proceedings.

10. On or about November 14, 2013 Mark E. Morrison withdrew his appearance on behalf of Yvette Kane, and subsequently, the law firm of Pepper Hamilton entered their appearance on behalf thereof.

11. On or about November 25, 2013, the Honorable Scott Evans of the Dauphin County Court issued an order, scheduling a hearing on Plaintiff's sanctions motion for December 9, 2013.

12. On or about December 4, 2013 Pepper Hamilton filed a motion to quash Plaintiff's motion to be heard [by order] on December 9, 2013.

---

[5] The Biven's action is a wholly distinct and separable federal action to the subsequent actions of Defendant Yvette Kane, and Mark E. Morrison filed in state court that gave rise to Plaintiff's emergency motion for sanctions following remand.

A-282

13. On December 9, 2013 Plaintiff attended the scheduled hearing in Courtroom 2 of the Dauphin Court of Common Pleas; however, no hearing was held as, Plaintiff was later informed by the clerk court that for reasons unknown to him, the hearing had been continued.

14. Said clerk then directed Plaintiff to accompany him to the prothonotary's office to see, what, if anything was filed. It was there Plaintiff first learned that the "Sanctions" hearing had been removed to federal court. Plaintiff then secured a copy of the removal action papers.

15. The removal indicates it was filed in the office of the Prothonotary of Dauphin County Court on December 6, 2013 at approximately 4:27 pm by Assistant U.S. Attorney Michel J. Butler, [solely] on behalf of Mark E. Morrison, and was sent to Plaintiff via regular and certified mail.[6]

16. Plaintiff now timely files this motion for remand.

---

[6] Noting the late Friday hour of filing, Plaintiff did not receive a copy of the removal until Tuesday, December 10, 2013. No certified copy of the removal, as indicated on the removal certificate of service has ever been received by Plaintiff. Additionally, and more importantly, the notice of removal was filed more than thirty (30) days following Plaintiff's motion, in violation of 28 U.S.C. § 1446(b). It is therefore, facially-defective.

## REMAND

17. Plaintiff hereby incorporates each and every of the preceding paragraphs as if all are fully set forth at length herein.

18. This court lacks jurisdiction to entertain the U.S. Attorney's office's removal action, on behalf of either Yvette Kane or Mark E. Morrison.

19. The removal of the sanctions hearing filed by Assistant U.S. Attorney Michael Butler clearly indicates [repeatedly] that this removal was filed on behalf of Mark E. Morrison *only,* and therefore, has absolutely no bearing whatsoever on the sanctions Plaintiff sought [and yet seeks] in state court against Defendant, Yvette Kane.[7]

20. Accordingly, this removal of the sanctions motion filed by Plaintiff does not include defendant Yvette Kane, as she is not a party thereto.

21. As to the removal on behalf of Mark E. Morrison, as predicated on Plaintiff's October 31, 2013 emergency motion in state court, Assistant U.S. Attorney Michael J. Butler did not file his notice of removal until December 6, 2013, and/or thirty-six (36) days after the filing of Plaintiff's motion upon which the removal is squarely based.

---

[7] The removal clearly indicates at ¶¶ 10, 13-15 that Plaintiff's motion was brought against defendant Kane as well.

22. This alone, is a clear and direct violation of the rules governing

removal as found in 28 U.S.C. § 1446(b) which states in pertinent part

that:

The notice of removal of a civil action or proceeding shall be filed *within thirty days* after receipt of the defendant, through service or otherwise, of a copy of an initial pleading setting forth the claim for relief upon which such action or proceeding is based.... (emphasis added)

23. 28 U.S.C. § 1446(b) goes on to state (as particularly relevant hereto)

in pertinent part that:

If the case stated in the initial pleading is not removable, *a notice or removal may be filed <u>within thirty days</u> after receipt of the defendant*, through service or otherwise, of a copy of the amended pleading, *motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable*....(emphasis added)

24. The removal failed to be filed timely, and therefore, this court is

without jurisdiction to entertain said removal.

25. Accordingly, the removal of Plaintiff's motion for sanctions by Mark

E. Morrison to this Court should be remanded promptly.

26. Plaintiff additionally believes he is entitled to a sum of no less than

five hundred ($500.00) dollars for having to attend a scheduled

hearing (without any notice to the contrary) on his motion for

sanctions that was improperly removed, and further, for having now to

defend, by way of remand, a removal that is, lawfully, without effect.

## RELIEF

27. For the foregoing causes stated, incorporated as if set forth at length

herein, Plaintiff entreats this Court to remand plaintiff's motion for

sanctions from state court forthwith; that Plaintiff be awarded the sum

of five hundred ($500.00) dollars because of the improper removal

from state court sanctions motion, and need to defend by way of

remand herein; and, for any and all additional relief that this Court

deems just and proper.

WHEREFORE, in consideration of all the foregoing reasons, Plaintiff

seeks all manner and means of relief consistent therewith.

Stephen G. Conklin

## CERTIFICATE OF CONCURRENCE/NON CONCURRENCE

I, Stephen G. Conklin do hereby certify that on January 6, 2014 I contacted

Mark E. Morrison's attorney of record, Michael J. Butler, Assistant U.S.

Attorney at 2:45 pm, seeking his concurrence/non-concurrence in the

foregoing matter of remand and Mr. Butler stated he does not concur.

Date: January 6, 2014

Stephen G. Conklin

7

A-286

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN G. CONKLIN | : | Civil No. |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| YVETTE KANE | : | MOTION FOR REMAND |
| Defendant | : | |
| | : | JURY TRIAL DEMANDED |

## DECLARATION

I, Stephen G. Conklin, Plaintiff in the above captioned matter do

hereby declare under penalty of perjury under the laws of the United States

of America that the foregoing is true and correct.


Date: January 6, 2014                    _____
                                          Stephen G. Conklin

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

STEPHEN G. CONKLIN              :      Civil No.
                               :
              Plaintiff        :
                               :
                               :
        v.                     :
                               :
YVETTE KANE                    :      MOTION FOR REMAND
              Defendant        :
                               :      JURY TRIAL DEMANDED

CERTIFICATE OF SERVICE

I, Stephen G. Conklin, Plaintiff in the above-captioned matter, do

hereby certify this 6th day of January 2104, that I caused a true and correct

copy of my foregoing Motion for Remand upon the parties as listed below:

Michael J. Butler
Assistant U.S. Attorney
Ronald Reagan Federal Building
228 Walnut Street
P.O. Box 11754
Harrisburg, Pa. 17108-1754
(Atty. For Mark E. Morrison)

                               Stephen G. Conklin
                               22 Mairdale Street
                               Pittsburgh, Pa. 15214
                               (717) 460-5450

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

STEPHEN G. CONKLIN              :       Civil No. 1:13-cv-3058
                               :
              Plaintiff,       :       (Sanchez, J.)
      v.                       :
                               :
YVETTE KANE                    :
              Defendant.       :       Filed Electronically

## RESPONSE TO PLAINTIFF'S MOTION TO REMAND

Assistant United States Attorney Mark E. Morrison hereby responds to Plaintiff Stephen G. Conklin's Motion for Remand.    Mr. Morrison states as follows:

1.   Admitted.   By way of further answer, Mr. Conklin has yet to file a complaint against the Honorable Yvette Kane, which evidences he has no private cause of action against her.

2.   Admitted.   By way of further answer, the action was docketed as Conklin v. Kane, No. 1:13-cv-01531 (M.D. Pa), and, pursuant to 28 U.S.C. § 292(b), assigned to the Honorable Timothy J. Savage of the District Court for the Eastern District of Pennsylvania.

3.   Admitted.

4.   Admitted.   By way of further answer, Mr. Conklin argued that the writ did

1

A-289

not provide the legal basis for the state court action and the removal was
done for an improper purpose contrary to Rule 11 of the Federal Rules of
Civil Procedure.   Mr. Conklin sought costs associated with the remand
motion in the amount of $500.00.   By way of still further answer, on July
13, 2013, Mr. Conklin sent Mr. Morrison a letter, purporting to be a Notice,
and he requested that Mr. Morrison "promptly withdraw your filing of
Removal" and Mr. Conklin noted he will seek $20,000.00 in sanctions for
the alleged violation of Rule 11.   By way of still further answer, on July 25,
2013, Mr. Morrison, on behalf of Judge Kane, filed a Brief in Response to
the motion for remand.   See Conklin v. Kane, No.13-cv-1351 (Doc. No. 6).

5.   Admitted.   By way of further answer, on August 27, 2013, this Court
remanded the matter back to Dauphin County, and did not award costs to
Mr. Conklin.   See id. (Doc. No. 7).

6.   Admitted in part and denied in part.   It is admitted that on or about
September 16, 2013, on behalf of Judge Kane, Mr. Morrison filed a praecipe
for rule to file complaint in state court; and the prothonotary issued a rule to
file complaint on September 18, 2013.   It is denied that Mr. Morrison was
not authorized to act on behalf of Judge Kane.   By way of further answer,
Mr. Conklin provided no information that his as-yet-to-be-filed-complaint

2

A·290

against Judge Kane was anything other than a complaint about her in her

official capacity as a federal judge.    Thus, Mr. Morrison acted

appropriately in representing Judge Kane in the state court proceeding.

7. Admitted in part and denied in part.    It is admitted that on October 21,

2013, on behalf of Judge Kane, Mr. Morrison sent Plaintiff a Ten Day notice

for failure to file a complaint.    It is denied that Mr. Morrison was not

authorized to act on behalf of Judge Kane.    By way of further answer, Mr.

Conklin provided no information that his as-yet-to-be-filed-complaint

against Judge Kane was anything other than a complaint about her in her

official capacity as a federal judge.    Thus, Mr. Morrison acted

appropriately in representing Judge Kane in the state court proceeding.

8. Admitted in part and denied in part.    It is admitted that on October 21,

2013, Mr. Conklin, through counsel, filed a federal <u>Bivens</u> action against

Judge Kane; Mr. Morrison; Peter J. Smith, the United States Attorney; and

Christina Garber, a legal assistant in the United States Attorney's Office.

<u>See</u> <u>Conklin v. Kane et al.</u>, 1:13-cv-02618-JRS (M.D. Pa.).    By way of

further answer, Mr. Conklin has subsequently agreed to dismiss and the

Court has dismissed Christina Garber from this lawsuit.    To the extent Mr.

Conklin implies that Mr. Morrison's actions precipitated the filing of this

3

Bivens action, this allegation is denied.   By way of further answer, Mr.

Morrison did not violate Mr. Conklin's civil rights.   By way of still further

action, Mr. Conklin states in a footnote that the Bivens action is "wholly

distinct" from the motions for sanctions, but yet he cites to the same facts

and seeks similar relief in each proceeding.

9. Admitted.   By way of further answer, on October 31, 2013, in the Dauphin

County action (2013-cv-2962-cv), Mr. Conklin, pro se, filed a document

entitled "Plaintiff's Emergency Motion for Sanctions with Request for

Hearing; Discovery" against Judge Kane and Mr. Morrison.   In that

motion, Mr. Conklin sought sanctions under Rule 1023.1 of the

Pennsylvania Rules of Civil Procedure and Rule 11 of the Federal Rules of

Civil Procedure against Judge Kane and Mr. Morrison.

10. Admitted.   By way of further answer, after being named in the Bivens

action, on November 14, 2014, Mr. Morrison withdrew his appearance as

counsel for Judge Kane in the Dauphin County action, and thereafter,

Thomas B. Schmidt, III, Esquire of Pepper Hamilton, LLP entered his

appearance for Judge Kane.

11. Admitted.   By way of further answer, on November 25, 2014, the Dauphin

County court scheduled a proceeding regarding Plaintiff's Emergency

Motion for Sanctions for December 9, 2013, at 11:00 a.m., and distributed

the order to Mr. Morrison.

12. Admitted.

13. Denied.    By way of further answer, Mr. Morrison is without knowledge or

information sufficient to form a belief as to the truth of the allegations

contained in paragraph 13.

14. Denied.    By way of further answer, Mr. Morrison is without knowledge or

information sufficient to form a belief as to the truth of the allegations

contained in paragraph 14.

15. Admitted in part and denied in part.    It is admitted that the undersigned, on

behalf of Mr. Morrison, filed a notice of notice of removal in the Court of

Common Pleas of Dauphin County on December 6, 2013, at or around 4:27

p.m.    By way of further answer, the undersigned does not represent Judge

Kane in this matter.    Her honor is represented by Mr. Schmidt.

Nonetheless, the filing removed the sanctions proceedings to this Court,

which involved both Mr. Morrison and Judge Kane.    It is denied that Mr.

Conklin was not served appropriately, or that notice of removal was not

timely – as developed more fully below.

16. It is admitted only that Mr. Conklin has moved to remand the sanctions

5

A.293

matter based on the timeliness of the removal.    By way of further answer,

Mr. Conklin does not appear to challenge the substantive basis for removal.

### Answer to Remand

17. Mr. Morrison repeats and incorporates paragraphs 1-16 as if they were set

forth here in their entirety.

18. Denied.    By way of further answer and as more fully explained in the

Notice of Removal, this Court has jurisdiction over this sanctions

proceeding, which challenges the federal authority of an Assistant United

States Attorney to remove an action on behalf of a federal judge.

19. Denied.    By way of further answer, the undersigned does not represent

Judge Kane in this matter, and he could not remove the matter on her behalf.

Nonetheless, the Notice of Removal notes in numerous paragraphs that the

sanctions proceeding is against both Judge Kane and Mr. Morrison.    See

Notice of Removal (Doc. No. 1) ¶¶ 2, 10, 13, 14, 15.    In addition, a notice

of removal removes the entire civil action -- in this case, the sanctions

proceeding – not just as to the particular litigant who filed the notice.    See

28 U.S.C. § 1442.

20. Denied.    Please see paragraph 19.

21. Denied.    The timing of Mr. Morrison's removal is based on the Dauphin

A·294

County Court's November 25, 2013 Order scheduling of a sanctions

proceeding for December 9, 2013.    Section 1446(g) of title 28 specifically

provides:

> Where the civil action or criminal prosecution that is removable under
> section 1442(a) is a proceeding in which a judicial order for testimony
> or documents is sought or issued or sought to be enforced, the 30-day
> requirement of subsection (b) of this section and paragraph (1) of
> section 1455(b) is satisfied if the person or entity desiring to remove
> the proceeding files the notice of removal not later than 30 days after
> receiving, through service, notice of any such proceeding.

28 U.S.C. § 1446(g).    The undersigned, on behalf of Mr. Morrison, an Assistant

United States Attorney, removed the sanctions proceeding under section 1442(a),

and removed it within 30 days after receiving notice of the Dauphin County

hearing.    See id.    By way of further answer, under section 1442(d)(1), this matter

was not removable until a sanctions proceeding was scheduled and testimony was

sought in a hearing.    See id. § 1442(d)(1) (providing in pertinent part that "[t]he

term[] "civil action" . . . include[s] any proceeding (whether or not ancillary to

another proceeding) to the extent that in such proceeding a judicial order, including

a subpoena for testimony or documents, is sought or issued) (emphasis added).

22.Denied.    Please see paragraph 21.

23.Denied.    Please see paragraph 21.

24.Denied.    Please see paragraph 21.

7

25. Denied.    Please see paragraph 21.

26. Denied.    By way of further answer, Mr. Morrison seeks costs to be later

determined by the Court to respond to this motion to remand, which has no

legal basis.

### Answer to Relief

27. Denied.    By way of further answer, Mr. Morrison seeks costs to be later

determined by the Court to respond to this motion to remand, which has no

legal basis.

8

A-296

WHEREFORE, Assistant United States Attorney Mark E. Morrison

respectfully requests that this Court deny Mr. Conklin's motion to remand and

allow Mr. Morrison to petition the Court for costs for filing of this response.

                              Respectfully submitted,

                              PETER J. SMITH
                              United States Attorney

                              /s/Michael J. Butler
                              Michael J. Butler
                              Assistant U.S. Attorney
                              PA 81799
                              Federal Building
                              228 Walnut Street, Suite 220
                              P.O. Box 11754
                              Harrisburg, PA 17108-1754
                              Tel. (717) 221-4482
                              Fax (717)221-2246
                              Michael J.Butler@usdoj.gov

Dated: January 17, 2014

A-297

# UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

STEPHEN G. CONKLIN        :    Civil No. 1:13-cv-3058

           : 

         **Plaintiff,**     :    (Sanchez, J.)

       **v.**            :

           :

YVETTE KANE           :

        **Defendant.**    :    **Filed Electronically**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That on January 17, 2014, he caused to be served a copy of the foregoing

## RESPONSE TO PLAINTIFF'S MOTION TO REMAND

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail and Certified Mail at Harrisburg, Pennsylvania to:

Stephen G. Conklin
22 Mairdale Avenue
Pittsburgh, PA 15214

                             s/Michael J. Butler
                             Michael J. Butler

A-298

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Stephen G. Conklin | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | NO. 1:13-cv-3058 |
| | : | |
| Yvette Kane, | : | THE HONORABLE JUAN R. SANCHEZ |
| | : | |
| Defendant. | : | |
| | : | |

## DEFENDANT YVETTE KANE'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND

### I.    INTRODUCTION

Plaintiff Stephen G. Conklin seeks remand of his motion for sanctions ("Sanctions Motions") that was filed in the Dauphin County Court of Common Pleas against defendant Yvette Kane[1] and her former counsel, Assistant United States Attorney Mark E. Morrison.[2] Assistant United States Attorney Morrison removed the Sanctions Proceeding pursuant to the federal officer removal statute, 28 U.S.C. §§1442 and 1446.

---

[1] Hon. Yvette Kane (hereinafter "Judge Kane") is a sitting judge in the United States District Court for the Middle District of Pennsylvania.

[2] All proceedings relating to the Sanctions Motion are hereinafter referred to as the "Sanctions Proceeding."

Because the Notice of Removal was filed within 30 days of the order scheduling the hearing, removal was timely.

Second, removal of a proceeding by a federal officer removes the entire proceeding. Because Assistant United States Attorney Morrison filed a timely Notice of Removal, the entire Sanctions Proceeding has been removed to federal court, including the proceedings against Judge Kane.

## II. COUNTER STATEMENT OF THE PROCEDURAL HISTORY

Plaintiff's claims in the Sanctions Proceeding arose in a state court action commenced by Mr. Conklin against Judge Kane in the Dauphin County Court of Common Pleas. Mr. Conklin, *pro se*, commenced the state court action against Judge Kane by filing a Praecipe for a Writ of Summons on April 4, 2013, that was docketed at No. 2013-CV-2962. The Writ of Summons named "Yvette Kane" as the defendant and did not identify her as a sitting federal judge.

The Writ of Summons was issued on April 4, 2013, and re-issued on May 10, 2013. On May 24, 2013, the Writ of Summons was delivered to the office of the United States Attorney for the Middle District of Pennsylvania, which was authorized to accept service on behalf of Judge Kane.

### Removal and Remand of the State Court Action

On June 11, 2013, a Notice of Removal from the Court of Common Pleas of Dauphin County to the United States District Court for the Middle District

## Removal of the Sanctions Proceeding

Because Assistant United States Attorney Morrison was named in the Sanctions Motion, he withdrew as Judge Kane's counsel and, on November 15, 2013, the undersigned entered their appearance for Judge Kane. On December 6, 2013, Assistant United States Attorney Michael Butler, as counsel for Attorney Morrison in the Sanctions Proceeding, filed a Notice of Removal of the Sanctions Proceeding in the Middle District, filed a notice of that filing in the Dauphin County Court, and served Mr. Conklin. The Sanctions Proceeding was docketed in the Middle District at No. 1:13-cv-3058 and assigned to Hon. Juan R. Sanchez pursuant to 28 U.S.C. § 292.

## Plaintiff Conklin's Failure to File a
## Complaint and Entry of Judgment of Non Pros

After entering their appearance for Judge Kane, the undersigned moved forward with respect to the state court action. On November 19, 2013, the previously-issued Rule directing Mr. Conklin to file a complaint within 20 days or suffer entry of judgment of non pros in the state court action was served pursuant to Pa. R.C.P. 440 and 1037. On December 9, 2013, because no complaint had been filed by Mr. Conklin, he was served with a Notice of Intent to Enter Judgment of Non Pros. On December 23, 2013, Judge Kane filed a Praecipe for Entry of

Suggested Answer: Yes.

## V.    ARGUMENT

### A.    Assistant United States Attorney Morrison's Notice of Removal was timely.

The removal of the Sanctions Proceeding was timely because Assistant United States Attorney Morrison filed a Notice of Removal within 30 days of receiving notice that a hearing on plaintiff's Sanctions Motion was scheduled in the Dauphin County Court of Common Pleas.   That removal was timely has been squarely addressed by the Court in *In re Proceeding in Which the Commonwealth of Pennsylvania Seeks to Compel the Defender Ass'n of Phila. to Produce Testimony,* No. 13-cv-1871, 2013 U.S. Dist. LEXIS 115309, at *10-11 (E.D. Pa. August 15, 2013) (the "*FCDO Litigation*").[5]

At issue in the *FCDO Litigation* was whether the Federal Community Defender Organization ("FCDO") was authorized to represent a death row prisoner in his state post-conviction proceedings.   The Commonwealth of Pennsylvania filed a motion in the Pennsylvania Supreme Court to remove the FCDO as counsel. The Supreme Court then issued an order directing that a hearing be held on the Commonwealth's motion.   The FCDO thereafter filed a notice of removal.

---

[5] A copy of this opinion is attached hereto as Exhibit B.

proceeding could be removed at more than one juncture." *Id.* As an example, the

Court noted, "the federal recipient of a subpoena can properly remove the

proceeding after receiving notice of the original subpoena, but it could also

properly remove the proceeding upon notice of the issuance of a court's order for

its testimony." *Id.*

    As the Court further explained, the statute's legislative history

supports a broad reading of the federal officer removal statute.

> Section 1446(g) was drafted at the request of the
> Department of Justice to "maintain the current and long-
> standing [Department of Justice] practice of resetting the
> 30-day removal clock for cases that involve enforcement
> of a subpoena." H.R. Rep. No. 112-107 at 6-7 (2011-12).
> The House Report explained that because the Justice
> Department typically ignored subpoenas in the first
> instance, the Department wanted to maintain its ability to
> "re-trigger" the removal period when it received notice of
> a party's motion to enforce, the point at which the
> Department could no longer ignore the subpoena. *Id.*
>
> Congress intended to provide a federal officer with an
> opportunity to remove a proceeding when it would be
> clear that it needed to take action, even if it meant "re-
> set[ting]" the clock to allow a second or third chance.

*Id.* at \*10-11.

    The Court, therefore, concluded that, even if a proceeding could have

been removed at an earlier time, the removal clock was "re-triggered" when a

federal officer is given notice that a hearing requiring his production of documents

and/or testimony had been scheduled. *Id.* So long as notice of removal is filed

of 28 U.S.C. § 1446(g) creates a 30-day period in which to file a notice of removal that begins when an order is issued scheduling a hearing at which a federal officer will provide evidence or testimony. Because Assistant United States Attorney Morrison filed a notice of removal within 30 days of the issuance of an order by the state court scheduling the hearing on plaintiff's Sanctions Motion, removal was timely.

### B.    Removal by one federal officer removes the entire proceeding.

Because Assistant United States Attorney Morrison filed a timely notice of removal, the entire Sanctions Proceeding has been removed. The filing of a notice of removal by one federal officer has the effect of removing the entire proceeding to federal court. *See Fowler v. Southern Bell Tel. & Tel. Co.,* 343 F.2d 150, 152 (5th Circuit 1965) (stating that "it is settled that the filing of a petition for removal by a single federal officer removes the entire case to the federal court.")

## VI.    CONCLUSION

Because removal was proper and timely, the Sanctions Proceeding, including the request for sanctions directed to Judge Kane, must remain in this Court and plaintiff's Motion for Remand must be denied.

A. 304

## CERTIFICATE OF COMPLIANCE

I hereby certify that Defendant Yvette Kane's Brief In Opposition To Plaintiff's Motion For Remand complies with the word count requirements of L.R. 7.8(b)(2) in that the Brief does not exceed 5,000 words. The word count of the Brief is 2,444 words (excluding the signature block and required certificates).

*s/      Thomas B. Schmidt, III*

A-305

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

STEPHEN G. CONKLIN          :          Civil No. 1:13-cv-3058
                            :
            Plaintiff,      :          (Sanchez, J.)
                            :
      v.                    :
                            :
YVETTE KANE                 :
                            :
            Defendant.      :
                            :



FILED
MAR 1 0 2014
PER _____
HARRISBURG, PA   DEPUTY CLERK

---

## BRIEF IN REPLY TO ASSISTANT UNITED STATES ATTORNEY MARK E. MORRISON'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

Plaintiff, Stephen G. Conklin hereby files this Brief in Reply to
Assistant United States Attorney, Mark E. Morrison's Brief in Opposition to
Plaintiff's Motion for Remand. This Court should deny Mr. Morrison's Brief
in opposition to Plaintiff's Motion for Remand, and promptly remand the
improvident removal back to State Court.

### I.     Background

On or about April 4, 2013 Plaintiff commenced a civil action against
Defendant, Yvette Kane (only) via a Writ of Summons in the Court of
Common Pleas of Dauphin County, Pennsylvania. This action was then
docketed as Conklin v. Kane, CV-2013-2962-CV.

A - 202

Noteworthy, no where in Plaintiff's praecipe for Writ of Summon, or the writ of summons is/was Defendant Kane referred to as either Honorable or a Judge; nor, despite opposing counsel(s) repeated recitations to the contrary, has she been to date.

On or about June 7, 2013 Mr. Morrison, notably on behalf of the "United States of America" filed a Notice of Removal with this Court. This "removal" was subsequently docketed as Conklin v. Kane, 1:13-cv-01531(M.D. Pa.). (Doc. 1) This matter was then designated to the Honorable, Timothy J. Savage of the District Court for the Eastern District of Pennsylvania, by designation. On or about July 8, 2013 Plaintiff timely filed a Motion for Remand, arguing, *inter alia*, that the District Court did not have jurisdiction. (Doc. 4) On or about July 25, 2013 Mr. Morrison filed a brief in response to Plaintiff's Motion for Remand. (Doc. 6)

On or about August 27, 2013 The Honorable Timothy J. Savage issued a memorandum/order, remanding the foregoing case back to State Court for lack of jurisdiction. (Doc. 7) On or about September 6, 2013, the foregoing remand order was entered into the Dauphin County Court docket.

Subsequently, on or about September 18, 2013 Mr. Morrison, despite the remand, and still acting as Assistant United States Attorney (ostensibly yet under the supervision of U.S. Attorney, Peter J. Smith) filed, in State

Court, for a Rule to File Complaint with the Court of Common Pleas of Dauphin County, Pennsylvania. Mr. Morrison obtained the Rule, but never served on Plaintiff as required. The failure to file the Rule is acknowledged by Mr. Morrison.

On or about [dated] October 21, 2013 (received on or about October 23, 2013) Mr. Morrison sent Plaintiff a Ten Day notice of Default. On or about October 22, 2013 Plaintiff, by and through his counsel, Don Bailey, filed a federal complaint, (docket No. 1:13-cv-02618-JRS)

It should be noted at this point that the above-referenced case filed by Attorney Don Bailey on behalf of Plaintiff is a distinct and separable cause of action, relating strictly to the unlawful acts revolving around the 1st removal. The instant matter, conversely, revolves solely on acts by Mr. Morrison in state court following remand.

On Thursday, October 31, 2013 with the threat of a [non pros] judgment imminently pressing to be filed, as of the very next day, Friday, November 1, 2013, Plaintiff filed an Emergency Motion for Sanctions, together with an Application for Stay, appertaining thereto, with the Dauphin County [State] Court. On or about November 25, 2013 Judge Scott Evans of the Dauphin County Court of Common Pleas scheduled a hearing on Plaintiff's Emergency Motion for Monday, December 9, 2013.

On Friday, December 6, 2013 at 4:27 p.m., Mr. Morrison, through counsel, filed a Notice of Removal with this Court, as captioned-above. (Doc.1) On or about January 6, 2014 Plaintiff timely filed a Motion for Remand with this Court. In Plaintiff's Motion for Remand, Plaintiff cites, *inter alia*, at ¶ 21 that:

> ...*Assistant U.S. Attorney **did not** file his notice of removal [on behalf of Mr. Morrison] until December 6, 2013, and/or thirty-six (36) days **after** the filing of **Plaintiff's motion** upon which the removal is squarely based.* (emphasis added)

On or about January 17, 2014 Mr. Morrison filed a motion in opposition to Plaintiff's remand, and following Plaintiff's brief in support of remand, filed a brief in opposition to Plaintiff's motion for remand. This brief in response to Mr. Morrison's brief in opposition now follows:

**II.    Question Presented**

    **a. Whether Mr. Morrison's Removal must be remanded back to State Court because Mr. Morrison failed to timely file a Notice of Removal?**

    **b. Whether Mr. Morrison is entitled to removal under § 1442(a)(1) where Mr. Morrison was without Authority to proceed in his official capacity on behalf of a private defendant?**

Answer: Affirmative

### III.    Argument

Federal courts are courts of limited jurisdiction, and removal statutes should be strictly construed. *Shamrock Oil and Gas Corp. v Sheets*, 313 U.S. 100, 107 (1941); *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (The removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand.") *Id.* at 111.

#### (a) Mr. Morrison's December 6, 2013 Removal should be promptly remanded for Mr. Morrison's failure to timely file Notice

Mr. Morrison's December 6, 2013 filing Notice of Removal, pursuant to 28 U.S.C. §§ 1442(a)(1), 1442(d)(1) and 1446(g) is untimely, and therefore should be promptly remanded.

28 U.S.C. § 1442(a)(1) provides in pertinent parts that:

(a) A civil action …that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
(1) The United States… or any officer… of the United States…, in an official or individual capacity, for or relating to any act under color of such office…..

28 U.S.C. § 1446(b) which states in pertinent parts that:

The notice of removal of a civil action *or proceeding* shall be *filed within thirty days* after receipt of the defendant, through service or otherwise, of a copy of an initial pleading setting forth the claim for relief upon which such action *or proceeding is based*…. (emphasis added)

28 U.S.C. § 1446(b) goes on to state that:

If the case stated in the initial pleading is not removable, a notice of removal may be filed ***within thirty days*** after receipt of the defendant, through service or otherwise, of a copy of the amended pleading, ***motion***, order or other paper ***from which it may be first ascertained that the case is one which is or has become removable***....(emphasis added)

Either way, it is abundantly clear that even if we were to take into account [if any] "three day mailing rule", nonetheless, a condition precedent was simply and plainly not timely met, as to in any wise afford Mr. Morrison, and by extension, Defendant Kane, this Court's removal jurisdiction. See, *Jones v. City of Philadelphia*, No. 04-5229 (E.D. Pa. 2005)

Contrarily, Mr. Morrison in his brief in opposition to remand (Doc. 11) relies on 28 U.S.C. §§ 1442(d)(1) and 1446(g), respectively; in conjunction with Dauphin County Judge Scott Evan's November 25, 2013 Order. Plaintiff asserts Mr. Morrison's conjunctive reliance is unfounded.

Judge Evans November 25, 2013 Order reads:

And Now, this 25th day of November, 2013, upon consideration of Plaintiff's Emergency Motion for Sanctions with Request for Hearing/Discovery, it is hereby ORDERED *that a **hearing** on this matter* is scheduled for *December 9, 2013 at 11:00 a.m.* in Courtroom No. 2 (emphasis added)

That is all Judge Evans, albeit belated, did - issue an order scheduling a [motions] hearing on Plaintiff's Emergency Motion.

Judge Evans did not issue an order for the taking of testimony or production of documents, or for the taking of any discovery for that matter. Nor did Plaintiff file or otherwise seek a subpoena for production of documents or testimony – Plaintiff filed an Emergency Motion with request for a hearing/discovery, which the State Court granted a hearing on Plaintiff's motion.

Accordingly, the November 25th [State Court] Order cannot now be contrived as the start date for tolling Mr. Morrison's removal. We now must turn to under what statutory authority Mr. Morrison/counsel yet rely upon.

28 U.S.C. § 1442(d)(1) provides that:

(d) In this section, the following definitions apply:
(1) The terms "civil action" and "criminal prosecution" *include **any** **proceeding*** (whether or not ancillary to another proceeding) ***to the extent that in such proceeding a judicial order***, including a subpoena for testimony or documents, is ***sought*** or issued. If removal is sought for a proceeding described in the previous sentence, and there is no other basis for removal, only that proceeding may be removed to the district court. 28 U.S.C.§ 1442(d)(1) (emphasis added)

28 U.S.C. § 1446(g) states in pertinent part that:

(g) Where the civil action or criminal prosecution that is removable under section 1442 (a) ***is a proceeding in which a judicial order*** for testimony or documents ***is sought*** or issued or sought to be enforced, the 30-day requirement of subsection (b) of this section and paragraph (1) of section 1455 (b) is satisfied if the person or entity desiring to remove the proceeding ***files the notice of removal not later than 30 days after receiving***, through service, notice ***of any such proceeding***. 28 U.S.C. § 1446(g) (emphasis added)

As both §§ 1442(d)(1) and 1446(g) illustrate, respectively, include[s]
"***any proceeding…to the extent that in such proceeding a judicial***
***order…is sought***….and, ***under section 1442(a) is a proceeding in which a***
***judicial order….is sought*** …. is satisfied ***if the person or entity desiring to***
***remove the proceeding files the notice of removal not later than 30 days***
***after receiving…notice of any such proceeding***."

Can it be any more clear? (**30 days!**) It is facially-obvious that on
October 31, 2013 Plaintiff in his Emergency Motion ***sought*** a judicial order,
as one was attached thereto, as otherwise required for purposes of filing
motions in State Court. Plaintiff's Motion represents a commencement of a
"proceeding".

Lest there be any doubt as to the nature of things, some attention need
be given to the definition of "proceeding"

Proceeding is defined in pertinent parts as:

In a general sense, the form and manner of conducting juridical
business before the court or judicial officer. Regular and orderly progress in
form of law, ***including all possible steps in an action from its***
***commencement to*** the execution of judgment….All the steps or measures
adopted in the prosecution or defense of an action. The word may be used
synonymously with "action" or "suit" to describe the entire course of an
action…In a more particular sense, ***any application*** to a court of justice,
however made, for aid in the enforcement of rights, for relief, for redress of
injuries, for damages, or for any remedial object. Blacks Law 5th Ed. Pgs.
1083-84 (emphasis added)

8

*law* : **the process of appearing** *before a court of law* so a decision can be made about an argument or claim : legal action (Merriam-Webster online dictionary)

Process is defined in pertinent part as:

**A series of actions, _motions_, or occurrences**.. Blacks Law 5th ed. Pg. 1084 (emphasis added)

As defined above, Plaintiff clearly commenced a proceeding by way of "motion" on October 31, 2013; and, Mr. Morrison and his counsel were well aware of this. In fact, in their Notice of Removal, they go to great length, in stating when and what Plaintiff had filed.

Yet, Mr. Morrison and his counsel curiously waited until the 11th hour, and more importantly, beyond the strictly construed time-constraints for filing their Notice of Removal; and, accordingly, for the reasons set forth above, this Court should forthwith remand this matter back to State Court.

**(b) Mr. Morrison does not have a federal defense for an act under color of office for a state court sanction proceeding.**

Mr. Morrison relies on 28 U.S.C. § 1442(a)(1) in support of removal.

28 U.S.C. § 1442(a)(1) states in pertinent part that:

The United States, any federal agency, or any officer of the United States or agency (or person acting under that officer) being sued in their individual or official capacity may remove to federal court any civil action arising from "**any act under color of such office**." (emphasis added)

9

The statute thus authorizes removal to federal court of state court actions against federal agencies and individuals ***who are acting in the course of their employment, by or on behalf of the federal government***.

Mr. Morrison states he is employed as an Assistant U.S. Attorney/Chief of Civil Division; and accordingly, his authority to "Act" is by or on behalf of the federal government. The source of the instant removal involves a proceeding commenced in state court for sanctions following his egregious act(s) on behalf of a private citizen Defendant, Yvette Kane, all of which occurred after this Court remanded a previous Removal by Mr. Morrison, for lack of jurisdiction.

Nonetheless, (without authority, and outside the scope of his employment) following remand, he filed a Praecipe for Rule to File a Complaint with the Dauphin County [state] Court and, then, [as later admitted] never serving that Rule on Plaintiff. Thereafter, a ten day notice of default to Plaintiff which forced Plaintiff to scramble to file his Emergency Motion for Sanctions one day in advance of Mr. Morrison, on behalf of Defendant, Yvette Kane, unlawfully obtaining a judgment of non pros. Accordingly, Plaintiff filing for sanctions in state court under Pa.R.Civ.P. 1023.1 *et seq*. was clearly warranted, and properly belongs [back] in state court.

A-315

Section 1442 ***only allows removal*** when the federal defendant's act(s) were essentially ***ordered or demanded by federal authority***. <u>See</u> Section 1442(a)(3) which reads: Any officer of the courts of the United States, ***for any act under color of office or in the performance of his duties***; (emphasis added)

28 U.S.C. § 547 relating to "duties" states in pertinent part that:

Except as otherwise provided by law, each United States attorney, within his district, shall –
(2) prosecute or defend, for the Government, all civil actions, suits or proceedings ***in which the United States is concerned***…(emphasis added) (<u>see</u> also, USAM 3-2.140)

Per USAM 3-2.210 Authority:

Assistant United States Attorneys are responsible to the United States Attorney for the performance of duties assigned by that official.

Mr. Morrison had no authority when he removed Plaintiff's writ of summons on behalf of Defendant Yvette Kane then, and he certainly had no authority to act on her behalf after remand; the latter the impetus of Plaintiff's sanctions motion. Mr. Morrison had no authority just as the U.S. Attorney was without such authority. As Judge Savage stated in his remand memorandum on page 2, Fn 1:

The defendant did not file a *praecipe* requesting the Prothonotary to issue a rule to file a complaint pursuant to Pa.R.Civ.P. 1037(a). Had ***she*** done so, ***she*** would have forced Conklin to state what his claims are and what relief he is seeking.

11

A·316

Despite whatever spin Mr. Morrison and/or his counsel wish spin contrarily, they are but red herrings; Plaintiff does not eat red herrings, and neither should this Court. Mr. Morrison's removal of the state court sanctions proceedings should be forthwith remanded.

## IV.    Conclusion

For all the foregoing reasons, together with Plaintiff's Motion and Brief for Remand, Plaintiff respectfully requests that this Court promptly remand this case back to State Court; and, allow Plaintiff to petition for costs for having to defend against Mr. Morrison's improper removal.

Respectfully Submitted,

Stephen G. Conklin
c/o 22 Mairdale Street
Pittsburgh, Pa. 15214
(717) 460-5450

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

STEPHEN G. CONKLIN                :         Civil No. 1:13-cv-3058
                                  :
                Plaintiff,        :         (Sanchez, J.)
                                  :
        v.                        :
                                  :
YVETTE KANE                       :
                                  :
                Defendant.        :
                                  :

CERTIFICATE OF SERVICE

I, Stephen G. Conklin, Plaintiff in the above-captioned matter, do

hereby certify this 10th day of February 2104, that I caused a true and

correct copy of my foregoing Reply Brief by First Class, U.S. Mail, postage

prepaid, upon the parties as listed below:

Michael J. Butler
Assistant U.S. Attorney
Ronald Reagan Federal Building
228 Walnut Street
P.O. Box 11754
Harrisburg, Pa. 17108-1754
(Atty. For Mark E. Morrison)

Stephen G. Conklin
22 Mairdale Street
Pittsburgh, Pa. 15214
(717) 460-5450

A318

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STEPHEN G. CONKLIN              :        CIVIL ACTION
                               :
      v.                       :        No. 13-3058
                               :
YVETTE KANE                    :

## ORDER

AND NOW, this 21st day of August, 2014, it is ORDERED a teleconference shall take place on August 26, 2014, at 1:15 p.m. to discuss scheduling a hearing on the outstanding motions in this case. Counsel for Mark E. Morrison shall initiate the call to chambers at (215) 299-7780.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.



**U.S. Department of Justice**

Peter J. Smith
United States Attorney
Middle District of Pennsylvania

| | | |
|---|---|---|
| **William J. Nealon Federal Building**<br>Suite 311<br>235 N. Washington Ave.<br>P.O. Box 309<br>Scranton, PA. 18501-0309<br>(570) 348-2800<br>FAX (570) 348-2816/348-2830 | **Ronald Reagan Federal Building,**<br>Suite 220<br>228 Walnut Street<br>P.O. Box 11754<br>Harrisburg, PA 17108-1754<br>(717) 221-4482<br>FAX (717) 221-4493/221-2246 | **Herman T. Schneebeli Federal Building**<br>Suite 316<br>240 West Third Street<br>Williamsport, PA 17701-6465<br>(570) 326-1935<br>FAX (570) 326-7916 |
| Please respond to this office ☐ | Please respond to this office ☒ | Please respond to this office ☐ |

August 29, 2014

Hon. Juan R. Sánchez
James A. Byrne United States Courthouse
Independence Mall West
Philadelphia, PA 19106-1797

> Re:   <u>Conklin v. Kane</u>,
>         No. 13-3058 (M.D. Pa.)

Dear Judge Sánchez:

Pursuant to your request during the August 26, 2014 conference, the Government, on behalf of Assistant U.S. Attorney Mark E. Morrison, is submitting this letter brief to address two issues. First, whether removal of Conklin's sanctions motion was proper under 28 U.S.C. § 1446(g). Second, whether the 30-day time period for removing a case is subject to equitable tolling principles and, if so, whether they apply in this case.

As the Court is aware, in <u>Conklin v. Kane</u>, No. 2013-CV-2962 (Dauphin Co.), Conklin had attempted to sue the Hon. Yvette Kane in the Dauphin County Court of Common Pleas. Conklin has refused to state the basis of his claim against Judge Kane. The state lawsuit subsequently was *nolle prossed*.

Prior to the judgment of *non pros*, however, Conklin filed "Plaintiff's Emergency Motion for Sanctions With Request for Hearing; Discovery." The motion, filed on October 31, 2013, sought sanctions against Judge Kane and her then counsel, AUSA Morrison. In a November 25, 2013 order, the county court scheduled a hearing for December 9, 2013. On December 6, 2013, the Government removed the sanctions proceeding to federal court pursuant to 28 U.S.C. §§ 1442(a)(1), 1442(d)(1), and 1446(g).

Hon. Juan R. Sánchez
August 29, 2014
Page 2

Section 1446(g) of the removal statue provides that "where the civil action . . . that is removable under section 1442(a) is a proceeding in which a judicial order for testimony or documents is sought or issued or sought to be enforced," the 30-day removal requirement runs no "later than 30 days after receiving, through service, notice of any such proceeding."  28 U.S.C. § 1446(g).

Although the Dauphin County order scheduling a hearing for Conklin's sanctions motion did not expressly state that testimony or documents would be sought, that is implicit in light of the facts of this case.  Conklin's sanctions motion sought a hearing and that is what the court scheduled.  It is the Government's experience in the Middle District of Pennsylvania that when a common pleas court orders a "hearing," evidence will be heard at that hearing if there are factual disputes.  In contrast, a motion scheduling oral argument is issued when there will be no evidence taken.  Thus, when a hearing is scheduled, while a party could choose to rely solely on legal arguments, if it fails to offer any evidence via testimony or documents as to why the relief should not be granted, the party proceeds at its own peril.

In this case, the Government's primary argument is that Conklin has no standing to challenge the United States' decision to assign an AUSA to represent Judge Kane in a state matter it believes was pursued against her in her capacity as a federal judge. But if the state court would disagree, then the Government would have had to be ready to produce federal testimony and/or documents to address the facts underlying plaintiff's motion. Thus, when the county court issued its order scheduling a hearing, it was implicit that federal testimony or documents would have to be produced at that hearing.

The brief legislative history underlying § 1446(g) indicates it was to protect federal officers in situations where their testimony (or federal documents) were being sought.  Because such requests are typically frivolous, the Department of Justice would ignore them until a court scheduled a hearing to address the matter. H.R. Rep. 112-17, at 6 (2011).  Section 1446(g) specifically codified the United States' position by creating an occasion when the 30-day removal period could be re-triggered.

While § 1446(g)'s re-triggering provision occurs most often regarding hearings to seek enforcement of a subpoena, there are occasions − such as what occurred in this case − where the re-triggering provision implicitly arises by the state court scheduling a hearing.  Indeed, this case is quite similar to what occurred in In re Pennsylvania, 2013 WL 4193960 (E.D. Pa. 2013). There, the Pennsylvania Supreme Court had remanded a case to the state trial court to determine if the Federal Community Defender Organization (FDCO), a federal entity, had received federal funds. If it had, this would result in the FDCO being removed as counsel for a death

Hon. Juan R. Sánchez
August 29, 2014
Page 3

row inmate.  The lower court then scheduled a hearing.  Judge McLaughlin found that the order scheduling a hearing – but apparently not ordering federal testimony or documents – fell within § 1446(g)'s re-triggering provisions.  Id. at *11.  In doing so, the court recognized that it was implicit that federal testimony or documents would be needed to resolve the matter.  Id. at *7 (recognizing that FDCO would have to produce some sort of evidence, through testimony or documents, to establish its funding). Likewise, in this case, the state court's hearing regarding Conklin's request for sanctions against Judge Kane and AUSA Morrison would have to involve the testimony of a federal officer and/or the production of federal documents.

It is important to note that unlike the general removal provisions of § 1441, which are to be construed strictly in favor of state court adjudication, the provisions governing removal under the federal officer provisions under § 1442 – which would include matters arising under § 1446(g) – are to be construed **broadly** in favor of resolving the matter in a federal forum.  Calhoun v. Murray, 507 Fed. App'x. 251, 260 (3d Cir. 2012)(citing Sun Buick, Inc. v. Saab Cars USA, Inc., 26 F.3d 1259, 1262 (3d Cir. 1994)).  This is because "'one of the primary purposes for the [federal officer] removal statute – as its history clearly demonstrates – was to have [federal] defenses litigated in the federal courts. . . .'"  Calhoun, 507 Fed. App'x. at 260 (quoting Willingham v. Morgan, 395 U.S. 402, 407 (1969)); see also Kolibash v. Comm. on Legal Ethics of West Virginia bar, 872 F.2d 571, 573-75 (4th Cir. 1989); H.R. Rep. 112-17, at 3 (noting that federal officers should not be forced to answer for conduct asserted within their federal duties in a state forum).

As a final matter, the Court asked the parties to address whether equitable principles would apply in tolling the 30-day removal period since that provision is not jurisdictional.  See Farina v. Nokia, 625 F.3d 97, 114 (3d Cir. 2010).  Although the Government believes that there are situations where the facts would permit the application of equitable tolling of the 30-day removal period, as of this date it has not obtained the Department of Justice's formal position on this issue.  The Court need not reach the issue, however, because the Government does not believe the facts would support such an argument in this case and is not pursuing it.

Sincerely,

PETER J. SMITH
United States Attorney

/s/ Kate L. Mershimer
KATE L. MERSHIMER
Assistant U.S. Attorney

cc:    Stephen G. Conklin, pro se
       Thomas B. Schmidt, III, Esquire

## Pepper Hamilton LLP
##### Attorneys at Law

Suite 200
100 Market Street
P.O. Box 1181
Harrisburg, PA 17108-1181
717.255.1155
Fax 717.238.0575

Thomas B. Schmidt, III
direct dial: 717-255-1164
schmidtt@pepperlaw.com

August 29, 2014

**By ECF**

The Honorable Juan R. Sánchez
United States District Court
Eastern District of Pennsylvania
James A. Byrne United States Courthouse
Independence Mall West
Philadelphia, Pennsylvania 19106-1797

Re:    *Stephen G. Conklin vs. Yvette Kane;*
       U.S. District Court for the Middle District of Pennsylvania; No. 13-cv-3058

Dear Judge Sánchez:

During our telephone conference on August 26, 2014, you invited the parties to submit letter briefs on whether the Notice of Removal filed by Assistant United States Attorney Mark E. Morrison on December 6, 2013, was timely pursuant to 28 U.S.C. section 1446(g):

> Where the civil action or criminal prosecution that is removable under section 1442(a) is a proceeding in which **a judicial order for testimony or documents is sought or issued or sought to be enforced**, the 30-day requirement of subsection (b) of this section and paragraph (1) of section 1455(b) is satisfied if the person or entity desiring to remove the proceeding files the notice of removal not later than 30 days after receiving, through service, notice of any such proceeding.

*Id.* The specific question you posed is whether the Order entered in the state court proceeding by Judge Evans comports with the highlighted language. Judge Evans' Order reads as follows:

> AND NOW, this 25th day of November, 2013, upon consideration of Plaintiff's Emergency Motion for Sanctions with Request for Hearing/Discovery, it is hereby ORDERED that a hearing in this

Pepper Hamilton LLP
Attorneys at Law

The Honorable Juan R. Sánchez
Page 2
August 29, 2014

        matter is scheduled for December 9, 2013 at 11:00 a.m. in
        Courtroom No. 2.

A true and correct copy of Judge Evans' Order is attached to this letter.

Judge Evans' Order is in the class of orders referred to in section 1446(g). First, the Order
responds to Plaintiff's request for a hearing in which he expected matters of fact to be presented
(hence the additional request for "Discovery"). Second, even if Plaintiff had not specifically
asked for a hearing, his motion to impose sanctions on Mr. Morrison, who filed the Notice of
Removal, has at its core factual allegations about Mr. Morrison's actions and his motives
regarding the threatened entry of a default judgment. Thus, Judge Evans' Order is contemplated
by Pa. R.C.P. 208.4 (Initial Consideration of Motion. Court Orders. Issues of Disputed Fact),
which provides as follows:

        (a) At the initial consideration of a motion, the court may enter an
        order that

        (1) disposes of the motion, or

        (2) sets forth the procedures the court will use for deciding the
        motion which may include one or more of the following:
        . . .
        (v) **the holding of an evidentiary hearing,** ...

*Id.* (emphasis added).

Judge Evans himself demonstrated that he was aware of the distinction between "a hearing" and
a different kind of proceeding. This Court will recall that Judge Kane filed a Motion to Quash
Plaintiff's Motion for Sanctions in state court. Judge Evans entered an order on December 4,
2013, directing that "**oral argument**" be heard on Judge Kane's Motion to Quash, and that "**the
hearing** on Plaintiff's Motion for Sanctions previously scheduled for the same date and time,
shall take place immediately following the oral argument, unless there is a ruling by this Court
granting a motion to quash"(emphasis added). A true and correct copy of Judge Evans' second
Order is attached to this letter.

Notably, the operative words in Judge Evans' Order ("a hearing") are identical to those in the
trial court order that triggered removal in *In re Proceeding in Which the Commonwealth of
Pennsylvania Seeks to Compel the Defender Ass'n. of Phila. to Produce Testimony,* No. 13-cv-
1871, 2013 U.S. Dist. LEXIS 115309 (E.D. Pa. August 15, 2013) (the "*FCDO Litigation*"):

Pepper Hamilton LLP
Attorneys at Law

The Honorable Juan R. Sánchez
Page 3
August 29, 2014

> This case is listed for a hearing on the Supreme Court's Remand
> Order and Status of Counsel.

In deciding whether the Order setting a hearing on Plaintiff's state court Motion for Sanctions is within the class of orders referred to in section 1446(g), this Court must keep in mind the principles underlying the federal officer removal statute, including that "a federal officer or agent shall not be forced to answer for acts performed under color of his office in anything but a federal forum," *Kolibash v. Comm. on Legal Ethics of the W. Va. Bar,* 872 F.2d 571, 576 (4th Cir. 1989); that "one of the most important reasons for [the federal officer removal statute] is to have the validity of the defense of official immunity tried in a federal court," *Jefferson County, Ala.* v. *Acker,* 527 U.S. 423, 431 (1999); and, therefore, that courts should reject a "narrow, grudging interpretation" of the federal officer statute in an effort to ensure that its purpose is not frustrated. *Jefferson County,* 527 U.S. at 431-32 (citing *Willingham v. Morgan,* 395 U.S. 402, 407 (1969)). These principles apply equally to questions of this Court's jurisdiction over the removed action and to whether the procedural requirements have been met to bring the matter before this Court.

The considerations and reasoning applied by Judge McLaughlin in *FCDO Litigation* have been set out a length in Judge Kane's brief opposing remand (Doc. 10) and will not be restated here. The same considerations and reasoning should be applied by this Court, which should retain jurisdiction of the Order removed here by the United States Attorney's Office.

Respectfully,

*[signature]*

Thomas B. Schmidt, III

cc:    Mr. Stephen G. Conklin
       Michael J. Butler,  Assistant U.S. Attorney

Stephen G. Conklin
c/o 22 Mairdale Street
Pittsburgh, Pa. 15214

Chief Clerk, Maria E. Elkins
c/o U.S. District Court
Middle District of Pennsylvania
P.O. Box 1148
235 N. Washington Avenue
Scranton, Pa. 18501-1148

October 7, 2014

Re: Docket 1:13-cv-03058

Dear Ms. Elkins,

I am writing to you with regards to the above-referenced docket. I have
serious concerns as to what appears, and/or, does not appear on the docket;
that, when coupled to, certain orders, document entries/notices entered that,
for whatever as yet inexplicable reason(s), were never sent me as otherwise
required. In support, attached hereto and made fully part hereof, is my
Affidavit, marked as Exhibit "A".

I can understand, the universal element of human error being what it is,
where, for example, an isolated mistake can be made. However, as detailed
below, these are not isolated mistakes, but represent a highly suspect pattern
of incidences/occurrences that beggar the imagination any attempt to simply
explain away.

To date, I have never received service by your office of the following orders:

    (a) August 22, 2014 entry of an Order for a telephonic conference to be
        held on August 26, 2014 "for the purposes of scheduling a hearing on
        the outstanding motions in this case." (Doc. 24);

    (b) September 3, 2014 "Document" entry of "transcript". (Doc. 27);

    (c) September 5, 2014 Memorandum and Order, denying my motion(s)
        for recusal, remand, and sanctions against Morrison, and granting
        defendant Kane's motion to dismiss sanctions. (Docs. 28-29);

(d) September 8, 2014 Order, entry of [a so-called] "official" transcript.(Doc. 30); and,

(e) September 9, 2014 Order, indicating a "deadline", presumably imposed upon me, with regards to the "official" transcript entry. (Doc 31)

Moreover, the docket is remiss of what should have been an August 29, 2014 entry of my letter brief, as imposed, under protest, during the so-called August 26, 2014 telephone conference. The foregoing letter brief that I filed was not only sent with a proof of mailing, but was also witnessed by a notary public, being placed and sealed in an envelope addressed to the Middle District in Harrisburg. Attached hereto, is a true and correct copy of my letter brief, together with a copy of my proof of mailing and postal receipt, marked as Exhibit "B",

Whilst the letter briefs of both AUSA Mershimer and Attorney Schmidt do appear on the docket (Docs. 25-26, respectively) mine, mysteriously, does not. Which also reminds me, despite assertions to the contrary, neither, Ms. Mershimer or Mssr. Schmidt submitted a copy of their letter briefs to me.

Additionally, it should be noted that instead of receiving either Docs 30 or 31 (see (d) and (e) above), what was curiously sent to me [as dated September 9, 2014 on the envelope, bearing my mailing address in the window, via a cover-sheet with my case number] was a letter from Michael J. Costello, addressed to the Clerk's office in Scranton, coupled to a July 2, 2014 memorandum/order by Judge Conaboy.

It appears Mr. Costello is currently an inmate in a state correctional institute in Bellefonte, who is/was trying to ascertain what is/was going on in his own case, docketed as 3:13-cv-2224. Attached hereto, is a true and correct copy of what was actually sent to me, marked as Exhibit "C". Mr. Costello has been notified.

Please note: I have never had a case before Judge Conaboy; the docket number is obviously completely different than mine; and, as far as the U.S. District Court goes, all of my filings heretofore, have been done by and through the Middle District Court office in Harrisburg, only.

A-327

On Friday, October 3, 2014 I filed two appeals with the deputy clerk in the Middle District, Harrisburg. With respect to my appeal of 1:13-cv-02618, I informed the deputy clerk that I needed a copy of the underlying order, so I could insert copies thereof into that particular appeal. She informed me not to worry, as "they" would take care of that. That bothered me, as I wanted not only to formally include them into the notice of appeal, but also wanted a copy for my records.

That being said, while initially engaging and seemingly helpful, once I raised the issues of, *inter alia*, failure to be given notice, failure to docket my letter brief, and receipt of Mr. Costello's correspondence and alike, after consulting with unknown an someone, her response(s) became rather terse. I was attempting to lodge a complaint, without being afforded a remedy. I've since concluded my remedy now begins, (but well may not end) via this correspondence.

There can be no question there is an egregiously disturbing pattern involved here, that I believe, any reasonable person, knowing all the facts and circumstances would, in the farthest stretch of their imagination, not conclude it is merely a series of mistakes. Personally, I harbor no doubt, all of the foregoing was deliberate and intentional. Who is actually responsible for this sordid mess, and/or actually responsible for directing it, for no less than nefarious purposes, remains to be seen. What I do expect of you, as recently appointed chief of the clerk's office, is to fully investigate what has happened, and to forthwith, fully correct the record.

Thus, with all due respect to you and your office, I fully expect promptly that you:

    (a) fully investigate the foregoing and reply to me in kind;
    (b) properly serve me with all of the foregoing orders, memorandum(s), notices, and/or other documents of any kind that this office has, heretofore, failed to properly serve me with;
    (c) hereafter, any and all future order(s), memorandum(s), notice(s) and/or document(s) of any kind that your office is responsible for serving, that it be assured each and every thereof is actually served on me;
    (d) enter on the docket my August 29, 2014 letter brief, and that it be done so as timely filed; and,

A-328

(e) correct the docket with respect to any entry that may appear
    thereupon, involving Michael J. Costello, and his case.

As previously stated, my [request to a] remedy begins with you. Thus, I am
politely asking that, in your ministerial capacity, you right the wrongs, done
to me. Hopefully, you will address my grievances in a full and prompt
manner.

Thank you for your time and consideration in the foregoing matter; I look
forward to your reply in kind, preferably within ten (10) days of receipt
hereof, with all manner and means of remedy herein requested, provided.

Respectfully,

Stephen G. Conklin

Certified Mail No.: 7010 0290 0001 6248 3298

cc: Don Bailey

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN G. CONKLIN | : | Civil No. 1:13-cv-03058 |
| | : | 1:13-cv-02618 |
| Plaintiff, | : | (Sanchez, J.) |
| | : | |
| v. | : | Related:  1:13-cv-01531 |
| | : | (Savage, J.) |
| YVETTE KANE | : | Related:  2013-CV-2962 |
| | : | |
| Defendant. | : | AFFIDAVIT |
| | : | |

## AFFIDAVIT

Before me, the undersigned notary public this 7th day of October 2014

personally appeared Stephen G. Conklin, having satisfactorily proven to me

to be the person executing this Affidavit, who now duly sworn, deposes and

says:

1. I, Stephen G. Conklin, (hereinafter, "Affiant") am an individual adult,

   of sound mind and competent to make this Affidavit.

2. Affiant makes this Affidavit, having personal knowledge and

   information as it relates to the above-referenced caption, docket

   numbers/entries, together with additional facts appertaining thereto.

3. Affiant makes this Affidavit with respect to docket 1:13-cv-03058.

4. To date, Affiant have never received from the Clerk of Court the

   following:

a. August 22, 2014 entry of an Order for a telephonic conference to be held on August 26, 2014 "for the purposes of scheduling a hearing on the outstanding motions in this case." (Doc. 24);

b. September 3, 2014 "Document" entry of "transcript". (Doc. 27);

c. September 5, 2014 Memorandum and Order, denying my motion(s) for recusal, remand, and sanctions against Morrison, and granting defendant Kane's motion to dismiss sanctions. (Docs. 28-29);

d. September 8, 2014 Order, entry of [a so-called] "official" transcript.(Doc. 30); and,

e. September 9, 2014 Order, indicating a "deadline", presumably imposed upon me, with regards to the "official" transcript entry. (Doc 31)

5. August 29, 2014 Affiant submitted, under protest, a three (3) page letter brief, pursuant to an order issued during a "conference call" as occurred on August 26, 2014.

6. Affiant submitted his letter brief, with proof of mailing, the same of which was witnessed by a notary public, being placed in an envelope addressed to the Middle District Court, Harrisburg office.

7. Affiant's letter brief does not appear on the docket.

8. However, both Ms. Mershimer's and Attorney Schmidt's letter briefs do appear on the docket. Docs. 25-26, respectively)

9. Despite claims to the contrary, neither of the foregoing letter briefs were served on Affiant.

10. Affiant has subsequently learned that the order to schedule a conference call (Doc. 24) states thereon, that it was specifically to *"discuss scheduling a hearing on the outstanding motions in this case, before Honorable Juan R. Sanchez"*

11. At no time during the so-called conference call, did Judge Juan R. Sanchez "discuss scheduling a hearing" for anything.

12. On or about September 12, 2014 Affiant received from the Clerk's office of the Middle District in Scranton, a brown envelope with Affiant's mailing address in the window.

13. The inside cover-sheet with Affiant's name and mailing address states it was under docket 1:13-cv-03058; however, the contents contained therein had nothing to do with Affiant or his docket.

14. The contents had to do with Michael J. Costello, [believed to be currently] an inmate of a state correctional institution in Bellefonte, Pa.

15. It contained correspondence directed to the Clerk's office in Scranton concerning his case under 3:13-cv-2224, stamped September 8, 2014 and included a July 2, 2014 order/memorandum from Judge Conaboy.

16. Affiant has never had Judge Conaboy in any case.

17. Affiant has only filed directly with the Harrisburg office of the Middle District Court.

18. On October 3, 2014 Affiant appeared at the Clerk's office in Harrisburg to file, *inter alia*, two appeals.

19. Affiant inquired of the deputy clerk why his letter brief does not appear on the docket.

20. Affiant further stated he had not received various orders, memorandum, etc., and that he had received an inmate's filing.

21. The deputy clerk left the window and appeared to consult with an unknown individual.

22. The deputy clerk questioned whether Affiant had changed his mailing address to the Court – it had not.

23. The deputy clerk inquired whether his letter brief had actually been sent to the Harrisburg office – it had, as indicated in ¶ 6 above.

24. The deputy clerk stated that had Affiant sent his letter brief to their (Harrisburg) office, it would have been stamped.

25. The deputy clerk further stated that the clerk's office [record indicates] mailed the orders Affiant avers he never received.

26. The deputy clerk had no response as to why Affiant received Mr. Costello's mailing.

27. The deputy clerk offered no response as to Affiant receiving Mr. Costello's mail.

Further, Affiant saith naught.

Stephen G. Conklin

Sworn to and subscribed before me, _Alicia R Trump_, notary public, this _7th_ day of October, 2014.

My Commission Expires: _Jan 29, 2018_

Notary Public

Seal:

> COMMONWEALTH OF PENNSYLVANIA
> NOTARIAL SEAL
> Alicia R. Trump, Notary Public
> Ross Twp., Allegheny County
> My Commission Expires Jan. 29, 2018

A·334

Stephen G. Conklin
c/o 22 Mairdale Street
Pittsburgh, Pa. 15214

Third Circuit Court of Appeals
21400 United States Courthouse
601 Market Street
Philadelphia, Pa. 19106-1790
Attn: Marcia Waldron, Chief Clerk

March 16, 2015

Re: 14-4105 & 14-4106

Dear Ms. Waldron,

I am writing in regards to the above-referenced dockets. As an initial matter,
I've spoken with my case manager, Desiree, about, amongst other things,
obtaining a copy of all docket entries in both cases. She informed me, I must
formally request, in writing, in order to obtain them. Please consider this as
my formal request for all docket entries for both cases.

My telephone conversation with Desiree was prompted by deep concerns I
have for what appears to be going on, as recently revealed via receipt of
certain filings in 14-4105. These concerns, which involve this office, were
further heightened by my conversation with her, thus elevating my concerns
to high alert. The alarm has rung, and respectfully, I want answers.

Beginning with a motion dated February 23, 2015, Mssr. Butler, as counsel
for Smith and Morrison, filed for an extension of time to file their brief until
March 20, 2015. What initially gave rise to my call is contained in ¶ 5
thereof, which states, "***All Appellees were granted an extension of time to
file their briefs until February 27, 2015***." (emphasis added)

Obviously, the foregoing refers to a <u>first enlargement</u> having been granted,
to wit, please note: Until I received this motion, I had no knowledge, by
notice or otherwise, from any party, or this Court, that a request for
extension of time was ever previously requested or approved.

Evenso, in further dissecting this motion, it states in relevant parts at ¶¶ 3-4
that, "...On *January 7, 2015* Appellant filed his brief." [followed by] "*As a
result, Appellees brief became due on February 7, 2015*." (emphasis added)

Contrary to Appellees' Smith and Morrison's motion at ¶ 4, as the Rules of Appellate Procedure make clear, and Appellees' motion points out in ¶ 2, ["...*Appellees' brief due 30 days thereafter.*"] - thirty (30) days from January 7, 2015 would make all Appellee briefs due on or before February 6, 2015; and not, as erroneously suggested in ¶ 4 as due on February 7, 2015.

In my conversation with Desiree, I confirmed, *inter alia*, my brief was docketed as of January 7, 2015 (as Appellees' Smith and Morrison acknowledged in ¶ 3); that all Appellee briefs were in fact due on or before February 6, 2015 (and not as suggested in aforesaid motion at ¶ 4); and that, on February 6, 2015 (actual due date) a **single oral request** for extension of time to file Appellee briefs was made by Christina Garber.

Having firmly established that all Appellee briefs were, in fact, due on February 6, 2015, Desiree equally noted that pursuant to the original extension granted, inexplicably, there was demonstrably an "*error*", in that, all Appellee briefs were clearly due [per LR 31.4] on February 20, 2015, and not, as suggested, on February 27, 2015.

In addition, Desiree seemed taken aback by the fact that not only did I not receive notice from any party as to the extension, but that this Court should have noticed of me as well. I know when I asked for my first extension on or about November 24, 2014, (a full week in advance of the date due) I subsequently received noticed by this Court. Desiree further indicated that on March 6, 2015 this Court issued a non-compliance order on Appellee Kane. This too, I had no knowledge of until alluded to by Desiree.

On [dated] February 27, 2015 counsel for Appellee Kane filed a brief with this Court. Following my receipt of their brief, coupled to extraneous exhibits of case law attached thereto, I subsequently received what was styled as a "Supplemental Appendix". Thereafter, on March 13, 2015 I received from Appellee Kane's counsel [dated March 11, 2015] a [second] "Supplemental Appendix" with a cover letter addressed to me.

This cover letter [which references Civil Action No. 2013 CV 2962 CV Dauphin County CCP)] it states in relevant part that, "*Enclosed please find a Supplemental Appendix filed by Appellee Kane today. This Supplemental Appendix is identical to the previous version with which you were served except that this one is dated today, which is the date we actually filed it.*

A 336

*Also enclosed is a Motion for Leave to File a Corrected Brief.*" (emphasis added)

Pursuant to the enclosed Motion for Leave to File a Corrected Brief, it begins by stating it is "*Consistent with this Court's Order dated March 6, 2015....* [requesting] entry of an order granting leave to file a corrected brief." To date, I have not received a copy of the March 6th order from this Court.

Normally, when such request to file either an amended or corrected brief, it is my understanding that the proposed amended/corrected brief is to be filed concurrently therewith. No amended and/or corrected brief accompanied this motion, only a [second] Supplemental Appendix.

However, on March 16, 2015 I received a cover letter [dated March 12, 2015] together with an enclosed "Brief of Appellee Yvette Kane" also dated March 12, 2015. The cover letter, again referencing a civil action in Dauphin County, states, "*Enclosed please find a corrected Brief of Appellee Yvette Kane **filed today**, remedying issues in the **Court's March 6 non-compliance order**.*" (emphasis added) Separately received on date same, but dated [March 13, 2015] is a copy of a letter addressed to this Clerk's office, enclosed hard copies of the "*...corrected Brief ... filed electronically on March 12, 2015, and...copies of Supplemental Appendix filed electronically on March 11, 2015...*"

Presumably, given the filing of a corrected brief with supplemental appendix, I have to assume this Court, by order, granted their motion for leave to file. If so, this too I have yet to receive a copy of. This begs to question: How many orders, notices and alike have I not been served with? More particularly, what does the March 6th Order say; what was due, and by what date? To the latter, specifically, was either the filing of the brief on March 12, 2015 or the Supplemental Appendix on March 11, 2015 timely? And if so, do they now, in fact, remedy their previous non-compliance?

Based on the information afforded me, there appears more than sufficient evidence of docket conjuring, contravening the Rules of Appellate Procedure, and in particular, this Court's L.A.R. 31.4, - all to the prejudice of this Appellant. Because this involves your office, I am, therefore, seeking a full and complete investigation into this matter, replete with a satisfactory explanation appertaining to the following:

A-337

**Appellees' First Request for Extension to File**

- First Request was orally made by Christina Garber on behalf of all Appellees

My understanding is Ms. Garber is not an attorney, and certainly is **not a party** to this matter, but *is*, a legal assistant for the United States Attorneys Office. Nonetheless, per my conversation with Desiree, Ms. Garber's singular oral request was ostensibly made on behalf of **all** Appellees. For reasons more fully set forth below, this simply <u>cannot be allowed</u>.

Assuming *arguendo*, Ms. Garber could make an oral request on behalf of counsel for Appellees Smith and Morrison, she simply could not do so on behalf of Appellee Kane. The United States Attorney's office does not represent [Appellee] Yvette Kane in this matter.

Surely, as fully evidenced by their respective entries of appearances, this Court was fully aware Appellee Kane is represented by separate counsel. It <u>*was*</u> therefore incumbent upon Ms. Kane's counsel to have made the request, which they failed to even attempt to do. Accordingly, Appellee Kane's February 27th brief was well out of time, and should not have been accepted.

Why this Court allowed Ms. Garber to speak for Appellee Kane, much less, grant her an extension of time to file her brief on behalf of all Appellees is but one point of inquiry that I am respectfully seeking an answer to.

- First Request was orally made on the date briefs were due

Per L.A.R. 31.4 " *A first request for an extension of time <u>should be made at least 3 days in advance of the due date</u> for filing the brief. <u>A motion filed less</u> <u>than 3 days in advance of the due date</u> <u>must be in writing</u> and must demonstrate that the good cause on which the motion is based did not exist earlier or could not with due diligence have been known or communicated to the court earlier*." (emphasis added)

Clearly, Ms. Garber's first request (limited to, at best, on behalf of Appellees Smith and Morrison only) was made ***orally*** on February 6th, the actual date due, and not, at least three (3) days in advance. Accordingly, per L.A.R. 31.4 that request "***must be in writing***" together with, "***must demonstrate… good cause***…[that] ***did not exist earlier…*** " This simply never happened.

Given the sordid experiences I have been heretofore subjected to, it does not escape me the chicanery at play here. As previously noted above, thirty (30) days from January 7, 2015 would make all Appellee briefs due on or before February 6, 2015. I do not believe counsel for Appellees' Smith and Morrison's motion at ¶ 4 was an unintended mistake, but was calculated in stating, "...*Appellees brief became due on February 7, 2015*."

This is so in that, Ms. Garber's oral request was made on the **actual date due**, Friday, February 6, 2015; whereas, counsel for Appellees Smith and Morrison erroneously refer to February 7, 2015 as the date due – Saturday.

If Saturday, February 7th were to be fallaciously accepted, then it follows, (as the rules applicable to Saturdays, Sundays and Holidays make clear) Appellees brief(s) would not then be due until Monday, February 9, 2015, and/or three (3) days past the actual date due when the oral request was first made. This apparition would thus, by sleight of hand, make it "appear" that the oral request was made "*3 days in advance of the due d*ate..." *as if* complying with L.A.R. 31.4 for an oral request for extension of time.

That being said, surely this Court was aware of the actual due date, and the fact that this Court's rules specifically required two written motions to be filed (one each per counsel(s) for the separately represented Appellees); and, those motions, independently, required both motions to "*demonstrate...good cause...did not exist... or could not with due diligence have been known or communicated to the court earlier*." (emphasis added)

If Appellees Smith and Morrison's [second] Motion for Extension of Time to file a brief is any indication, wherein in states *inter alia* at ¶ 6 that, "*Unfortunately, because of weather related school closings of the undersigned's children and responses needed to numerous motions and discovery requests... the undersigned cannot complete the brief... by the court-extended deadline*." (emphasis added) Was there no one else in the U.S. Attorney's Office to help? How many days were schools closed? Does the Asst. U.S. Attorney not possess a government issued lap top? Had they actually complied by filing written motion (as required by rule) on February 6th (which they did not) it seems implausible to say the least, that they could have demonstrated good cause. As stated ¶ 6 above, this appears in conflict with L.A.R. 31.4 stating, "*Generalities, such as the purpose of the motion is not to delay or that counsel is too busy, are not sufficient*." (emphasis added)

A339

- First Request exceeds L.A.R. 31.4 "14 days or less"

In making a first request for an extension of time to file a brief, L.A.R. 31.4 provides in making in pertinent part that, "*A first request for an extension of **14 days or less** may be made by telephone or in writing.*"

It is beyond dispute that an oral request (presumably by telephone) was made by Ms. Garber on February 6, 2015 – the <u>actual date due</u> for filing Appellee briefs. Notwithstanding the fact that Appellee Kane failed to seek an extension of time to file her brief, and therefore, out of time, (as Ms. Garber, nor anyone in the U.S. Attorney's Office could seek an extension on Ms. Kane's behalf); or, the fact Appellees' Smith and Morrison failed to request, in writing, extension of time to file, as required, (within 3 days of due date) any Appellee timely filed brief would have due within "***14 days or less***", and/or, on or before February 20, 2015 and not on February 27, 2015.

Desiree confirmed that Appellee briefs were orignally due on February 6, 2015. She additionally confirmed that, accordingly, by extension of time, Appellee briefs were then due as of February 20, 2015; and, that, granting an extension to file as of February 27, 2015 (an additional full week beyond the actual extension date due, prohibited by rule) was an "***error***" that she was unable to explain at the time of our conversation.

That "error" emanating out of this office and/or the Court begs explanation.

- No attempt to notify Appellant of First Request

Pursuant to L.A.R. 31.4 is states in pertinent parts that, " *Counsel should endeavor to notifying opposing counsel in advance that such a request is being made*". No such notice in advance was ever proffered to this Appellant. More importantly, L.A.R. 31.4 goes on to state with relevance that, "*If a request for extension of time is made and granted **orally**, Filing Users are notified by the notice of docket activity generated by the court's electronic docketing system; <u>counsel **must send** a confirming letter to parties who are not Filing Users within 7 days</u>.*" (emphasis added)

Again, looking back, I certainly was previously noticed by this Court when I orally requested (one week in advance of my due date) for an extension of time to file my brief, via a mailed "***notice of docket activity***" from this Court.

A-3 40

Surely, this court is fully aware that I am proceeding on appeal pro se and under *in forma pauperis*, and that clearly, I am not a "***Filing User***.. And yet, not only did I not receive any "***notice of docket activity***" from this Court in the instant matter, no counsel for the Appellees endeavored to contact me "*in advance that such a request* [was] *being made*", **much less**, "*send a confirming letter to parties who are not a Filing User[s] within 7 days*."

Moreover, as noticing goes, L.A.R. 113.10 entitled "Notice of Court Orders and Judgments" states that, " *The clerk **must** give notice in paper form to a person who has not consented to electronic service*." (emphasis added)

Not only have I not received "*notice of docket activity*" as stated above, there is also (at least) one order, dated March 6, 2015 which this Court has yet to fail notice me of; and, presumably, an order granting Appellee Kane's motion to file a corrected brief, as evidenced by my receipt of their most recent filings. What else am I being kept in the dark about until well after the fact?

It would be one thing if there were a single inadvertence or mistake made. However, as demonstrated above, from what I have been able to glean thus far, this is well beyond the case.

Further, it instantly reminds me of what occurred via the Clerks' office in the District Court below, where, *inter alia*, several orders issued had not been served on me by the Clerk; where, a timely filing by me was withheld from the docket as if never filed; where, a totally unrelated, distinctly separate case no. filing of a prisoner was not only improperly sent to me, but placed on my docket, as if it were mine, amongst other things. All of the foregoing, done at a critical time as to adversely affect the merits of my appeal in 14-4106. This too, required me to write to the District Clerk seeking not only an explanation, but correction.

Accordingly, with respect to 14-4106, for whatever inexplicable reason(s), 14-4106 appears to be, in my humble opinion, inordinately languishing under the premise that there is a "*possible jurisdictional defect*". This has been so for more than four (4) months now. In consideration of all the foregoing, at this juncture, I have to find this delay as highly suspect. I say this, despite repeated assurances by Desiree, per more than four (4) previous calls, including our most recent conversation, where she stated, "*it is not unusual to take this long*"; talk of a "*merit panel*"; and "*My appeal is safe*".

*n.241*

The Appeals docketed as 14-4105 and 14-4106 are closely related, as these appeals emanate from district orders dated September 5, 2014 in 02168 and 1351 are inexplicably intertwined, respectively. They were appealed at the same time, and both should have been allowed to be briefed at the same time. Again, given my previous experiences, coupled to what appears to be happening now, I am left with the indelible impression that, at minimum, a significant amount of time has, and yet continues to be force-placed against my filing in 14-4106 as to create considerable distance between these appeals, thus negating their collectively weighty import. At maximum, I cannot help but think, there is wanton desire to simply make the second appeal somehow go away, as if to, by some design, tariff its import into non-existence.

All that being said, and with all due respect, I am once more requesting a complete, unabridged copy of each docket, together with a copy of any and all orders, that I have not received. Moreover, I believe I am entitled to full answers to all of the foregoing inquiries. In addition thereto, I specifically want to know who approved, *inter alia*, the oral request made by Christina Garber on February 6th; how that oral request extended to Appellee Kane; why an oral request was granted on the date Appellee briefs were actually due, instead of, as required by rule, two (2) separate written motions; and, how that extension was granted beyond fourteen (14) days. I also want to know if the corrected brief as filed on March 12, 2015 and the Supplemental Appendix, as filed on March 11, 2015 were timely with this Court's March 6th order, and if so, whether both complied with the aforesaid order.

In short, who is responsible for this and how and why did any of the foregoing happen. I'd appreciate a full response to this inquiry within the next ten (10) days of receipt hereof.

Thank you for your time and consideration. I look forward to hearing from you quite soon.

Respectfully,

Stephen G. Conklin

Cc: AUSA Michael J. Butler
     Thomas B. Schmidt & Tucker Hull

8

OFFICE OF THE CLERK

MARCIA M. WALDRON

CLERK



UNITED STATES COURT OF APPEALS

21400 UNITED STATES COURTHOUSE

601 MARKET STREET

PHILADELPHIA, PA 19106-1790

Website: www.ca3.uscourts.gov

TELEPHONE

215-597-2995

**March 23, 2015**


Stephen G. Conklin
c/o 22 Mairdale Street
Pittsburgh, PA 15214


Re:  Stephen Conklin v. Yvette Kane, et al
Appeal Nos. 14-4105 & 14-4106
District Court No. 1-13-cv-02618
District Court No. 1-13-cv-03058


Dear Mr. Conklin:

The Court acknowledges receipt of your letter dated March 16, 2015, requesting copies of the dockets for appeal nos. 14-4105 and 14-4106. The letter is also inquiring about the briefing deadlines for the Appellees in case no. 14-4105. Our records team will notify you with instructions regarding requests for copies of documents.

A review of the briefing deadlines in appeal no. 14-4105, has been completed. As the Appellant in appeal no. 14-4105, after a verbal extension of time and two formal motions filed, Appellant's brief became due on or before January 5, 2015. The pro se brief and appendix was filed on January 7, 2015. The motion for leave to file the brief and appendix out of time was granted by the clerk's order dated January 14, 2015, this order also set the Appellees' briefing deadline thirty (30) days after the date of the order, which was set for February 13, 2015. A verbal extension of time was requested by counsel for Appellees on February 6, 2015, was granted, setting the Appellees' briefing deadline for February 27, 2015. It is noted that you indicated that you had not received any notice of the granting of Appellees' verbal extension in your letter and per our telephone conversation. On February 23, 2015, Attorney Michael Butler filed a motion for extension of time to file Appellees Mark E. Morrison and Peter J. Smith's brief until March 20, 2015. The clerk's order dated February 27, 2015, specifically granted the

A.242

motion for extension of time for these Appellees' brief until March 20, 2015. Appellee Yvette Kane's brief was filed on February 27, 2015 and deemed timely filed according to the granting the verbal extension of time dated February 6, 2015. Appellee Christina Garber is not being represented by Michael Butler, Esquire and is not participating in this appeal as no entry of appearance form by counsel nor has a brief been filed on her behalf.

The noncompliance order dated March 6, 2015, directed Appellee Yvette Kane to file a motion requesting leave to file a corrected brief and to attach exhibits to the brief. Compliance was due on March 11, 2015. Compliance was received on March 12, 2015. The Clerk's order granted Appellee Yvette Kane's motion for leave to file a supplemental appendix on March 17, 2015. Appellees Mark E. Morrison and Peter J. Smith's brief were filed on March 20, 2014. The reply brief must be filed and served on or before April 6, 2015.

The jurisdictional issue in appeal no. 14-4106, and the response filed on November 7, 2014 is still pending in this Court to date. You will be notified once the Court renders its decision.

Very truly yours,

*Marcia M. Waldron*

Marcia M. Waldron, Clerk

By: Desiree, Case Manager
267-299-4252

Enclosure:
Copy of notice of docketing of verbal extension dated February 6, 2015.

p. 244

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.

### Third Circuit Court of Appeals

**Notice of Docket Activity**

The following transaction was filed on 02/06/2015

**Case Name:**    Stephen Conklin v. Yvette Kane, et al

**Case Number:**    14-4105

**Docket Text:**

Verbally granted Appellees Christina Garber, Yvette Kane, Mark E. Morrison and Peter J. Smith an extension of time to file brief until 02/27/2015 pursuant to Third Cir. LAR 31.4. (CJG)

**Notice will be electronically mailed to:**

Michael J. Butler
Tucker R. Hull
Thomas B. Schmidt, III

**Notice will be delivered by other means to:**

Mr. Stephen G. Conklin
c/o 22 Mairdale Street
Pittsburgh, PA 15214

The following information is for the use of court personnel:

**DOCKET ENTRY ID:** 3865000
**RELIEF(S) DOCKETED:**
**DOCKET PART(S) ADDED:** 5704492, 5704493

A-345

Stephen G. Conklin
c/o 22 Mairdale Street
Pittsburgh, Pa. 15214

Third Circuit Court of Appeals
21400 United states Courthouse
601 Market Street
Philadelphia, Pa. 19106-1790
Attn: Marcia Waldron, Chief Clerk

March 27, 2015

Re: 14-4105

Dear Ms. Waldron,

Please find enclosed, an original and one copy of a Motion to Strike Appellee Kane's brief for filing.

In addition, I was told I may submit a written [letter] request for oral argument. Please accept this as my formal request for oral argument in 14-4105. I believe, given the participants involved, the implications, and the uniqueness of the issues, it is wholly proper, if not altogether incumbent on this Court to entertain oral argument. If this letter is not sufficient, and/or, I must reduce my request to a formal motion, please let me know at your earliest convenience. I will promptly accommodate whatever needs be, in order to properly present this request.

Finally, I wish acknowledge that I am now in receipt of your reply to my March 16, 2015 correspondence. It is my intent to respond thereto in the very near future. To date, I have not heard from the "records team".

Sincerely,

Stephen G. Conklin

Enclosures.

cc: Thomas B. Schmidt III
    Michael J. Butler

B-346

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | | |
|---|---|---|
| Stephen G. Conklin | : | |
| Appellant | : | No. 14-4105 |
| | : | (13-2618) |
| v. | : | |
| | : | |
| Yvette Kane, et. al. | : | MOTION TO STRIKE |
| | : | |
| Appellees. | : | |
| | : | |

## MOTION TO STRIKE APPELLEE YVETTE KANE'S BRIEF

NOW COMES, Appellant Stephen G. Conklin, who, for good cause, moves upon this Court to Strike Appellee Yvette Kane's Brief in the above-docketed matter. In support, Appellant states as follows:

1. On or about January 7, 2015 this Court docketed Appellant's brief and appendix.

2. On [dated] February 23, 2015 counsel for Appellees Smith and Morrison filed a Motion for Extension of Time to file their Brief until March 20, 2015.

3. At ¶ 5 of this motion it states: *"All Appellees were granted an extension of time to file their briefs until February 27, 2015."*

1

A347

4. Until receipt of the foregoing, Appellant had no knowledge of, by notice or otherwise, from any party or this Court, that a request by any Appellee for an extension of time was ever requested or approved.

5. Meanwhile, on or about March 2, 2015 Appellant received from counsel for Appellee Kane a brief, dated February 27, 2015.

6. The foregoing brief was replete with references to, *inter alia*, extraneous exhibits as found firmly bound thereto.

7. Subsequent thereto, Appellant received what was styled as a "Supplemental Appendix".

8. Shortly thereafter, Appellant contacted his case manager, Desiree, wanting to know what was going on.

9. In Appellant's conversation with his case manager, Appellant, *inter alia*, learned and/or confirmed that:

   a. On January 7, 2015 Appellant's brief and appendix were properly docketed;

   b. On February 6, 2015 a single oral request for an extension of time on behalf of all Appellees;

   c. The extension was granted until February 27, 2015;

   d. This request was believed to have been made by Christina Garber, who was listed as an Appellee;

e. On February 27, 2015 Appellee Kane filed both a brief and corrected brief;

f. On or about March 6, 2015 this Court issued an Order of Non-Compliance per Appellee brief/corrected brief, exhibits and supplemental appendix; and,

g. Appellant should have received notice from this Court via generated docket activity, by Appellees' respective counsels, and any other orders issued by this Court;

10. Appellant's case manager further thought there was an inexplicable "error" with respect to "verbally granting" Appellees an extension beyond fourteen (14) days; Appellant's brief and appendix were docketed on January 7, 2015 – thirty (30) days hence would have *normally* made all Appellee briefs due on or before February 20, 2015.[1]

11. On March 16, 2015 Appellant sent a formal notice to the Court's Clerk, (as directed) seeking, *inter alia*, copies of the docket entries, and any and all orders that Appellant had not received.

---

[1] Per LAR 31.4 "A first request for an extension of 14 days or less may be made by telephone or in writing." The Clerk's letter attempts to explain this away by stating, " [Appellant's] *brief and appendix was filed on January 7, 2015. The motion for leave to file the brief and appendix was granted by the clerk's order dated January 14, 2015, this order also set the Appellees' briefing deadline thirty (30) days which was set for February 13, 2015..*"

12. Appellant further sought an explanation to what appeared to be numerous irregularities.

13. On March 26, 2015 Appellant received a response from this Court's Clerk's office, which, with all due respect, was less than fully responsive to Appellant's requests.

14. The Clerk enclosed, albeit belatedly, a copy of the "docket activity", pertaining to the February 6, 2015 verbal extension, but provided no other missing orders, or copies of the dockets as sought, stating,

" *Our records team will notify you with instructions regarding requests for copies of documents.*"

15. Nonetheless, whilst briefly attempting to explain away some of the irregularities, the Clerk did confirm that:

"*A verbal extension of time was requested by* **counsel for Appellees** *on February 6, 2015, was granted, setting Appellees' briefing deadline for February 27, 2015.* (emphasis added)

16. The Clerk's letter goes on to state that:

"*Appellee Yvette Kane's brief was filed on February 27, 2015 and* **deemed timely filed according to the granting the verbal extension of time dated February 6, 2015.***.*" (emphasis added)

17. Further still, the Clerk states:

*The noncompliance order dated March 6, 2015, directed Appellee Yvette Kane to file a motion requesting leave to file a corrected brief and to attach exhibits to the brief.* **Compliance was due on March 11, 2015.** *Compliance was received on* **March 12, 2015.**"

4

## MOTION TO STRIKE

18. Appellant incorporates each and every of the foregoing paragraphs, as if all are fully set forth at length, herein.

19. Appellee Kane's brief should be stricken for filing, out of time.

20. Notably, only a single oral request appears on the docket dated February 6, 2015 which states that:

> *"Verbally granted Appellees Christina Garber, Yvette Kane, Mark E. Morrison and Peter J. Smith an extension to file brief until 02/27/2015 pursuant to Third Cir. LAR 31.4 (CJG)"*

21. Contrary to this Court's LAR 31.4 no counsel(s) for any Appellee *"endeavor*[ed] *to notify* [Appellant] .. *in advance...*; nor, did any of the aforesaid, as required, "*... send a confirming letter to parties who are not Filing Users within 7 days..*" (emphasis added)

22. Appellant is clearly proceeding pro se and *in forma pauperis*, and is in no wise, a "Filing User". Appellant was not so notified.

23. As the docket reveals, and this Clerk's recent, albeit, belated submission of generated docket activity confirms, on February 6, 2015 **a single verbal request** was made on behalf of **all** Appellees.

24. Further, per the Clerk's reply to my letter, she admits that:

> "**A** [singular] *verbal extension of time was requested **by counsel** [singular] **on behalf of Appellees** ... ".* [plural]

25. That being said, the foregoing "verbally granted", is, upon information and belief, based solely on a single oral request for an extension of time, made by Christina Garber.

26. Christina Garber is not an attorney and certainly not a party to this appeal.

27. Christina Garber is a legal assistant in the U.S. Attorneys Office for the Middle district of Pennsylvania.

28. The U.S. Attorneys Office does not represent Appellee Kane.

29. AUSA Michael Butler, of the U.S. Attorneys Office represents Mark E. Morrison and Peter J. Smith.

30. Appellee Kane is separately represented by, Thomas B. Schmidt III and Tucker Hull, of Pepper Hamilton LLP.

31. These representations are fully evidenced by this Court's docket cover, the respective entries of appearances, together with their respective filings.

32. Because, there are separate and distinct representations, a single oral request for an extension of time to file, as fully evidenced by the record, is wholly insufficient to support granting an extension of time on behalf of all Appellees.

33. Neither, Christina Garber individually, or anyone within the U.S. Attorneys Office had the authority to obtain an extension of time to file Appellee briefs on behalf of Appellee Yvette Kane.

34. Conversely, neither could counsel for Appellee Kane obtain an extension of time on behalf of Appellees, Mark E. Morrison and Peter J. Smith.

35. Accordingly, this is a fatal defect, which appears of record, fully warranting the striking of Appellee Yvette Kane's brief, as out of time.

36. In addition, notwithstanding the highly improper grant by the Court's Clerk's office of a single verbal request for an extension to file on behalf of all Appellees, it is further evidenced by record that, Appellee Kane was once more out of time, for failing to timely comply with this Court's March 6, 2015 Non-Compliance Order.

37. This order directed Appellee to comply on or before March 11, 2015.

38. As evidenced by Appellee's brief, dated March 12, 2015, Appellee did not timely comply with this Court's March 6, 2015 Order.

39. This is further supported by conversation with my case manager who noted Appellee Kane's brief was a day late; and, by the Clerk's letter, which relevantly states that:

A-253

*"Compliance was <u>due on March 11, 2015</u>. Compliance was received*
*on <u>March 12, 2015</u>.* (emphasis added)

40. Accordingly, Appellee Kane's March 12, 2015 filing of a corrected brief should be stricken as out of time.

41. Despite this, it is Appellant's understanding, per his conversation with his case manager on March 26, 2015, that this too, was granted by Order on date same. Appellant is awaiting receipt thereof.

42. Given all the facts gleaned thus far, Appellant is disturbed by what appears to be a pattern of undue deference afforded opposing Appellees, and the unbridled power, positions and influence they respectively wield.

43. That being said, notwithstanding the indubitably evidenced (of record) failure of counsel for Appellee Kane to independently seek a first extension of time, coupled to Appellee Kane's failure to timely comply with this Court's March 6, 2015 Non-Compliance Order, Appellant moves upon this Court to Strike Appellee Kane's brief as untimely filed.

44. Prior to filing this Motion, Appellant contacted opposing counsel.

A-354

45. Appellant informed Attorney Schmidt of the nature of what was to be filed and whether they concurred or not. Appellant spoke with Attorney Schmidt at approximately 3:47PM. He did not concur.

WHEREFORE, in consideration of the foregoing, Appellant respectfully requests that Appellee Kane's brief/corrected brief by forthwith stricken, as being filed, out of time.

Respectfully Submitted,


Stephen G. Conklin, Appellant

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Stephen G. Conklin                    :

        Appellant           :        No. 14-4105
                              :        (13-2618)

       v.                      :

Yvette Kane, et. al.                  :        MOTION TO STRIKE

        Appellees.           :

_____ :

## CERTIFICATE OF SERVICE

I, Stephen G. Conklin, Appellant in the above-docketed matter, do hereby certify this 27th day of March 2015 that I caused to be served a true and correct copy of my Motion to Strike Appellee Kane's brief upon the following:

Thomas B. Schmidt, III
Tucker R. Hull
c/o Pepper Hamilton, LLP
100 Market Street, Ste. 200
P.O. Box 1181
Harrisburg, Pa. 17108

AUSA Michael J. Butler
c/o Office of U.S. Attorney
Ronald Reagan Federal Bldg.,
228 Walnut Street
P.O. Box 11754
Harrisburg, Pa. 17108

Stephen G. Conklin
c/o 22 Mairdale Street
Pittsburgh, Pa. 15214

Stephen G. Conklin
c/o 22 Mairdale Street
Pittsburgh, Pa. 15214

Eric Holder and Loretta Lynch
c/o U. S. Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20530-0001

April 10, 2015

Re: Request for Investigation/Information

Dear Mr. Holder and Ms. Lynch,

I am writing about matters, which at their core have important national implications. I respectfully request that this letter, amongst other things, be considered a formal request for both an investigation by your office, coupled to, my receipt of the requisite information appertaining thereto.

My circumstances are unique as well as highly disturbing, since they pertain to one of your U.S. Attorneys and his staff, namely, Peter J. Smith, Mark E. Morrison and Michael J. Butler, respectively, of the U.S. Attorney's Office for the Middle District of Pennsylvania. I entreat you both to peruse the file(s) relating to the following: (State Court) 2013-CV-2962-CV; (District Court)1:13-cv-01531; 1:13-cv-02168; 1:13-cv-03580; together with, (Third Circuit Court of Appeals) 14-4105 and 14-4106. As you will quickly see, even with a cursory review of the foregoing, I have just cause for making this request for an investigation. Furthermore, the information I seek is, or at least should be, both a matter of public interest and public information.

Specifically, I wish to know:

    (a) if the U.S. government, i.e., DOJ authorized the U.S. Attorney's Office, U.S. Attorney Peter J. Smith and AUSA Mark E. Morrison to represent Yvette Kane solely on a state issued writ of summons, docketed at 2013-CV-2962-CV, that was first removed to federal court under 1:13-cv-1531;

    (b) whether, following (1531) remand for lack of jurisdiction, AUSA Michael J. Butler, is/was authorized to represent U.S. Attorney Peter J. Smith, and Mark E. Morrison in a Bivens action, under 1:13-cv-02168, and, in a second removal (of 2962) under 1:13-cv-03580, as well as, their respective appeals at 14-4105 and 14-4106; and,

1

(c) whether the U.S. Attorney's Office and/or the DOJ has paid or is paying attorney fees for Yvette Kane to Pepper Hamilton LLP in 1:13-cv-02168, 1:13-cv-03580, and appeals at 14-4105 and 14-4106.

Considering both of your interests, in the status of Civil Rights inured for common citizens like myself, I am sure you will immediately perceive the relevance and importance of my request. Moreover, given the substance of [Pepper Hamilton's] Mr. Schmidt's briefs and communications, the conduct of U.S Attorney Peter J. Smith and his staff, together with, the utter misbehavior of certain federal judges inexplicably intertwined in this mix, the ethical and other considerations are of vital importance to me as a citizen and as a litigant. At minimum, these questions raise important issues of potential conflicts.

As you will readily see, having reviewed the contents of the underlying cases, Yvette Kane, from the very beginning, clearly lacked jurisdiction and standing to enjoy the benefit of U.S. Attorney Smith and AUSA Mark E. Morrison's legal assistance. (See, Judge Timothy J. Savage's August 27, 2013 memorandum/order in 1:13-cv-1531, attached hereto as Ex. "A").

More importantly, the affect of these inter-relationships have, and yet continue to place me direly at odds with the DOJ, if, e.g., Mr. Schmidt and your U.S. Attorneys are in fact, working in tandem; and further, whether this confederacy extends to (amongst others) Judge Juan R. Sanchez, as the evidence overwhelmingly suggests.

Notably, by designation of 3rd Circuit Chief Judge, Theodore McKee (1531) was assigned to the Hon. Judge Timothy J. Savage, who, within eighty-two days of its removal, properly remanded 2962 back to state court, for lack of jurisdiction. Thereafter, a Bivens Complaint was filed on my behalf by then-attorney, Don Bailey (02618). The Bivens complaint is quite clear, as it succinctly and concisely states claims involving the unlawful removal of my state writ of summons, concluding with Judge Savage's August 27th remand.

Subsequently, and unbeknownst to me, AUSA Morrison, in his official capacity, filed in state court for a rule to file a complaint, but as later admitted, AUSA Morrison never served that Rule on me. Instead, a ten day notice of default, dated October 23, 2013 was sent to me, causing me to scramble and file an emergency motion in state court for sanctions for both Ms. Kane and Mr. Morrison's abuse of process as well as lack of authority.

Here began a series of judge shopping. First, in state court (2962) which evinces 3 different judges being assigned to my emergency motion; and secondly, with the third [state] judge so assigned, finding by designation of Third Circuit Chief Judge Theodore McKee, Judge Juan R. Sanchez of the Eastern District suddenly being assigned to what is unequivocally a case-related issue, that was originally assigned, previously by designation, to the Hon. Timothy J. Savage. Thirty-six (36) days after I filed my emergency removal on October 31, 2013, a second removal of 2962 occurred on December 6, 2013, which despite its case-related nature, was also assigned to Judge Sanchez. Judge Sanchez is well known for "fixing" cases.

True to form, Judge Sanchez literally sat on both cases, where more than 250 days elapsed since the second removal, and 294 days elapsed since filing the Bivens complaint, in defiance of Rule 16, discovery, and alike; in fact, as admitted, both cases were ripe for disposition as early as April 2014, but it wasn't until I filed a motion on August 13, 2014 to disqualify Judge Sanchez, that any action was taken.

The acts following my motion to disqualify, upon review, will indubitably serve as prima facie evidence of docket tampering coupled with the highly collusive nature of Judge Sanchez in concert with the U.S. Attorney's office and Mr. Schmidt, of Pepper Hamilton, culminating in a bizarre concoction of judicial alchemy, as inexplicably noted per Judge Sanchez's two September 5, 2014 memorandum/order(s), commingling 1:13-cv-02168, - a Bivens action, where no 11th Amendment implications exist, (Ex. "B") with 1:13-cv-03580 (Ex."C") - a second unlawful removal, involving both Yvette Kane and AUSA Morrison for nefarious acts surreptitiously undertaken in state court (2962) in their official capacity *after* Judge Savage's August 27th remand. On October 3, 2014 I appealed both orders.

Whilst the appeal of 2168 (14-4105) has been briefed, (awaiting my reply) the record shows that even the Third Circuit is showing undue deference to Appellee Kane. For example, on February 6, 2015 only one request for an extension of time to file was made by Christina Garber, a legal assistant in the U.S. Attorney's office to file all Appellee briefs. Yet, though clearly not represented by the U.S. attorney's office, Appellee Kane caught a ride on this bus. Thereafter, a non-compliance order was issued to Appellee Kane's counsel, with a deadline to comply by March 11, 2015. Appellee filed a second "corrected" brief (never served on me) on March 12, 2015, again, late. However, despite being late and lack of notices to me, all this was okay.

Meanwhile, despite my repeated efforts to ascertain why, the appeal of the second removal (2962) under 3580, (14-4106), has been inordinately held in abeyance, albeit, hostage, under the premise of a "*possible jurisdictional defect*" since early November 2014. In fact, this possible jurisdictional defect remains undefined, and has yet to even be submitted to a "merits panel". With all the foregoing, I am only scratching the surface of what is truly going on.

That being said: If, as I firmly believe, no government representation was lawfully authorized on behalf of Ms. Kane; if the U.S. Government is actually paying attorney and other fees on behalf of Ms. Kane, including to her private attorney, Mr. Schmidt of Pepper Hamilton LLP; and if, as the evidence further suggests, there is a concerted effort between Pepper Hamilton LLP and both the U.S. Attorney's office and the U.S. District Court for the Middle District of Pennsylvania, and now, as it appears, the Third Circuit Court of Appeals, to deprive me of my rights, then, *inter alia*, not only am I being prejudiced by the real or potential conflicts, but moreover, my right to the fair and efficient administration of justice is sorely being denied. All of this begs to question – are you and/or the DOJ, particularly, the Civil Torts Division, even aware of what is going on?

Some history is in order here. I was a civil rights litigant when, on or about May 26, 2006 District Judge Christopher C. Conner wrote, what was I believe, (and three attorneys, unrelated hereto concurred) a racist and disingenuous memorandum affecting me in Conklin v. Warrington Twp. (1:05-cv-1701 (closed)). Subsequently, when my attorney, former U.S. Congressman Don Bailey, at my insistence, filed a motion to Vacate and Reconsider, that, beginning with Judge Conner, an unholy litany of viciously virulent and/or wholly unjustified attacks unfurled. The underlying issue in the motion to reconsider/vacate was never addressed; nor, would Judge Conner recuse himself.

What did happen is the issue was morphed into a rule to show cause against Mr. Bailey, over, amongst other things, "grammatical errors" that Judge Conner was also guilty of; the latter, evidenced by numerous "amending orders" by Judge Conner, replete with the position(s) of where a comma or semi-colon need be placed. Notwithstanding, thus began a disciplinary dossier to "get Don Bailey" via the submission of a complaint and pestering of the State Disciplinary Board by Judge Conner to do something about Mr. Bailey. Judge Conner later perjured himself about this.

There is no question in my mind, Judge Conner (now President Judge) harbors a seething racial animus, and that this extends to the bench. I have researched other race-related cases he has sat on, and curiously, how an inordinate amount of race-based cases, particularly, those emanating out of York and county surrounds, have inexplicably found their way to his bench. I am also familiar with one of his previous tenants, having spoken several times at length with them, which is equally demonstrable of his racial insensitivities. It is from this setting that a sordid series of egregious abuses have issued against my friend and attorney, Don Bailey, unto which, via my outspoken right to freely associate, I yet remain sorely subject to.

For instance, I've experienced first hand the surveillance of Mr. Bailey's office by unmarked crown vic's, just outside, with the occupant(s) holding some kind of device directed towards the office; and, upon my approach towards these vehicles, how quickly they sped off. I've learned your U.S. Attorney's office, i.e., Mr. Smith, has surveilled Mr. Bailey (and I believe, myself) for wholly improper and unjustified reasons. This surveillance has extended to re-directed phone calls, audible clicks on certain phone calls, and even the Court PACER system. Bear in mind, PACER is directly controlled by the federal courts and that Ms. Kane, as then-President Judge of the Middle District, had to be responsible for reporting Mr. Bailey's activities directly to Mr. Smith and others, including, but not limited to, former U.S. Attorney Martin J. Carlson who, at one point, launched a fifty plus page scurrilous attack on Mr. Bailey.

For me, surveillance was exacerbated following my filing of 1:10-cv-2501, where I attempted to bring forward what is going on in the Middle District. Not only was my right to free speech assaulted by the striking of pertinent paragraphs, I was personally attacked and irreparably cast in a false light by Ms. Kane. Thereafter, each and every time either my brother or I entered the federal courthouse in Harrisburg, we were followed everywhere, without explanation, including, but not limited to, the men's room, where the federal marshal so assigned, apparently had no need to go.

This "following" extended to a certain official with Homeland Security, who once followed me out of the federal courthouse and remained with me, again, though queried, refused explanation, but remained nonetheless steadfast by my side; until that is, he realized he was being independently "live streamed" by a bystander, whereupon he demanded the camera (operated in the public domain) be immediately shut-off.

By way of further example, I was attacked by tipstaff, Robert Snook, and threatened with arrest, intentionally designed if not altogether orchestrated to intimidate and interrupt my testimony about Judge Conner, during the August 11-12, 2011 inquisition of Don Bailey, in a wholly-contrived disciplinary proceeding. I believe, for reasons unknown, counsel for Judge Conner was present at the table of disciplinary counsel Robert Fulton, throughout the two-day proceeding. I firmly believe the disciplinary, i.e., inquisition proceedings of Don Bailey, in and of itself, needs to be reviewed. What a travesty of justice – denied.

Further still, during the course of these disturbing series of events, a certain U.S. Marshal stated I was on "a list". Not only was I unlawfully detained on an elevator by this Marshal until another Marshal could relieve him, but, try as I might, my inquiry as to what was going on was met with sheer silence. I firmly believe Ms. Kane is responsible for putting me on "a list".

What is far more alarming, is the fact that, when I called Don Bailey to complain about what had happened, immediately thereafter, (click-click) I was no longer being followed in the Courthouse by U.S. Marshals, and, the U.S. Marshal who stated I was on "a list" was no longer there. I cannot subscribe this or other "incidences" as being merely coincidental.

Can you tell me what right or interest the U.S. Attorney and your office has in working with [a] federal judge[s] to unlawfully use their badges of authority to cut off my rights and deny me access to the federal court system?  Please remember, I am mindful that it was your office that supplied Judge Conner with the legal help and support in the Venesevich case; a shameful manipulation of our court system and procedures to smear Mr. Bailey out of shear and utter vindictiveness.

Why was the DOJ part of this? Is the DOJ part of what is going on against me now? I feel guilty about some of the injustices Mr. Bailey has suffered, to the extent that he worked for me at my insistence when this nonsense all started. Worse yet, as I've engaged in pro se activities, out of my love for this country and my dedication to my inherent rights, under the Constitution, inclusive of all Americans, including you Mr. Holder, and you Ms. Lynch, I was frightfully attacked and mistreated by Yvette Kane, and others; and now, your offices are in toto with a cabal of federal judges, poisoning our beloved Constitution. No less than a manifest manipulation of our court system to the utter detriment of my indefeasible rights is yet occurring here.

Yogi Berra once said, " It ain't over until it's over." Although I am keenly cognizant, if not altogether frightened by the unbridled power your office wields, I simply cannot/will not allow officials ostensibly appointed to protect my rights, to turn them around, albeit upside down, and continually victimize me, or anyone, for that matter, who would have the misfortune to find themselves similarly-situated. I desperately want to have faith in you; accordingly, if you would simply review the mistreatment of me and my friend and attorney, Don Bailey, for no reason other than to defend the most basic of our solemn rights, you will clearly see that the actions of these federal judges in lockstep with your U.S. attorney's office for the Middle District is blatantly unjustified and wrong.

Do you know what it feels like to be opposed and attacked by a U.S. Attorney and [a] federal judge[s]? Have you ever lived with the fear there is going to be a knock at your door, or some other official oppression because they know, that I, and others like me, have nowhere to go for help? I have/I do! Respectfully, I want to know if you will not help me, why, you won't review this matter.

Please, with all due respect, don't feign excuses that, e.g., it is in litigation. The fact is, in two solid years since I filed my state writ of summons, I have been forced to endure an onslaught of specious/spurious arguments, in defense of my inalienable rights. Please remember, as previously stated, that under no circumstances are Mr. Smith, Mr. Morrison and Yvette Kane sued in their official capacities.

Please remember, I have a right to know whether your office authorized representation of Ms. Kane, at any material time, and whether you are paying Mr. Schmidt's bill on her behalf. Please admit, I have good reasons for asking, and have an unquestionable right to know. In the interest of justice, please help me. For want of your help, where else can I go? What else can I do?

Let me finish with this. I learned some time ago that Mr. Bailey represented a woman named Sherry Bellaman, (case) in a case where Tom Corbett, as Pennsylvania's then Attorney-General was having his office do collections work, only to turn the cases over to private collection agencies, which, I believe, were political supporters of his.

A·363

The rampant corruption in Pennsylvania prevented this case (Bailey composed the original complaints in the "Kimmet" cases) which Sherry Bellaman was upset over, for what she saw as an obvious cover-up. So, she called the FBI. An agent Quinn, responded to her. Knowing full well Don Bailey was her attorney, Quinn asked Ms. Bellaman, "Doesn't he have some problems with some judges?" Mr. Carlson was the U.S. Attorney for the Middle District at that time. The matter cried out for investigation, but of course, it never was. It seems most unfortunate, all of this happened on your watch, Mr. Holder. Would either of you please agree with me, this too is in need of review? There are numerous other cases I am particularly aware of, that require the light of justice to be shone upon them – the case of Steven Wicks et al., whom I know, quickly comes to mind.

Be that as it may, the instant matter cries out for review. Unequivocally, I believe, it warrants an investigation, and further, supports my right to know. I fervently believe the foregoing will undoubtedly reveal corrupt activities of both a rogue court, in concert with U.S. Attorney's office, running amok; all of which, to the harm and injury of myself, my former attorney, as well as those similarly-situated, who have had the misfortune to be trammeled by the unbridled wield of misused powers.

Please do not hesitate to contact me for whatever needs be. I can be reached at the above-referenced address, or by phone at (717) 460-5450. Whatever I can do to facilitate the foregoing to its proper and just fruition, please, let me know.

I am deeply grateful for your kind and expected consideration of my request.

Sincerely,

Stephen G. Conklin

Enclosures:

cc: Hon. Chuck Grassley, Chairman U.S. Senate Judiciary Committee
Hon. Patrick J. Leahy Ranking Member, U.S. Senate Judiciary Committee
Hon. Bob Goodlatte, Chairman U.S.H.R. Judiciary Committee
Hon. John Conyers Ranking Member U.S.H.R. Judiciary Committee.

A-364



U.S. Department of Justice

Mail Referral Unit

Washington, D.C. 20530

April 24, 2015

Stephen G. Conklin
22 Mairdale Street
Pittsburgh, PA 15214-1804

Dear Friend:

Thank you for your letter dated April 10, 2015 to the Attorney General, Deputy
Attorney General, or Associate Attorney General, which was received by the Department
of Justice, Mail Referral Unit, on April 24, 2015 and assigned ID number 3018204.

Your letter will be reviewed and if a response or an update is necessary it will be
sent to you within 60 business days. If you have any questions, please contact us at (301)
583-7350 and refer to your ID number 3018204 when requesting any information
concerning your correspondence.

Sincerely,

Mail Referral Unit
Department of Justice

D. 365

# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

## C.A. No. 14-4106

Stephen Conklin v. Yvette Kane

M.D. Pa. Civ. No. 1-13-cv-03058

# O R D E R

Upon further consideration, it appears that it would not be appropriate at this time to submit this appeal to a panel of the Court to consider dismissal for lack of appellate jurisdiction. This ruling does not represent a determination that this Court has appellate jurisdiction over this matter. As in all other cases, the panel of this Court that reviews the case on its merits will make a final determination of appellate jurisdiction. A briefing schedule shall issue.

For the Court,

*Marcia M. Waldron*

Marcia M. Waldron, Clerk

Dated:      April 21, 2015

eal/cc:     Stephen G. Conklin
            Tucker R. Hull, Esq.
            Thomas B. Schmidt, III, Esq.

# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

### No. 14-4105



Stephen G. Conklin, Pro Se

Appellant

v.

Yvette Kane, et al.

Appellees

---

## REPLY BRIEF TO APPELLEES SMITH AND MORRISON'S BRIEF

---

Appeal from the September 5, 2014 Order of Judge Juan R. Sanchez, sitting

by designation in the United States District Court for the Middle District of

Pennsylvania, dismissing Appellant's complaint in Case No. 1:13-CV-02618

---

Dated: May 4, 2015                           Submitted by:

/s/Stephen G. Conklin, pro se
c/o 22 Mairdale Street
Pittsburgh, Pa. 15214

A-367

ii.

# **TABLE OF AUTHORITIES**

*Case(s)*                                                                                      *pg.*

*Conklin v. Anthou,* No. 1:10-cv-2501 ...................................... 11

*Neitzke v. Williams,* 490 U.S. 319 (1989) ............................... 14

*Scheurer v. Rhodes,* 416 U.S. 232, 236 (1974) ..................... 14

Sikirica v. Nationwide Ins. Co.,
416 F.3d 214, 223 (3D Cir 2005) ......................................... 3

Statutes                                                                                     pg.

28 U.S.C. § 455(a) ................................................................. 12

28 U.S.C. § 1441 ...................................................................... 2

28 U.S.C. § 1442 ...................................................................... 8

28 U.S.C. §1442(a)(3) ........................................................... 1,2

28 U.S.C. § 1446 ...................................................................... 2

28 U.S.C. § 1447(d) ................................................................. 8

28 C.F.R. § 50.15 ................................................................... 3-5

Rules                                                                                        pg.

Fed.R.Civ.P. 12(b)(6) ........................................................ 13-14

Fed.R.Civ.P 16 ...................................................................... 13

Pa.R.Civ.P. 1037(a) ................................................................. 7

Supplemental Authority

U.S. Attorney's Bulletin, November 2010, Volume 58, No. 6 ........... 4

## I. INTRODUCTION

On or about March 20, 2015 Appellees Smith and Morrison filed a brief
in opposition to Conklin's brief in support of his appeal, from the district
court's orders refusing to recuse and dismissing Conklin's Bivens
Complaint, with prejudice. This Reply brief addresses some of the errors,
mis-characterizations and alike that appear in Appellees' brief, as being
fugitive of fact and of law. In so replying, Conklin does not claim to address
each and every one, or waive any.

## II. REPLY TO APPELLEES' BRIEF

Beginning with the first paragraph on page 5 of Appellees'
Smith/Morrison's brief:

> "*Believing that Conklin had filed an action against Yvette Kane in her
> role as a federal judge – because there was no information that Conklin
> had any personal dispute with Judge Kane and Conklin had previously
> sued her in her role as a federal judge – AUSA Morrison, on behalf of
> Judge Kane, removed the writ pursuant to the federal office removal
> statute, 28 U.S.C. § 1442(a)(3).*" (emphasis added)

"*Believing*" that Conklin filed his writ of summons, "*because there was
no information*" i.e., "actual facts", - is a bald assumption, totally lacking
any probable cause to have warranted removal. This assumption is furthered
by, "*Conklin had previously sued her*" (Kane) – a clear and unequivocal
prevarication of facts, sans any evidence to support it. The fact is, prior to
his writ, Conklin had never sued Kane in any capacity.

The foregoing continues with "*AUSA Morrison, on behalf of Judge Kane, removed the writ pursuant to...28 U.S.C. § 1442(a)(3)*"[1]

Notably, is the fact that Morrison, as AUSA, acted on behalf of a private citizen, Yvette Kane, on an assumption. Nothing on the writ remotely suggests otherwise. (A57)

Morrison further illustrates these "assumptions" and the fact he had to know better, per claims in his declaration, (A150-152) that he:

> "*is currently employed by the United States Department of Justice...as an Assistant United States Attorney, Chief of the Civil Division.*" (A150,¶1); "*The United States Attorney, Peter J. Smith, has delegated authority to me in assigning all civil matters... In particular, I had authority to represent the Honorable Yvette Kane in matter filed by Plaintiff* ..." (A150,¶2) "*Based on the information I had available to me, I believed Mr. Conklin had filed a civil action against Judge Kane in either her official or individual (Bivens) capacity.*" (A151, ¶3); and, "*Although no complaint was filed in Dauphin County, research revealed that a notice of removal may be filed under 28 U.S.C. § 1442 when a lawsuit is commenced.*"(A151, ¶5)

As, "*Chief of the Civil Division*", presumably a position of authority in its own right, that, *inter alia*, oversees other civil litigation(s), Morrison freely admits his removal (1531) was solely "*based on information I had available to me*" and thus, "*I believed*", whilst further admitting, " *Although no complaint was filed...*"*research revealed...*".

---

[1] Notice of Removal was filed on June 7, 2013 pursuant to 28 U.S.C. § 1441 and 1446 (A66); jurisdictional basis was changed on July 25, 2013 per Morrison's response to Motion for Remand. (A159 –Docket at No. 6)

What information available, could have possibly served as the basis
for removal, and/or was in any way sufficient for him to have *"believed"* that
removal was possible? Morrison acknowledges, *"no complaint was filed"*.
That alone, should have been information (notice) enough to caution against
removal. Despite this, he continues by stating, *"research revealed"* – What
possible *"research revealed"* anything but the fact that federal removal of a
bare-thread state-issued writ of summons was, in no wise, authorized?

Even a cursory research (ten minutes or less) would have immediately
shown removal was not authorized. The Supreme Court and this Circuit
have clearly defined and established the law on this matter.[2]

Judge Savage was quite clear as to assumptions made, by stating:

*"Mere suspicion or conjecture that the claims against the defendant
arose out of acts or omissions in the course of carrying out her duties will
not suffice."* (A161) (emphasis added)

Moreover, Morrison's claim that he had *"authority to represent the
Honorable Yvette Kane."* at any material time whatsoever is without merit.

The U.S. Attorney has authority delegate assignments to [a] AUSA, as
well as the responsibility to supervise their conduct. Morrison's individual
capacity representation, i.e authority, is founded under 28 C.F.R. § 50.15.
Whether representation is warranted, DOJ attorneys must first ascertain:

---

[2] See, (as quoted by Judge Savage), *Sikirica v. Nationwide Ins. Co.*, 416 F. 3d 214, 223
(3d cir. 2005);

*(1) whether the employee is named in the caption as required; (2) whether there is an allegation that the employee acted wrongfully; and (3) whether the prayer for relief seeks monetary damages.*[3]

This further requires a two-prong test:

*First, the conduct giving rise to the claim must have occurred while the employee was working within the scope of their federal employment. Second, it must be in the interest of the United States to assign a DOJ attorney to provide a defense for the employee. 28 C.F.R. § 50.15(a)(2)*[4]

All that is certain is that Appellee Kane was named in the caption of the writ of summons. There are no allegations, no prayer for relief, or anything to factually suggest it occurred in the scope of employment or, would be in the best interests of the United States.

28 C.F.R. 50.15 provides in pertinent part that:

*(a), when the actions for which representation is requested "reasonably appear" to have been performed within the scope of the employee's employment and the Attorney General or his designee determines that providing representation would be in the best interests of the United States...";* 28 C.F.R. 50.15(a) (emphasis added)

A prevailing theme of 28 CFR 50.15 *et seq.*, is what *"reasonably appear(s)"* (see, e.g., 50.15(a)(2);(b)(1), and not, as the government Appellees, or the district court, for that matter, suggest what they *"reasonably believed"*. Moreover, 28 C.F.R. 50.15(a)(1) and (2) provide:

---

[3] U.S Attorney's Bulletin, November 2010, Volume 58, No. 6., pg 1.
[4] Id pgs 1-2

A-372

*"When an employee believes he is entitled.....he must submit forthwith a written request for that representation, together with all process and pleadings served upon him...Unless the employee's employing agency concludes that representation is clearly unwarranted, it shall submit, in a timely manner, to the Civil Division... a statement containing its findings as to whether the employee was acting within the scope of their employment and its recommendation for or against providing representation. The statement should be accompanied by all factual information.*
28 C.F.R. § 50.15(a)(1) (emphasis added)

*"Upon receipt.... The litigating division shall determine whether the employee's action reasonably appear to have been performed within the scope of their employment and whether providing representation would be in the best interest of the United States. 28 C.F.R. § 50.15(a)(2) (emphasis added)*

Conklin highly suspects that no written request for representation, together with all process and pleadings, or statement of findings accompanied by all factual information appertaining thereto, was ever submitted. No allegations or evidence to the contrary has been presented. Had such information been received by the DOJ, surely, they would **not** have given the go-ahead to file a notice of removal. Authority is a key issue, warranting discovery.

How is it, given the gravity of the situation, that given all of the above, Appellees Smith and Morrison, despite being seasoned government attorneys, clearly established law, numerous notices, and more, did not know this?

All the more egregious, was following remand the concerted acts of all the Appellees in furtherance of inflicting additional injuries. Why? Conklin believes from the very beginning, it was, and is, all about protecting Kane, and now, by extension Appellees Morrison, et al.

In any event, regardless of what else need hereafter be said, the evidence is overwhelming: The moment Morrison et al., unlawfully removed Conklin's writ of summons from state court, the constitutional deprivations, together the extreme and emotional upset foisted upon Conklin, as wielded against him by virtue of abusing the awesome powers of a federal district judge in concert with U.S. Attorney and his assistant(s), had already occurred. Conklin's Bivens Complaint fastidiously sets forth, complete with exhibits, the intentional inflictions rendered at the hands of all the Appellees. The only difference is that this unbridled abuse egregiously continues.

That being said: Beginning on page 6, Morrison et al., duly notes that Judge Savage *"remanded the matter back to Dauphin County."* but, goes on to state that:

> *"Judge Savage also observed that under Pennsylvania law, the government could file a rule in state court to require Conklin to file a complaint, which would determine the basis on which Conklin sued Judge Kane."* (emphasis added)

Nowhere in Judge Savage's opinion did he imply, much less observe, *"the government"* could file a rule in state court. What Judge Savage did observe and/or otherwise clearly state in [fn 1] of his opinion is:

> "*The defendant did not file a praecipe requesting the Prothonotary to issue a rule to file a complaint pursuant to Pa.R.Civ.P 1037(a). Had she done so, she would have forced Conklin to state what his claims are and what relief he is seeking.*" (A161 fn 1)(emphasis added)

If anything, the foregoing footnote is an admonishment directed towards Appellee Kane (as well as a cautionary tale for the government appellees) for not having done what she needed to do *prior* to seeking removal. Notwithstanding, as further stated on page 6:

> "*After remand...on September 18, 2013, AUSA Morrison, on behalf of Judge Kane, filed a rule, directed to Conklin, instructing him to file a complaint... The rule was not served on him at this time.*" (emphasis added)

Morrison states, he took action on behalf of Appellee Kane, *"after remand"*, and that *"The rule was not served on him at this time."* This much is clearly admitted[5]. However, Morrison et al., take fastidious but misleading care not to mention their failure to satisfy fundamental procedural due process requirements to actually serve Conklin with the "rule". Moreover, what is curiously omitted is the fact that Morrison, on behalf of Appellee Kane, attempted to unlawfully obtained a *non pros* against Conklin by mailing a ten day notice of default. (A143-144)

---

[5] See, A184, ¶¶ 6-7;

It is receipt thereof that precipitated Conklin's emergency motion for sanctions, and request for Stay in state court, one day in advance of its anticipated entry[6]. (A125-145; A235-237) In addition, Morrison et al., clearly knew, per Conklin's July 8, 2013 motion to remand (A159, No. 4) and his July 13, 2013 Safe Harbor Notice, (A141) the latter, further putting Morrison on notice, during removal, that he had no jurisdiction or authority to represent Appellee Kane; yet, instead of simply withdrawing their removal, all the Appellees continued to perpetuate the harm done Conklin by filing a response to his motion for remand.

What is particularly striking, following Judge Savage's August 27, 2013 remand for lack of jurisdiction, *if,* any of the Appellees "*reasonably believed*" the removal on behalf of Kane was justified, why no appeal of Judge Savage's order? Certainly, pursuant to 28 U.S.C. §§ 1442 and 1447(d) Appellees clearly had the option to seek recourse by "appeal or otherwise".

Obviously, both Appellees Smith/Morrison and Appellee Kane fully recognized, and thus tacitly admit, per Judge Savage's concise and succinct memorandum/order, no jurisdiction existed for having removed Conklin's writ in the first place, much less, valid grounds for appeal.

---

[6] The October 31, 2013 state motion was untimely removed by Appellees, docketed as 1:13-3580. Following dismissal of all claims, Conklin appealed. (14-4106). After 7 months (A231) Conklin now has a scheduling order. Because of the deliberate co-mingling by the district judge, both 14-4105 & 14-4106 should've been heard, together.

If any claim was abandoned[7], it was the failure of Appellees to have timely filed an appeal. Accordingly, Judge Savage's order represents the law of the case, and/or the doctrine of *stare decisis*.

"*On November 18, 2013[8], Judge Kane's private counsel served the rule to file a complaint (in the state court matter) on Conklin.*" (emphasis added) Whilst Appellee Kane's private counsel did serve a rule, the rule was not one obtained by private counsel. Rather, the "rule" was the same one surreptitiously obtained by Morrison, et al., under the guise of authority, on behalf of a private party, defendant [Appellee] Kane. (A239 – docket)

Appellees' counsel notes that Conklin "*filed a motion for remand and separate motion for recusal of Judge Sanchez*" (see, A113-124). Morrison et al., go on to state:

> "*Following a telephone conference with all counsel... on September 5, 2014, Judge Sanchez denied Conklin's motion for recusal and his motion to remand. The judge also denied the underlying motion for sanctions Conklin originally filed in state court, finding AUSA Morrison had reasonably believed Conklin's original Dauphin Court action against Judge Kane had been filed against her in her official capacity*" (emphasis added)

---

[7] A re-occurring theme throughout all the Appellees pleadings and as asserted in the district court's opinions/orders is the supposition that Conklin "abandoned" his state claims by allowing a "*non pros*" to be entered against him. Conklin abandoned nothing. Conklin was forced to participate in federal court via two separate removals, and, it is Conklin's intent to finish what appellees unlawfully started prior to returning to state court to vindicate his claims.

[8] The "rule" was mailed on November 19, 2013 (see, A185, ¶ 9 & fn 3)

If anything would serve as *prima facie* evidence in furtherance of Conklin's motion for recusal, it would be the "telephone conference" and all the events that both preceded and continued thereafter. First, Conklin did not receive any notice from the district court, concerning the so-called telephone conference. Conklin was informed the day before by telephone from AUSA Kate Mershimer, there was to be a conference call the next day.

Because Conklin had no knowledge, notice or otherwise, he asked specifically what the "call" was about. She stated it was (per order read) *"for the purpose of scheduling a hearing on all outstanding motions."* Conklin learned later that his attorney was contacted via e-mail by Kane's counsel. Both opposing counsels consented to Attorney Bailey being able to participate. However, they later stated otherwise.

The conference call was never about scheduling a hearing[9], and ultimately it led to adverse decisions being rendered simultaneously in both of Conklin's cases. This abuse, together with the manipulation of the docket entries, lack of notices, etc... will be more fully addressed in Conklin's forthcoming brief in 14-4106.

---

[9] As clearly noted in the transcripts, the conference call had nothing to do with scheduling a hearing on all outstanding motions; instead, it was a ultimately a fishing expedition, badgering Conklin as to what his claims against Appellee Kane were, and to further saddle Conklin, who, under protest, was forced to file a brief, (A227-230) which mysteriously was not docketed (A234) prior to the district court rendering judgment(s) on September 5, 2014 – also not served on Conklin. (A233)

> *"The judge also denied the underlying motion for sanctions Conklin*
> *had originally filed in state court, finding that AUSA Morrison had*
> *reasonably believed that Conklin's original Dauphin County action*
> *against Judge Kane had been filed against her in her official*
> *capacity....In doing so, the district court found that Conklin's*
> *previous filings demonstrated ' a clear pattern of animus towards*
> *members of the federal judiciary, Judge Kane in particular.'"*
> (emphasis added)

First, to [once more] "reasonably believe" that Conklin's original

Dauphin County action, i.e. the writ of summons, had anything to do with

Conklin's October 31st emergency motion - actions underhandedly taken by

the appellees *after* remand, in violation of state rule and law is disingenuous

at best. One only need read the prayer for relief in the motion to see this.

Secondly, both the Appellees and the district court fallaciously

suggests that Conklin "*demonstrated a clear pattern of animus towards*

*members of federal judiciary, Judge Kane in particular*." (emphasis added)

What "*clear pattern of animus... Judge Kane in particular*"? As previously

stated, Conklin never sued Appellee Kane prior to filing his writ, or any

other "person" who *may* happen to be a judge, federally or otherwise.

To be sure, Conklin did file a federal complaint docketed as *Conklin*

*v. Anthou* 1:10-cv-2501 in which he exercised his right to free speech, and

association with Don Bailey in his complaint. To wit, he was attacked.

The case was assigned to Yvette Kane, who summarily caused to be

stricken certain paragraphs she deemed as scandalous, impertinent, and

immaterial, citing mere boiler-plate reasons, without affording Conklin any

further explanation when respectfully challenged. Conklin did seek her

recusal, which, contrary to the district court's opinion[16], she did recuse, but

in doing so stated in pertinent part:

> "...the Court is also concerned that any potential decision in this
> matter adverse to Plaintiff's interests may be viewed as retaliation for
> Plaintiff's longstanding and outrageous pattern of hostility and disrespect
> towards this Court and other judicial officers. Thus, under the unique
> circumstances of this case, the Court finds that recusal is appropriate. See
> 28 U.S.C. § 455(a)" (emphasis added)

It is at this point, Conklin became keenly aware of the surveillance

levied against him, including, but not limited to, being followed everywhere

in the Federal Courthouse; being detained therein; being told by a U.S.

Marshal that he was on a "list"; being attacked by a tipstaff for his testimony

on behalf of Don Bailey, concerning a certain federal judge, and more.

Coincidentally, (assuming one subscribes to coincidences- Conklin

does not) almost immediately after calling Don Bailey to inform him of

being detained and being on a list in the Middle District Courthouse, that

form of surveillance stopped. Because Conklin has previously seen evidence

that at least one of Don Bailey's calls was mysteriously diverted to the office

of Gary Hollinger of the Middle District Court, Conklin has no alternative

but to "reasonably believe" Conklin's call to Don Bailey was intercepted.

---

[16] District Court stating, *"Conklin unsuccessfully sought Judge Kane's recusal."* (A7, ¶1)

> *"The dispositive motions became ripe in April 2014, and the court,*
> *exercising its discretion, decided to rule on the pending motions prior*
> *to holding a Fed.R.Civ.P 16 conference and ordering discovery."*
> (emphasis added)

The foregoing statement by Morrison et al., is reflected in the district

court's co-mingled orders, wherein, the district court states:

> *"...the motions to dismiss the Complaint ripened for resolution in*
> *April 2014, and because they were potentially dispositive, the Court elected*
> *not to hold a Rule 16 conference until those motions were resolved."* (A22,
> fn1) (emphasis added)

If, as quoted above, the motions to dismiss the complaint ripened for

resolution in April 2014 why was action only taken *after* Conklin filed a

motion for recusal on August 13, 2014 and/or four months later?

At page 10 Appellees claim, per the district court that:

> *"Conklin failed to allege a cognizable claim for relief under Fed.*
> *R.Civ.P. 12(b)(6) " because he never filed a complaint in state court,*
> *which defeated his argument that his right to proceed was somehow*
> *impeded. The court also gleaned from Conklin's filings that he never*
> *intended to sue Judge Kane in anything but in her capacity as federal*
> *judge, and his attempts at this 'shell game' lacked merit.""*

How does the allegation that because Conklin, after his writ was

unlawfully removed, failed to file a complaint, have anything whatsoever do

with the constitutional deprivations he had already suffered at the hands of

all appellees in the first instance? (see fn 7 above) Moreover, where is

"gleaned" any different than say, "assume" or "believe" — what factual

support in law does this have?

It is here, per the district court's orders/opinion, replete with lengthy footnote(s) that the district court seriously distorts, contorts, assumes, including phrases such as "most likely" in co-mingling separate and distinct cases as if they were one in the same.

Whilst the district court, as well as these Appellees and Appellee Kane would have this and other courts think otherwise, Conklin fastidiously set forth in his Bivens Complaint the factual information necessary in compliance with Rule 8, and more importantly, to survive a Rule 12(b)6) motion. Nonetheless, Judge Sanchez erroneously and unjustifiably dismissed Conklin's Complaint, with prejudice – relying in significant part(s) assumptions, beliefs, and even disbelief of Conklin's claims.

As noted in *Neitzke v. Williams*, 490 U.S. 319 (1989)

> *"What Rule 12(b)(6) does not countenance are dismissals based on a judge's disbelief of the complaints factual allegations. District court judges looking to dismiss claims on such grounds must look elsewhere for legal support." Id* at 327

There is no valid basis for the district court to have dismissed, with prejudice, no less, Conklin's Complaint – particularly when much of it relies on assumptions that the district court alleges to have gleaned.

See also, *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) ("A well pleaded complaint may proceed even if it appears 'that recovery is very remote and unlikely")

D-2 S-1

*The issue is not whether the plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence in support of his claim. Indeed, it may appear on the face of the pleadings that recovery is very remote and unlikely but that is not the test."* Id at 236

As to Appellees claim of "*absolute immunity*" Immunity cannot extend where, as here, Appellees Smith and Morrison without lawful authority by acting "outside the scope of their employment" sans authority, and more importantly, where all Appellees clearly acted in absence of all jurisdiction.

### III. CONCLUSION

Wherefore, Appellant demands of the Third Circuit of Appeals follow the law, and send this case back to the trial Court, with a new judge, together with instructions, that discovery commence and that a directed verdict may be in order.

Respectfully Submitted,

Stephen G. Conklin

iii.

## CERTIFICATION OF WORD COUNT

I, Stephen G. Conklin, do hereby certify that the foregoing Reply

Brief contains 3305 words in compliance with Rule 32(a)(7)(B).

## CERTIFICATION OF DOCUMENT

I, Stephen G. Conklin do hereby certify that the foregoing Reply Brief is

identical to the one served upon the parties names in his Certificate of

Service, and is not subject to a virus check, as the original to the Court and

all copies were served via solely by the U.S. Mail.

A-35

iv.

# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

## No. 14-4105

### CERTIFICATE OF SERVICE

I, Stephen G. Conklin, Appellant herein, do hereby certify this 4th day of

May, 2015 that I caused to be served by First Class U.S. Mail, postage

prepaid, with proof of mailing, an original of my Reply to Appellees Smith

and Morrison's brief, on the Clerk for the Third Circuit Court of Appeals,

with proof of mailing, and, a true and correct copy thereof, upon the

following parties:

Thomas B. Schmidt III, Esq.          Michael J. Butler, Esq.
c/o Pepper Hamilton, LLP             c/o U.S. Attorney's Office
100 Market St., Suite 200            228 Walnut St., Suite 220
P.O. Box 1181                        Harrisburg, PA. 17108
Harrisburg, PA. 17108

Stephen G. Conklin
c/o 22 Mairdale Street
Pittsburgh, PA. 15214

Stephen G. Conklin
c/o 22 Mairdale Street
Pittsburgh, PA. 15214

Marcia M. Waldron, Clerk
Third Circuit Court of Appeals
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA. 19106-1790

June 1, 2015

Re: 14-4105

Dear Ms. Waldron,

I am writing to you, once again, with regards to what appears to be additional filings I am not receiving Appellee Kane's counsel. This is an ongoing pattern. As you may recall, on or about March 16, 2015 I wrote to you concerning the fact that I had not received any notice of docket activity from this Court, nor, either oral or written notice from any appellee counsel, regarding a February 6, 2015 oral extension of time, as requested solely by the U.S. Attorney's office, ostensibly, by and through their legal assistant, Christina Garber. For whatever bizarre and as yet unexplained reason, this Court granted the extension on behalf of all appellees, even though Appellee Kane is represented by separate counsel, and, as the record shows, no such request was made by them.

In a letter dated March 23, 2015 you replied, and enclosed a copy of the docketing activity, with respect to the February 6th oral extension, and also stated something to the effect that the records team would subsequently contact me as it pertained to other matters raised in my letter. To date, I have not heard from the records team. On March 27, 2015 I sent you a cover letter, together with a Motion to Strike Appellee Kane's brief, and a request for oral argument.

Just recently, I've learned that Appellee Kane's counsel filed responses to both my motion to strike her brief, and request for oral argument. Though I am just learning about this, apparently, these "responses" occurred six or more weeks ago. For the record, neither of these responses were ever served on me; much less, have I any clue what either response says. I've spoken with both my case manager and this Court's compliance officer about this. My case manager suggested that I inform you of this, in writing.

Once again, whatever they filed back in April was not served. This is an ongoing pattern that reaches back into the district court proceedings.

I respectfully request that this letter, together with the enclosed affidavit in support thereof, be properly placed into the record.

Sincerely,

Stephen G. Conklin

## AFFIDAVIT OF MICHAEL K. CONKLIN

COMMONWEALTH OF PENNSYLVANIA )
                                          ) ss:

COUNTY OF ALLEGHENY )

Before me, the undersigned Notary Public, this 30th day of May, 2015 personally appeared Michael K. Conklin, who, having satisfactorily proven to the person/maker of this Affidavit, being duly sworn according to law, deposes the following:

1. I, Michael K. Conklin ("Affiant") am an adult individual, of sound mind and competent to make this Affidavit.

2. Affiant makes this Affidavit, having personal knowledge and information as it concerns Stephen G. Conklin ("brother") and his case now before the Third Circuit Court of Appeals, docketed as Stephen G. Conklin v. Yvette Kane, et al., 14-4105.

3. Affiant's home since November 2012 is and continues to be located at 22 Mairdale Street, Pittsburgh, Pennsylvania 15214.

4. All of Affiant's brother's legal mail with regards 14-4105 and its companion appeal, docket number 14-4106, is, and always has been directed to, and/or, in care of Affiant's home.

5. Except for minor outings locally, at all material times, without exception, Affiant has been at his home to receive, among other things, the mail daily.

6. Affiant is equally aware of the content of briefs, pleadings, motions and alike filed by his brother, as well as those, as and when received from Appellees and this Court with respect thereto.

7. Affiant is directly aware that certain mailings as required to be sent by Appellees to his brother at Affiant's address, relating to 14-4105 were never received.

8. Particularly, Affiant is aware that:

   a. Neither counsel(s) for Appellee Kane or Appellees Smith and Morrison noticed Affiant's brother of a February 6, 2015 single oral extension of time;

   b. Following Affiant's brother's filing of a Motion to Strike Appellee Kane's brief, and letter requesting oral argument, it remained unknown until just recently that Appellee Kane filed response to both the motion to strike and oral argument, neither of which has ever been served.

9. The failure to provide service of filings by Appellees appears to be an ongoing problem, which reaches back into the District Court cases, as later comprising two separate appeals that Affiant's brother has presently before this Court.

10. Affiant is prepared to testify to the foregoing and related facts of

which he has first hand knowledge.

Further, Affiant saith naught.

_Michael K. Conklin, Affiant_

Subscribed and sworn to before me, _KATHLEEN LEWIS_
Notary Public, this 30th day of May 2015

Notary Public

My Commission Expires: _06-07-2015_

Seal:

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Kathleen Lewis, Notary Public
Ross Twp., Allegheny County
My Commission Expires June 7, 2015
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

A-390



OFFICE OF THE CLERK

MARCIA M. WALDRON

CLERK

UNITED STATES COURT OF APPEALS

21400 UNITED STATES COURTHOUSE

601 MARKET STREET

PHILADELPHIA, PA 19106-1790

Website: www.ca3.uscourts.gov

TELEPHONE

215-597-2995

June 16, 2015

Stephen G. Conklin
c/o 22 Mairdale Street
Pittsburgh, PA 15214

RE: Stephen Conklin v. Yvette Kane, et al
Appeal No. 14-4105
District Court 1-13-cv-02618

Dear Mr. Conklin:

The Clerk acknowledges receipt of your letter dated June 1, 2015, regarding Appellee Yvette Kane's responses filed on April 7, 2015 to Appellant's Motion to strike Appellee's brief and Request for oral argument.

The Court's docket reflects that service of these responses to the Motion to strike Appellee's brief and Request for oral argument were made to appellant at the address listed on this Court records by U.S. First Class Mail on April 7, 2015. In speaking with counsel for Appellee Yvette Kane, counsel informed the case manager that copies were being sent to you at the address listed on this Court's records.

We hope that this will remedy any further problems, if you have any questions or concerns please contact the case manager at the number listed below.

Very truly yours,

*Marcia M. Waldron*

Marcia M. Waldron, Clerk

By: Desiree, Case Manager
267-299-4252

OFFICE OF THE CLERK

**MARCIA M. WALDRON**

**CLERK**



UNITED STATES COURT OF APPEALS
21400 UNITED STATES COURTHOUSE
601 MARKET STREET
PHILADELPHIA, PA 19106-1790
Website: www.ca3.uscourts.gov

TELEPHONE
215-597-2995

June 22, 2015

Michael J. Butler, Esq.
Stephen G. Conklin
Tucker R. Hull, Esq.
Thomas B. Schmidt III, Esq.

RE: Stephen Conklin v. Yvette Kane, et al
Case Number: 14-4105
District Case Number: 1-13-cv-02618

Dear Litigant and Counsel:

Please be advised that the above-entitled case(s) will be submitted on the briefs, pursuant to 3rd Cir. LAR 34.1(a), with NO oral argument on **Monday, July 06, 2015.** This means your presence will not be required.

Very truly yours,

*Marcia M. Waldron*
Marcia M. Waldron, Clerk

By: *Patrick A. McCauley, Jr.*
Patrick A. McCauley, Jr.,
Calendar Clerk
267-299-4932

MMW/PM

Pursuant to IOP Chapter 2, you are hereby advised that your appeal will be submitted before the following panel: **CHAGARES, JORDAN and COWEN, Circuit Judges**

A. 292

# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

## 14-4105 and 14-4106

Appeals from the September 5, 2014 Orders of Judge Juan R. Sanchez, sitting by designation in the United States District Court for the Middle District of Pennsylvania in 1:13-cv-02618 (14-4105) and 1:13-cv-03058 (14-4106)

## PETITION TO BE HEARD EN BANC ON BOTH APPEALS

Stephen G. Conklin, pro se, IFP
c/o 22 Mairdale Street
Pittsburgh, PA. 15214
(717) 460-5450

Dated: July 5, 2015

## PETITION TO BE HEARD EN BANC ON APPEALS

Stephen G. Conklin, Appellant on two (2) appeals, docketed as 14-4105 (1:13-cv-02618) and 14-4106 (1:13-cv-03058) respectively, for reasons more fully set forth below, hereby Petitions this Court, for good cause, to dissolve the panel recently selected to hear 14-4105, and stay proceeding further therewith, so that both appeals, absent disqualified Justices, may be heard concurrently by the remainder of this Court, En Banc. Appellant further seeks to be heard in oral argument on both appeals.

## STATEMENT

Pursuant to 28 U.S.C. § 46 (c), and the Federal Rules of Appellate Procedure ("Rule") 35 et seq., en banc consideration is necessary to secure and/or otherwise maintain uniformity with this Court's prior decisions, in full accord with decisions enunciated by the United States Supreme Court; and, the proceedings on appeal(s) involves questions of exceptional importance.

What is of primary concern is public confidence in the independence and integrity of this Court in rendering decision(s) of exceptional importance that ultimately necessitates determining whether this Circuit is capable of policing itself and its subordinate districts for which this Circuit must supervise.

The foregoing is all the more applicable here, where, given the fact that all of the Appellees are well-known federal officials within this circuit, who, together with other such officials behind the scenes, have forged close personal relationships, frequently working in tandem with this Court; and as to the instant matter(s), have and continue to wield unbridled power(s), acting in an incestuously confederated effort to repeatedly harm both this Appellant and his close friend and former attorney, Don Bailey.

Thus, the initial question revolves around whether this Court's "selected" panel in 14-4105 (or hereafter in 14-4106) can, and/or will actually be objective, given who the Appellees are, free of all undue influences, partiality, bias or prejudice; and, whether any reasonable third party person, i.e., "man on the street" standard, knowing all of the facts and circumstances, could reasonably conclude that such undue influences, partiality, bias or prejudice do not exist in favor of Appellees. Appellant concludes they would not.

Some background facts are in order here. For the sake of brevity, each is presented in bulleted fashion; to wit, Appellant is prepared to further brief in detail and/or provide testimony before this Court, as to the veracity of each and every fact presented herein.

Direct Relationship of Appeals, underlying causes of action, and acts
of interference therewith, all of which fully countenance this Court hearing
both appeals concurrently, en banc.

- There are two (2) ostensibly separate appeals at issue here, that are
  derived from a common nucleus, that being, a state court issued writ
  of summons (CV-2013-2962-CV) directed against Yvette Kane, as a
  private party.

- Subsequently, Appellant's state issued writ was removed to federal
  court, via the U.S. Attorney's office, by AUSA [Appellee] Mark E.
  Morrison, and docketed as 1:13-cv-01531.

- This removal falsely recasts as the defendant, the United States of
  America.

- On or about July 8, 2013 Appellant timely filed a motion to remand
  for, inter alia, lack of jurisdiction.

- On July 13, 2013 Appellant served Appellee Morrison and Judge
  McKee with a safe harbor notice, demanding the case be remanded –
  this was particular more egregious, given the fact that as Chief Judge,
  McKee knew that prevailing circuit law specifically prohibited such
  removal.

- On August 27, 2013 the Hon. Timothy J. Savage, sitting by
  designation, issued a memorandum stating Appellant was correct, and
  ordered the case remanded the case back to state court because of a
  lack of removal jurisdiction. This represents the law of the case.

- On or about October 22, 2013 Appellant, by and through his friend
  and attorney, Don Bailey, filed a Bivens complaint (1:13-cv-02618)
  against the Appellees.

- The Bivens complaint quite clearly is directly related to Appellant's
  writ of summons and Appellee's subsequent removal, as it concisely
  addresses violations of Appellant's rights from the moment of the

removal (1531) up through and concluding with the August 27th remand for lack of jurisdiction.

- On or about October 23, 2013 Appellant received a ten-day notice of non pros from AUSA Morrison, still in his official capacity, for failure to have filed a complaint in state court.

- Unbeknownst to appellant at the time, on or about September 18, 2013 Appellee Morrison, under color, sought and obtained a Rule to file a complaint; but as later admitted, never served that rule on Appellant whilst attempting to obtain a non pros.

- In light of exigent circumstances, Appellant promptly filed an emergency motion and application for stay in state court.

- Appellant's emergency state court motion is directly related to Appellant's writ of summons, and subsequent removal and remand, insofar as it is all about acts committed by Morrison on behalf of Yvette Kane, following remand.

- On or about November 25, 2013 State Court Judge, Scott Evans, scheduled a hearing to be held on Appellant's motion on Monday, December 9, 2013.

- On date same, Judge McKee designated Judge Juan R. Sanchez to preside over Don Bailey's Bivens case, as filed on behalf of Appellant.

- This is so, even though it mysteriously never appears on the docket, the Bivens Complaint was originally assigned to Judge William H. Caldwell of the Middle District Court, evidence of which appears on Justia.com.

- November 25, 2013 is additionally important, as defying a modicum of coincidence, Judge Evans entered an order for a hearing on Appellant's emergency motion to be heard on Monday, December 9, 2013.

- Judge Evan's belated appearance, follows what appears from the dauphin county docket entries, as judge-shopping by Appellees, as 2

5

previous judges, namely Judges Jeannine Turgeon, and Bruce Bratton had originally been assigned to Appellant's October 31, 2013 emergency motion.

- Judge Sanchez has a history of animosity towards Don Bailey, who, defying mathematical odds, has frequently been "randomly-selected" to preside over cases involving Don Bailey all to the detriment and harm of Don Bailey and his clients.

- Upon information and belief, and per statement(s) made in open court, (Snyder et al. v. Kraus et al., No. 5:08-cv-05217 (PA.E.D. 2008) Judge Sanchez has gleefully acknowledged his close ties with Appellee Kane and others in the Middle District Court.

- Upon information and belief, following the Savage decision, coupled to the subsequent filing of a Bivens Complaint by Don Bailey, Appellee Kane either directly, or by instruction, specifically sought out the designation Judge Juan Sanchez, knowing her friend would provide the desired results, no matter how far a departure.

- On Friday, December 6, 2013 at approximately 4:28PM (2 minutes before closing) AUSA Butler on behalf of Appellees Morrison and Kane, removed Appellant's emergency motion to federal court, which was thereafter docketed as 1:13-cv-03058.

- On or about December 19, 2013 Judge McKee designated Judge Juan R. Sanchez to preside over the second removal.

- Although Judge Savage had originally been designated to hear 1531, both the Bivens and the removed emergency motion were directly related thereto, Judge McKee subsequently designated both the Bivens and state-emergency motion to Judge Juan R. Sanchez.

- Subsequently, Appellant once more timely filed a motion to remand and thereafter, following Appellees' response thereto, on March 10, 2014 filed a motion in reply.

- On August 13, 2014 Appellant filed a motion to recuse Judge Sanchez, for the inordinate and inexcusable delay that elapsed since both the Bivens action and the second removal were filed; and,

further, that both cases were "related" cases that should have never been assigned to Judge Sanchez.

- On or about August 25, 2014 whilst preparing his brief in support of recusal, Appellant received a phone call from AUSA Kate Mershimer (now chief of the civil division) who informed him that a conference call had been ordered by Judge Sanchez for Tuesday, August 26, 2014.

- Appellant informed Ms. Mershimer that he not received any notice of this so-called conference call, and when queried about what the conference was about, Ms. Mershimer stated the conference call was about "scheduling a hearing on all outstanding motions."

- Later that day, Appellant was told by Don Bailey that he had received an e-mail and I believe a phone call as well, from Thomas Schmidt, private counsel for Yvette Kane concerning the conference call.

- Subsequently, Appellant contacted both Ms. Mershimer, and Mr. Schmidt to determine whether either objected with Don Bailey being in on the conference call – neither objected.

- On August 26, 2013 as the transcript evinces, Appellant participated in the telephone conference call under protest.

- During this so-called conference, Appellant specifically inquired whether the Court would allow Don Bailey to sit in, as he was on stand-by to do so.

- After bantering over whether Don Bailey was still an attorney, which, in the middle district he still was, both Mr. Schmidt and Ms. Mershimer lied as to whether he could participate.

- Notably throughout, Appellant objected to the conference, and repeatedly stated, inter alia, that Judge Sanchez was there to "fix" Appellant's case(s) against him.

- Nonetheless, as evidenced by the record, Judge Sanchez referred to Appellant's March 10, 2014 Reply motion, as presenting an "interesting and thorny" issue. The document speaks for itself-it

A.269

presents unequivocally, that, inter alia, Appellees' second removal was time-barred.

- Curiously, insomuch as Appellant's reply presented an interesting and thorny issue, Judge Sanchez never sought any replies or further briefing on the issue; and, it is only more than five (5) months later, following Appellant's motion for recusal that suddenly, it is brought up.

- Near the conclusion of the conference call, Judge Sanchez sought submission of letter briefs from each of the parties on the issues raised within three days; to wit, Appellant, under protest, timely complied.

- Notably, the conference call had absolutely nothing to do with scheduling a hearing for purposes of resolving all outstanding motions.

- What the conference call was about was a concerted effort to lure Appellant into a trap, leading Appellant to believe Don Bailey would be in attendance, whilst intentionally separating Appellant from his friend and attorney.

- Moreover, upon information and belief, both Mr. Schmidt and AUSA Mershimer had ex parte communications in furtherance of this scheme. This, on its face seems readily evident by the fact that Mr. Schmidt contacts Don Bailey, and Ms. Mershimer (heretofore never involved) contacts Appellant, and both had no issue with Don Bailey being present for the conference.

- Appellant additionally believes, the intent of the abrupt notice of conference, together with submission of a letter brief, was to preclude Appellant from timely filing a brief in support of his motion to recuse; however, due to the conference and events surrounding it, in furtherance of a prima facie cause, Appellant was in the process of filing a new motion, with brief when:

- On September 5, 2014 Judge Sanchez by both order and opinion, inexplicably so intertwined both cases, as to further recognize their direct and inseparable nature of their relationship.

- On October 3, 2014 Appellant filed two appeals.

- On or about September 9, 2014 Appellant received a filing re-directed back to a state-court inmate from Judge Conaboy. Appellant later came to learn that the inmate's filing was actually on Appellant's docket, as if his own, and coinciding with a notice Appellant never received concerning the transcript.

- Appellant additionally learned that not received a copy of the August 22, 2014 telephone conference call order, he had also not received a copy of the August 26, 2014 transcripts, Judge Sanchez's September 5, 2014 orders, or a copy of either the Mr. Schmidt's or Ms. Mershimer's conference briefs.

- Appellant also learned that his conference brief was not docketed.

- On October 7, 2014 Appellant mailed a certified letter to the new chief Clerk of the Middle District Court, Maria Elkins.

- Upon information and belief, Judge Conner personally picked Maria Elkins to be the new Chief Clerk, replacing Mary D' Angela, who for as yet unexplained reasons, departed her post in close proximity to Judge Conner becoming Chief Judge.

- The Clerk's office replied on October 17, 2014, apologizing for the lack of notices and the posting of the inmate's filing as wrong document. In addition, they acknowledged that my letter brief had not been docketed, but after consulting with [judge Sanchez] chambers, received a copy thereof, indicative of the fact that Judge Sanchez had control thereof.

- On or about this same time, Appellant received notice from this Circuit's Clerk's office, stating, without explaining more, that there "appears to be a possible jurisdictional defect" with respect to Appellant's 14-4106 appeal. Appellant was directed to file something in opposition thereto.

- On or about November 7, 2014 Appellant personally filed in the Clerk's office of the Third Circuit, his opposition to dismiss his appeal for possible jurisdictional defect.

- For more than five months, despite repeated inquiries into the status of 14-4106, Appellant's possible jurisdictional defect issue was never addressed by a merits panel or otherwise.

- That is, until on or about April 10, 2015 Appellant sent a letter to the Department of Justice, concerning, inter alia, the irregularities involved and the inordinate delay incurred by Appellant in being able to brief his 14-4106 appeal. A copy of this letter was forwarded to the Chairman and Ranking member of both the House and Senate judiciary committees.

- Within five days of the DOJ's acknowledged receipt, on mail dated April 21, 2015 Appellant subsequently received notice from this Court's Clerk, stating "Upon further consideration, it appears it would not be appropriate at this time to submit this appeal to a panel of the Court to consider dismissal for lack of appellate jurisdiction…".

- Whilst admittedly never making a determination of the jurisdictional issue, a brief schedule was presented.

- No explanation has ever been forthcoming as to what the possible jurisdictional defect was, or why, it was not previously submitted to a panel for determination.

- Appellant firmly believes that this inordinate delay of over five months, was a deliberate tactic to put as much time and distance between Appellant's appeals of 14-4105 and 14-4106, to preclude the import/effect of their inter-relatedness if they were to actually be briefed and heard together.

- Meanwhile, in the interim, in as motion filed by AUSA Butler, dated February 27, 2015 Appellant first learned that on February 6, 2015 a single oral request for an extension of time to file Appellee briefs was granted; and, of equal date, Appellant subsequently received a copy of Appellee Kane's brief.

- Neither Appellee Kane or AUSA Butler made any attempt to contact Appellant, concerning the February 6th event; nor, did either, serve notice on Appellant as an non-ECF user, as required by rule.

- More importantly, Appellant learned that only a single request for an oral extension of time was ever requested – and that being via Christina Garber who works for the U.S. Attorney's office.

- Appellee Kane, who is represented by separate counsel, never made such a request.

- Additionally, the brief submitted by Appellee Kane was in non-compliance, and per order dated March 6, 2015, Appellee had until March 11, 2015 to comply. Appellee Kane filed what ostensibly appears as a second amended brief, on March 12, 2015 – one day beyond the Court's compliance order.

- On or about March 16, 2015 sent a letter to this Clerk's office, seeking copies of his dockets, and an explanation as to why Appellee Kane was granted an extension of time when no such request was made by her counsel.

- On letter dated March 23, 2015 the Clerk's office replied, that the "records team" would be in contact (to date, they never have); and in attempting to explain Appellee Kane's untimely filing(s), side-stepped the issue, offering no real explanation at all.

- Accordingly, on or about March 27, 2015 Appellant filed a motion to strike Appellee Kane's brief as untimely.

- Once more, unbeknownst to Appellant, on or about April 7, 2015 Appellee Kane filed response to Appellant's motion to strike, but never served that response on Appellant.

- On June 1, 2015 Appellant once again, in writing, informed the Clerk that once more Appellee Kane has failed to notice Appellant, noting that it is an ongoing pattern.

- With respect to all of the immediate above, just as Appellant firmly believes that docket conjuring occurred in the district Court Clerk's office, so too, Appellant believes that this Clerk's office has not only withheld docketing activity, but equally, has exhibited an undue preference towards Appellees, in consideration of their influences.

- With respect to the motion to strike, Appellant believes this issue yet remains unresolved and outstanding.

Pursuant to Rule(s) 35(b)(1)(A) and (B):

**(A). A Panel decision is most likely to conflict with [a] decision[s] of the United States Supreme Court, and/or this Court.**

<u>Backdrop</u>

- Appellee Kane harbors a personal animus against both this Appellant and Don Bailey, each for having individually exercised their inherent rights to petition for redress, and/or on behalf of Don Bailey's clients.

- Appellee Kane is equally responsible for working in a concerted effort to deprive Appellant's rights with her close friends and others, including, but not limited to, Theodore A. McKee, Juan R. Sanchez, Appellees Peter J. Smith, Mark E. Morrison, AUSA Michael Butler, Thomas B. Schmidt III, as private counsel, and Judge Christopher C. Conner, the latter who spearheaded the efforts to get "Don Bailey".

- On or about February 2011, Appellee Kane, together with Judge Conner, (and later, after inflicting additional damage on Don Bailey) Judge John E. Jones III recused themselves from all of Don Bailey's cases.

- On or about April 4, 2011 Appellee Kane recused herself from Appellant's case in 1:10-cv-2501, where after, she, as then-chief judge, openly and personally attacked Appellant, without just cause, denying him his fundamental rights, and further, in retaliatory fashion, casting Appellant in a false light.

- Appellee Kane is, upon information and belief, further responsible for having Appellant placed on at least one [derogatory] list in the Marshal's office, as admitted by a Marshal who detained him on or about September 27, 2011; and further, having him under surveillance, and moreover, subject to a drop-down box, as Don Bailey long has been, as to monitor his activities involving the court.

- Judge Conner harbors a personal and seething animus towards both this Appellant and Don Bailey.

- Judge Conner actively sought to maliciously malign Don Bailey by spearheading his suspension from the practice of law, which ultimately resulted in Appellant's loss of choice of counsel.

- This active effort began with Appellant's case in 1:05-cv-1707, which was filed by Don Bailey, during the course of which, on or about May 16, 2006, Judge Conner issued a memorandum that exhibited what Appellant believed, and three additional attorneys concurred with, all before Don Bailey ever saw it, that Judge Conner, at minimum, harbored racial-insensitivity, if not racial animus.

- Appellant subsequently examined statements made in court documents filed by Judge Conner, such as *Shultz v. Wilson*, (citation omitted) and others, together with Appellant's personal contact with a former renter of Judge Conner, namely, Gisela Grimmel, and has concluded that Judge Conner indeed harbors a distinct racial animus.

- Judge Conner openly perjured himself during the August 11-12th 2012 disciplinary inquisition proceedings, where, *inter alia*, he stated he never filed a complaint against Don Bailey, where, the facts in evidence clearly show he did.

- Appellant was openly and viciously attacked by a tipstaff, Robert Snook, during his testimony about Judge Conner in the disciplinary inquisition, which was clear intended to foreclose further testimony.

- Upon information and belief, and as further supported by the record, Mr. Snook was previously instructed (pre-arranged) to interfere with Appellant's testimony, particularly where it concerned Judge Conner; as further pre-arranged by Mr. Snook's statement about the two policemen in the back of the room were there for me.

- Upon information and belief, before and during these material times, counsel for Judge Conner, namely, David Fine, was seated at the disciplinary counsel's table, along-side, disciplinary counsel Robert Foster, and with acquiescence of both Mr. Foster's and Brian Cali,

chair of the proceedings, Mr. Fine was allowed to raise objections and/or otherwise interrupt the proceedings.

<u>Instant Matters</u>

- Appellant firmly believes that this Court's chief Judge, Theodore A. McKee is intricately involved in aiding Appellee Kane and her government attorney friends, to the detriment of Appellant.

- On July 13, 2013 Judge McKee was served a safe harbor notice as it pertained to 1:13-cv-01531, for his role in having designated the removal of Appellant's state court issued writ to anyone, given the fact it was abundantly clear, by circuit law, no jurisdiction existed for such removal. At this point, Mssr. McKee should have disqualified himself from proceeding any further.

- Nonetheless, he did proceed by subsequently and in an orchestrated fashion, designating Juan R. Sanchez to preside, first, over the Bivens action filed by Don Bailey, and later, over the second removal filed by AUSA Butler on behalf of Appellees.

- Judge McKee knew that both of these cases were directly related to a case that already had been decided by his first designate, Judge Timothy J. Savage, but because the results desired by the Appellees was not forthcoming, chose Judge Sanchez, most likely at the behest of Appellee Kane, who is close to him, and equally knowing he is an antagonist towards Don Bailey that is most likely to get the results Appellees seek.

- The two active justices on panel, namely Mssrs. Jordan and Chagares, are both former AUSA's; Jordan having most served most recently as Chief of the Civil Division for the Delaware District – the same position Appellee Morrison held in the Middle District of PA.

- Upon information and belief, Judge Jordan is a close friend of Judge McKee; and, despite this Court's IOP at 1.1, Appellant contends that Judge Jordan, and possibly Judge Chagares were hand-picked by Judge McKee to irreparably tilt the tables in favor of the Appellees.

- Appellees, Peter J. Smith and Mark E. Morrison, are the U.S. Attorney and AUSA, respectively, for the Middle District.

A 406

- Given all of the other sordid circumstances involved herewith, Appellant has ever reason to firmly believe that both Mssr.'s Chagares and Jordan will do everything they can to find in favor of said Appellee's, not only because of a certain camaraderie, but equally, it is fully expected of them to deliver.

- Accordingly, if for no other reason, for the sake of the appearance of justice, Appellant will be seeking by separate motion the disqualifications of Judges Theodore A. McKee, Kent A. Jordan, and Michael A. Chagares from any further involvement in Appellant's appeals.

In light of all of the foregoing, Appellant is concerned by the panel designation in 14-4105 that upon submission of the briefs on Monday, July 6, 2015 will determine the merits of Appellant's appeal. Appellant believes the panel selected was hand-picked in furtherance of covering-up the wrongs committed by Appellees. That is to say, the reach and power of the Appellees seemingly knows no bounds. Appellant recognizes that whatever this panel decides, will have a binding effect on any subsequent panel, and if for no other reason than that alone, neither of Appellant's appeals should be hidden under a rock, or, [under] a panel in this case, but should, for the sake of the appearance of justice, be heard concurrently by this Court, en banc.

**(B). The proceedings on appeal(s) involve one or more questions of exceptional importance.**

As previously stated, given the nature of Appellant's appeals, and the Appellees involved, there is a question as to whether this Court's selected

A-407

panel can, without undue influences, partiality, bias or prejudice, objective render an opinion. The mere appearance of partiality should be sufficient enough to warrant having Appellant's Appeals heard concurrently by this court, en banc. No less than Public confidence in the independence and integrity of this Court is at stake.

Wherefore, in consideration of all of the foregoing, Appellant respectfully requests that this Court, dissolve the 14-4105 panel and stay any further proceedings therewith, so that both appeals, absent disqualified Justices, may be heard concurrently by the remainder of this Court, En Banc. Appellant further seeks to be heard in oral argument on both appeals.

In the Interest of Justice Served.

Respectfully Submitted,

Stephen G. Conklin
c/o 22 Mairdale Street
Pittsburgh, PA. 15214

A-406

## CERTIFICATE OF SERVICE

I, Stephen G. Conklin, appellant, do hereby certify this 5th day of July, 2015 that I caused to be served an original foregoing motion to be heard en banc on the Court by personal delivery, and a true and correct copy thereafter, by First Class, U.S. Mail, postage prepaid, upon the following parties:

AUSA Michael Butler
c/o Ronald Reagan Fed. Bldg.
228 Walnut St., Suite 220
P.O. Box 11754
Harrisburg, Pa. 17108-1754

Thomas B. Schmidt III, Esq.
c/o Pepper Hamilton, LLP
100 Market St., Suite 200
P.O. Box 1181
Harrisburg, Pa. 17108-1181

Stephen G. Conklin
c/o 22 Mairdale Street
Pittsburgh, Pa. 15214

A409

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

July 6, 2015
ECO-035

No. 14-4105

STEPHEN G. CONKLIN,
Appellant

v.

YVETTE KANE, et al.

(M.D. Pa. No. 1-13-cv-02618)

Present:    McKEE, Chief Judge, AMBRO, FUENTES, SMITH, FISHER,
            CHAGARES, JORDAN, HARDIMAN, GREENAWAY, JR., VANASKIE,
            SHWARTZ and KRAUSE, Circuit Judges

1.    Motion by Appellant to be Heard En Banc on Appeals


                                    Respectfully,
                                    Clerk/dwb

_____ORDER_____

The foregoing motion is DENIED.


                                    By the Court,

                                    s/ Theodore A. McKee
                                    Chief Judge

Dated: July 7, 2015
DWB/arr/cc: SGC; TRH; TBS; MJB

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

July 6, 2015
ECO-035

No. 14-4106

STEPHEN G. CONKLIN,
Appellant

v.

YVETTE KANE

(M.D. Pa. No. 1-13-cv-03058)

Present:    McKEE, Chief Judge, AMBRO, FUENTES, SMITH, FISHER,
CHAGARES, JORDAN, HARDIMAN, GREENAWAY, JR., VANASKIE,
SHWARTZ and KRAUSE, Circuit Judges

1.    Motion by Appellant to be Heard En Banc on Appeals


Respectfully,
Clerk/dwb

_____ORDER_____

The foregoing motion is DENIED.


By the Court,

s/ Theodore A. McKee
Chief Judge

Dated: July 7, 2015
DWB/arr/cc: SGC; TRH; TBS

| 05/01/2014 | 22 | REPLY BRIEF re 15 MOTION to Dismiss *Plaintiff's Motion for Sanctions*, filed by Yvette Kane. (Attachments: # 1 Exhibit(s) A - Mahady Sacko, Jr. v. Greyhound Lines, Inc., # 2 Exhibit(s) B - Saccomandi v. Delta Airlines, Inc.)(Schmidt, Thomas) (Entered: 05/01/2014) |
|---|---|---|
| 08/13/2014 | 23 | MOTION for Recusal, MOTION to Disqualify Designate Judge and, Disqualify Chief Circuit Judge from Designation filed by Stephen G. Conklin.(vy) (Entered: 08/13/2014) |
| 08/22/2014 | 24 | ORDER: Telephone Conference shall take place on 8/26/2014 at 01:15 PM to discuss scheduling a hearing on the outstanding motions in this case, before Honorable Juan R Sanchez. Signed by Honorable Juan R Sanchez on 8/21/2014. (rm) (Entered: 08/22/2014) |
| 08/29/2014 | 25 | Letter from AUSA Kate l. Mershimer — *Letter Brief per the Court's August 26, 2014 directions.* (Mershimer, Kate) (Entered: 08/29/2014) |
| 08/29/2014 | 26 | Letter from Thomas B. Schmidt, III — *Letter Brief per the Court's August 26, 2014 directions.* (Schmidt, Thomas) (Entered: 08/29/2014) |
| 09/03/2014 | 27 | DOCUMENT re: Transcript of telephone conference on 8/26/14 (eo) (Entered: 09/03/2014) |
| 09/03/2014 | 38 | Letter Brief from Stephen G. Conklin (ao) (Entered: 10/20/2014) |
| 09/05/2014 | 28 | MEMORANDUM (Order to follow as separate docket entry)Signed by Honorable Juan R Sanchez on 9/5/14. (ao) (Entered: 09/05/2014) |
| 09/05/2014 | 29 | ORDER (MEMORANDUM docketed as a separate docket entry) Pltf Stephen G. Conklin's 23 Motion for Recusal is DENIED. Conklin's 3 Motion for Remand is DENIED; Deft Yvette Kane's 15 Motion to Dismiss Conklin's Motion for Sanctions is GRANTED. Conklin's Motion for Sanctions against Mark E. Morrison, which is the subject of the proceeding removed to this Court, is DENIED. There being no basis for removal other than the proceeding associated with Conklin's Motion for Sanctions, it is further ORDERED this action is REMANDED to the Court of Common Pleas of Dauphin County. The Clerk of Court is DIRECTED to mail a certifed copy of this Memo & Order to the Clerk of the Court of Common Pleas of Dauphin County and to mark this case CLOSED. Signed by Honorable Juan R Sanchez on 9/5/14 (ao) (Entered: 09/05/2014) |
| 09/08/2014 | 30 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of proceedings (Telephonic Conference) held on 8/26/14, before Judge Juan R. Sanchez of Phila, PA (ED of PA). (aaa) (Entered: 09/08/2014) |
| 09/15/2014 | 32 | ACKNOWLEDGEMENT OF SERVICE Executed by certified mail upon Dauphin County Court of Common Pleas rec'd on 9/10/14 as to 28 Memorandum (Order to follow as separate docket entry), 29 Order on Motion to Remand, Order on Motion to Dismiss, Order on Motion for Recusal. (ao) (Entered: 09/15/2014) |
| 10/03/2014 | 33 | NOTICE OF APPEAL in PRO SE NON-PRISONER Case as to 28 Memorandum (Order to follow as separate docket entry), 29 Order on Motion to Remand, Order on Motion to Dismiss, Order on Motion for Recusal, by Stephen G. Conklin. Filing Fee and Docket Fee NOT PAID. The Clerk's Office hereby certifies the record and |

| | | the docket sheet available through ECF to be the certified list in lieu of the record and/or the certified copy of the docket entries. (aaa) (Entered: 10/06/2014) |
|---|---|---|
| 10/03/2014 | 34 | MOTION for Leave to Appeal in forma pauperis by Stephen G. Conklin.(aaa) (Entered: 10/06/2014) |
| 10/07/2014 | 35 | ORDER granting 34 Motion for Leave to Appeal in forma pauperis Signed by Honorable Juan R Sanchez on 10/7/14 (ao) (Entered: 10/07/2014) |
| 10/07/2014 | | Supplemental Record on Appeal transmitted to US Court of Appeals re 35 Order Motion for Leave to Appeal in forma pauperis. Documents and Docket Sheet available through ECF. The Clerk's Office hereby certifies the record and the docket sheet available through ECF to be the certified list in lieu of the record and/or the certified copy of the docket entries. (ao) (Entered: 10/07/2014) |
| 10/10/2014 | 36 | USCA Case Number 14-4106 for 33 Notice of Appeal, filed by Stephen G. Conklin. USCA Case Manager Desiree (DOCUMENT IS RESTRICTED AND CAN ONLY BE VIEWED BY COURT STAFF). (White Banks, Desiree) (Enter 10/10/2014) |
| 10/14/2014 | 37 | Letter dtd 10/7/14 from Stephen G. Conklin regarding entries on docket sheet wi Exhibits attached. (ao) (Entered: 10/14/2014) |
| 10/20/2014 | | DOCKET ANNOTATION: Deleted document #31 due to incorrect case. Redoc in correct case. (lh) (Entered: 10/20/2014) |
| 10/21/2014 | 39 | Letter dtd 10/17/14 from Kevin Calpin, Operations Manager responding to letter from pltf Conklin dtd 10/7/14. (ao) (Entered: 10/21/2014) |