# IN THE UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

---

## No. 14-4106

---

### STEPHEN G. CONKLIN, *Pro Se*,

**Appellant**

**vs.**

### YVETTE KANE, et al.,

**Appellees**

---

**Appeal from the September 5, 2014, Order entered
in the United States District Court for the
Middle District of Pennsylvania at No. 1:13-cv-03058**

---

## BRIEF OF APPELLEE YVETTE KANE

---

Thomas B. Schmidt, III (PA 19196)
Tucker R. Hull (PA 306426)
PEPPER HAMILTON LLP
100 Market Street, Suite 200
P.O. Box 1181
Harrisburg, PA 17108-1181
717.255.1155
717.238.0575 fax
schmidtt@pepperlaw.com
hullt@pepperlaw.com

Dated:  August 25, 2015          Attorneys for Appellee Yvette Kane

# <u>TABLE OF CONTENTS</u>

<u>Page No.</u>

I.    COUNTERSTATEMENT OF JURISDICTION ........................................... 1

II.    COUNTERSTATEMENT OF ISSUES PRESENTED FOR REVIEW ........ 1

III.    COUNTERSTATEMENT OF RELATED CASES AND PROCEEDINGS ............................................................................................ 1

IV.    COUNTERSTATEMENT OF THE CASE ..................................................... 2

V.    SUMMARY OF ARGUMENT ........................................................................ 4

VI.    ARGUMENT ....................................................................................................... 6

    A.    Judge Sanchez Properly Denied Conklin's Motion for Recusal .......... 6

    B.    The District Court Properly Denied Conklin's Motion For Remand ............................................................................................................. 7

    C.    The District Court Properly Dismissed Conklin's Motion for Sanctions ........................................................................................................ 11

VII.    CONCLUSION ................................................................................................. 14

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Bryan v. Erie Cnty. Office of Children & Youth*, 752 F.3d 316 (3d Cir. 2014).......10

*Calhoun v. Murray*, 507 Fed. Appx. 251, 260 (3rd Cir. 2012) ...............................13

*Conklin v. Kane*, No. 13-cv-02618 (M.D. Pa. Sept. 5, 2014)......................1, 5, 6, 7

*Conklin v. Kane*, No. 14-4105 (3d Cir. July 20, 2015).........................................2, 7

*Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990)........................................12

*Fowler v. Southern Bell Tel. & Tel. Co.*, 343 F.2d 150 (5th Cir. 1965).................11

*In re Commonwealth's Motion to Appoint Counsel Against or Directed to
    Defender Ass'n of Philadelphia*, 790 F.3d 457 (3d Cir. 2015)....................7, 8, 9

*In re Kensington Int'l, Ltd.*, 368 F.3d 289 (3d Cir. 2004) ....................................6, 7

*Jefferson County, Ala. v. Acker*, 527 U.S. 423 (1999)......................................10, 11

*Kircher v. Putnam Funds Trust*, 547 U.S. 633 (2006) ............................................9

*Kolibash v. Comm. on Legal Ethics of the W.Va. Bar*, 872 F.2d 571 (4th Cir.
    1989) ................................................................................................................10

*Peterson v. Blue Cross/Blue Shield of Texas*, 508 F.2d 55 (5th Cir. 1975) ............10

*Sun Buick, Inc. v. Saab Cars USA, Inc.*, 26 F.3d 1259 (3d Cir. 1994).....................9

*Watson v. Phillip Morris Cos., Inc.*, 551 U.S. 142 (2007) ......................................8

*Willingham v. Morgan*, 395 U.S. 402 (1969) ..................................................11, 13

**STATUTES**

*28 U.S.C. § 292(b)* ...............................................................................................2, 4

*28 U.S.C. § 455(a)* ...............................................................................................6, 7

*28 U.S.C. § 1291* .....................................................................................................1

*28 U.S.C. § 1442* .........................................................................................1, 3, 4, 9, 10

*28 U.S.C. § 1446(g)* .............................................................................................11

**OTHER AUTHORITIES**

Fed. R. Civ. P. 11 .................................................................................5, 12, 13

Fed. R. Civ. P. 12(b)(6) .......................................................................................2

Pa. R.C.P. 440 .....................................................................................................3

Pa. R.C.P. 1024 .................................................................................................13

Pa. R.C.P. 1037 ...................................................................................................3

## I.    COUNTERSTATEMENT OF JURISDICTION

The district court properly exercised jurisdiction over the sanctions proceeding that was removed from state court by Appellee Assistant United States Attorney Mark E. Morrison pursuant to the federal officer removal statute, 28 U.S.C. § 1442.

On October 3, 2014, Appellant Stephen G. Conklin ("Conklin") filed a timely notice of appeal from the district court's order entered September 5, 2014, denying his motions for recusal, for remand, and for sanctions.  This Court has jurisdiction over Conklin's appeal of that final order pursuant to 28 U.S.C. § 1291.

## II.    COUNTERSTATEMENT OF ISSUES PRESENTED FOR REVIEW

A.    Did Judge Juan R. Sanchez, sitting by designation in the district court, properly deny Conklin's motion for recusal?

**Suggested Answer:        Yes.**

B.    Did the district court properly exercise removal jurisdiction pursuant to the federal officer removal statute, 28 U.S.C. § 1442?

**Suggested Answer:        Yes**

C.    Did the district court properly deny Conklin's motion for sanctions against Judge Kane?

**Suggested Answer:        Yes.**

## III.    COUNTERSTATEMENT OF RELATED CASES AND PROCEEDINGS

In addition to this appeal, Conklin filed a notice of appeal from the district court's order in *Conklin v. Kane*, No. 13-cv-02618 (M.D. Pa. Sept. 5, 2014)

("*Bivens* Action"), by which the district court (1) denied Conklin's motion for recusal, and (2) dismissed his complaint pursuant to Fed. R. Civ. P. 12(b)(6).  This Court has affirmed the district court's order.  *See  Conklin v. Kane*, No. 14-4105 (3d Cir. July 20, 2015).

As explained in greater detail below, Conklin initiated an action in state court, *Conklin vs. Kane*, No. 2013-cv-2962 (Dauphin County C.P.), that was removed to the United States District Court for the Middle District of Pennsylvania, where it was docketed at No. 13-cv-1351 and assigned to Hon. Timothy J. Savage pursuant to 28 U.S.C. § 292(b).  Judge Savage granted Conklin's motion to remand that action to state court.  On December 23, 2013, judgment was entered against Conklin in the state court action for failure to file a complaint.

## IV.   COUNTERSTATEMENT OF THE CASE

Conklin's claims arise from and relate to a state court action (the "Dauphin County Action") commenced by Conklin *pro se* in the Dauphin County Court of Common Pleas by filing a praecipe for a writ of summons ("Writ") on April 4, 2013, that names "Yvette Kane" as the defendant but does not identify her as a sitting federal judge.[1]  (A238-239).

---

[1] Hon. Yvette Kane (hereinafter "Judge Kane") is a sitting judge in the United States District Court for the Middle District of Pennsylvania.

On May 24, 2013, the Writ was delivered to the office of the United
States Attorney for the Middle District of Pennsylvania.  On June 11, 2013,
Assistant United States Attorney Mark E. Morrison, acting as counsel for Judge
Kane, filed a Notice of Removal to the United States District Court for the Middle
District of Pennsylvania ("Middle District") pursuant to the federal officer removal
statute, 28 U.S.C. § 1442.  (A158; 239).

Conklin filed a timely motion to remand.  (A159).  After briefing,
Judge Savage remanded the Dauphin County Action, having concluded that the
propriety of removal could not be determined until a complaint was filed. (A160-
164).  On September 18, 2013, following remand, a Rule was issued in the
Dauphin County Action directing Conklin to file a complaint.  (A239).  On
November 18, 2013, the Rule was served pursuant to Pa. R.C.P. 440 and 1037.  On
December 23, 2013, because no complaint had been filed in the Dauphin County
Action, Judge Kane filed a praecipe for entry of judgment of *non pros* and
judgment was entered against Conklin, who has not sought to strike or open that
judgment.  (A238).

Meanwhile, on October 31, 2013, before the Rule was served, Conklin
filed an Emergency Motion for Sanctions ("Sanctions Proceeding"), seeking
sanctions against Judge Kane and AUSA Morrison for the allegedly improper
removal of the Dauphin County Action.  (A125-145).  The Dauphin County Court

scheduled a hearing in the Sanctions Proceeding for December 9, 2013. (A238).

On December 6, 2013, AUSA Michael Butler, as counsel for AUSA Morrison,

removed the Sanctions Proceeding to the Middle District pursuant to 28 U.S.C.

§ 1442. (A238). The Sanctions Proceeding was docketed in the district court at

No. 13-cv-3058, and assigned to Hon. Juan R. Sanchez of the Eastern District of

Pennsylvania pursuant to 28 U.S.C. § 292(b). (A26).

Conklin filed a motion to remand the Sanctions Proceeding to state

court. (A26). Judge Kane and AUSA Morrison opposed remand and filed separate

motions to dismiss Conklin's motion for sanctions. (A27). On August 13, 2014,

Conklin filed a motion for recusal, claiming "inexcusable delay" on the part of

Judge Sanchez. (A28; 113-124). On September 5, 2014, following a telephone

conference with Conklin and counsel for Judge Kane and AUSA Morrison, and the

submission of supplemental briefs, the district court entered an order denying

Conklin's motion for recusal, motion to remand, and motion for sanctions. (A5-

21). Conklin filed a notice of appeal from this order on October 3, 2014.

## V.    SUMMARY OF ARGUMENT

Conklin has never articulated a claim against Judge Kane in the

Dauphin County Action.[2]

---

[2] If it ever existed, it was abandoned by Conklin when he refused to plead it
and allowed a default judgment to be entered against him in the Dauphin County
Action.

Instead, he has concocted a *Bivens* action and a motion for sanctions. Conklin's fundamental contention in these concoctions is that the decision to remand the Writ established a legal principle—that the federal court had no jurisdiction over his purported claim against Judge Kane—that Judge Kane and her attorney violated in ways that entitle Conklin not only to sanctions but to damages for their interference with rights protected by the Constitution.

Contrary to Conklin's contention, the decision to remand the Writ did not establish that the federal court lacked jurisdiction.  Rather, as the district court properly held in dismissing both Conklin's *Bivens* Action and his motion for sanctions, Judge Savage's remand decision was no more than a determination that removal had been premature because the basis for federal jurisdiction was not apparent on the face of the Writ, and a prediction that removal could be reconsidered when Conklin articulated his claim in a state court complaint. More to the point of this appeal, AUSA Morrison's removal of the Writ was not a violation of Rule 11 or any other standard governing the conduct of Judge Kane or her attorney.  The district court's dismissal of Conklin's *Bivens* Action was affirmed by this Court, which should now affirm the district court's similarly-grounded dismissal of Conklin's motion for sanctions.

## VI.    <u>ARGUMENT</u>

### A.    <u>Judge Sanchez Properly Denied Conklin's Motion for Recusal.</u>

On August 13, 2014, Conklin filed a motion pursuant to 28 U.S.C. §455(a) in both the *Bivens* Action and this action, asking Judge Sanchez to recuse himself.  (A33).  Conklin's motion asserted two grounds for recusal:  (1) what he described as "inexcusable delay" in deciding pending motions and failures to schedule case management activity, and (2) that Judge Savage should have been assigned to this case because he had been assigned to the "related" Dauphin County Action when it was removed to the Middle District.  (A113-124).  Judge Sanchez rejected both grounds.[3]

As to the first ground, Judge Sanchez noted that the manner in which a court controls its docket is discretionary and that Conklin's "allegations of inexcusable delay therefore provide no grounds for recusal. . . ."  (A11).  In his opinion, Judge Sanchez explained in greater detail the sequence of briefing, including the several requests for extensions of that sequence by Conklin.  (A10-11).

Conklin's second ground for recusal is nothing more than a reprise of his contention that there has been a conspiracy of judges – which he also refers to

---

[3] The standard of review of a district court judge's decision not to recuse is abuse of discretion.  *In re Kensington Int'l, Ltd.,* 368 F.3d 289, 300-01 (3d Cir. 2004)

as Judge Kane's "cohort" and her "posse" (A121) – to steer Conklin's case away

from Judge Savage.  (A119-123).  Even if this contention were not preposterous on

its face, that Conklin failed to present it until eight months after Judge Sanchez was

assigned this case, and that he even acknowledged in his recusal motion that he

failed to identify his complaint as related to the case previously assigned to Judge

Savage, bely any legitimacy to this ground for recusal.  (A11).

Section 455(a) calls for an objective inquiry into "whether a

reasonable person, with knowledge of all of the facts, would conclude that the

judge's impartiality might reasonably be questioned," *Kensington,* 368 F.3d at

301.  Merely to state the standard is to demonstrate that there was no merit to

Conklin's motion for recusal and that Judge Sanchez was right to deny it.  His

order doing so has been reviewed and affirmed by this Court in its decision

affirming dismissal of Conklin's *Bivens* Action.  *See Conklin v. Kane*, No. 14-4105

(3d Cir. July 20, 2015).

## B.    <u>The District Court Properly Denied Conklin's Motion For Remand.</u>

This Court recently examined the history, contours, and application of

the federal officer removal statute in *In re Commonwealth's Motion to Appoint

Counsel Against or Directed to Defender Ass'n of Philadelphia,* 790 F.3d 457 (3d

Cir. 2015).  The Court held that the "basic purpose" of the statute is:

> [T]o protect the Federal Government from the
> interference with its operations that would ensue were a
> State able, for example, to arrest and bring for trial in a
> State court for an alleged offense against the law of the
> State, officers and agents of the Federal Government
> acting within the scope of their authority.

*Defender Ass'n,* 790 F.3d at 466 (quoting *Watson v. Phillip Morris Cos., Inc.*, 551

U.S. 142, 150 (2007) (internal quotation marks omitted)).

As the Court explained, following its most recent amendment in 2011,

the federal officer removal statute provides, in relevant part:

> (a) A civil action or criminal prosecution that is
> commenced in a State court and that is against or directed
> to any of the following may be removed by them to the
> district court of the United States for the district and
> division embracing the place wherein it is pending:

> > (1) The United States or any agency thereof or any
> > officer (or any person acting under that officer) of
> > the United States or of any agency thereof, in an
> > official or individual capacity, for or relating to
> > any act under color of such office or on account of
> > any right, title or authority claimed under any Act
> > of Congress for the apprehension or punishment of
> > criminals or the collection of the revenue.

> > > \* \* \* \*

> (d) In this section, the following definitions apply:

> > (1) The terms "civil action" and "criminal
> > prosecution" include any proceeding (whether or
> > not ancillary to another proceeding) to the extent
> > that in such proceeding a judicial order, including
> > a subpoena for testimony or documents, is sought
> > or issued. If removal is sought for a proceeding
> > described in the previous sentence, and there is no

-8-

> other basis for removal, only that proceeding may
> be removed to the district court.

*Id.* (quoting 28 U.S.C. §1442(a)(l), (d)(l)).

> Section 1442(a) is an exception to the well-pleaded
> complaint rule, under which (absent diversity) a
> defendant may not remove a case to federal court unless
> the plaintiff's complaint establishes that the case arises
> under federal law. *Kircher v. Putnam Funds Trust*, 547
> U.S. 633, 644 n.12 (2006) (internal quotation marks
> omitted). Under this statute, a colorable federal defense
> is sufficient to confer federal jurisdiction. *See id*. Unlike
> the general removal statute, the federal officer removal
> statute is to be "broadly construed" in favor of a federal
> forum. *See Sun Buick, Inc. v. Saab Cars USA, Inc.*, 26
> F.3d 1259, 1262 (3d Cir. 1994).

*Defender Ass'n,* 790 F.3d at 466-67.

The Removal Clarification Act of 2011, 112 P.L. 51, 125 Stat. 545 (2011), made two amendments to § 1442 that are pertinent here. First, the Act clarified that the term "civil action" includes ancillary proceedings, so long as a "judicial order" is sought or issued. *Id*. at 545; *see* § 1442(d)(l). Second, it added the words "or relating to" after "for" in § 1442(a). *See* 112 P.L. 51. The House Committee on the Judiciary wrote that the changes to the statute were meant "to ensure that any individual drawn into a State legal proceeding based on that individual's status as a Federal officer has the right to remove the proceeding to a U.S. district court for adjudication." H.R. Rep. No. 112-17, pt. I (2011), as reprinted in 2011 U.S.C.C.A.N. 420, 420. *See Defender Ass'n,* 790 F.3d at 467.

As the district court noted, "Conklin directed the Sanctions Motion against Morrison, an officer of the United States, for acts taken as an AUSA representing a federal judge.  This alone is more than sufficient to find the existence of removal jurisdiction under § 1442, a provision 'which is broadly construed.'"  (A11-12) (citations omitted).

The district court's jurisdictional decision reflects the underlying principle "[t]hat a federal officer or agent shall not be forced to answer for acts performed under color of his office in anything but a federal forum." *Kolibash v. Comm. on Legal Ethics of the W.Va. Bar*, 872 F.2d 571, 576 (4th Cir. 1989).[4] Moreover, "one of the most important reasons for [the federal officer removal statute] is to have the validity of the defense of official immunity tried in a federal court." *Jefferson County, Ala. v. Acker*, 527 U.S. 423, 431 (1999).  To further the statute's purpose it must be interpreted broadly. *Kolibash*, 872 F.2d at 576 ("the right of removal conferred by § 1442(a)(1) is to be broadly construed"); *Peterson v. Blue Cross/Blue Shield of Texas*, 508 F.2d 55, 58 (5th Cir. 1975) ("The federal officer removal statute is not 'narrow' or 'limited,'" and its policy "should not be frustrated by a narrow, grudging interpretation of 1442(a)(1)").  Courts, therefore, should reject a "narrow, grudging interpretation" of the federal officer statute in an

---

[4] This Court's review of the district court's jurisdiction is *de novo.  Bryan v. Erie Cnty. Office of Children & Youth*, 752 F.3d 316, 321 n.l (3d Cir. 2014).

effort to ensure that its purpose is not frustrated.  *Jefferson County*, 527 U.S. at 431-32 (citing *Willingham v. Morgan*, 395 U.S. 402, 407 (1969)).

In this case, the district court was not so much called upon to interpret the federal officer removal statute as to apply it, since the plain, unequivocal language of 28 U.S.C. § 1446(g) creates a 30-day period in which to file a notice of removal that begins when an order is issued scheduling a hearing at which a federal officer will provide evidence or testimony.  Because AUSA Morrison filed a notice of removal within 30 days of the issuance of an order by the state court scheduling the hearing on Conklin's Sanctions Motion, removal was timely.

Because AUSA Morrison filed a timely notice of removal, the entire Sanctions Proceeding was removed.  The filing of a notice of removal by one federal officer has the effect of removing the entire proceeding to federal court.  *See Fowler v. Southern Bell Tel. & Tel. Co.,* 343 F.2d 150, 152 (5th Cir. 1965) (stating that "it is settled that the filing of a petition for removal by a single federal officer removes the entire case to the federal court.")  Thus, the Sanctions Proceeding was also removed as to Judge Kane.

**C.    The District Court Properly Dismissed Conklin's Motion for Sanctions.**

Conklin essentially ignores all of the statutory and circumstantial factors that guided the district court's decision to dismiss the Sanctions

Proceeding.[5]  Instead, he argues (for the first time) that remand of the Dauphin
County Action had not been perfected when the state court issued its Sanctions
Proceeding order and that, as a consequence, there was no proceeding to remove to
the Middle District.  His position is untenable, because both the Middle District
docket (A159) and the state court docket (A239) demonstrate that Judge Savage's
remand order was effectuated by a transfer letter that was issued and received.

        The district court construed Conklin's motion for sanctions under Fed.
R. Civ. P. 11.  (A16).  So did Conklin, who sent a "safe harbor" letter, contending
that sanctions would be sought because "there exists no jurisdictional basis for
[AUSA Morrison's] having removed [plaintiff's] Writ of Summons" from state
court.  (A141).  This contention is elaborated in a string of conclusory, non-factual
allegations in the subsequently-filed Sanctions Motion.  (A132-133).  Of course,
jurisdiction is a legal issue, and Conklin's sanctions motion does not contend that
removal was premised on a factual misrepresentation.  Indeed, the factual premise
for removal–that Yvette Kane is a federal judge–is incontrovertible.  Removal of a
suit against a sitting federal judge from a state court to a federal court is exactly
what is contemplated by the federal removal statute, not least so that a federal court
can decide whether the judge is protected from the suit by the doctrine of judicial

---

[5] The standard of review of a district court's Rule 11 decision is for abuse of
discretion.  *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990).

immunity. *See Calhoun v. Murray*, 507 Fed. Appx. 251, 260 (3rd Cir. 2012) ("'one of the primary purposes for the [federal officer] removal statute – as its history clearly demonstrates – was to have [federal] defenses litigated in the federal courts' including 'the defense of official immunity'") (quoting *Willingham v. Morgan*, 395 U.S. 402, 407 (1969)).

AUSA Morrison presented his legal arguments for federal jurisdiction in opposing remand of the Writ, relying on the federal officer removal statute; as the district court found, that he did not persuade Judge Savage then does not mean that his arguments were frivolous. (A17-18). Judge Savage's decision to remand was based on the **absence** of facts entirely under Conklin's control – *i.e.*, the basis for his purported claim against Judge Kane that he did not disclose in the Writ issued in the Dauphin County Action. In effect, Judge Savage deferred the decision whether Conklin's undisclosed claims against Judge Kane could be removed to federal court until he presented those claims in a signed and verified pleading in state court.[6] *Id.* Conklin, as has since been demonstrated, has preferred to suffer entry of a judgment against him in the Dauphin County Action rather than present any claim against Judge Kane. While Judge Savage may have found the removal of Conklin's writ against Judge Kane premature, the district

---

[6] In Pennsylvania state court, a pleading must not only be signed, but verified. <u>See</u> Pa. R.C.P. 1024.

court properly found that the purpose of removal was to effectuate the statutory intent.

Even if none of the foregoing were the case, Judge Kane was represented by counsel in the removal of the Writ and did not sign any document. Indeed, as the district court noted, "Conklin does not contend Judge Kane misrepresented any facts or otherwise personally engaged in specific sanctionable conduct." (A17).

## VII.  <u>CONCLUSION</u>

The district court's order denying Conklin's motions for recusal, for remand, and for sanctions should be affirmed.

Respectfully submitted,

Dated:  August 25, 2015

      */s/ Thomas B. Schmidt, III*
Thomas B. Schmidt, III (PA 19196)
Tucker R. Hull (PA 306426)
Pepper Hamilton LLP
Suite 200, 100 Market Street
P.O. Box 1181
Harrisburg, PA  17108-1181
717.255.1155
717.238.0575 (fax)
schmidtt@pepperlaw.com
hullt@pepperlaw.com

*Attorneys for Appellee Yvette Kane*

## **CERTIFICATE OF COMPLIANCE**

I, Thomas B. Schmidt, III, hereby certify that:

1.     This brief complies with the type-volume limitation of Federal Rules of Appellate Procedure 32(a)(7)(B) and (C), because this brief contains 3,154 words of text.

2.     This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this brief has been prepared in a proportionately spaced typeface using MS Word, font size 14 Times New Roman.

3.     The hard copy and the electronic copy of this brief are identical.

4.     A Symantec Endpoint Protection anti-virus program has been run on the file and no viruses were detected.


Dated:  August 25, 2015          _____*/s/ Thomas B. Schmidt, III*_____
                                 Thomas B. Schmidt, III (PA 19196)

## <u>CERTIFICATE OF BAR MEMBERSHIP</u>

The undersigned hereby certifies that I have been admitted before the

bar of the United States Court of Appeals for the Third Circuit, and that I am a

member of good standing of the Court.


Dated:  August 25, 2015          _____*/s/ Thomas B. Schmidt, III*_____
                                 Thomas B. Schmidt, III (PA 19196)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 25, 2015, a true and correct copy of the

foregoing Brief of Appellee Yvette Kane was served by U.S. First Class Mail on

the following:

> Stephen G. Conklin
> 22 Mairdale Street
> Pittsburgh, PA 15214
>
> ***Appellant Pro Se***

I certify that the following parties or their counsel of record are

registered as ECF Filers and that they will be served by the CM/ECF system:

> Michael J. Butler, Esquire
> United States Attorney's Office – MDPA
> 228 Walnut Street, Suite 220
> Harrisburg, PA 17108
>
> ***Attorney for Appellees***
> ***Peter J. Smith and Mark E. Morrison***

> _/s/ Thomas B. Schmidt, III_
> Thomas B. Schmidt, III (PA 19196)